**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: (609) 919-6600

*Attorneys for Defendants*
Crusader Servicing Corp.,
Royal Tax Lien Services, LLC and
Royal Bancshares of Pennsylvania, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEANNE VAN DUZER LANG BOYER, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>     v.<br><br>ROBERT W. STEIN, CRUSADER SERVICING CORP., ROYAL TAX LIEN SERVICES, LLC, ROYAL BANCSHARES OF PENNSYLVANIA, INC., DAVID M. FARBER, DAVID BUTLER, CCTS LLC, CCTS TAX LIENS I LLC, CCTS TAX LIENS II LLC, DSBD LLC, JOHN DOES 1-10, CORPORATIONS 1-10, UNINCORPO-RATED COMPANIES 1-19, STEIN & ZEITZ LLC, ISADORE MAY, WILLIAM COLLINS, RICHARD PISCOTTA JR., INVESTORS 1-100, THE TOWNSHIP OF LEBANON, NEW JERSEY MUNICIPALITIES 1-100, MARY HYLAND, NEW JERSEY PUBLIC OFFICIALS 1-100.<br><br>                          Defendants. | Civil Action No.<br><br>Document Electronically Filed<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY BY DEFENDANTS CRUSADER SERVICING CORP., ROYAL TAX LIEN SERVICES, LLC, AND ROYAL BANCSHARES OF PENNSYLVANIA, INC.** |

Defendants Crusader Servicing Corp. ("CSC"), Royal Tax Lien Services, LLC ("RTLS") and Royal Bancshares of Pennsylvania, Inc. ("RBSP") (collectively, the "Removing Defendants") hereby remove this action from the Superior Court of New Jersey, Chancery

Division: Hunterdon County to the United States District Court for the District of New Jersey. The Removing Defendants remove this action pursuant to 28 U.S.C. §1332(d), 28 U.S.C. §1441, 28 U.S.C. §1446, and 28 U.S.C. §1453, and submit that this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§1332(d), 1453 and 1711-15.  As grounds for removal, the Removing Defendants state as follows:

## THE PUTATIVE CLASS ACTION FILED IN STATE COURT

1. Jeanne Van Duzer Lang Boyer ("Boyer") is the Defendant in a foreclosure action brought by CSC styled *Crusader Servicing Corp. v. Boyer, et al.*, Superior Court of New Jersey, Chancery Division:  Hunterdon County, Docket No. F-40780-08 (the "State Court Foreclosure Action").  In that action, CSC is seeking to enforce a municipal tax lien on certain real property owned by Boyer, which CSC acquired in an auction held pursuant to the New Jersey Tax Sale Law, *N.J.S.A*. 54:5-1 *et seq.*

2. On or about March 13, 2012, Boyer commenced this putative class action by filing a Verified Class Action Complaint and Jury Demand against the Removing Defendants and others in the Superior Court of New Jersey, Chancery Division: Hunterdon County (the "Class Action"), in which she alleges claims under the New Jersey Antitrust Act, *N.J.S.A*. 56:9-1 *et seq.*, as well as claims for unjust enrichment and constructive trust under New Jersey common law.  A true and correct copy of the Verified Class Action Complaint and Jury Demand is attached as Exhibit "A".

3. Boyer's claims in the Class Action are premised largely upon plea agreements between several individuals, including Robert W. Stein ("Stein"), on the one hand, and the U.S. Department of Justice-Antitrust Division, on the other.  (*See* Exhibit "A," ¶¶ 41-47).

4. Boyer contends that she was a victim of an alleged bid-rigging conspiracy that is the subject of the plea agreements described in the Verified Complaint and she is seeking damages and injunctive relief on behalf of herself and a putative class of property owners whose tax liens were purchased during an unspecified period of years (*See* Exhibit "A" ¶ 60 ("All persons who at any time within the applicable statute of limitations period(s) (based upon the March 2, 2012 discovery date)")). Boyer, for example, alleges conduct with respect to her property dating back to August 2002. (*Id.* ¶ 52).

5. Along with her Verified Complaint, Boyer filed on March 13, 2012 an Order to Show Cause with Temporary Restraints in the Class Action, a true and correct copy of which is attached as Exhibit "B". On or about March 14, 2012, without the Removing Defendants having been served or having appeared in the Class Action, the Honorable Yolanda Ciccone, A.J.S.C. entered an Order setting a briefing schedule on Boyer's request for a temporary restraining order and scheduling a hearing for April 19, 2012. A true and correct copy of that Order is attached as Exhibit "C".

6. On or about March 19, 2012, at the request of Boyer's lawyers, counsel for the Removing Defendants agreed to accept service of the Verified Complaint, and related documents in the Class Action.

7. The Class Action is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. §1453. Moreover, the Class Action was brought by Boyer individually and "on behalf of all others similarly situated" pursuant to *N.J. Ct. R.* 4:32, which sets forth the New Jersey state law requirements for maintaining a class action.

(Exhibit "A" ¶¶ 1 and 60). The Class Action is, therefore, a purported class action as that term is defined in 28 U.S.C. §1332(d)(1)(B) and 28 U.S.C. §1453.[1]

## THE ELEMENTS FOR CAFA REMOVAL ARE SATISFIED

8. Whether an action is removable to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for this district and division embracing the place where such action is pending."

9. CAFA confers upon the federal courts original subject matter jurisdiction over, and thus makes removable, any class action in which: (i) there is minimal diversity, *i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant; (ii) the amount in controversy exceeds $5,000,000; and (iii) the aggregate number of putative class members in the proposed plaintiff class is at least 100. *See* 28 U.S.C. § 1332(d)(2) and (d)(5)(B).

10. If the requisite elements for CAFA jurisdiction are met, as they are here, the consent of all defendants in the action is not required for removal. *See* 28 U.S.C. § 1453(b).

### A. Minimal Diversity of Citizenship Exists.

11. At a minimum, one member of the putative class is a citizen of a different state than the Removing Defendants, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA.

12. For diversity purposes, a person is a "citizen" of the state in which she is domiciled and "house of residence" is a key factor in establishing domicile. *See Doe v. Schwerzler*, No. 06-3529, 2007 WL 1892403, at *1 (D.N.J. June 28, 2007). Boyer presently

---

[1] The Removing Defendants dispute, and reserve the right to contest at the appropriate time, Boyer's allegations that this case can properly be certified and proceed as a class action.

resides at "106 Musconetong River Road, Lebanon Township, County of Hunterdon, State of New Jersey" (Exhibit "A," ¶ 10), and is thus a citizen of the state of New Jersey.

13. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. As alleged in the Verified Complaint, Defendant CSC is a corporation duly incorporated under the laws of the Commonwealth of Pennsylvania and it maintains its principal place of business at 179 Washington Lane, Jenkintown, Pennsylvania 19046. Defendant RBSP also is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 732 Montgomery Avenue, Narberth, Pennsylvania 19072. (*See* Exhibit "A," ¶¶ 13, 14).

14. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). RTLS is a limited liability company with two members: (1) Royal Bank America, a Pennsylvania corporation with its principal place of business in Narberth, Pennsylvania; and (2) Stein, a resident of Huntington Valley, Pennsylvania. (*See* Exhibit "A," ¶¶ 12, 15, 41).

15. Because CSC, RTLS and RBSP each are citizens of Pennsylvania and Boyer is a citizen of New Jersey, the minimal diversity needed for CAFA removal is present.

  **B.**  **The Jurisdictional Amount In Controversy Is Met.**

16. CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §1332(d)(6). Federal jurisdiction is appropriate under CAFA if, in the aggregate, "the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

5

injunctive relief, or declaratory relief).” *See* Senate Judiciary Report, S. Rep. No. 109-14, at 42 (2005).

17. Where, as here, the applicable substantive law authorizes the automatic recovery of treble damages and attorneys' fees by a prevailing claimant, those damages are permissibly considered in determining whether the jurisdictional amount in controversy is satisfied. *See Red Line Marine Liquidators v. Jarrett Bay Boat Works, Inc.*, No. 08-1863, 2008 U.S. Dist. LEXIS 71202, *9 (D. N.J. Sept. 17, 2008) (automatic award of treble damages and attorneys' fees under New Jersey Consumer Fraud Act must be considered in determining the amount in controversy).

18. The Third Circuit historically has employed a "liberal" standard in determining whether the elements for diversity jurisdiction are present. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003). That liberal standard applies equally to the assessment of the amount in controversy under CAFA. In the context of a CAFA removal, defendants seeking to remove need only show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 197 (3d Cir. 2007). The Class Action easily meets that standard.

19. In her Verified Complaint, Boyer, on behalf of the proposed class, seeks various forms of equitable relief, as well as actual damages, treble damages, and attorneys' fees as authorized by *N.J.S.A.* 56:9-12. Boyer attaches the Stein plea agreement to the Verified Complaint, and specifically alleges that the "loss stipulated in the [Stein] plea agreement is $10 million." (Exhibit "A" ¶ 42). Boyer also alleges that her damages alone exceed $64,000, which, if trebled, would be nearly $200,000, plus attorney's fees. (*Id.*, ¶ 59). Based on those allegations, and a putative class that would include all owners of real property that is located in New Jersey

municipalities that were involved in tax lien auctions over a period of years, it is more likely than not that the statutory minimum amount of $5,000,000 for CAFA removal is satisfied.[2]

        C.      **The Putative Class Consists of at Least 100 Members.**

20.     Boyer seeks certification of a broad class consisting of "property owners in New Jersey municipalities," who "as a result of the conspiratorial acts, and combinations among the various defendants, or aided and abetted by, or intentionally benefiting the remaining defendant…(i) paid higher accrued interest on their delinquent tax or other municipal debts to release liens than would have accrued had the [tax liens] been purchased in open and honest competition, (ii) had their titles impaired or wrongfully encumbered by excessive liens as the result of such conspiratorial acts and combinations, (iii) face impending foreclosure because of their inability to discharge such excessive liens, or (iv) have lost title to their real property through a tax sale, foreclosure or forced sale because of excessive accrual of interest." (Exhibit "A," ¶ 60(a)-(c)).

21.     Based on Boyer's own allegations, the class she purports to represent is "so numerous that joinder of all members is impracticable." (Exhibit "A," ¶ 62).

22.     CSC and RTLS – just two of the corporate Defendants who are alleged to have participated in the alleged scheme – respectively purchased 19,903 and 8,864 municipal tax liens at auctions in New Jersey between the 1998 and 2009, which is the time period covered by the Stein guilty plea that forms the basis for Boyer's claims. *See* Declarations of Timothy W. Bricker on behalf of RTLS and CSC attached as Exhibits "D" and "E". The individuals, corporations

---

[2] The Removing Defendants dispute, and reserve the right to contest, that any amount is owed to Boyer or the putative class members she purports to represent, but for purposes of ascertaining the amount in controversy necessary for removal, the plaintiff's allegations control.

and other entities that paid taxes on such properties are all conceivably members of the class, as it has been defined by Boyer in the Verified Complaint.

23. Based on the foregoing, the class alleged in the Verified Complaint consists of at least 100 members and is subject to removal to this Court under CAFA.

## THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

24. Because this Notice of Removal is being filed within thirty days of service of the Verified Class Action Complaint, it is timely under 28 U.S.C. §1446(b) and 28 U.S.C. §1453.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the Superior Court of New Jersey, Chancery Division: Hunterdon County, where the State Court Class Action was filed and has been pending prior to removal, is a state court within this federal district and division.

26. The Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of New Jersey, Chancery Division: Hunterdon County in accordance with 28 U.S.C. § 1446(d).

27. Written notice of the filing of this Notice of Removal has been or will be given to Boyer's counsel in accordance with 28 U.S.C. § 1446(d).

28. A completed Civil Cover Sheet is being filed herewith.

29. If any question arises as to the propriety of the removal of the Class Action to this Court, the Removing Defendants request the opportunity to present both a brief and oral argument in support of their position that this case is properly removed under CAFA.

WHEREFORE, the Removing Defendants, desiring to remove this case to the United States District Court for the District of New Jersey, pray that the filing of this Notice of Removal shall effect the removal of the Class Action to this Court.

Dated: March 28, 2012

*OF COUNSEL:*

Colm F. Connolly
cconnolly@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 574-3000

Scott A. Stempel
sstempel@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000

Steven A. Reed
steven.reed@morganlewis.com
Jason B. Conn
jconn@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000

Respectfully submitted,

/s/      Robert A. White
Robert A. White (RW-6063)
rwhite@morganlewis.com
Christopher Iannicelli (CI-0567)
ciannicelli@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540
Telephone:  (609) 919-6600

*-and-*

R. Brendan Fee (RF-4838)
bfee@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000

*Attorneys for Defendants,*
Crusader Servicing Corp., Royal Tax Lien Services, LLC and Royal Bancshares of Pennsylvania, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal and attached Civil Cover Sheet were served this 28th day of March, 2012 via Federal Express upon:

>Michael Perle, Esq.
>MICHAEL PERLE, LLC
>1265 Patterson Plank Road
>Secaucus, NJ 07094
>
>Alan Silber, Esq.
>WALDER, HAYDEN & BROGAN, P.A.
>5 Becker Farm Road
>Roseland, NJ 07068
>
>Attorneys for Plaintiff

>/s/ Robert A. White
>Robert A. White