# EXHIBIT B

TRUE COPY

COPY SENT

WALDER, HAYDEN & BROGAN, P.A.
5 Becker Farm Road
Roseland, New Jersey 07068
(973)992-5300
*Attorneys for Defendant-Third
Party Plaintiff, Jeanne Boyer*



FILED

MAY 3 2012

YOLANDA CICCONE, A.J.S.C.
CHAMBERS

| | |
|---|---|
| CRUSADER SERVICING CORP., <br> Plaintiff, <br> v. <br> JEANNE VAN DUZER LANG BOYER, MR. BOYER, spouse of Jeanne Lang Boyer, ALISON D. TROMFIMOV, MKM ACQUISITIONS L.L.C. Assignee of Chase Manhattan Bank, LEBANON TOWNSHIP and STATE OF NEW JERSEY <br> Defendants. <br><br> JEANNE VAN DUZER LANG BOYER <br> Cross-Claimant, Third-Party Plaintiff, <br> v. <br> LEBANON TOWNSHIP, <br> Cross-Claim Defendant, <br> and <br> MARY HYLAND, in her Official Capacity as Lebanon Township Municipal Tax Collector, <br> Third-Party Defendant. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION: <br> HUNTERDON COUNTY <br> DOCKET NO. F-40780-08 <br><br> CIVIL ACTION <br><br> **ORDER GRANTING** <br> **PRELIMINARY INJUNCTION** |

1

THIS MATTER having been opened to the Court by defendant/third-party plaintiff, Jeanne Van Duzer Lang Boyer ("Boyer"), through her attorneys Walder, Hayden & Brogan, P.A. (Alan Silber, Esq. appearing), upon notice to, and in the presence of (i) plaintiff, Crusader Servicing Corp. (through its attorneys Gary C. Zeitz, LLC, Robin I. London-Zeitz, Esq. appearing), and (ii) defendant, The Township of Lebanon (through its attorneys DiFrancesco Bateman Coley Yospin Kunzman Davis & Lehrer, P.C., Matthew A. Sacharoff, Esq. appearing), by Order to Show Cause entered on March 14, 2012, amended March 16, 2012, as to why an order should not be entered pending the conclusion of proceedings in Boyer v. Stein, et al., originally filed in this court in Dkt. No 14007/2012, and now pending (following removal) in the United States District Court for the District of New Jersey under Docket No. 3:12-cv-1893, or until the conclusion of any successor case to Boyer v. Stein (collectively the "Class Action Antitrust Litigation"), enjoining, restraining, barring and/or staying (without requiring the posting of a bond):

1. The scheduling of any Redemption Sale Date on the real property of defendant Boyer located at 106 Musconetcong River Road, Washington, New Jersey ("the Property"), which was previously scheduled for March 15, 2012;

2. Any other action in any form by plaintiff Crusader Servicing Corp., and/or any agent, affiliate, proxy, or representative of such plaintiff, or any person acting in concert with plaintiff, which is intended or directed at taking title to the Property of defendant Boyer pursuant to N.J.S.A. 56:5-87; or

2

3. Any other action in any form by plaintiff Crusader Servicing Corp., and/or any agent, affiliate, proxy, or representative of such plaintiff, or any person acting in concert with plaintiff which through any other means, is directed at otherwise further encumbering or impairing the title of defendant Boyer to the Property;

And the Court having reviewed and considered all motion papers submitted by the parties, having heard oral argument of the parties on April 19, 2012, and finding, inter alia, that defendant Boyer has demonstrated the requisite probability of success on the merits in the Class Action Antitrust Litigation, and for good cause otherwise shown, as set forth on the record:

IT IS ON THIS ___3___ DAY OF __May__ 2012, ORDERED THAT until the conclusion of all proceedings in the Class Action Antitrust Litigation, without requiring the posting of any bond by defendant Boyer:

1. The redemption date sale on the Property is hereby stayed;

2. Plaintiff Crusader Servicing Corp. and/or any agents, affiliates, proxies, or representatives of such plaintiff, or any persons acting in concert with said plaintiff, are hereby enjoined, restrained, and barred from (A) taking the title to the Property pursuant to N.J.S.A. 56:5-87, and/or (B) from undertaking any action intended to facilitate taking the title to the Property through any means, or any action intended through any other means to otherwise further encumber, or impair the title of defendant Boyer to the Property; and

3

3. Counsel shall serve a copy of this order on all parties of record within seven (7) days of receipt of the filed order.

HON. YOLANDA CICCONE, A.J.S.C.

[X] Opposed

[ ] Unopposed

Reasons on the record April 19, 2012.

4