**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No. 12-1893 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Ronald English's ("English") motion to appoint Trujillo Rodriquez & Richards, LLC ("TRR"), as interim lead class counsel pursuant to Fed. R. Civ. P. 23(g), filed on June 8, 2012. ("English Motion," ECF No. 50.) A cross motion was filed on June 11, 2012, by Plaintiffs Jeanne Van Duzer Lang Boyer ("Boyer") and MSC, LLC ("MSC"), which seeks appointment of Hausfeld, LLP ("Hausfeld"), and Hagens Berman Sobol Shapiro, LLP ("HBSS"), as interim class counsel and Lite DePalma Greenberg, LLC ("LDG"), as interim liaison counsel (collectively the "Boyer Group"). ("Boyer Motion," ECF No. 54.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78. For good cause shown, the Boyer Motion is GRANTED and the English Motion is DENIED.

**I.    BACKGROUND**

This consolidated action arises out of the allegedly corrupt and fraudulent sale of tax sale certificates throughout the state of New Jersey. An order consolidating this case was entered on June 8, 2012, by the Honorable Freda L. Wolfson, U.S.D.J. (Wolfson Order, ECF No. 49-1.) As of

the date of the issuance of this Opinion, there are currently seven additional cases consolidated into the underlying action filed by Boyer and MSC.[1]

On June 8, 2012, Plaintiff English (12-2644) filed a motion seeking to have his counsel, TRR, appointed interim lead class counsel. Lisa J. Rodriguez, Esq., represents TRR and Mr. English. (English Motion.) On June 11, 2012, Plaintiffs Boyer and MSC (12-1893) filed a cross motion seeking to have Hausfeld and HBSS appointed as interim class counsel and LDG as interim liaison counsel. (Boyer Motion.) Bruce D. Greenberg, Esq., represents LDG; Steve W. Berman, Esq., represents HBSS; and Michael D. Hausfeld, Esq., represents Hausfeld. Both TRR and the Boyer Group have presented detailed factual information regarding their qualifications to be interim lead counsel on this consolidated case.

TRR's moving papers, as well as supporting exhibits, demonstrate that TRR has been deeply involved in the individual case brought by English. (English's Br. 10.) TRR's application is also supported by the Plaintiffs listed in docket numbers 12-1957 and 12-2869. (Contarino Br. in Supp., ECF No. 51; Ledford Br. in Supp. 53.) The application also amply demonstrates that TRR has extensive experience in antitrust actions such as this, as well as a detailed familiarity with complex litigation here in the District of New Jersey.

The Boyer Group's application is similarly well-supported. Hausfeld and HBSS are firms with relevant class action litigation experience. Similar to TRR, Hausfeld and HBSS have also performed a great deal of work investigating the facts underlying these cases and have otherwise prepared these cases for a putative class action. (Boyer Br. 8-9.) LDG, for its part, avers that it has a close working relationship with Hausfeld and HBSS. LDG has engaged in a substantial amount antitrust litigation in the District of New Jersey. (Boyer Br. 19-24.)

---

[1] The docket numbers for those cases are: 12- 3010, 12-2644, 12- 2869, 12- 1957, 12- 2395, 12- 4050, and 12- 3962.

## II. **LEGAL STANDARD AND ANALYSIS**

Pursuant to Fed. R. Civ. P. 23(g)(3), this court may appoint interim lead class counsel. That determination is guided by Fed. R. Civ. P. 23(g)(1), which states that:

> Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>   (A) must consider:
>       (i) the work counsel has done in identifying or investigating potential claims in the action;
>       (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>       (iii) counsel's knowledge of the applicable law; and
>       (iv) the resources that counsel will commit to representing the class;
>   (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>   (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>   (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
>   (E) may make further orders in connection with the appointment.

"If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). "In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005). The Manual for Complex Litigation largely mirrors Fed. R. Civ. P. 23(g)(2). In addition, it provides that a consideration of the attorney's abilioty to represent the class adequately includes an analysis of the

> the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately. This last category may include the ability to coordinate the litigation with other state and federal class and individual actions involving the same subject matter. Those seeking appointment as class counsel must identify related litigation in which they are participating.

Manual for Complex Litigation, Fourth (2004), ¶ 21.217. Moreover, the Committee Note to Fed. R. Civ. P. 23(g)(2), "the court should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure."

Significantly, TRR and the Boyer Group's applications demonstrate that they are both able and well-qualified to represent the needs of the class. After careful consideration, however, the court finds that the Boyer Group is best able to represent the interests of the class.

The Court finds that due to the complicated nature of this case, and the manner in which it will likely intertwine with ongoing criminal proceedings and state court actions, the greater resources of the Boyer Group will better represent the diverse needs of the putative class. Moreover, the Court does not believe that the Boyer Group's proposed structure will lead to over staffing or be otherwise "ungainly." Finally, the Court finds that the Boyer Group's resources will help "facilitate cooperation [between the various plaintiffs] and [accentuate the] economic use of judicial resources." *Allen v. Stewart Title Guar.*, 246 F.R.D. 218, 219 (E.D. Pa. 2007)

The Court reminds interim counsel that they "are subject to an on-going duty to advise the Court of any conflicts of interest that develop between the [parties] that the putative class is to represent so that the Court may, if necessary, modify its appointed interim leadership structure to address and mitigate any such conflicts." *Delphi*, 230 F.R.D. at 499.

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the Boyer Motion is granted and the English Motion is denied. An order consistent with this opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: October 22, 2012