UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No. 12-1893 (MAS) (TJB)<br><br>**ORDER** |

This matter having been opened upon Plaintiff Ronald English's motion to appoint Trujillo Rodriquez & Richards, LLC, as interim lead class counsel pursuant to Fed. R. Civ. P. 23(g), filed on June 8, 2012, ("English Motion," ECF No. 50), and a cross motion filed on June 11, 2012, by Plaintiffs Jeanne Van Duzer Lang Boyer and MSC, LLC, which seeks appointment of Hausfeld, LLP, and Hagens Berman Sobol Shapiro, LLP, as interim class counsel and Lite DePalma Greenberg, LLC, as interim liaison counsel (collectively the "Boyer Group"), ("Boyer Motion," ECF No. 54.), for the reasons stated in the Opinion filed on this date, and for good cause shown,

**It is** on this 22nd day of October, 2012,

**ORDERED** that, pursuant to Fed. R. Civ. P. 23(g), the Boyer Motion is GRANTED and the English Motion is DENIED; and it is further

**ORDERED** that the Boyer Group is to submit a master complaint in this consolidated action within thirty (30) days of the entry of this Order, and it is further

**ORDERED** that the law firms of **Hagens Berman Sobol Shapiro, LLP** and **Hausfeld LLP** are designated as Interim Class Counsel in these consolidated cases, and all others

consolidated with these cases now or in the future, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and it is further

**ORDERED** that the law firm of **Lite DePalma Greenberg, LLC** is designated as Interim Liaison Counsel, and it is further

**ORDERED** that Interim Class Counsel (and Interim Liaison Counsel, to the extent designated by Interim Class Counsel) shall have the authority over the following matters on behalf of all plaintiffs in these consolidated cases:

> (i) directing, coordinating, and supervising the prosecution of plaintiffs' claims;
>
> (ii) determining plaintiffs' positions on all matters;
>
> (iii) presenting to the Court and opposing parties all plaintiffs' positions in briefs, memoranda, correspondence, oral argument, or any other appropriate manner;
>
> (iv) coordinating and conducting discovery and disclosures on behalf of all plaintiffs consistent with the Federal Rules of Civil Procedure;
>
> (v) retaining experts;
>
> (vi) communicating with defense counsel;
>
> (vii) conducting settlement negotiations;
>
> (viii) delegating specific tasks to other counsel;
>
> (ix) collecting and reviewing adequate time and expense records from all plaintiffs' counsel;
>
> (x) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel;
>
> (xi) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, and

discovery practice, and in the litigation; and

(xii) performing such other duties as may be incidental to proper coordination of plaintiffs' pretrial and trial activities or as authorized by further order of the Court, and it is further,

**ORDERED** that no motion shall be initiated or filed on behalf of any plaintiff in these actions except through the Interim Class Counsel, and no work shall be performed by any other plaintiffs' counsel except at the express direction of the Interim Class Counsel, and it is further,

**ORDERED** that Counsel in any related action that is consolidated with these consolidated actions shall be bound by the organization and appointments contained in this Order, and it is further,

**ORDERED** that all plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Interim Class Counsel.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE