# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST LITIG.

Master Docket No. 3:12-CV-01893-MAS-TJB

This Documents Relates to:

ALL ACTIONS

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND
## DAVID BUTLER, DAVID M. FARBER AND RELATED ENTITIES

This Settlement Agreement ("Agreement") is made and entered into this 28 day of

December, 2012 (the "Execution Date"), by and between David Butler, David M. Farber, CCTS,

LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital, LLC; and

Pro Capital Fund I, LLC (collectively, together with the named defendant Pro Capital I, LLC,

which entity does not exist, the "Butler/Farber Defendants"), together with their past and present

parents, subsidiaries and affiliates, and plaintiff class representatives, as defined herein at

Paragraph 10, both individually and on behalf of a class as described herein at Paragraph 13

("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and

consolidated in the District of New Jersey, on their own behalf and on behalf of the class against

Defendants including the Butler/Farber Defendants ("Action");

WHEREAS, Plaintiffs allege that the Butler/Farber Defendants participated in an

unlawful conspiracy to rig bids and allocate real property and water and/or sewer tax liens at tax

sale certificate auctions in the State of New Jersey in violation of New Jersey state law as well as

Section 1 of the Sherman Act;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with the Butler/Farber Defendants according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Settlement Class;

WHEREAS, the Butler/Farber Defendants, despite their belief that they have good defenses to the claims alleged in the Action, desire to settle the Action, and thus avoid the risk, exposure, inconvenience, and distraction of continued litigation of the Action, or any action or proceeding relating to the matters being fully settled in this Agreement;

WHEREAS, the Butler/Farber Defendants agree to fully cooperate with Class Counsel by providing information related to violations of the Sherman Act or other violations that have or may have been committed by the Defendants to this Action, or other parties not named as Defendants, with regard to the auction of tax sale certificates in the State of New Jersey;

WHEREAS, over a period of many months, the Plaintiffs, the Butler/Farber Defendants, and their respective counsel engaged in extensive, good faith, and arm's-length settlement negotiations and meetings relating to the claims and the Action, with this Agreement being the product and result of those arm's-length negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Butler/Farber Defendants only, without costs as to Plaintiffs or the Settlement Class, subject to the approval of the Court, on the following terms and conditions:

### A. Definitions

The following terms, as used in this Agreement, have the following meanings:

1.      "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 12-1893 (MAS)(TJB).

2.      "Butler/Farber Defendants" shall refer to David Butler, David M. Farber, CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital, LLC; and Pro Capital Fund I, LLC, and named defendant Pro Capital I, LLC, which entity does not exist.

3.      "Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

4.      "Butler/Farber Defendants' Counsel" shall refer to the law firms of Duane Morris LLP and Steven M. Janove LLC.

5.      "Counsel" means both Class Counsel and Butler/Farber Defendants' Counsel, as defined in Paragraphs 3 and 4 above.

6.      "Class Period" means the period from and including January 1, 1998 through February, 2009.

7.      "Defendant(s)" refers to the persons or entities who are named as defendants in the Plaintiffs' Consolidated Master Class Action Complaint to be filed December 21, 2012.

8.      "Execution Date" means the date set forth below, immediately above the signature lines to the agreement.

9.      "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

10.      "Plaintiffs" means the plaintiffs listed in the operative complaint at the time preliminary approval for this Agreement is sought.

11.     "Releasees" shall refer, jointly and severally, and individually and collectively to the Butler/Farber Defendants, their parents, subsidiaries, and affiliated companies, and their past and present officers, directors, employees, agents, insurers, attorneys, shareholders, partners, associates, members, volunteers, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, as well as the named defendant Pro Capital I, LLC (which entity does not exist).  Releasees however shall not include the Non-Settling Defendants, including CCTS Capital, LLC and Crestar Capital, LLC.

12.     "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors, parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

13.     "Settlement Class" means all persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.  The Settlement Class does not include government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

14.     "Settlement Class Member" means each member of the class, as defined in Paragraph 13 of this Agreement, who does not timely elect to be excluded from the Settlement Class.

15.    "Non-Settling Defendants" refers to the Defendants other than the Butler/Farber Defendants.

16.    "Settling Parties" shall mean, collectively, the Butler/Farber Defendants and the Plaintiffs, individually, and on behalf of the Settlement Class.

17.    "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser at a public auction in New Jersey which represents the right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees.

**B.  Settlement Class Certification**

18.    Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to certification of the following Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

The Settlement Class does not include government entities, or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.  The Parties agree to cooperate in good faith in seeking the Court's approval to certify the aforementioned Settlement Class for purposes of effectuating this Settlement.

**C.      Subsequent Modification of Class Definition or Class Period**

19.      The Parties agree that modification of the definition of the Settlement Class may be necessary prior to moving for preliminary approval of this Agreement, and agree to work in good faith to make any such modification.  Any such modification shall be made in writing; provided, however, that in the event that Plaintiffs either enter into a settlement agreement with a Non-Settling Defendant, or obtain certification of a litigation class, and the definition of the class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 13 (including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify the class definition and Class Period of this Agreement to conform to any and all subsequent expansion of the class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both, in the event that there are more than one subsequent modification to the class definition or Class Period.  In no event shall the Butler/Farber Defendants be responsible for any additional notice costs or expenses.

**D.      Settlement Consideration**

**a.   Monetary Consideration**

20.      In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 40-42 below and dismissal of the Action as against the Butler/Farber Defendants upon Final Approval, the Butler/Farber Defendants agree as follows:

21.      On January 5, 2013, or within 7 days after the Execution Date, whichever is later, the Butler/Farber Defendants, through DSBD, shall pay the sum of **$115,000** (the "Settlement Proceeds") into an escrow account to be managed by an escrow agent selected mutually by Class

Counsel and counsel for the Butler/Farber Defendants (the "Escrow Agent"), and to be disbursed in accordance with the direction of the Court.  The Butler/Farber Defendants agree that up to **$15,000** of the Settlement Proceeds may be used in connection with the dissemination of notice to potential Settlement Class Members.

22.     In the event that the Butler/Farber Defendants are currently in possession of any Tax Sale Certificates which were acquired during the Class Period: (a) the Butler/Farber Defendants agree that, other than with respect to those TSCs identified in section (b) of this paragraph, they shall not take further action to collect or monetize any TSCs pursuant to which foreclosure proceedings have not been initiated as of the date of this Agreement; and (b) as to those TSCs pursuant to which foreclosure proceedings have been initiated as of the date of this Agreement, or which TSCs relate to a property the owner of which is under the protection of a bankruptcy court, as identified in the **Foreclosure/Bankruptcy Proceeding List** attached hereto: (i) the Butler/Farber Defendants shall, within 30 days of the Execution Date, send written notice in a form mutually acceptable to the Settling Parties to the defendants in such foreclosure proceedings and debtors in such bankruptcy proceedings, offering to assign any TSCs held by the Butler/Farber Defendants to the respective property owner(s) of those respective properties in exchange for a one-time cash payment equal to 90% of the redemption amount of the respective TSC if this opportunity of assignment is exercised by the property owners by the making of such payment within 30 days of the date of such written notice; and (ii) the Butler/Farber Defendants shall take no action to collect on any final judgment in any matter on the Foreclosure/Bankruptcy Proceeding List for a period of 60 days after entry of such final judgment.  With respect to each TSC identified in section (a) of this paragraph, within 30 days after Final Approval the

Butler/Farber Defendants shall forfeit such TSC to the real property owner from which such TSC emanated.

### b. Cooperation Agreement

23.     Following the Execution Date of this Agreement, and continuing through the conclusion of this Action, the Butler/Farber Defendants will provide Plaintiffs with such cooperation as may be requested in good faith by Class Counsel, for the prosecution of the Action.  Such cooperation shall include, but shall not be limited to:  making documents related to the claims asserted in this Action available for review and making witnesses with knowledge related to the claims asserted in this Action available for informal interviews and, as necessary, consultation with Class Counsel as they might reasonably request.  In addition, the Butler/Farber Defendants shall continue to cooperate with Class Counsel, including, but not limited to, producing documents related to the claims asserted in this Action and by making witnesses available at an appropriate time to testify at depositions and at trial, subject to the limitations agreed upon below.  The Butler/Farber Defendants agree to provide discovery to Plaintiffs in the pending Action as if the Butler/Farber Defendants were a party subject to all rules for discovery. Notwithstanding anything in this Paragraph, the Butler/Farber Defendants shall not be required to provide cooperation to the extent they in good faith determine that the provision of such cooperation would require them to breach a severance or separation agreement the Butler/Farber Defendants may have with any of their former employers.

24.     Further:

(a)     With respect to witnesses, if requested in good faith by Class Counsel the Butler/Farber Defendants agree to use their best efforts to produce individuals, at a location to be chosen by the Butler/Farber Defendants, who are current or former directors, officers, employees or agents (i.e. *per diem* bidders) of the Butler/Farber Defendants for deposition at the time

discovery in this Action commences, subject to the limitations imposed by the Federal Rules of Civil Procedure or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and make those persons available for trial testimony, if requested in good faith by Class Counsel.  Should it be reasonably necessary, and if requested in good faith by Class Counsel, the Butler/Farber Defendants shall also make witnesses, including corporate designees, available to testify at deposition and trial, for the prosecution of the pending Action, which testimony may pertain to knowledge of and/or participation by the Butler/Farber Defendants, including, but not limited to, their officers, directors and employees, regarding present and future claims asserted in the pending Action or any other actions related to Tax Sale Certificate auctions in the State of New Jersey, except for the Excepted Claims (defined in paragraph 42) to which this Agreement applies. Notwithstanding anything in this Paragraph, the Butler/Farber Defendants shall not be required to provide cooperation to the extent they in good faith determine that the provision of such cooperation would require them to breach a severance or separation agreement the Butler/Farber Defendants may have with any of their former employers.

(b) With regard to documents and electronic data, if requested in good faith by Class Counsel, the Butler/Farber Defendants will produce, at a location of their choosing, pursuant to and subject to the limitations imposed by Rule 30(b)(6) and the other Federal Rules of Civil Procedure as well as any additional limitation imposed by order or stipulation in this Action governing the authentication of documents or corporate representative testimony related to any Non-Settling Defendant, a corporate representative sufficiently qualified to authenticate and make admissible under the applicable rules of evidence, as well as under the rules of any state, all Butler/Farber Defendants' documents and electronic data as may in good faith be

requested by Class Counsel in the pending Action related to Tax Sale Certificate auctions in the State of New Jersey, except for the Excepted Claims.  Notwithstanding anything in this Paragraph, the Butler/Farber Defendants shall not be required to provide cooperation to the extent they in good faith determine that the provision of such cooperation would require them to breach a severance or separation agreement the Butler/Farber Defendants may have with any of their former employers.

25.     Plaintiffs and Class Counsel agree not to assert that the Butler/Farber Defendants waived their attorney-client privilege, work product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel pursuant to this Agreement.  Nor should anything in this Agreement be construed as a waiver of any such privilege, immunity or protection.

26.     The Butler/Farber Defendants shall not be required to provide the cooperation provided for in paragraphs 23 to 24 of this Agreement if the United States Department of Justice objects to the Butler/Farber Defendants' provision of such cooperation to Plaintiffs or Class Counsel.  However, if Plaintiffs and/or Class Counsel challenge the United States Department of Justice's objection to the Butler/Farber Defendants' provision of cooperation under this Agreement, and the Court overseeing this Action overrules the objection of the Department of Justice, the Butler/Farber Defendants shall be required to provide all cooperation required by this Agreement.

27.     The release of claims provided for in this Agreement at paragraphs 40-42, and the covenant not to sue provided for under paragraph 40 of this Agreement, shall not apply to any person, including David Butler and David M. Farber, who affirmatively refuses to comply with a reasonable request by Class Counsel, properly made under the terms of this Agreement, that the

person be interviewed, provide a declaration of affidavit, or appear to testify at a deposition or trial.  A person's invocation of his or her right against self-incrimination to resist providing information concerning anticompetitive behavior with respect to the auction of Tax Sale Certificates in the State of New Jersey shall be deemed a refusal to cooperate pursuant to this paragraph and a material breach of this agreement.  However, with regard to the provision of testimony pursuant to their cooperation obligations under paragraphs 23-24 of this Agreement, this paragraph 27 shall not apply to David Butler and David M. Farber prior to their criminal sentencing.  Following their criminal sentencing, this paragraph shall apply.

## E.      Administrative Costs and Taxes

28.      All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the Settlement Proceeds.  The Butler/Farber Defendants shall have no further financial responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs beyond payment of the Settlement Proceeds.

29.      Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement.  The Butler/Farber Defendants make no representations about the tax ramifications, if any, of any payments made to Settlement Class Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

**F.  Approval of this Agreement and Dismissal of Claims**

30.     Plaintiffs and the Butler/Farber Defendants shall use their best efforts to effectuate this Agreement, including, at the appropriate time, seeking Court approval of the Settlement and securing both the Court's certification of the Settlement Class and the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to the Butler/Farber Defendants.

31.     The Plaintiffs and Butler/Farber Defendants mutually acknowledge that the Settlement Proceeds will not be sufficient to cover the administrative costs associated with claims administration and the dissemination of notice to potential Settlement Class Members. Consequently, the Settling Parties agree that they shall not seek preliminary approval of the Settlement until Class Counsel have secured proceeds from settlements with other Defendants in this Action that collectively total, when aggregated with the Settlement Proceeds provided for herein, at least $1,000,000 (excluding any monies required to pay for notice costs). Notwithstanding the foregoing, the Settling Parties shall request that the Court enter a Preliminary Approval Order substantially in the form attached as Exhibit A within 24 months after the Execution Date of this Agreement, irrespective of the aggregated value of the proceeds of any other such settlements at that time, or at any other time agreed upon by the Parties.

32.     Although the Parties may not seek preliminary approval of the settlement provided for in this agreement immediately following the Execution Date, within 7 days of the Execution Date, the Parties will jointly notify the Court that they have entered into a settlement, and provide the Court with a copy of this Agreement.

33.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against the Butler/Farber Defendants and shall not require that they answer or respond to any pleading and shall hold the litigation in abeyance against the Butler/Farber Defendants.  During the period of time between the Execution Date and the date an order of dismissal is entered as provided for in paragraph 38 below, any statutes of limitations concerning the claims of the Plaintiffs and Settlement Class Members against the Butler/Farber Defendants shall be tolled.

34.     Subject to paragraph 31 above, at the appropriate time, Plaintiffs shall submit to the Court a motion:  (a) for certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (c) for preliminary approval of the settlement, and authorization to disseminate notice of class certification, the settlement, and the final judgment contemplated by this Agreement to all potential Settlement Class Members.

35.     In connection with the motion contemplated by paragraph 34 above, the Plaintiffs shall submit a proposed preliminary approval order which the Settling Parties shall request be entered by the Court and which shall include provisions that: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (iii) approve the form of notice to be provided to the Settlement Class in the form mutually agreed to by the Settling Parties and submitted in connection with the motion for preliminary approval, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of

Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 47 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to the Butler/Farber Defendants except those related to the effectuation of the Settlement; and (viii) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after entry of a Preliminary Approval Order and the mailing of Class Notice).

      36.    Plaintiffs shall use their best efforts to combine dissemination of notice of the proposed Settlement Class and the Agreement with notice of other settlement agreements. The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court. Within 30 business days after the Execution Date, the Butler/Farber Defendants shall supply to Class Counsel at the Butler/Farber Defendants' expense and in such form as kept in the regular course of business (electronic

format if available) such names and addresses of potential Settlement Class Members as they have.

37.     Within 20 business days after the end of the opt-out period established by the Court and set forth in the notice, Plaintiffs shall provide the Butler/Farber Defendants, through its counsel, a written list of all potential Settlement Class Members who have exercised their right to request exclusion from the class.  In the event that more than that percentage of the Settlement Class indicated in the confidential **Settlement Opt Out Percentage Letter** (which would be submitted to the Court *in camera*) of the same date as this Agreement and executed by counsel for the parties to this Agreement elects to opt out of the Class Settlement, the Butler/Farber Defendants shall have the right to elect, in their sole and absolute discretion, whether to proceed with the settlement contemplated by this Agreement.  If the Butler/Farber Defendants elect not to proceed with the settlement pursuant to this provision, then this Agreement will be of no further force or effect and whatever Settlement Proceeds remain after payment of settlement administration costs incurred up through the date of such election shall be returned immediately to the Butler/Farber Defendants.  In the event that a dispute should arise between the parties regarding calculation of the opt-out percentage, that dispute will be promptly submitted to the Court for resolution in accordance with such procedures as the Court may recommend or adopt.  If the Butler/Farber Defendants elect not to proceed with the Agreement, Plaintiffs may continue to use the information provided by the Butler/Farber Defendants pursuant to paragraphs 23-24 of this Agreement.

38.     If the Court approves this Agreement, Plaintiffs and the Butler/Farber Defendants shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and the Butler/Farber Defendants shall agree upon:

010311-11  574665 V1

(a)     as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)     directing that, as to the Butler/Farber Defendants, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

(c)     reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

(d)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to the Butler/Farber Defendants shall be entered; and

(e)     requiring Class Counsel to file with the Clerk of the Court a record of potential Settlement Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for the Butler/Farber Defendants.

39.     This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against the Butler/Farber Defendants on the merits with prejudice as to all Settlement Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  On the Execution Date, Plaintiffs and the

Butler/Farber Defendants shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraphs 45-46 of this Agreement.

### G. Release and Discharge

40. In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, damages, penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct concerning any agreement or understanding among Defendants to rig bids or allocate tax liens in connection with the public auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), which arise from or are predicated on the facts and/or actions described in the Complaints under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time through the end of the Class Period (the "Released Claims").  It is expressly understood and agreed that this Release and settlement is intended to cover and does cover not only all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences

thereof, but any further injuries, losses and damages which arise from, or are related to, the claims set forth in the Complaints.  The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.

41.     In addition to the provisions of Paragraph 40, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 40.  Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

42.     The release and discharge set forth in Paragraphs 40 and 41 herein do not include: (a) claims relating to payment disputes against the Butler/Farber Defendants unrelated to the Released Claims; and (b) claims of Settlement Class Members outside of the Class Period against the Butler/Farber Defendants ("Excepted Claims").

43.     Any other person or organization whom the Releasors claim are liable to them for their injuries, losses and damages shall not be entitled to a satisfaction or reduction of the damages the Releasors are claiming against them by reason of payment herein, unless it is adjudicated that Releasees are joint tortfeasors with said other person or organization.  In the event that Releasees or any of them are adjudicated to be joint tortfeasors, then the payment of Settlement Proceeds described herein shall constitute a reduction of the *pro rata* share of liability, or the share of liability determined pursuant to any finding of comparative negligence, of any such Releasees, whichever is greater, for the damage recoverable by the Releasors in this Action from the other tortfeasors. The release provided for in this Agreement is expressly

intended and shall be construed to release Releasees from and for all claims of contribution pursuant to any applicable act regarding contribution among joint tortfeasors and any applicable act regarding comparative negligence.

44.     Without limiting the rights of any other settling defendant in the Action, Releasees specifically retain the right to seek indemnity and/or contribution from any person, firm, corporation or entity (other than the Releasors), in connection with the claims asserted against them in the Action.

**H.  Rescission if the Agreement is Not Approved**

45.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 38-39 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then the Butler/Farber Defendants and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

46.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 38-39 of this Agreement, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of the Butler/Farber Defendants, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.  If the agreement is rescinded, Plaintiffs may continue to use the information provided by the Butler/Farber Defendants pursuant to paragraphs 23-24 of this Agreement.

**I.  Notice of Settlement to Class Members**

47.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names and addresses of those potential members of the Settlement Class.  Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

**J.  Miscellaneous**

48.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees.  All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members.  The purchase of Tax Sale Certificates in the State of New Jersey by the Butler/Farber Defendants with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

49.     The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation.  This Agreement shall not constitute or be construed or considered as an admission by the Butler/Farber Defendants for any purpose or as evidence of liability.

50.     The United States District Court for the District of New Jersey, Trenton Division shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Butler/Farber Defendants.  Plaintiffs and the Butler/Farber Defendants submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  This Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

51.     This Agreement and the Settlement Opt Out Percentage Letter constitute the entire agreement among Plaintiffs (and the other Releasors) and the Butler/Farber Defendants (and the other Releasees) pertaining to the settlement of the Action against the Butler/Farber Defendants only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and the Butler/Farber Defendants in connection therewith.  This Agreement may be modified or amended only by a writing executed by Plaintiffs and the Butler/Farber Defendants, and approved by the Court.

52.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Settlement Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

53.     This Agreement may be executed in counterparts by Plaintiffs and the Butler/Farber Defendants, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

54.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

55.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by the Butler/Farber Defendants.

56.     Neither the Butler/Farber Defendants nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

57.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, the Butler/Farber Defendants, and Releasees any right or remedy under or by reason of this Agreement.

58.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

**For the Class:**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

Steve W. Berman (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Jason A. Zweig (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

Jennifer Fountain Connolly (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
629 K St., NW, Suite 300
Washington, DC 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455
Email: jenniferc@hbsslaw.com

**For the Butler/Farber Defendants:**

J. Manly Parks
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1342
Facsimile: 215-689-3682
JMParks@duanemorris.com

Steven M. Janove
**STEVEN M. JANOVE LLC**
United Plaza, 9th Floor
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-564-4605
Facsimile: 215-689-3623
sjanove@janovelaw.com

59.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: December 28, 2012

**HAUSFELD LLP**

_(signature)_

_____

Michael D. Hausfeld (admitted _pro hac vice_)
James J. Pizzirusso (admitted _pro hac vice_)
Seth R. Gassman (admitted _pro hac vice_)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

_____

Steve W. Berman (admitted _pro hac vice_)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig (admitted _pro hac vice_)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jennifer Fountain Connolly (admitted _pro hac vice_)
629 K St., NW, Suite 300
Washington, DC 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455
Email: jenniferc@hbsslaw.com

_Interim Co-Lead Counsel for Plaintiffs and Class_

**DUANE MORRIS LLP**

_____

J. Manly Parks
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1342
Facsimile: 215-689-3682
JMParks@duanemorris.com

_____

Steven M. Janove
Steven M. Janove LLC
United Plaza, 9th Floor
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-564-4605
Facsimile: 215-689-3623
sjanove@janovelaw.com

_Counsel for the Butler/Farber Defendants_

HAUSFELD LLP

_____

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

HAGENS BERMAN SOBOL SHAPIRO LLP

_____

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP

Jason A. Zweig (admitted *pro hac vice*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP

Jennifer Fountain Connolly (admitted *pro hac vice*)
629 K St., NW, Suite 300
Washington, DC 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455
Email: jenniferc@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

DUANE MORRIS LLP

_____

J. Manly Parks
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1342
Facsimile: 215-689-3682
JMParks@duanemorris.com

_____

Steven M. Janove
Steven M. Janove LLC
United Plaza, 9th Floor
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-564-4605
Facsimile: 215-689-3623
sjanove@janovelaw.com

*Counsel for the Butler/Farber Defendants*

**HAUSFELD LLP**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig (admitted *pro hac vice*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jennifer Fountain Connolly (admitted *pro hac vice*)
629 K St., NW, Suite 300
Washington, DC 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455
Email: jenniferc@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**DUANE MORRIS LLP**

J. Manly Parks
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1342
Facsimile: 215-689-3682
JMParks@duanemorris.com

Steven M. Janove
Steven M. Janove LLC
United Plaza, 9th Floor
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-564-4605
Facsimile: 215-689-3623
sjanove@janovelaw.com

*Counsel for the Butler-Farber Defendants*

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |
| This Documents Relates to: ALL ACTIONS | |

**PROPOSED ORDER GRANTING CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH THE BUTLER/FARBER DEFENDANTS**

WHEREAS Plaintiffs _____ ("Plaintiffs"), on behalf of themselves and of the proposed stipulated settlement class ("Settlement Class"), and Defendants David Butler, David E. Farber, CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital, LLC; and Pro Capital Fund I, LLC (which entity does not exist) ("Butler/Farber Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Settlement Agreement dated December __, 2012 ("Settlement Agreement");

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the Settlement Agreement;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

- 1 -

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Settlement Agreement and the settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

2.      A hearing (the "Fairness Hearing") shall be held before this Court on _____ at__:00 __.m., at the United States District Court, located at Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey in Courtroom 7W, to determine whether to approve certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel.  The Court may change the day of the Fairness Hearing without further notice to the members of the Settlement Class.  If the date and time of the Fairness Hearing is changed, the new date and time will be posted by the parties at _____.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class of all persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.   The Class Period is defined to mean January 1, 1998 through February 2009.  Excluded from the Settlement Class are government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any

- 2 -

judge or magistrate involved in this matter, as well as members of their immediate family.  Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Class Notice detailed in paragraphs 7 and 8 of this Order.

4.      The Court designates _____ as the class representatives for the Settlement Class.

5.      The Court designates the following as Class Counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP and Hausfeld, LLP.

6.      The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Rule 23 requirements for a settlement class.

7.      The Court approves for publication, as to form and content, the notice of the class action, the proposed settlement agreement and final fairness hearing (the "Long-Form Notice"), the Postcard Notice and the proposed summary notice for publication, annexed as Exhibits A, B and C hereto.  The Court further finds that the electronic mailing and distribution of the Long-Form Notice, the regular mailing of the Postcard Notice to those individuals with known physical mail addresses for whom a valid email address is not available, the publishing of a content-neutral settlement website, summary publication in the _____, and an online campaign consisting of sponsored links on major search engines, substantially in the manner and form set forth in paragraph 8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8.      The Court appoints the firm of _____ ("Notice and Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a.      Not later than _____, the Notice and Claims Administrator shall begin the online notice campaign, including the

- 3 -

display advertising, sponsored links, content advertising and social network advertising, in addition to a case website at _____;

      b.     Not later than _____, the Notice and Claims Administrator shall cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit A, to be electronically mailed to all Settlement Class members who can be identified with reasonable effort;

      c.     Not later than _____, the Notice and Claims Administrator shall cause the Long-Form Notice, substantially in the form annexed as Exhibit A, the full text of the Settlement Agreement, the Preliminary Approval Order, and the Claim Form, in both an electronic fillable form and in a format that may be downloaded and/or printed, to be published on a public website, located at _____;

      d.     Not later than _____, the Notice and Claims Administrator shall cause the Postcard Notice, substantially in the form annexed as Exhibit B, to be delivered by regular U.S. mail to those Settlement Class members with known physical mail addresses for whom a valid email address is not available;

      e.     Not later than _____, the Notice and Claims Administrator shall cause summary notice to be published in _____, substantially in the form annexed as Exhibit C;

9.     All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10.     Class Counsel shall file their motion for attorney fees, costs, and incentive awards for the class representatives, and all supporting documentation and papers, not later than _____.  [If applicable]

11.     Any member of the Settlement Class who desires to receive a monetary distribution from the Settlement Fund must submit a completed Claim Form, either electronically through the website described in paragraph 8(b) of this Order or by first class mail to:

All claims must be submitted, whether electronically or by first class mail, not later than _____. Any member of the Settlement Class who does not submit his or her claim in the manner provided shall be deemed to have waived such claim and any right to receive a monetary distribution from the Settlement Fund.  [If applicable]

12.     All Settlement Class Members will be bound by the final Judgment dismissing the Lawsuit with prejudice unless such Settlement Class Members timely file a valid written request for exclusion or opt out in accordance with the Settlement Agreement.

13.     Any person who desires to request exclusion from the Settlement Class shall do so by _____.   All persons who submit valid and timely requests for exclusion in the manner set forth in the Long-Form Notice shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment entered in the Lawsuit.

14.     Any member of the Settlement Class may enter an appearance in the Lawsuit, at his or her own expense, individually or through counsel of his or her own choice.  If the member does not enter an appearance, he or she will be represented by Class Counsel.

15.     Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement of the Action should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the plan of allocation should or should not be approved; or why attorney's fees and expenses should or should not be awarded to Class Counsel; provided, however, that no member of the Settlement Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon

providing the same, or the order approving the plan of allocation, or the attorney's fees and expenses to be awarded to Class Counsel, unless that person has filed with the Court and sent by first class mail to Class Counsel at the addresses below written objections and copies of any papers and briefs such that they are received by _____, 20___:

| Court | Class Counsel |
|---|---|
| *In re New Jersey Tax Sales Certificates Antitrust Litigation*, 12-CV-1893 United States District Court for the District of New Jersey Clarkson S. Fisher Building & U.S. Courthouse 402 East State Street Room 2020 Trenton, NJ 08608 | Michael D. Hausfeld (admitted *pro hac vice*) James J. Pizzirusso (admitted *pro hac vice*) Seth R. Gassman (admitted *pro hac vice*) **HAUSFELD LLP** 1700 K Street, NW, Suite 650 Washington, DC 20006 Telephone: 202-540-7200 Facsimile: 202-540-7201 mhausfeld@hausfeldllp.com jpizzirusso@hausfeldllp.com sgassman@hausfeldllp.com Jason A. Zweig (admitted *pro hac vice*) **HAGENS BERMAN SOBOL SHAPIRO LLP** One Penn Plaza, 36th Floor New York, NY 10119 Telephone: (212) 752-5455 Facsimile: (917) 210-3980 Email: jasonz@hbsslaw.com |

Any member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the plan of allocation, or to the award of attorney's fees and expenses to Class Counsel, unless otherwise ordered by the Court.

16.     All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by _____, 20___.

17.     At or after the Fairness Hearing, the Court shall determine whether the settlement and any application for attorney's fees and expenses shall be approved.

18.     All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

19.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or the Butler/Farber Defendants, respectively, of the truth or falsity of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

20.     All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

21.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

        IT IS SO ORDERED.

DATED: _____     _____
                                THE HONORABLE MICHAEL A. SHIPP
                                UNITED STATES DISTRICT COURT JUDGE

010311-11  571559 V1

| State | County | Municipality | Parcel ID | Cert # | Block |
|-------|--------|--------------|-----------|--------|-------|
| NJ | Atlantic | Atlantic City | 02-00-03600-00000-42 | 07-00058 | 36 |
| NJ | Atlantic | Egg Harbor Township | 08-01303-0000-00002 | 07-00065 | 1303 |
| NJ | Atlantic | Pleasantville City | 19-00093-0000-00015 | 07-00158 | 93 |
| NJ | Atlantic | Pleasantville City | 19-00112-0000-00029 | 07-00219 | 112 |
| NJ | Atlantic | Pleasantville City | 19-00188-0000-00021 | 07-00357 | 188 |
| NJ | Atlantic | Pleasantville City | 19-00201-0000-00005-0005 | 07-00400 | 201 |
| NJ | Burlington | Bass River Township | 01-00054-0000-00013 | 08-01 | 54 |
| NJ | Burlington | Bordentown City | 03-00503-0000-00003 | 200804 | 503 |
| NJ | Burlington | Palmyra Borough | 27-00033-0000-00007 | 200705 | 33 |
| NJ | Camden | Audubon Borough | 01-00098-0000-00023 | 2005017 | 98 |
| NJ | Camden | Camden City | 08-00088-0000-00067 | 08-00081 | 88 |
| NJ | Camden | Camden City | 08-00090-0000-00091 | 08-00085 | 90 |
| NJ | Camden | Camden City | 08-00187-0000-00028 | 08-00154 | 187 |
| NJ | Camden | Camden City | 08-00229-0000-00097 | 6-0161 | 229 |
| NJ | Camden | Camden City | 08-00229-0000-00097 | 7-0171 | 229 |
| NJ | Camden | Camden City | 08-00229-0000-00097 | 08-00202 | 229 |
| NJ | Camden | Camden City | 08-00236-0000-00125 | 08-00209 | 236 |
| NJ | Camden | Camden City | 08-00244-0000-00022 | 08-00216 | 244 |
| NJ | Camden | Camden City | 08-00255-0000-00058 | 08-00239 | 255 |
| NJ | Camden | Camden City | 08-00269-0000-00051 | 08-00253 | 269 |
| NJ | Camden | Camden City | 08-00312-0000-00091 | 6-0292 | 312 |
| NJ | Camden | Camden City | 08-00312-0000-00091 | 7-0291 | 312 |
| NJ | Camden | Camden City | 08-00312-0000-00091 | 7A-00280 | 312 |
| NJ | Camden | Camden City | 08-00312-0000-00091 | 08-00322 | 312 |
| NJ | Camden | Camden City | 08-00325-0000-00037 | 6-0317 | 325 |
| NJ | Camden | Camden City | 08-00325-0000-00037 | 7-0315 | 325 |
| NJ | Camden | Camden City | 08-00325-0000-00037 | 7A-00303 | 325 |
| NJ | Camden | Camden City | 08-00325-0000-00037 | 08-00347 | 325 |
| NJ | Camden | Camden City | 08-00329-0000-00140 | 7A-00307 | 329 |
| NJ | Camden | Camden City | 08-00329-0000-00140 | 08-00359 | 329 |
| NJ | Camden | Camden City | 08-00362-0000-00034 | 08-00418 | 362 |
| NJ | Camden | Camden City | 08-00370-0000-00042 | 7A-00382 | 370 |
| NJ | Camden | Camden City | 08-00370-0000-00042 | 08-00448 | 370 |
| NJ | Camden | Camden City | 08-00432-0000-00037 | 08-00580 | 432 |
| NJ | Camden | Camden City | 08-00439-0000-00025 | 7-0552 | 439 |
| NJ | Camden | Camden City | 08-00439-0000-00025 | 7A-00571 | 439 |
| NJ | Camden | Camden City | 08-00461-0000-00004 | 7-0592 | 461 |
| NJ | Camden | Camden City | 08-00461-0000-00004 | 7A-00619 | 461 |
| NJ | Camden | Camden City | 08-00461-0000-00004 | 08-00648 | 461 |
| NJ | Camden | Camden City | 08-00468-0000-00029 | 7-0604 | 468 |
| NJ | Camden | Camden City | 08-00468-0000-00029 | 7A-00626 | 468 |
| NJ | Camden | Camden City | 08-00468-0000-00029 | 08-00660 | 468 |
| NJ | Camden | Camden City | 08-00470-0000-00061 | 08-00662 | 470 |
| NJ | Camden | Camden City | 08-00475-0000-00138 | 08-00675 | 475 |
| NJ | Camden | Camden City | 08-00523-0000-00028 | 08-00723 | 523 |
| NJ | Camden | Camden City | 08-00550-0000-00037 | 5-0439 | 550 |

| NJ | Camden | Camden City | 08-00550-0000-00037 | 6-0576 | 550 |
|---|---|---|---|---|---|
| NJ | Camden | Camden City | 08-00550-0000-00037 | 7-0649 | 550 |
| NJ | Camden | Camden City | 08-00550-0000-00037 | 7A-00679 | 550 |
| NJ | Camden | Camden City | 08-00550-0000-00037 | 08-00728 | 550 |
| NJ | Camden | Camden City | 08-00635-0000-00010 | 6-0664 | 635 |
| NJ | Camden | Camden City | 08-00635-0000-00010 | 7-0733 | 635 |
| NJ | Camden | Camden City | 08-00635-0000-00010 | 7A-00792 | 635 |
| NJ | Camden | Camden City | 08-00635-0000-00010 | 08-00842 | 635 |
| NJ | Camden | Camden City | 08-00755-0000-00028 | 7-1036 | 755 |
| NJ | Camden | Camden City | 08-00755-0000-00028 | 08-01150 | 755 |
| NJ | Camden | Camden City | 08-00776-0000-00006 | 7-1099 | 776 |
| NJ | Camden | Camden City | 08-00850-0000-00010 | 6-1229 | 850 |
| NJ | Camden | Camden City | 08-00850-0000-00010 | 7-1240 | 850 |
| NJ | Camden | Camden City | 08-00850-0000-00010 | 7A-01293 | 850 |
| NJ | Camden | Camden City | 08-00850-0000-00010 | 08-01345 | 850 |
| NJ | Camden | Camden City | 08-01016-0000-00034 | 7A-01723 | 1016 |
| NJ | Camden | Camden City | 08-01016-0000-00034 | 08-01709 | 1016 |
| NJ | Camden | Camden City | 08-01038-0000-00001 | 08-01795 | 1038 |
| NJ | Camden | Camden City | 08-01092-0000-00074 | 7A-01993 | 1092 |
| NJ | Camden | Camden City | 08-01092-0000-00074 | 08-01967 | 1092 |
| NJ | Camden | Camden City | 08-01102-0000-00076 | 7A-02000 | 1102 |
| NJ | Camden | Camden City | 08-01102-0000-00076 | 08-01971 | 1102 |
| NJ | Camden | Camden City | 08-01114-0000-00067 | 7A-02021 | 1114 |
| NJ | Camden | Camden City | 08-01114-0000-00067 | 08-01991 | 1114 |
| NJ | Camden | Camden City | 08-01158-0000-00072 | 5-1569 | 1158 |
| NJ | Camden | Camden City | 08-01158-0000-00072 | 6-1920 | 1158 |
| NJ | Camden | Camden City | 08-01158-0000-00072 | 7-1949 | 1158 |
| NJ | Camden | Camden City | 08-01158-0000-00072 | 7A-02166 | 1158 |
| NJ | Camden | Camden City | 08-01158-0000-00072 | 08-02123 | 1158 |
| NJ | Camden | Camden City | 08-01172-0000-00137 | 08-02153 | 1172 |
| NJ | Camden | Camden City | 08-01190-0000-00011 | 5-1620 | 1190 |
| NJ | Camden | Camden City | 08-01190-0000-00011 | 6-1975 | 1190 |
| NJ | Camden | Camden City | 08-01190-0000-00011 | 7-2025 | 1190 |
| NJ | Camden | Camden City | 08-01190-0000-00011 | 7A-02251 | 1190 |
| NJ | Camden | Camden City | 08-01190-0000-00011 | 08-02194 | 1190 |
| NJ | Camden | Camden City | 08-01286-0000-00061 | 08-02471 | 1286 |
| NJ | Camden | Camden City | 08-01287-0000-00054 | 08-02496 | 1287 |
| NJ | Camden | Camden City | 08-01303-0000-00093 | 08-02600 | 1303 |
| NJ | Camden | Camden City | 08-01305-0000-00043 | 08-02604 | 1305 |
| NJ | Camden | Camden City | 08-01306-0000-00061 | 08-02606 | 1306 |
| NJ | Camden | Camden City | 08-01324-0000-00012 | 7A-02739 | 1324 |
| NJ | Camden | Camden City | 08-01324-0000-00012 | 08-02676 | 1324 |
| NJ | Camden | Camden City | 08-01328-0000-00029 | 08-02704 | 1328 |
| NJ | Camden | Camden City | 08-01328-0000-00030 | 08-02705 | 1328 |
| NJ | Camden | Camden City | 08-01333-0000-00064 | 7-2480 | 1333 |
| NJ | Camden | Camden City | 08-01333-0000-00064 | 7A-02791 | 1333 |
| NJ | Camden | Camden City | 08-01333-0000-00064 | 08-02736 | 1333 |

| NJ | Camden | Camden City | 08-01342-0000-00095 | 7-2508 | 1342 |
|----|--------|-------------|---------------------|--------|------|
| NJ | Camden | Camden City | 08-01342-0000-00095 | 7A-02830 | 1342 |
| NJ | Camden | Camden City | 08-01342-0000-00095 | 08-02764 | 1342 |
| NJ | Camden | Camden City | 08-01354-0000-00148 | 034521 | 1354 |
| NJ | Camden | Camden City | 08-01356-0000-00030 | 08-02867 | 1356 |
| NJ | Camden | Camden City | 08-01376-0000-00055 | 08-02991 | 1376 |
| NJ | Camden | Camden City | 08-01430-0000-00080 | 08-03064 | 1430 |
| NJ | Camden | Camden City | 08-01430-0000-00087 | 7A-03156 | 1430 |
| NJ | Camden | Camden City | 08-01430-0000-00087 | 08-03067 | 1430 |
| NJ | Camden | Chesilhurst Borough | 10-00801-0000-00011 | 07-00048 | 801 |
| NJ | Camden | Clementon Borough | 11-00084-0000-00004 | 07-00039 | 84 |
| NJ | Camden | Gloucester City | 14-00196-0000-00006-0001 | 08-154 | 196 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00011 | 135608 | 120.02 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00012 | 135708 | 120.02 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00013 | 135808 | 120.02 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00019 | 136408 | 120.02 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00020 | 136508 | 120.02 |
| NJ | Camden | Mount Ephraim Borough | 25-00120-0002-00021 | 136608 | 120.02 |
| NJ | Camden | Pennsauken Township | 27-01613-0000-00021 | 070038 | 1613 |
| NJ | Camden | Somerdale Borough | 31-00010-0000-00010 | 08-004 | 10 |
| NJ | Cape May | Lower Township | 05-00567-0000-00011 | 08-00063 | 567 |
| NJ | Cape May | Middle Township | 06-00166-0000-00106 | 2008-5276 | 166 |
| NJ | Cape May | Wildwood City | 14-00009-0001-00001-0018 | 2006-0009 | 9.01 |
| NJ | Cape May | Wildwood City | 14-00015-0000-00008 | 2007-0016 | 15 |
| NJ | Cumberland | Bridgeton City | 01-00138-0000-00014 | 08-00163 | 138 |
| NJ | Cumberland | Commercial Township | 02-00118-0000-09716 | 07-00065 | 118 |
| NJ | Cumberland | Commercial Township | 02-00123-0000-07088 | 08-00045 | 123 |
| NJ | Cumberland | Commercial Township | 02-00156-0000-00614 | 08-00061 | 156 |
| NJ | Cumberland | Commercial Township | 02-00156-0000-00620 | 06-00064 | 156 |
| NJ | Cumberland | Deerfield Township | 03-00033-0000-00009 | 070011 | 33 |
| NJ | Cumberland | Maurice River Township | 09-00289-0000-00010 | 06-027 | 289 |
| NJ | Cumberland | Maurice River Township | 09-00320-0000-00165 | 07-050 | 320 |
| NJ | Gloucester | Deptford Township | 02-00523-0000-00008 | 2006-0054 | 523 |
| NJ | Gloucester | Deptford Township | 02-00524-0000-00004 | 2006-0056 | 524 |
| NJ | Gloucester | Elk Township | 04-00067-0000-00012 | 06-005 | 67 |
| NJ | Gloucester | Elk Township | 04-00156-0000-00004 | 07-025 | 156 |
| NJ | Gloucester | Greenwich Township | 07-00076-0000-00008 | 02-009 | 76 |
| NJ | Gloucester | Monroe Township | 11-01601-0000-00036 | 06-00008 | 1601 |
| NJ | Gloucester | Paulsboro Borough | 14-00079-0000-00004 | 2007-33 | 79 |
| NJ | Gloucester | Paulsboro Borough | 14-00110-0000-00022 | 2008-60 | 110 |
| NJ | Gloucester | Washington Township | 18-00084-0016-00005-0008 | 06-36 | 84.16 |
| NJ | Mercer | Hamilton Township | 03-02330-0000-00003 | 08-645 | 2330 |
| NJ | Mercer | Trenton City | 11-02201-0000-00021 | 070944 | 2201 |
| NJ | Mercer | Trenton City | 11-02605-0000-00007 | 070988 | 2605 |
| NJ | Mercer | Trenton City | 11-05901-0000-00006 | 071181 | 5901 |
| NJ | Mercer | Trenton City | 11-07001-0000-00010 | 080236 | 7001 |
| NJ | Mercer | Trenton City | 11-20412-0000-00010 | 072004 | 20412 |

| NJ | Mercer | Trenton City | 11-32802-0000-00011 | 080928 | 32802 |
| NJ | Middlesex | Perth Amboy City | 16-00424-0000-00007 | 070205 | 424 |
| NJ | Monmouth | Long Branch City | 27-00314-0000-00024 | 08-155 | 314 |
| NJ | Monmouth | Matawan Borough | 31-00007-0000-00005 | 07-00002 | 7 |
| NJ | Monmouth | West Long Branch Borough | 53-00027-0000-00006 | 070002 | 27 |
| NJ | Salem | Carneys Point Township | 02-00066-0000-00011 | 07-027 | 66 |
| NJ | Salem | Carneys Point Township | 02-00136-0000-00006 | 08-080 | 136 |
| NJ | Salem | Penns Grove Borough | 08-00020-0000-00007 | 080010 | 20 |
| NJ | Salem | Pennsville Township | 09-03523-0000-00005 | 2007050 | 3523 |
| NJ | Salem | Salem City | 13-00017-0000-00008 | 05-014 | 17 |
| NJ | Salem | Salem City | 13-00043-0000-00009 | 07-053 | 43 |

| Lot | Qualifier |
|-----|-----------|
| 42 | |
| 2 | |
| 15 | |
| 29 | |
| 21 | |
| 5.05 | |
| 13 | |
| 3 | |
| 7 | |
| 23 | |
| 67 | |
| 91 | |
| 28 | |
| 97 | |
| 97 | |
| 97 | |
| 125 | |
| 22 | |
| 58 | |
| 51 | |
| 91 | |
| 91 | |
| 91 | |
| 91 | |
| 37 | |
| 37 | |
| 37 | |
| 37 | |
| 140 | |
| 140 | |
| 34 | |
| 42 | |
| 42 | |
| 37 | |
| 25 | |
| 25 | |
| 4 | |
| 4 | |
| 4 | |
| 29 | |
| 29 | |
| 29 | |
| 61 | |
| 138 | |
| 28 | |
| 37 | |

| | |
|---|---|
| 37 | |
| 37 | |
| 37 | |
| 37 | |
| 10 | |
| 10 | |
| 10 | |
| 10 | |
| 28 | |
| 28 | |
| 6 | |
| 10 | |
| 10 | |
| 10 | |
| 10 | |
| 34 | |
| 34 | |
| 1 | |
| 74 | |
| 74 | |
| 76 | |
| 76 | |
| 67 | |
| 67 | |
| 72 | |
| 72 | |
| 72 | |
| 72 | |
| 72 | |
| 137 | |
| 11 | |
| 11 | |
| 11 | |
| 11 | |
| 11 | |
| 61 | |
| 54 | |
| 93 | |
| 43 | |
| 61 | |
| 12 | |
| 12 | |
| 29 | |
| 30 | |
| 64 | |
| 64 | |
| 64 | |

| | |
|---|---|
| 95 | |
| 95 | |
| 95 | |
| 148 | |
| 30 | |
| 55 | |
| 80 | |
| 87 | |
| 87 | |
| 11 | |
| 4 | |
| 6.01 | |
| 11 | |
| 12 | |
| 13 | |
| 19 | |
| 20 | |
| 21 | |
| 21 | |
| 10 | |
| 11 | |
| 106 | |
| 1.18 | |
| 8 | |
| 14 | |
| 9716 | |
| 7088 | |
| 614 | |
| 620 | |
| 9 | |
| 10 | |
| 165 | |
| 8 | |
| 4 | |
| 12 | |
| 4 | |
| 8 | |
| 36 | |
| 4 | |
| 22 | |
| 5.08 | |
| 3 | |
| 21 | |
| 7 | |
| 6 | |
| 10 | |
| 10 | |

| | |
|---|---|
| 11 | |
| 7 | |
| 24 | |
| 5 | |
| 6 | |
| 11 | |
| 6 | |
| 7 | |
| 5 | |
| 8 | |
| 9 | |

| State | County | Municipality | Parcel ID | Cert # | Block |
|-------|--------|--------------|-----------|--------|-------|
| NJ | Atlantic | Weymouth Township | 23-00023-0000-00003 | 05-00005 | 23 |
| NJ | Burlington | Cinnaminson Township | 08-00602-0000-00020 | 07-263 | 602 |
| NJ | Camden | Camden City | 08-00061-0000-00012 | 7A-00054 | 61 |
| NJ | Camden | Camden City | 08-00061-0000-00012 | 08-00067 | 61 |
| NJ | Camden | Camden City | 08-00371-0000-00019 | 7A-00389 | 371 |
| NJ | Camden | Camden City | 08-00437-0000-00014 | 08-00607 | 437 |
| NJ | Camden | Camden City | 08-00481-0000-00020 | 6-0549 | 481 |
| NJ | Camden | Camden City | 08-00481-0000-00020 | 7-0625 | 481 |
| NJ | Camden | Camden City | 08-00913-0000-00009 | 7-1359 | 913 |
| NJ | Camden | Camden City | 08-00913-0000-00009 | 7A-01425 | 913 |
| NJ | Camden | Camden City | 08-00913-0000-00009 | 08-01468 | 913 |
| NJ | Camden | Camden City | 08-01252-0000-00090 | 3-1413 | 1252 |
| NJ | Camden | Camden City | 08-01345-0000-00134 | 6-2439 | 1345 |
| NJ | Camden | Camden City | 08-01345-0000-00134 | 7-2557 | 1345 |
| NJ | Camden | Camden City | 08-01345-0000-00134 | 7A-02870 | 1345 |
| NJ | Camden | Camden City | 08-01374-0000-00065 | 4-2294 | 1374 |
| NJ | Camden | Chesilhurst Borough | 10-00907-0000-00001 | 06-043 | 907 |
| NJ | Camden | Gloucester Township | 15-10007-0000-00012 | 730136 | 10007 |
| NJ | Camden | Lawnside Borough | 21-01213-0000-00008 | 06-00075 | 1213 |
| NJ | Cape May | Wildwood City | 14-00105-0001-00024-0002 | 2007-0106 | 105.01 |
| NJ | Cumberland | Fairfield Township | 05-00019-0001-00029 | 07-20 | 19.01 |
| NJ | Gloucester | Deptford Township | 02-00103-0000-00004 | 2007-0024 | 103 |
| NJ | Mercer | Hamilton Township | 03-01913-0000-00096 | 08-295 | 1913 |
| NJ | Mercer | Trenton City | 11-05801-0000-00052 | 081317 | 5801 |
| NJ | Mercer | Trenton City | 11-07008-0000-00022 | 081467 | 7008 |
| NJ | Mercer | Trenton City | 11-11003-0000-00021 | 081705 | 11003 |
| NJ | Mercer | Trenton City | 11-21403-0000-00007 | 082186 | 21403 |
| NJ | Salem | Pennsville Township | 09-05701-0000-00035 | 2008082 | 5701 |
| NJ | Salem | Pilesgrove Township | 10-00054-0000-00003 | 070009 | 54 |
| NJ | Salem | Salem City | 13-00005-0000-00036 | 04-003 | 5 |
| NJ | Salem | Salem City | 13-00086-0000-00024 | 07-141 | 86 |

| Lot | Qualifier |
|---|---|
| 3 | |
| 20 | |
| 12 | |
| 12 | |
| 19 | |
| 14 | |
| 20 | |
| 20 | |
| 9 | |
| 9 | |
| 9 | |
| 90 | |
| 134 | |
| 134 | |
| 134 | |
| 65 | |
| 1 | |
| 12 | |
| 8 | |
| 24.02 | |
| 29 | |
| 4 | |
| 96 | |
| 52 | |
| 22 | |
| 21 | |
| 7 | |
| 35 | |
| 3 | |
| 36 | |
| 24 | |