# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | CARL R. WOODWARD, III | RAYMOND W. FISHER | STEPHEN R. DANEK |
| JAN ALAN BRODY | MELISSA E. FLAX | | ERIC MAGNELLI |
| JOHN M. AGNELLO | DAVID G. GILFILLAN | OF COUNSEL | DONALD A. ECKLUND |
| CHARLES M. CARELLA | G. GLENNON TROUBLEFIELD | | MEGAN A. NATALE |
| JAMES E. CECCHI | BRIAN H. FENLON | | AMANDA J. BARISICH |
| | LINDSEY H. TAYLOR | | ZACHARY S. BOWER+ |
| | CAROLINE F. BARTLETT | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | | | °MEMBER NY BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | | | +MEMBER FL BAR ONLY |

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

March 6, 2013

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
  for the District of New Jersey
402 East State Street
Trenton, New Jersey  08608

**RE:     In Re New Jersey Tax Sales Certificates Antitrust Litigation, Master Docket No. 12-1893 (MAS)(TJB)**

Dear Judge Shipp:

This firm represents Defendants BBX Capital Corporation and Fidelity Tax, LLC in the above referenced litigation.  I am writing on behalf of my clients and fifteen additional defendants (Plymouth Park Tax Services LLC, Crusader Servicing Corporation, Royal Tax Lien Services, LLC, Royal Bancshares of Pennsylvania, Inc., Royal Bank America, M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners III, LLC, M.D. Sass Municipal Finance Partners-IV, LLC, M.D. Sass Municipal Finance Partners-V, LLC, M.D. Sass Municipal Finance Partners-VI, LLC, American Tax Funding, LLC, Mooring Tax Asset Group, LLC, Phoenix Funding, Inc. and Benedict Caiola), all of whom are represented by individual counsel (together "Moving Defendants").

The purpose of this letter is to advise the Court of the Moving Defendants' intentions regarding moving to dismiss the Consolidated Amended Complaint ("Complaint").  Under the Consent Order (DE 146), Defendants' responses to the Complaint are due to be filed March 8.  The Moving Defendants will meet that deadline.  In order to streamline the process, and to minimize the paperwork before the Court, the Moving Defendants have worked together to draft a single unified brief which addresses the pleading deficiencies common to all 17 Moving Defendants.  Given the magnitude of the allegations in the Complaint – an alleged single unified conspiracy spanning eleven years, forty-eight defendants, and 6,000 separate auctions – the Moving Defendants expect to need a total of 55 pages in 14-point font for their unified brief.

Simultaneously, some of the Moving Defendants intend to file individual briefs which will address pleading deficiencies unique to each particular Defendant.  The Moving Defendants anticipate that an additional five motions to dismiss will be filed and have committed to limit their individual briefs to no more than 20 pages.  One of these additional briefs includes four of the Moving Defendants (American Tax Funding, LLC, BBX Capital Corporation, Fidelity Tax,

March 6, 2013
Page 2

LLC and Plymouth Park Tax Services, LLC) that will file a single brief addressing issues particular to these four defendants.

Since the Moving Defendants unified brief exceeds the usual limit of 40 pages, I advised Plaintiffs' counsel of our intentions, and sought their consent to our proposal. Plaintiffs have declined, and while I am sure they will explain their position directly, I understand it to be that the Moving Defendants should be limited to fewer pages than our proposal and that plaintiffs be entitled to an additional 60 pages to respond to the unified brief.

While we agree with Plaintiffs that less is usually more, and agree that it is always best to file the shortest possible briefs, the limits suggested by Plaintiffs are neither practical in this case, nor required by the Local Rules. First, the Moving Defendants proposal results in far less briefing and paper before the Court than would result if we all simply filed our own independent motions to dismiss without coordinating on a single, unified brief.[1] As such, since the unified brief is on behalf of the seventeen Moving Defendants (all of whom are entitled under the Rules to file a stand-alone motion), it is, in reality, not over length at all. Moreover, as Plaintiffs are undoubtedly aware, there are other means of avoiding the filing of a technically over length brief in this situation, *i.e.*, the Moving Defendants could break their unified brief into two (or more) briefs, with each Moving Defendant filing a joinder. Our proposal avoids this type of gamesmanship and simply seeks to consolidate into one place – for everyone's benefit – the common arguments on behalf of each of the Moving Defendants. Indeed, as already noted, our proposal results in far less briefing, far less spilled ink, and far less paper than would otherwise result if the Moving Defendants went at this process alone.

The Moving Defendants anticipate that Plaintiffs will undoubtedly say that the easiest way to avoid this dilemma is to use fewer words in all of our briefs. While we agree with this sentiment aspirationally, we must note that this knife cuts both ways – Plaintiffs have filed a 79 page Complaint that charges 48 separate Defendants with a conspiracy ranging over a period of eleven years involving 6000 separate auctions. Our proposal addresses the many flaws in this sprawling document in the most efficient means possible, and we hope that the process we have outlined is viewed favorably by Your Honor. If is acceptable, we would ask Your Honor to So Order this letter. Of course, should you have any questions, we are available to discuss them at a time convenient to the Court.

                        Respectfully,

            CARELLA, BYRNE, CECCHI,
            OLSTEIN, BRODY & AGNELLO

                  /s/ James E Cecchi

                  JAMES E. CECCHI

---

[1] For example, even if five of the Moving Defendants were to file their own briefs, they would be entitled to 200 pages of briefing.