# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | CARL R. WOODWARD, III | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| JAN ALAN BRODY | MELISSA E. FLAX | **www.carellabyrne.com** | _____ | ERIC MAGNELLI |
| JOHN M. AGNELLO | DAVID G. GILFILLAN | | OF COUNSEL | DONALD A. ECKLUND |
| CHARLES M. CARELLA | G. GLENNON TROUBLEFIELD | | | MEGAN A. NATALE |
| JAMES E. CECCHI | BRIAN H. FENLON | | | AMANDA J. BARISICH |
| | LINDSEY H. TAYLOR | | | ZACHARY S. BOWER+ |
| | CAROLINE F. BARTLETT | | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | | | | °MEMBER NY BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | | | | +MEMBER FL BAR ONLY |

March 7, 2013

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
 for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

      **RE:**    **In Re New Jersey Tax Sales Certificates Antitrust Litigation, Master Docket No. 12-1893 (MAS)(TJB)**

Dear Judge Shipp:

    I am writing on behalf of the Moving Defendants[1] in response to plaintiffs' request that Your Honor drastically curtail the defendants' rights under the local rules to file a motion to dismiss raising issues specific to each Moving Defendant.  Plaintiffs suggest that the Moving Defendants be limited to a total of 110 pages collectively, roughly half of which will be consumed by a 55-page joint brief raising issues common to all defendants.  That leaves 55 pages in which to address individual issues on behalf of 14 different Moving Defendants -- an average of about four pages per Moving Defendant.  Imposing such limits on the Moving Defendants would be impractical and inappropriate.  Each defendant ordinarily would be entitled to 40 pages in which to move to dismiss.  Moving Defendants do not expect to consume anywhere near that many pages, but an average of four pages per Moving Defendant is wholly inadequate.

    For example, four of the Moving Defendants intend to join in an 18-page brief raising distinct issues that are common to those four defendants.  That is the only brief that these defendants intend to file (apart from joining the omnibus all-defendant brief).  Eighteen pages in oversized type for four distinct defendants is hardly excessive, but under plaintiffs' proposal, these four defendants would have to fight a pitched battle with other defendants to secure the

---

[1] The Moving Defendants include Plymouth Park Tax Services LLC, Royal Tax Lien Services, LLC, Royal Bancshares of Pennsylvania, Inc., Royal Bank America, M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners III, LLC, M.D. Sass Municipal Finance Partners-IV, LLC, M.D. Sass Municipal Finance Partners-V, LLC, M.D. Sass Municipal Finance Partners-VI, LLC, American Tax Funding, LLC, Mooring Tax Asset Group, LLC, BBX Capital Corporation and Fidelity Tax, LLC. Other defendants who are not among the Moving Defendants specifically listed here have indicated that they will file separate joinders adopting the arguments set forth in Moving Defendants' joint brief.

March 7, 2013
Page 2

right to file their brief.  Furthermore, there is no apparent mechanism for resolving disagreements among the Moving Defendants about how they allocate the page limits Plaintiffs propose.

Plaintiffs' reference to the Libor litigation adds little to the discussion.  Moving Defendants here have no idea whether the types of differences that exist between defendants in this action were present in Libor.  Furthermore, contrary to Mr. Greenberg's suggestion that Moving Defendants here are requesting unprecedented treatment, some of the defense counsel in this action are currently involved in another action in which a somewhat smaller group of defendants collectively received 200 pages in which to respond to the complaint.  *See In re Trilegiant Corp., Inc.*, No. 12-cv-00396 (D. Conn).  The point is, we think, that each case is unique and that - in this case involving 48 defendants - a proposal that results in far less briefing than permitted under the Local Rules is eminently reasonable.

We thank the Court for its attention to this matter and we are, of course, available to discuss it with Your Honor at any time you deem appropriate.  On that point, we suggest that perhaps the best practice is to postpone a discussion of page limits until Moving Defendants actually make their filings so that the Court, and plaintiffs, will have the benefit of all the facts before making any final judgments.

Respectfully,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E Cecchi

JAMES E. CECCHI