UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | : CONSOLIDATED CIVIL CLASS ACTION<br>: NO: 3:12-CV-01893-MAS-TJB<br>: |

### DEFENDANTS' CCTS CAPITAL, LLC AND CRESTAR CAPITAL, LLC ANSWER TO PLAINTIFF'S CONSOLIDATED MASTER CLASS ACTION COMPLAINT

Defendants, CCTS Capital, LLC and Crestar Capital, LLC, (collectively referred to as the "**Answering Defendants**") by and through their attorneys, Dilworth Paxson LLP, hereby respond to Plaintiffs' Consolidated Master Class Action Complaint as follows:

1. Denied. Answering Defendants deny that they entered into any unlawful agreement and/or understanding as alleged in this paragraph. Answering Defendants further deny that they conspired with any of the named individuals to achieve the actions alleged in this paragraph.

2. Denied. Answering Defendants have no knowledge regarding what sources of information Plaintiffs may or may not have reviewed.

3. Denied.

4. Denied.

5. Denied as a conclusion of law.

6. Admitted.

7. Admitted.

8. Denied as a conclusion of law.

10589988_1

9. Denied. The allegations in this paragraph pertain to other individuals and entities and not to the Answering Defendants. It is further specifically denied that Answering Defendants engaged in any form of overarching conspiracy, as alleged in this paragraph.

10. Denied.

11. Denied. The allegations in this paragraph pertain to other individuals and entities and not to the Answering Defendants. It is further specifically denied that Answering Defendants are subject to criminal fines and/or prison. No criminal charges have been filed against the Answering Defendants.

12. Denied.

13. Denied as a conclusion of law.

14. Denied as a conclusion of law.

15. Denied as a conclusion of law.

16. Denied as a conclusion of law.

17.-27. Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. Furthermore, Answering Defendants did not participate in the tax sales where the named class representative plaintiffs' TSCs were purchased. Answering Defendants did not begin conducting any business until November 24, 2008. All of the class representative plaintiffs had their TSCs purchased prior to the time Answering Defendants were in business.

28. Admitted, upon information and belief.

29. Admitted only that CCTS Capital LLC is a New Jersey limited liability company with its principal place of business in Cherry Hill, New Jersey. The remaining allegations are denied.

30.-33.     Denied. The allegations in these paragraphs pertain to other individuals and entities and not to the Answering Defendants.

34.     Admitted only that Crestar Capital, LLC is a New Jersey limited liability company. The remaining allegations are denied. It is specifically denied that Crestar Capital, LLC purchased any TSCs during the Class Period.

35.     Denied. Furthermore, CCTS Capital, LLC objects to and denies the allegation that it is associated with CCTS, CCTSI, CCTSII, DSBD and Pro Capital.

36.     Admitted only that David Butler was an executive of CCTS Capital from November 2008 until July 2009. The remaining allegations are denied.

37.     Admitted only that David Farber was an executive of CCTS Capital from November 2008 until July 2009. The remaining allegations are denied.

38.-40.     Denied. Denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. The remaining allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants.

41.-133.     Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs.

134.-135.     Denied as conclusions of law.

136.-145.     Denied as conclusions of law. To the extent any allegations are deemed factual, such allegations are denied.

146.-153.    Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

154(a) – (g).    Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business. Furthermore, Answering Defendants deny that they participated in an auction in "Maywood, New Jersey" on December 10, 2008.

155.-161.    Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs.

162.-165.    Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants

participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

166.-172.   Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants. It is further specifically denied that Answering Defendants have pled guilty to participating in the conspiracy described in these paragraphs. No criminal charges have been filed against the Answering Defendants.

173.   Admitted only that CCTS Capital was the company identified as "Company 1" in the document referenced in this paragraph. The remaining allegations are denied as they pertain to other individuals and entities and not to the Answering Defendants.

174.-176.   Denied. The allegations in these paragraphs are denied as they pertain to other individuals and entities and not to the Answering Defendants.

177.   Admitted only that CCTS Capital was the company identified as "Company 1" in the document referenced in this paragraph. The remaining allegations are denied as they pertain to other individuals and entities and not to the Answering Defendants.

178.-186.   The allegations in these paragraphs are denied because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

187.-196.   The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

197.-205.   Denied as conclusions of law.

## FIRST COUNT

206.-211.   The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

## SECOND COUNT

212.-218.   The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

## THIRD COUNT

219.-225. The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

## FOURTH COUNT

226.-231. The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

## FIFTH COUNT

232.-235. The allegations in these paragraphs are denied as conclusions of law and also because they pertain to other individuals and entities and not to the Answering Defendants. To the extent any allegations are deemed factual in nature and/or directed to Answering Defendants, it is denied that Answering Defendants participated in any kind of illegal agreement, understanding and/or conspiracy with the individuals or entities named in these paragraphs. Further, it is denied that Answering Defendants engaged in any conduct, improper or otherwise, prior to November 24, 2008, which is when Answering Defendants began transacting business.

## SIXTH COUNT

236.-238.   Denied as conclusions of law.

**WHEREFORE**, Answering Defendants respectfully request that the Court entered judgment in their favor and against the Plaintiffs as to all Counts.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief may be granted and therefore should be dismissed.

2. The Complaint fails to plead fraud with sufficient particularity.

3. The Complaint is barred in whole or in part by the doctrine of laches.

4. The Complaint is barred in whole or in part by the doctrine of unclean hands.

5. The Complaint is barred in whole or in part by the doctrine of accord and satisfaction.

6. The Complaint is barred in whole or in part by the doctrine of estoppel.

7. The Complaint is barred in whole or in part by the doctrine of settlement and release.

8. The Complaint is barred in whole or in part by the doctrine of waiver.

9. The Complaint is barred in whole or in part by the parol evidence rule.

10. The Complaint is barred in whole or in part by the gist of the action doctrine.

11. The Complaint is barred in whole or in part by the economic loss rule.

12. To the extent Plaintiffs have suffered any damages, those damages have not been caused by Answering Defendants' actions.

13. Plaintiffs have failed to mitigate their damages.

14. Plaintiffs have waived their right to a jury trial.

15. Plaintiffs have failed to satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23.

16. CCTS Capital, LLC did not begin transacting business until November 24, 2008. Accordingly, CCTS Capital, LLC could not have been a party to any conspiracy, even as alleged in the Complaint, prior to that timeframe.

17. Crestar Capital, LLC did not purchase any tax liens during the alleged class period.

18. David Butler and David Farber, actors through whom alleged liability is imputed to Answering Defendants, were released by plaintiffs. Accordingly, any alleged liability of Answering Defendants that flows through conduct on the part of Farber and/or Butler has been released by Plaintiffs and is extinguished.

Submitted by:

/s/ Jay E. Kagan
Jay E. Kagan, Esquire
Matthew Faranda-Diedrich, Esquire
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
Tel: 215-575-7000
Fax: 215-575-7200
*Attorneys for CCTS Capital, LLC and Crestar Capital, LLC*

Dated: March 8, 2013