UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE NEW JERSEY TAX SALES CERTIFICATESANTITRUST LITIGATION** | Master Docket No. 12-1893(MAS)(TJB)<br><br>ORAL ARGUMENT REQUESTED |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MOORING TAX ASSET GROUP LLC'S MOTION TO DISMISS</u>

Aytan Y. Bellin
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606

  -and-

Jeffrey M. Eilender
John M. Lundin
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004

*Counsel for Defendant
Mooring Tax Asset Group,
LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 3

I.     PLAINTIFFS FAIL TO ALLEGE THAT MOORING TAX WAS
INVOLVED IN ANY OF THE ALLEGEDLY RIGGED AUCTIONS......... 3

II.    ALL OF PLAINTIFFS' ANTITRUST CLAIMS AGAINST MOORING
TAX ARE TIME-BARRED ......................................................................... 4

CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 3

*Great Northeastern Lumber & Milwork Corp. v. Pepsi-Cola Met. Bottling Co., Inc.*,
  34 F.3d 1173 (3d Cir. 1994) ............................................................................ 6

*Hernandez Jimenez v. Calero Toledo*,
  604 F.2d 99 (1st Cir. 1979) ............................................................................. 7

*Kendall v. Visa USA, Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ........................................................................ 3

*Lundy v. Adamar of New Jersey*,
  34 F.3d 1173 (3d Cir. 1994) ............................................................................ 6

*Mailey v. Septa*,
  204 F.R.D. 273 (E.D. Pa. 2001) ..................................................................... 6

*Olin v. George R. Logue, Inc.*,
  119 F.Supp. 2d 464 (M.D. Pa. 2000) ............................................................. 6

*Shaw v. Housing Authority of Camden*,
  No. 11-4291, 2012 WL 3283402 (D.N.J.  Aug. 10, 2012) ............................. 3

Defendant Mooring Tax Asset Group, LLC ("Mooring Tax") submits this memorandum of law in support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, and as barred by the applicable statute of limitations.[1]

## INTRODUCTION

Plaintiffs are delinquent New Jersey property taxpayers. Under New Jersey's Tax Sale Law, the municipalities where the properties were located sold tax sale certificates ("TSCs") for Plaintiffs' properties to investors at public auctions. By statute, the winning bidder has the right to foreclose on the property unless the taxpayer "redeems" the TSC by paying the outstanding tax plus a penalty within a two-year grace period. The statutory default rate for the penalty is 18%—that amount would be owed even if there were no auction or if no one bids on the property—but the rate can be bid down at the auction.

Plaintiffs allege that Defendants engaged in a massive state-wide conspiracy, over an 11-year period, "to rig bids and allocate markets with respect to the sale of TSCs." (Compl. ¶ 208.) They claim that this alleged anti-competitive conspiracy had the effect of artificially inflating the rate of the tax penalty applicable to their properties. It is clear from the face of the Complaint that Plaintiffs do not have a

_____

[1] Mooring Tax's motion adopts and incorporates by references the Joint Defense Memorandum of Law and the Memorandum of Law of MTAG Services, LLC.

viable antitrust claim against Mooring Tax.  Mooring Tax joins in the arguments made in the Defendants' Joint Brief in support of the motion to dismiss, but submits this memorandum to briefly highlight the issues as they relate distinctly to Mooring Tax.  (Mooring Tax also joins in the separate motion made by MTAG Services, LLC ("MTAG") to dismiss the claims against MTAG based on the notion that MTAG is an alter-ego or successor of Mooring Tax).

**First**, the Complaint must be dismissed as to Mooring Tax because Plaintiffs have failed to allege that Mooring Tax was involved in any of the auctions involving Plaintiffs' delinquent taxes.  A failure to allege that Mooring Tax was even involved in the individual actions at issue in the case is fatal to the Complaint.

**Second**, Plaintiffs' antitrust claims against Mooring Tax must be dismissed as barred by the statute of limitations.  The Complaint first naming Mooring Tax as a defendant was filed on December 13, 2012.  Each of the auctions in which the individual Plaintiffs participated occurred more than four years prior to that date. Plaintiffs filed an earlier Complaint on March 18, 2012 (and one of the auctions at issue occurred within four years of that date), but Plaintiffs' new claims against Mooring Tax do not relate back to the initial Complaint for statute of limitations purposes because Plaintiffs do not and cannot show that Mooring Tax should have known that Plaintiffs' failure to sue it was a "mistake," as a opposed to a tactical

choice among potential defendants. Thus, all claims against Mooring Tax are time-barred.

For these reasons, and those set forth in the Joint Brief, all claims against Mooring Tax should be dismissed.

## ARGUMENT

### I. PLAINTIFFS FAIL TO ALLEGE THAT MOORING TAX WAS INVOLVED IN ANY OF THE ALLEGEDLY RIGGED AUCTIONS

As set forth in greater detail in the Joint Brief, the standards for pleadings an antitrust conspiracy are demanding. To survive a motion to dismiss under Fed. R. Civ. P. 8(a), Plaintiffs' "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a) requires Plaintiffs to "answer the basic questions" of "who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Additionally, where, as here, a complaint names multiple defendants, Rule 8(a) requires that a "[e]ven under the most liberal notice pleading requirements . . ., a plaintiff must differentiate between defendants." *Shaw v. Housing Authority of Camden,* No. 11-4291 (RMB/AMD), 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citation omitted) (dismissing complaint as to defendants who were listed only by name and title as parties to action and not mentioned elsewhere in the complaint).

3

Plaintiffs here have failed utterly to make such allegations against Mooring Tax. Not only have Plaintiffs failed, as shown in the Joint Brief, to explain how the auctions at which their delinquent taxes were sold were subject to the supposed conspiracy, (Jt. Br. 14-16), but there is not a single allegation in the Complaint that Mooring Tax or any affiliate attended, bid at or was involved in any way in those auctions. Thus, even if somehow the Plaintiffs sufficiently pleaded a claim against some other members of a potential conspiracy, the Complaint fails as to Mooring Tax.

## II.   ALL OF PLAINTIFFS' ANTITRUST CLAIMS AGAINST MOORING TAX ARE TIME-BARRED

Plaintiffs' claims under the Clayton Act and the New Jersey Antitrust Act are subject to a four year statute of limitations. *See* 15 U.S.C. § 15b; N.J. Stat. Ann. § 56:9-14 (2011). All but one of the named Plaintiffs' antitrust claims are premised on auctions that took place more than four years before the filing of the initial Complaint on March 18, 2012. Because, as shown in the Joint Brief, the Complaint fails to plead a plausible claim for fraudulent concealment to toll the statute of limitations, (Jt. Br. at 49-52), those claims are time-barred as to all Defendants.

Mooring Tax was not named in the original Complaint; it was not added to the lawsuit until the filing of the amended Complaint on December 21, 2012. The antitrust claims of the remaining Plaintiff, which arise from an auction held on

4

December 3, 2008, (Compl. ¶ 19), are likewise time-barred as to Mooring Tax because the claims against Mooring Tax were brought more than four years after December 3, 2008, and the claims do not "relate back" to the date of the original complaint under Fed. R. Civ. P. 15.

An amendment adding a new party to a complaint does not relate back to the original pleading for statute of limitations purposes unless three elements are met:

(1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading";

and within the time period for serving the original pleading, "the party to be brought in by amendment"

(2) "received such notice of the action that it will not be prejudiced in defending on the merits"; and

(3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identify."

Fed. R. Civ. P. 15(c)(1)(C).   Even if Plaintiffs could show that Mooring Tax received notice of the original Complaint within 120 days of its filing (which they have not alleged), there would still be no relation back because Plaintiffs cannot satisfy the third-prong of the test:  that Mooring Tax knew or should have known that Plaintiffs' failure to name Mooring Tax in the original complaint was the result of "a mistake concerning the proper party's identity," as opposed to a tactical decision.

5

Plaintiffs have not sued every party that participated in the thousands of tax lien auctions that took place across New Jersey during the class period, but instead opted to sue only certain parties.  Mooring Tax had no reason to believe that when Plaintiffs filed the initial complaint, they "intended to sue [Mooring Tax] and failed to do so because of a mistake concerning identity." *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 (3d Cir. 1994).  Where, as here, "there is no reason . . . to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15[(c)(1)(C)] is not met." *Id.*; *see also Great Northeastern Lumber & Millwork Corp. v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 785 F. Supp. 514, 516 (E.D. Pa. 1992) (no relation back where defendant "may have believed plaintiff made a deliberate choice rather than a 'mistake' in deciding not to join him").  Nor can Plaintiffs claim the benefit of relation back by arguing that they did not have evidence of Mooring Tax's participation in the alleged conspiracy at the time of the initial Complaint.  A lack of evidence does not qualify as a "mistake concerning identity" under Rule 15.  *See Mailey v. Septa*, 204 F.R.D. 273, 275 (E.D. Pa. 2001) ("Rule 15[] does not provide for relation back [] when a plaintiff fails to sue a party before the expiration of the statute of limitations because the plaintiff was unaware that it was a potential party") (citing *Olin v. George E. Logue, Inc.*, 119 F. Supp. 2d 464, 473 (M.D. Pa. 2000)); *Hernandez*

*Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979) (no relation back where "appellees could very well have believed that they were not named as parties in the original complaint … because appellant lacked evidence of their alleged participation in the conspiracy when he filed the complaint").

Since all of Plaintiffs' antitrust claims arise from auctions that pre-date the Complaint by more than four years, and the claims against Mooring Tax do not relate back to the original complaint, all the claims must be dismissed as time-barred. Mooring Tax further adopts all arguments made in the Joint Brief as to why the statute of limitations is not and cannot be tolled.

## CONCLUSION

For the reasons explained above, and in the Joint Brief, the Complaint should be dismissed in its entirety.

Dated:    New York, New York
          March 8, 2013

**BELLIN & ASSOCIATES LLC**

By: <u>Aytan Y. Bellin</u>
    Aytan Y. Bellin, Esq. (AB-0123)
    85 Miles Avenue
    White Plains, NY 10606
    Telephone No.: (914) 358-5345
    Facsimile No.: (212) 571-0284
    E-mail: Aytan.bellin@bellinlaw.com

      -and-

**SCHLAM STONE & DOLAN LLP**

    Jeffrey M. Eilender
    John M. Lundin
    26 Broadway
    New York, New York 10004
    Tel. No.:    (212) 344-5400
    Fax No.:    (212) 344-7677
    E-mail: JME@schlamstone.com
            JLundin@schlamstone.com
    *Counsel for Defendant Mooring Tax*
    *Asset Group, LLC*

8