

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

March 19, 2013

***ELECTRONICALLY FILED***

Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 6052
Trenton, NJ 08608

**Re:** ***In re New Jersey Tax Sales Certificates Antitrust Litig.*,**
**Master Docket No. 12-CV-1893-MAS-TJB**

Dear Judge Bongiovanni:

Together with our co-counsel, this office represents the class plaintiffs in this matter. I write to request that the Court schedule an initial conference pursuant to L. Civ. R. 16 to enable the parties to conduct a Fed. R. Civ. P. 26(f) discovery conference and move forward with discovery. As further explained below, while there may be cases where it is prudent to wait until after motions to dismiss have been decided before beginning discovery, where, as here, a large number of defendants have already pled guilty and admitted to the allegations made in this action, delaying discovery would not be appropriate.

## I. Background

This case involves illegal conduct with respect to tax sale certificates ("TSCs"), which are certificates that evidence a property tax lien on real property in the State of New Jersey. Every year, each municipality in New Jersey conducts a public auction at which the municipality auctions off all delinquent property tax obligations. The winning bidder receives a TSC and has the right to collect the delinquent taxes plus interest and other fees. If these tax obligations are not paid by the homeowner within a certain period of time, the TSC holder has the right to foreclose on the homeowner and take full title to the real property.

The interest rate on the TSC is established by reverse auction. At the auction, the opening bid is statutorily set at 18% and each subsequent bid lowers the interest rate. In a competitive auction, free of the collusion alleged here, bidders may bid the interest rate down to 0%, or even beyond that, so that the buyer of the TSC actually pays a premium to acquire the TSC.


Plaintiffs allege that defendants engaged in an overarching statewide illegal agreement and/or understanding in which they agreed to allocate the liens up for auction and refrain from bidding against each other in order to ensure the interest rate on the liens remained at the most favorable level (to defendants) of 18%. Most, if not all, defendants kept "bid books" for each auction they attended. The bid books would list each of the properties up for auction. Defendants brought these bid books to the auctions, and they would contain handwritten notes indicating the liens each defendant was allocated pursuant to the conspiracy alleged in this action.

In addition to this civil litigation, there is a parallel criminal investigation being conducted by the Antitrust Division of the United States Department of Justice. To date, eleven individuals and entities (all of whom are defendants in this case) have agreed to plead guilty to violating the Sherman Act and have admitted to the allegations made in this action. All of these defendants await sentencing. And, as further explained below, the investigation remains active with the possibility of additional pleas and/or indictments.

## II. <u>Current Status of the Litigation</u>

Plaintiffs filed a Master Consolidated Amended Class Action Complaint ("Complaint") on December 21, 2013. [Docket No. 113] On March 8, 2013, most of the defendants named in the Complaint filed motions to dismiss the complaint. [Docket Nos. 173-188]. Three defendants, however, have answered the Complaint and generally denied its allegations. [Docket Nos. 130, 165] Pursuant to the schedule currently in place, plaintiffs' opposition to any motions to dismiss is due April 24, 2013. [Docket No. 146].

To date, plaintiffs have filed four settlement agreements with the Court, representing settlements with eleven defendants. [Docket Nos. 122, 132, 200]. Plaintiffs have also reached agreements in principle with seven additional defendants and expect to file these settlements with the Court shortly. All of these settlement agreements require the settling defendants to cooperate with plaintiffs in this litigation against the remaining defendants.

## III. <u>Request For Initial Conference</u>

Federal Rule of Civil Procedure 26(d) provides in relevant part, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." Local Civil Rule 26.1(b)(2) provides in relevant part, "[t]he initial meeting of the parties as required in Fed. R. Civ. P. 26(f) shall be convened at least 21 days before the initial scheduling conference . . . ." Local Civil Rule 16.1(a)(1) provides in relevant part that, "[t]he initial scheduling conference shall be

scheduled within 60 days of filing of an initial answer, unless deferred by the Magistrate Judge due to the pendency of a dispositive or other motion." Finally, L. Civ. R. 16.1(a)(2) provides that, "[t]he Magistrate Judge may conduct such other conferences as are consistent with the circumstances of the particular case and this Rule and may revise any prior scheduling order for good cause."

Plaintiffs wish to proceed with discovery. Thus, based on the foregoing, in order for discovery to commence, there must first be a Rule 26(f) conference. However, under the Local Civil Rules, a Rule 16 initial conference must precede the Rule 26(f) conference. As quoted above, Local Civil Rule 16.1 provides two instances in which the Court may schedule an initial conference. Each of those affords a basis for scheduling the initial conference here.

First, pursuant L. Civ. R. 16.1(a)(1), an initial scheduling conference "shall" be scheduled within 60 days of the filing of "an initial answer." Here, there have been two answers filed.[1] While most defendants have moved to dismiss, L. Civ. R. 16.1(a)(1) does not require that all defendants have answered in order to schedule an initial conference. Instead, the Local Civil Rule mandates an initial conference once "an initial answer" (emphasis added) is filed. Thus, pursuant to Rule 16.1(a)(1), the Court should conduct an initial scheduling conference.

Second, even if the Court declined to schedule an initial conference pursuant to Rule 16.1(a)(1), the Court has wide discretion to schedule such a conference pursuant to L. Civ. R. 16.1(a)(2), which permits the Court to, "conduct such other conferences as are consistent with the circumstances of the particular case and this Rule . . . ." Given that eleven defendants have already admitted to participating in the alleged conspiracy, with additional indictments and pleas likely on the way, and since defendants continue to seek to foreclose on the real property of members of the class pursuant to TSCs that have been illegally acquired, it is important that plaintiffs be able to commence discovery and move this litigation forward as expeditiously as possible. Although several defendants have moved to dismiss the Complaint, this is not a proper basis to forestall discovery. Eleven defendants have already admitted to participating in this conspiracy; thus, it is more probable than not that defendants' motions will be unsuccessful and this litigation will proceed in some fashion.[2]

---

1 Even if the Court concluded that discovery was inappropriate as to those defendants that have moved to dismiss, there is no reason to forestall discovery against those defendants that have chosen to answer the Complaint, so that plaintiffs may at least advance their claims against those individuals and entities.

2 Further, the primary thrust of defendants' motions to dismiss is that plaintiffs have not set forth adequate factual allegations. Thus, this is not a case where there are serious threshold (and



Plaintiffs have conferred with the prosecutors from the Department of Justice ("DOJ") who are conducting the criminal investigation. DOJ has advised that, with two exceptions, they do not object to plaintiffs conducting full discovery in this matter, including seeking documents, answers to interrogatories, and depositions. However, because the investigation is ongoing, DOJ has asked that for a period of six months: 1) plaintiffs do not seek the "bid books" from the M.D. Sass Defendants,[3] Stephen E. Hruby, Robert E. Rothman, Robert W. Stein, William A. Collins, Isadore H. May, Richard J. Pisciotta, Jr., and the Butler and Farber Defendants[4]; and 2) plaintiffs not seek any discovery from Stephen E. Hruby, Robert E. Rothman, Robert W. Stein, William A. Collins, Isadore H. May, Richard J. Pisciotta, Jr., and the Butler and Farber Defendants which is testimonial in nature such as depositions and answers to interrogatories. The DOJ does not object to plaintiffs obtaining other types of documents from these defendants, including emails, or obtaining bid books from defendants not included in this list.

## IV. Efforts to Confer With Defendants Regarding an Initial Conference Have Failed

On three occasions, plaintiffs have conferred with defendants in an attempt to engage in a Rule 26(f) conference without the Court's intervention, but defendants have refused. First, on October 25, 2012, shortly after the Court appointed Hausfeld LLP and Hagens Berman Sobol Shapiro LLP as interim class counsel ("Class Counsel"), Class Counsel emailed all defense counsel and requested that they participate in a Rule 26(f) conference. On October 26, 2012,

---

potentially dispositive) questions to be addressed on the motions to dismiss. Even if the Court were to agree that plaintiffs have not satisfied the liberal notice pleading standards of Fed. R. Civ. P. 8, plaintiffs would likely be allowed to amend. This is all the more reason plaintiffs need to begin discovery so they will be able to utilize discovery in amending the complaint. As in most antitrust conspiracies, the proof is largely in the hands in the defendants. *See, e.g.*, *In re Gabapentin Patent Litig.*, 649 F. Supp. 2d 340, 347 (D.N.J. 2009) (noting that "[i]n antitrust cases, … the proof is largely in the hands of the alleged conspirators").

3 The M.D. Sass Defendants are M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners - I, L.P.; M.D. Sass Municipal Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners - III, LLC; M.D. Sass Municipal Finance Partners - IV, LLC; M.D. Sass Municipal Finance Partners - V, LLC; and M.D. Sass Municipal Finance Partners - VI, LLC.

4 The Butler and Farber Defendants are David Butler, David M. Farber, CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, Pro Capital LLC, and DSBD, LLC.



counsel for a number of the defendants replied and stated that such a conference was premature under the Local Civil Rules since no Rule 16 initial conference had been scheduled by the Court.

Second, on February 6, 2013, after plaintiffs had filed the Complaint which, among other things, named several new defendants, Class Counsel emailed all defense counsel and again sought to engage defendants in a Rule 26(f) conference. On February 11, 2013, defendants emailed plaintiffs to inform them, once again, that defendants would decline to participate in a Rule 26(f) conference on the grounds that such a conference was premature because, under the Local Civil Rules, there had not yet been an initial conference with the Court.

Third, on February 19, 2013, in an effort to achieve a compromise, plaintiffs and defendants conducted a conference call, during which plaintiffs offered that they would discontinue their efforts to seek a Rule 26(f) conference if defendants would produce the documents they had already collected and produced to the criminal grand jury. Such a practice is common in cases of this type, and imposes minimal burden on defendants since the documents have already been collected. *See*, *e.g.*, *In re Plastics Additives Antitrust Litig.*, 03-CV-2038, 2004 U.S. Dist. LEXIS 23989 (E.D. Pa. Nov. 30, 2004) (ordering production of defendants' grand jury documents, citing cases, and recognizing that production of such documents "will impose only a minimum burden on the defendants, 'since the documents have already been identified and sorted'") (citation omitted). On February 26, 2013, by email, defendants declined plaintiffs' proposal.

## V. <u>Conclusion</u>

For the reasons set forth above, plaintiffs respectfully request that the Court schedule an initial conference pursuant to L. Civ. R. 16.1 so that the parties may engage in a discovery conference pursuant to Fed. R. Civ. P. 26(f) of the Federal Rules and L. Civ. R. 26.1. We are, of course, available at the Court's convenience to discuss this matter further should the Court find that desirable.

Respectfully,

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg

BDG:al
cc: All Counsel of Record (via ECF)
Charles V. Reilly, United States Department of Justice, Antitrust Division (By email)



LDG
ATTORNEYS
AT LAW

Hon. Tonianne J. Bongiovanni, U.S.M.J.
March 19, 2013
Page 6

Bryan C. Bughman, United States Department of Justice, Antitrust Division (By email)
Ludiovic Ghesquiere, United States Department of Justice, Antitrust Division (By email)