

1125 Atlantic Avenue – 3rd Floor
Atlantic City, NJ 08401
Phone (609) 344-3161
Toll Free Toll Free (800) 529-3161
Fax (609) 344-0939
www.cooperlevenson.com

**WILLIAM J. HUGHES, JR.**
Also Admitted to PA & DC Bars
EMAIL: whughes@cooperlevenson.com

Direct Phone (609) 572-7512
Direct Fax (609) 572-7513

FILE NO. 57180/00001

March 21, 2013

<u>Via Electronic Filing</u>

Hon. Tonianne J. Bongiovanni
U.S. Magistrate Judge
U.S. District Court
District of New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ  08608

  Re: In re New Jersey Tax Sales Certificates Litigation
     Docket No. 12-cv-01893-MAS-TJB

Dear Judge Bongiovanni:

  This firm, along with Weil, Gotshal & Manges LLP (who will be submitting an entry of appearance shortly), represent the M.D. Sass defendants.  We, along with counsel representing the Royal defendants, Mooring Tax Asset Group, American Tax Funding LLC, BBX Capital Corporation, Fidelity Tax, LLC, and Plymouth Park Tax Services, LLC, submit this letter on behalf of our respective clients in response to the March 19, 2013 request by plaintiffs' counsel for the scheduling of an "initial conference" pursuant to L. Civ. R. 16 to enable the parties "to conduct a Fed. R. Civ. P. 26(f) discovery conference and move forward with discovery."  We respectfully object to the plaintiffs' request as it is premature under the rules and will result in an inefficient discovery process.

  The Local Rules specifically state, and the general practice of this district has been, that initial scheduling conferences and discovery are held in abeyance during the pendency of motions to dismiss in order that all parties may know what claims and parties will be the subject of litigation.  Pursuant to the Local Rules, the timing of the Rule 26(f) conference is dependent upon the initial scheduling conference, L. Civ. R. 26.1(b)(2), and the timing of the initial scheduling conference is dependent upon the filing of the initial answer, unless deferred by a dispositive motion, L. Civ. R. 16.1(a)(1).  As noted by authoritative sources well-known to the plaintiffs: "The focus of the initial conference is on

**COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.**

Tonianne J. Bongiovanni
March 21, 2013
Page 2

discovery management. . . . The intended result of the conference is a comprehensive scheduling order." Lite, *N.J. Federal Practice Rules*, Comment 2(b) to L. Civ. R. 16.1.

Here, plaintiffs' request is premature because all of the defendants, save two, have sought dismissal and have yet to file an answer. Contrary to plaintiffs' attempt to downplay the scope of the attack on the complaint, defendants have filed a comprehensive joint motion to dismiss containing ten separate grounds for dismissal, including threshold issues such as whether plaintiffs have antitrust standing and whether their claims are barred by the filed-rate doctrine. Further, many defendants have filed separate motions to dismiss identifying individualized reasons why they should be dismissed even if plaintiffs are permitted to proceed against other defendants.[1] In any event, it is unclear why plaintiffs now seek to rush into an inefficient, dual-track discovery process when plaintiffs themselves waited until years after the announcement of the DOJ's investigation to bring this case and filed the Consolidated Amended Complaint just three months ago.

Further, the defendants object to the upside-down nature of plaintiffs' proposed discovery process. The Department of Justice has apparently made clear to plaintiffs that, for a period of six months, it wants only limited discovery to proceed against the defendants who have either pled guilty or are affiliated with a defendant who pled guilty to Sherman Act violations with respect to certain auctions. (No defendant has pled guilty to the overarching conspiracy plaintiffs alleged in their complaint.) In light of this, plaintiffs propose that defendants be placed on different tracks: only limited discovery would proceed against that set of defendants, whereas unlimited discovery would proceed against those defendants that have *not* entered a guilty plea. Plaintiffs have identified no reason for the Court to deviate from the Local Rules in order to commence discovery prematurely, let alone establish disparate discovery tracks.

In contrast, defendants proposal is simple—that, consistent with the Local Rules and standard practice, the initial scheduling conference be held after those defendants that are not dismissed by Judge Shipp (if any) file answers to whatever claims remain. At that point, discovery can proceed on a single track, based on any claims that actually survive, and against only those defendants that have not been dismissed. This is consistent with the DOJ's request and will permit discovery to proceed in an efficient and orderly fashion. It also will avoid the prospect that defendants who are dismissed by Judge Shipp will have been subject in the meantime to costly discovery on the basis of the sprawling, eleven-year antitrust conspiracy alleged by plaintiffs in this case. It is this precise situation that L. Civ.

---

[1] Plaintiffs attempt a technical argument that two defendants have filed answers and that the Local Rule "does not require that all defendants have answered in order to schedule an initial conference." Of course, this overlooks the fact that plaintiffs' proposal is inconsistent with the underlying purpose of the Local Rule, which is to promote an orderly and efficient process. Moreover, as plaintiffs are aware, the two defendants that filed answers are affiliated with a group of seven other defendants who entered into a joint settlement agreement with plaintiffs—these two defendants opted out of that settlement and instead filed answers stating that they should not have been included in the Complaint because they had no involvement whatsoever in the market or allegations identified therein.

**COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.**

Tonianne J. Bongiovanni
March 21, 2013
Page 3

R. 16.1 seeks to prevent by holding the initial conference in abeyance until after the claims and parties are set.

     Accordingly, we respectfully request that the Court decline plaintiffs' request to schedule an initial conference at this time.

                            Respectfully submitted,

                            Cooper Levenson April Niedelman & Wagenheim, P.A.

                            /s William J. Hughes, Jr. (WH-1924)
                            William J. Hughes, Jr.

WJH/

cc:    Plaintiffs' Counsel (*via ECF*)
        Defense Counsel (*via ECF*)
CLAC 2060452.1