# SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
DAVID J. KATZ
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM (1944-2005)
OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
HILLARY S. ZILZ
BRADLEY J. NASH
VITALI S. ROSENFELD

NIALL D. O'MURCHADHA
ANDREW S. HARRIS
SAMUEL L. BUTT
RAFFI MELKONIAN

March 22, 2013

**BY ECF**

Hon. Tonianne J. Bongiovanni
Clarkson S. Fisher Building & U.S Courthouse
402 East State Street, Room 6052
Trenton, NJ 08608

    Re:    *In re New Jersey Tax Sales Certificates Antitrust Litig.*,
              Master Docket No. 12-CV-1893-MAS-TJB

Dear Magistrate Judge Bongiovanni:

      This firm represents Defendant MTAG Services, LLC ("MTAG") in the above-referenced matter. I write in response to the March 19, 2013 letter of Plaintiffs' counsel, Bruce D. Greenberg, Esq., requesting that Your Honor schedule a Local Rule 16 conference "to enable the parties to conduct a Fed. R. Civ. P. 26(f) discovery conference and move forward with discovery." Pls. Letter at 1.

      The purpose of this letter is to explain the independent reasons why, even if the Court permits some discovery to proceed at this time, Plaintiffs should not be permitted to pursue discovery from MTAG. As explained below, unlike other defendants in this action, MTAG is not alleged to have participated in the antitrust conspiracy alleged in the Complaint. Indeed, MTAG did not even exist during the class period. Instead, Plaintiffs seek to hold MTAG liable based solely on the conclusory (and incorrect) allegation that it is the "alter ego" or "successor" to another defendant, Mooring Tax Asset Group, LLC ("Mooring Tax"). Because MTAG's alleged liability is purely derivative of Mooring Tax's alleged liability, and it concededly had no role whatsoever in the alleged conspiracy, there is no reason for MTAG to have an active role in this case until Plaintiffs first establish what, if any, liability Mooring Tax has. Moreover, MTAG has filed a motion to dismiss the alter ego/successor liability claims against it, or in the alternative to bifurcate those claims and stay them pending adjudication of the substantive antitrust claims. A copy of that motion is attached hereto as Exhibit A (without the exhibits to the motion). **In other words, the very issue that Plaintiffs have written to Your Honor about—whether there should be any discovery of MTAG—is already the subject of a formal motion pending before Judge Shipp**. In a recent case, Your Honor denied a plaintiff's

Hon. Tonianne J. Bongiovanni
March 22, 2013
Page 2 of 3

request for discovery because a motion to stay was pending before the District Court. *See* July 21, 2011 Letter Order in *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 11-CV-11 (AET) (attached hereto as Exhibit B) ("**In light of Defendant's currently pending motion to stay [Docket Entry No. 20], the Court holds that Plaintiffs' request [for discovery] is DENIED.**"). The same result should follow here.

The basis for MTAG's stay motion is entirely different than the grounds for a discovery stay sought by the defendants who have made the joint motion to dismiss. MTAG's stay motion is based on Plaintiffs' admission that MTAG was not created until the alleged conspiracy was over and that MTAG's only liability is derivative of Mooring Tax's. Thus, there is no reason to take any merits-based discovery from MTAG, as it has nothing to offer on the conspiracy allegations. MTAG's formal stay motion should not be obviated by an informal discovery conference, but rather should be fully briefed and argued. For this reason, as well, to the extent Your Honor holds a discovery conference, MTAG should be excused from participation at this time.

## DISCUSSION

1. **Plaintiffs concede that MTAG played no role in, and did not even exist during, the alleged conspiracy.** The main thrust of Plaintiffs' argument is that, notwithstanding the pending motions to dismiss, discovery should proceed because (1) "[e]leven defendants have already admitted to participating in th[e] conspiracy" alleged in the Complaint, and (2) "this is not a case where there are serious threshold (and potentially dispositive) questions to be addressed on the motion to dismiss." Pls. Letter at 3. These arguments are misconceived as to all defendants, but particularly so with respect to MTAG. As an initial matter, Plaintiffs misrepresent defendants' Joint Motion to dismiss. The motion does not rest solely on the Complaint's pleading deficiencies, but also seeks to dismiss the Complaint for lack of antitrust standing and under the filed-rate doctrine. The fact that certain defendants have pleaded guilty to a Sherman Act conspiracy does not mean that these specific Plaintiffs have standing to bring a private antitrust suit even against the defendants who pled guilty—let alone against other defendants. As explained in the Joint Motion, Plaintiffs lack antitrust standing because they were neither consumers nor competitors in the market alleged in the complaint: the market for the sale of Tax Sale Certificates, or TSCs. Thus, there are important threshold issues that should be resolved before the defendants are forced to incur the expense of discovery.

The case for taking immediate discovery from MTAG is non-existent. MTAG is uniquely situated among the defendants in this lawsuit: as explicitly alleged in the Complaint, it did not exist during the class period (defined in the Complaint (at ¶ 1) as January 1, 1998, through February 28, 2009) and therefore could not and did not have any role in the alleged antitrust conspiracy. Plaintiffs do not allege otherwise. Instead, they suggest that MTAG should be liable as either the successor or alter ego of Mooring Tax. The Complaint's only allegation with respect to MTAG asserts:

> Defendant MTAG Services, LLC ("MTAG") is a limited liability company based in Vienna Virginia. **Defendant MTAG was organized in 2010** as the successor of, and to acquire the tax lien servicing business and related assets of

Hon. Tonianne J. Bongiovanni
March 22, 2013
Page 3 of 3

    defendant Mooring, and for all intents and purposes is the alter ego of defendant Mooring. **As such, defendant MTAG has successor liability for the acts of Mooring**.

Compl. ¶ 61 (emphasis added).

    In fact, for the reasons explained in MTAG's motion to dismiss, the Complaint fails to allege any basis to impose alter ego or successor liability on MTAG. But even under Plaintiffs' theory of the case, MTAG is only liable for whatever Mooring Tax allegedly did during the term of the alleged conspiracy (which pre-dates MTAG's existence) and not for any of its own independent acts. In essence, Plaintiffs view MTAG only as Mooring Tax's insurer or guarantor, and under the law, even if everything said in the Complaint were true, it could not possibly be anything beyond that. Just as a plaintiff would not take discovery from a liability carrier, it makes no sense to subject MTAG to discovery or otherwise make it an active party in this case. Put another way, because it is conceded that MTAG had nothing to do with the alleged conspiracy, it has nothing to add, and should not be subjected to, discovery on the merits of the antitrust claims. And practically speaking, because MTAG was created only after the alleged conspiracy ended, as a party, it has no documents or testimony to offer.

    Therefore, even if Your Honor were to permit discovery to proceed against other defendants during the pendency of the Joint Motion to dismiss, there is no basis for Plaintiffs to take any discovery from MTAG.

    **2. At a minimum, MTAG's Motion to bifurcate and stay the successor liability/alter ego claims should be heard before any discovery conference.** MTAG has filed a motion to dismiss the successor liability/alter ego claim asserted against it in the Complaint, or in the alternative to bifurcate those claims and stay them until the underlying antitrust claims are resolved. Ex. A at 37-39. If Plaintiffs' request for an initial discovery conference were granted as to MTAG, it might effectively moot that motion, which is currently before Judge Shipp and has yet to be fully briefed. As Your Honor ruled in the *Bais Yaakov of Spring Valley* case, Ex. B, Plaintiffs should not be permitted to make an end run around MTAG's motion to bifurcate and stay the claims against it by requesting an initial discovery conference before MTAG's motion is heard. Thus, to the extent Your Honor decides to grant Plaintiffs' request for an initial conference under L. Civ. R. 16, MTAG respectfully requests that it be excused from participation in any such conference until after the Court has considered its motion.

Respectfully submitted,

Jeffrey M. Eilender

Attachments

cc: Counsel of Record (by ECF)