Basilis N. Stephanatos, PhD, JD
Plaintiff, Pro Se
P.O. Box 0520
Tenafly, New Jersey 07670-0520
Phone: (973) 897-8162/Fax: (973) 810-0440
bstephanatos@gmail.com

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2013 APR 1 AM 11 18

March 27, 2013          VIA FAX AND FIRST-CLASS LETTER

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & Courthouse
402 East State Street, R. 2020
Trenton, New Jersey 08608

Phone-Chambers: (609) 989-2009
Fax: (609) 989-0463

RE:   In Re New Jersey Tax Sales Certificates Antitrust Litigation, Master Docket
      No. 12-1893 (MAS)(TJB)

Dear Judge Shipp:

On March 11, 2013 I respectfully submitted to this Court my claims against American Tax Funding, LLC, Robert Del Vecchio, Esq. and other individuals and entities. The U.S. Magistrate Judge, The Hon. Tonianne J. Bongiovanni, sent me back the documents with a letter indicating that I was looking for legal advice from the Court. This is not correct.

I only submitted my antitrust claims to this Court and to the Honorable Faith Hochberg, after I found out that several cases against a number of defendants had been consolidated in this Court. I did contact the lead counsel for this case and provided them with my factual information, but I have not received any responses. I only wrote to the courts to **try to find out as to whether my antitrust case could also be consolidated as far as the antitrust issues are concerned, at least for all pre-trial proceedings and discovery. See 28 USC 1407.** This is the reason I wrote to this Court and not to obtain legal advice.

Pursuant to 28 USC 1407, "*When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings*". Here, all actions are brought by plaintiffs alleging that the defendants violated federal and state antitrust laws. Centralization under Section 1407 is thus necessary to eliminate duplicative discovery, prevent inconsistent pretrial

1

rulings, and conserve the resources of the parties, their counsel and the judiciary. I move the Court to allow me at least to receive electronic notifications of this Court's pre-trial and discovery proceedings, should this Court rules that discovery against the American Tax Funding, LLC, Robert A. Del Vecchio, Justin Francis Weisenbacher, Brian Lynch and other defendants shall proceed. I already have a PACER account.

<u>Allegations of Violations of Section 2 of the Sherman Act</u>

I want to report to the Court that my allegations also include violation of Section 2 of the Sherman Act, while the other complaints have alleged only Section 1 violations.

1. Beginning as early as January 1, 1998 through the present, defendants and their co-conspirators engaged in a continuing contract, combination or conspiracy with respect to the sale of Tax Sale Certificates in the State of New Jersey in monopolization, attempts to monopolize, and conspiring to monopolize trade and commerce in violation of Section Two of the Sherman Act, 15 U.S.C. § 2.

2. Section 2 of the Sherman Act prohibits monopolization, attempts to monopolize, and conspiring to monopolize. Any such act constitutes a felony. A monopoly conviction requires proof of the individual having intent to monopolize with the power to monopolize, regardless of whether the individual actually exercised the power. Congress designed these federal antitrust laws to eradicate certain frequently used anticompetitive practices.

3. Section 2 applies to all types of unilateral conduct by firms, and thus covers a vast range of activities. It is primarily aimed at preventing injury to competition accomplished through exclusion of rivals.

4. Certain types of vertical agreements, such as exclusive dealing and tying, are actionable under both sections 1 and 2.

5. Accordingly, "the effects of exclusionary conduct are always *indirect*: by excluding a rival, or impairing its ability to compete effectively . . . the predator hopes to obtain power over price or influence some other dimension of competition."

6. The "first prong of *Brooke Group*'s[1] test requires little adaptation for the predatory-bidding context. A plaintiff must prove that the alleged predatory bidding led to below-cost pricing of the predator's outputs."[2] Because of the risk of "chilling procompetitive behavior with too lax a liability standard," "only higher bidding that leads to below-cost pricing in the

---

[1] *See* Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209 (1993).
[2] Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co., Inc., 549 U.S. 312, 314 (2007).

relevant output market will suffice as a basis for liability for predatory bidding."[3] With regard to the second prong of the *Brooke Group* test, a "predatory-bidding plaintiff also must prove that the defendant has a dangerous probability of recouping the losses incurred in bidding up input prices through the exercise of monopsony power."[4] As with predatory pricing, the recoupment prong requires "a close analysis of both the scheme alleged by the plaintiff and the structure and conditions of the relevant market." *Id.* at 326 (quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 226 (1993)).

7.  Here, American Tax funding bid extremely high "premiums" to secure an 18 percent interest on subsequent liens. They ended up losing the premium and as a result they violated a number of other state laws so that they recover their lost "premium".

Respectfully submitted,

*[signature]*

Basilis N. Stephanatos, PhD, JD
Plaintiff Pro Se

Cc:   Counsel of Record
      The Hon. Tonianne J. Bongiovanni, U.S. Magistrate Judge, Rm. 6052
      The Hon. S. Faith Hochberg, U.S. Judge, Newark, NJ
      The Hon. Jerome B. Simandle, Chief Judge

---

[3] *Id.*
[4] *Id.*

**Bureau Veritas North America, Inc.**
Raritan Center, 160 Fieldcrest Avenue
Edison, NJ 08837

26 MAR 2013

Clerk, U.S. District Court - New Jersey
Clarkson S. Fisher Building & Courthouse
402 East State Street
Trenton, NJ 08608

Re: Docket # (3:11-cv-01893-MAS-TJB)