UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

**DECLARATION OF SETH GASSMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF INTERIM CLASS COUNSEL AS SETTLEMENT CLASS COUNSEL, AND DEFERRAL OF CLASS NOTICE**

I, Seth Gassman, declare as follows:

1. I am Of Counsel with the law firm of Hausfeld LLP, in the firm's office located at 1700 K Street, N.W., Washington, DC 20006. My firm, Hausfeld LLP, has been appointed Interim Class Counsel, along with Hagens Berman Sobol Shapiro, LLP (collectively, "Interim Class Counsel"). I am a member in good standing of the bars of the State of New York and the District of Columbia, and I am admitted *pro hac vice* in this matter. I submit this declaration in support of Plaintiffs' motion for preliminary approval of settlement, preliminary certification of settlement class, appointment of Interim Class Counsel as settlement class counsel, and deferral of class notice.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Settlement Agreement with Defendant Robert E. Rothman.

**A.   Factual Background**

3. In June 2012, Interim Class Counsel, began settlement negotiations with Mr. Rothman's counsel, Gibson, Dunn & Crutcher LLP (collectively, "Rothman's counsel").

4. Interim Class Counsel have considerable experience in prosecuting federal antitrust class actions, and are therefore well versed in the issues. Attached hereto as Exhibits B and C are summaries of each of Interim Class Counsel's experience in antitrust and other complex class actions.

5. At numerous in-person and telephonic meetings over the course of several months, the terms of the Settlement Agreement were vigorously, extensively, and intensively negotiated among Interim Class Counsel and Mr. Rothman.

6. The settlement negotiations were contested and conducted in the utmost good faith.

7. The Settlement Agreement was executed on December 20, 2012.

8. Immediately upon finalizing the agreement, Mr. Rothman began providing cooperation to assist Plaintiffs in drafting their Consolidated Complaint.

9. Since that time, Mr. Rothman has provided additional cooperation and Counsel anticipates that Mr. Rothman will continue to provide such cooperation.

10. On February 12, 2013, Mr. Rothman deposited a monetary payment of $200,000 into an interest-bearing, U.S. Treasury guaranteed escrow account.

11. Based on information received from Mr. Rothman during settlement negotiations concerning Mr. Rothman's participation in the NJ Tax Sale Certificate auctions duing the Class Period as well as his participation in the conspiracy alleged in this case, Plaintiffs believe that the combined value of the $200,000 cash payment and the discount redemption offer described in paragraph 22 of the Settlement Agreement constitutes a fair, reasonable, and adequate settlement given the ongoing cooperation promised by Mr. Rothman.

**B.     Class Action Requirements**

12.     Although the exact number of potential members of the settlement class ("Settlement Class") is currently unknown, Plaintiffs believe based on the number of tax sale certificates ("TSC") auctions in New Jersey during the proposed class period that there are at least several thousand potential members.

13.     By proving their own claims, the Named Plaintiffs would necessarily help to prove the claims of their fellow putative Settlement Class members.

14.     In addition, the Named Plaintiffs have no interests that are antagonistic to the Class.

15.     Interim Class Counsel have performed a great deal of work investigating the facts underlying these cases and have otherwise prepared these cases for a putative class action; and they have negotiated and executed settlement agreements with ten other Defendants.

16.     Plaintiffs understand the general form of class notice to be used at the time notice is given. The proposed notice will be written in plain English and will describe: (1) the nature of the claims in the case; (2) a description of the Settlement Class; (3) a description of the Settlement and the relief to be provided; (4) the consequences of opting out or remaining in the class; and (5) how to get more information from this Court about the Settlement, the parties involved and the procedures to follow to object or opt out. The notice will include the deadline to object to or opt out of the Settlement, and the date of the final Fairness Hearing. The mailed notice will state that class members can enter an appearance through counsel if desired. In addition, pursuant to Rule 23(h), the proposed class notice will set forth the maximum amount of attorneys' fees and costs and incentive awards that may be sought by the Named Plaintiffs and Settlement Class Counsel.

**C.      Notice and Allocation of Settlement Funds**

17.     Given the requirements of notice and a fair allocation of the settlement proceeds, notice of Mr. Rothman's settlement alone will be expensive, inefficient, and time-consuming, as will the distribution of settlement proceeds.  Deferral of notice, as contemplated in the Settlement Agreement, will permit notice of Mr. Rothman's settlement to be combined with the notice of additional settlements in this case.  Deferral of notice also will provide for a more efficient distribution of settlement proceeds: at this time, ten other Defendants have already notified this Court of their settlements, and Plaintiffs' Interim Class Counsel expect additional settlements in the near future.  *See* Letter from Bruce Greenberg Regarding Settling Defendants, Mar. 8, 2013, Docket No. 176; Letter from Bruce Greenberg Enclosing Settlement Agreements, Mar. 19, 2013, Docket No. 200.  Combining notice and the distribution of the proceeds from Mr. Rothman's settlement with those of as many other defendants as possible will allow the parties to avoid unnecessary costs and disseminating multiple notices and distributions.

18.     To avoid confusion to class members, to reduce costs, and to facilitate the full understanding of the relief afforded by this litigation, Plaintiffs and Mr. Rothman have agreed to defer providing notice to the Settlement Class and to defer submitting a plan of allocation until a future date consistent with the terms of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2013, in Washington, District of Columbia.

/s/ Seth Gassman
Seth Gassman (admitted *pro hac vice*)
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
sgassman@hausfeldllp.com