# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |
| This Documents Relates to: ALL ACTIONS |  |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND ROBERT E. ROTHMAN

This Settlement Agreement ("Agreement") is made and entered into this 20th day of December, 2012 (the "Execution Date"), by and between Robert E. Rothman ("Rothman"), and plaintiff class representatives ("Plaintiffs"), as defined herein at Paragraph 9, both individually and on behalf of a class as described herein at Paragraph 12.

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and consolidated in the District of New Jersey, on their own behalf and on behalf of the class against Defendants including Rothman ("Action");

WHEREAS, Plaintiffs allege that Rothman participated in an unlawful conspiracy to rig bids and allocate tax liens at tax sale certificate auctions in the state of New Jersey in violation of New Jersey State Law as well as Section 1 of the Sherman Act;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Rothman according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Settlement Class;

WHEREAS, Rothman, despite his belief that he is not liable for the claims asserted and that he has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of continued litigation, to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Rothman based on the allegations of the Action, as more particularly set out below;

WHEREAS, Rothman agrees to cooperate with Class Counsel by providing information related to possible violations of the Sherman Act or other violations that have or may have been committed by Defendants to this Action, or other parties not named as Defendants, with regard to the auction of tax sale certificates in the State of New Jersey;

WHEREAS, Rothman represents that he is not currently in possession of any Tax Sale Certificates which were acquired during the Class Period for which foreclosure proceedings have been initiated as of the date of this Agreement;

WHEREAS, the Plaintiffs, Rothman, and their respective counsel engaged in extensive, good faith, and arm's-length settlement negotiations and meetings relating to the claims and the Action, with this Agreement being the product and result of those arm's-length negotiations, discovery, and analysis by counsel knowledgeable and experienced in class action litigation;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Rothman only, without costs as to Plaintiffs or the class, subject to the approval of the Court, on the following terms and conditions:

A.    **Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.    "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 12-1893 (MAS) (TJB).

2.    "Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

3.    "Rothman Defendant's Counsel" shall refer to the law firm of Gibson, Dunn & Crutcher LLP.

4.    "Counsel" means both Class Counsel and Rothman Defendant's Counsel, as defined in Paragraphs 2 and 3 above.

5.    "Class Period" means the period from and including January 1, 1998 through February 28, 2009.

6.    "Defendant(s)" refers to the persons or entities who named as defendants in the Plaintiffs' Consolidated Master Class Action Complaint to be filed December 21, 2012.

7.    "Execution Date" means the date set forth below, immediately above the signature lines to the agreement.

8.    "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

9.    "Plaintiffs" means the plaintiff class representatives listed in the operative complaint at the time a motion for preliminary approval of this settlement is filed, both individually and on behalf of the Settlement Class defined in Paragraph 12 of this Agreement.

10.    "Releasees" shall refer, jointly and severally, and individually and collectively to Robert E. Rothman ("Rothman"), his immediate family (including his wife, his children, and his

- 3 -

parents and their estates), Rothman Realty Corp. ("Rothman Realty"), and employees, agents,

insurers, attorneys, shareholders, partners and representatives, as well as the, predecessors,

successors, heirs, executors, administrators, and assigns of each of the foregoing.  Releasees

however shall not include the Non-Settling Defendants.

      11.    "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the

Settlement Class Members and to each of their respective past and present officers, directors,

parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs,

executors, administrators, and assigns of each of the foregoing.

      12.    "Settlement Class" means all persons who owned real property in the State of

New Jersey who had a Tax Sale Certificate issued with respect to their property that was

purchased by a Defendant during the Class Period at a public auction in the State of New Jersey

at an interest rate above zero percent.

      13.    "Settlement Class Member" means each member of the class, as defined in

Paragraph 12 of this Agreement, who does not timely elect to be excluded from the class.

      14.    "Non-Settling Defendants" refers to the Defendants other than Rothman.

      15.    "Settling Parties" shall mean, collectively, the Releasees and the Plaintiffs,

individually, and on behalf of the Settlement Class.

      16.    "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser

at a public auction in New Jersey which represents the right to collect a delinquent property tax

or other municipal charge (including water and sewer charges) from a property owner in the

State of New Jersey, along with associated interest and fees.

**B.**     **Settlement Class Certification**

17.     Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to certification of the following Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey
> who had a Tax Sale Certificate issued with respect to their property
> that was purchased by a Defendant during the Class Period at a
> public auction in the State of New Jersey at an interest rate above
> zero percent.

The Parties agree to cooperate in good faith in seeking the Court's approval to certify the aforementioned Settlement Class for purposes of effectuating this Settlement.

**C.**     **Subsequent Modification of Class Definition or Class Period**

18.     The Parties agree that modification of the definition of the Settlement Class may be necessary or appropriate prior to moving for preliminary and/or final approval of this Agreement, and agree to work in good faith to make any such modification.  Any such modification shall be made in writing and approved by Rothman.

19.     In the event that Plaintiffs enter into a settlement agreement with any Non-Settling Defendant following the Execution Date for this Agreement, or obtain certification of a litigation class, and the definition of the class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 12 such that the class definition expands the number of claimants, claims at issue, or Class Period, Plaintiffs agree to use their best efforts to modify the class definition and Class Period contained in Paragraph 12 of this Agreement to conform to such changed class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or

notice of the certification of a litigation class, or both.  In no event shall the Releasees be responsible for any additional notice costs or expenses.

**D.     Settlement Consideration**

      **a.     Monetary Consideration**

    20.     In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 44-46 below and dismissal of the Action as against Rothman upon Final Approval, Rothman agrees as follows:

    21.     Within 7 business days of the Execution Date, Rothman shall pay the sum of $200,000 (the "Settlement Proceeds").  The Settlement Proceeds shall be paid into an escrow account to be managed by an escrow agent selected mutually by Class Counsel and counsel for Rothman (the "Escrow Agent"), and to be disbursed only in accordance with the direction and approval of the Court.

      a.     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

      b.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

c.      Releasors shall look solely to the Settlement Proceeds for settlement and satisfaction against the Releasees of all Released Claims, except the cooperation provided for in Paragraphs 23 of this Agreement, and Releasors shall have no other recovery against Rothman or any other Releasee.

d.      After this Agreement becomes final within the meaning of Paragraph 43, the Settlement Fund shall be distributed in accordance with the plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court.  In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration.

22.      In the event that Rothman is currently in possession of any Tax Sale Certificates that were obtained at auction at an interest rate above zero percent such that no premium was paid which were acquired during the Class Period: (a) Rothman agrees not to initiate any Foreclosure until 60 days after final approval; (b) Rothman agrees to send written notice to the subjects of said TSCs within 30 days after final approval of this settlement agreement offering to redeem any such TSCs held by Rothman to the respective property owner(s) of those respective properties in exchange for a one-time cash payment equal to the redemption amount less a one-time discount equal to 10% of the accrued interest amount redeemed through the municipality as required by law. The property owners may accept this discounted redemption offer only by making the requested payment within 30 days of the date of the written notice. After this time, the discounted redemption offer shall be null and void. The written notice shall be in a form mutually acceptable to the Settling Parties.

### b.   Cooperation Agreement

23.     Rothman and Rothman Realty agree to cooperate with Plaintiffs, to the extent

consistent with Rothman's obligations to the U.S. Department of Justice ("DOJ"), by (i)

providing a full account to Plaintiffs' Counsel of all known facts relevant to the Action,

including but not limited to his relevant knowledge of the industry and market participants,

needed by Plaintiffs to amend their complaint, (ii) producing relevant documents relating to

purchases of New Jersey Tax Sale Certificates and damages, as well as documents sufficient to

evidence any collusive meetings by bidders at New Jersey tax sale auctions and how any alleged

conspiracy was formed, implemented, and enforced, to the extent known by Rothman and/or

Rothman Realty, (iii) making himself available, and using reasonable efforts to make employees

or agents of Rothman Realty available, for such interviews and depositions as are reasonably

required by Plaintiffs' Counsel including, for example, a representative (and in the case of

Rothman Realty, to the extent it produces any such relevant documents, a corporate

representative pursuant to Rule 30(b)(6)) sufficiently qualified to offer truthful testimony for the

purpose of authenticating under the applicable rules of evidence, as well as under the rules of any

state, all Rothman Defendant documents and electronic data as may in good faith be requested by

Class Counsel, (iv) using reasonable effort to make available for interviews or depositions as

reasonably required by Plaintiffs' counsel individuals who obtained TSCs on his behalf, and (v)

making himself available at trial in person, by deposition, or affidavit, whichever is legally

necessary and reasonably possible, to testify as reasonably required by Plaintiffs' Counsel and to

not assert his right against self-incrimination in these proceedings.  Any assertion by Rothman of

his right against self-incrimination in these proceedings related to the auction of TSCs during the

Class Period will deemed a material breach of this agreement. Any cooperation by Rothman pursuant to this paragraph will be consistent with Rothman's continuing obligations to the DOJ.

24.    Plaintiffs agree that they will not use the information provided by Rothman as part of his cooperation for any purpose other than pursuit of the Action against Non-Settling Defendants and will not disseminate or publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law.

25.    Except as provided in Paragraph 23 of this Agreement, Rothman need not respond to formal discovery from Plaintiffs or otherwise participate in the Action during the pendency of the Agreement. Neither Rothman nor Plaintiffs shall file motions against the other during the pendency of the Agreement. In the event that the Agreement is not approved by the Court or otherwise terminates, Rothman and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to Rothman or Plaintiffs had Rothman been participating in the Action.

26.    Plaintiffs and Class Counsel agree not to assert that Rothman waived his attorney-client privilege, work product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel pursuant to this Agreement. Nor should anything in this Agreement be construed as a waiver of any such privilege, immunity or protection.

**E.    Administrative Costs and Taxes**

27.    All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be

paid out of the Settlement Proceeds.  The Releasees shall have no further responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs beyond payment of the Settlement Proceeds.

28.     Plaintiffs and Releasees agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraphs 27 through 32, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

29.     For the purpose or § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Trees. Reg. § 1.468B-2(k)(1)).  Such returns (as well as the election described in Paragraph 28) shall be consistent with Paragraph 28 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest, or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in 30 hereof.

30.     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Rothman or any other Releasee with respect to any income earned by the

Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement Fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 28 through 30 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 31 ("Tax Expenses")), shall be paid out of the Settlement Fund.

31.     Neither Rothman nor any other Rothman Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  Neither Rothman nor any other Releasee is responsible nor shall they have any liability therefore.  Plaintiffs and Rothman agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 28 through 30.

32.     Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement.  Rothman makes no representations about the tax ramifications, if any, of any payments made to Settlement Class

Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

**F.     Approval of this Agreement and Dismissal of Claims**

33.     Plaintiffs and Rothman shall use their best efforts to effectuate this Agreement, including, seeking preliminary Court approval of the Settlement within 90 days of the filing of a Consolidated Complaint in this Action and securing both the Court's certification of the Settlement Class and the Court's approval of procedures to secure the prompt, complete, and final dismissal with prejudice of the Action as to Rothman.

34.     The Settling Parties further agree to jointly seek to defer class notice at the time of the Motion for Preliminary Approval until the earlier of such time as Class Counsel have secured proceeds from settlements with other Defendants in this Action that collectively total, when aggregated with the Settlement Proceeds provided for herein, at least $1,000,000 (excluding any monies required to pay for notice costs) or two years following entry of the Preliminary Approval Order.  Notwithstanding the foregoing, the Settling Parties shall request that the Court enter a Preliminary Approval Order substantially in the form attached as Exhibit A at the time a Motion for Preliminary Approval is filed, irrespective of the aggregated value of the proceeds of any other such settlements at that time, or at any other time agreed upon by the Parties.

35.     Although the Parties may not seek preliminary approval of the settlement provided for in this agreement immediately following the Execution Date, within 7 business days of the Execution Date, the Parties will jointly notify the Court that they have entered into a settlement, and provide the Court with a copy of this Agreement.

36.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against Rothman or Rothman Realty Corp. and shall not require that they answer or respond to any

- 12 -

pleading and shall hold the litigation in abeyance against Rothman and Rothman Realty Corp. During the period of time between the Execution Date and the date a final judgment is entered against Rothman pursuant to this Agreement, any statutes of limitations concerning the claims of the Plaintiffs and Settlement Class Members against Rothman shall be tolled.

37.     Subject to Paragraph 33 above, within 90 days of the filing of a Consolidated Complaint, Plaintiffs shall submit to the Court a motion:  (a) for certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel as Settlement Class Counsel; (c) for preliminary approval of the settlement, and authorization to disseminate notice of class certification at such time set forth in Paragraph 34, the settlement, and the final judgment contemplated by this Agreement to all potential Settlement Class Members.

38.     In connection with the motion contemplated by Paragraph 33 above, the Settling Parties shall submit a proposed preliminary approval order which the Settling Parties shall request be entered by the Court and which shall include provisions that: (i) preliminarily approve the Settlement reflected herein; (ii) certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel as Settlement Class Counsel; (iii) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; and (iv) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to Rothman except those related to the effectuation of the Settlement;

39.     When Plaintiffs are prepared to issue Notice as contemplated by Paragraph 34 above, the Settling Parties shall approve the form of notice to be provided to the Settlement Class and submit it to the Court and request that the Court: (i) find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (ii) direct that notice be provided to the Settlement Class, in accordance with the Settlement, and consistent with the deferment of notice provided in Paragraph 34; (iii) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 37 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; and (iv) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein and in Paragraph 42 of this Agreement, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after the mailing of Class Notice).

40.     Plaintiffs shall use their best efforts to combine dissemination of notice of the proposed Settlement Class and the Agreement with notice of other settlement agreements.   The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court.   Within 30 business days after the entry of a Preliminary Approval Order , Rothman shall supply to Class Counsel at Rothman's expense and in such form as kept in the regular course of business (electronic format if available) such names and addresses of potential Settlement Class Members as they have.

- 14 -

41.     Within 20 business days after the end of the opt-out period established by the Court and set forth in the notice, Plaintiffs shall provide Rothman, through their counsel, a written list of all potential Settlement Class Members who have exercised their right to request exclusion from the class.

42.     If the Court approves this Agreement, Plaintiffs and Rothman shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Rothman shall agree upon:

(a)     certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, for purposes of this settlement;

(b)     as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)     directing that, as to Rothman, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

(d)     reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement to the United States District Court for the District of New Jersey;

(e)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to Rothman shall be entered; and

(f)     requiring Class Counsel to file with the Clerk of the Court a record of potential Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for Rothman.

43.     This Agreement shall become final only when (a) the Court has entered an order certifying the Class described in Paragraph 12 and approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Rothman on the merits with prejudice as to all Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if

- 15 -

appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  On the Execution Date, Plaintiffs and Rothman shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraphs 48-50 of this Agreement.

**G.      Release and Discharge**

44.      In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity), that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, arising out of, resulting from, or relating in any way to conduct concerning any agreement among Defendants, to rig bids or allocate tax liens in connection with the auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), including those arising under any federal, state or common law, antitrust, unfair

- 16 -

competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer

protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the

Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time to the date of this

agreement (the "Released Claims"). The Releasors shall not, after the date of this Agreement,

seek to recover against any of the Releasees for any of the Released Claims.

      45.    Each Releasor may hereafter discover facts other than or different from those

which he, she, or it knows or believes to be true with respect to the claims which are the subject

matter of the provisions of Paragraph 44 of this Agreement, but each Releasor hereby expressly

waives and fully, finally, and forever settles and releases, upon this Agreement becoming final,

any known or unknown, suspected or unsuspected, contingent or non-contingent claim with

respect to the subject matter of the provisions of Paragraph 44 of this Agreement, whether or not

concealed or hidden, without regard to the subsequent discovery or existence of such different or

additional facts.

      46.    In addition to the provisions of Paragraph 44, each Releasor hereby expressly and

irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all

defenses, rights, and benefits that each Releasor may have or that may be derived from the

provisions of applicable law which, absent such waiver, may limit the extent or effect of the

release contained in Paragraph 44. Each Releasor also expressly and irrevocably waives any and

all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in

any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

      47.    The release and discharge set forth in Paragraphs 44-46 herein do not include

claims relating to payment disputes, physical harm, bodily injury, claims against any Non-

Settling Defendant, and claims of Settlement Class Members outside of the Class Period against Rothman.

**H.     Rescission if the Agreement is Not Approved**

48.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not certify for purposes of this settlement the Class described in Paragraph 12, or if the Court does not enter the final judgment provided for in Paragraph 43 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Rothman and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 55.  A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

49.     In the event that this Agreement does not become final, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Rothman into the Escrow Account (including interest earned thereon) shall be promptly returned to Rothman from the Escrow Account by the Escrow Agent, less only disbursements made in accordance with this Agreement.

50.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 43 of this Agreement, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights

of the Releasees, shall not be deemed or construed to be an admission or evidence of any

violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the

claims or allegations made in this Action in any pleading.  Neither this Agreement, nor any of its

terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other

action taken to carry out this Agreement by any of the settling parties shall be referred to or

offered as evidence or received in evidence in any pending or future civil, criminal, or

administrative action or proceedings, except in a proceeding to enforce this Agreement, or

defend against the assertion of Released Claims, or as otherwise required by law.  If the

agreement is rescinded, Plaintiffs may continue to use any information provided by the Rothman

Defendants pursuant to paragraph 23 of this Agreement that is evidenced in any public filing in

this case at the time of rescission.

I.      **Notice of Settlement to Class Members**

51.    Class Counsel shall take all necessary and appropriate steps to ensure that notice

of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the

fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance

with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all

reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names

and addresses of those potential members of the Settlement Class.  Notice of this Settlement will

be issued consistent with Paragraph 34, unless otherwise ordered by the Court.

J.      **Miscellaneous**

52.    This Agreement does not settle or compromise any claim by Plaintiffs or any

Settlement Class Member asserted in the Action against any Non-Settling Defendant or any

unnamed co-conspirator other than the Releasees.  All rights of any Settlement Class Member

against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members. The purchase of Tax Sale Certificates in the State of New Jersey by Rothman with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

53.    The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation. This Agreement shall not constitute or be construed or considered as an admission by the Releasees for any purpose or as evidence of liability.

54.    The United States District Court for the District of New Jersey, Trenton Division shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Rothman. Plaintiffs and Rothman submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. This Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

55.    This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and Rothman pertaining to the settlement of the Action against Rothman only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Rothman in

connection therewith.  This Agreement may be modified or amended only by a writing executed

by Plaintiffs and Rothman, and approved by the Court.

56.    This Agreement shall be binding upon, and inure to the benefit of, the successors

and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing:  (a)

each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be

binding upon all Class Members and Releasors; and (b) each and every covenant and agreement

made herein by Releasees shall be binding upon all Releasees.  The Rothman Releasees (other

than Rothman, which is a party hereto) are third-party beneficiaries of this Agreement and are

authorized to enforce its terms applicable to them.

57.    This Agreement may be executed in counterparts by Plaintiffs and Rothman, and

a facsimile signature or through email of an Adobe PDF will be considered as an original

signature for purposes of execution of this Agreement.

58.    The headings in this Agreement are included for convenience only and shall not

be deemed to constitute part of this Agreement or to affect its construction.

59.    In the event this Agreement is not approved or is terminated, or in the event that

the Order and Final Judgment approving the settlement is entered but is substantially reversed,

modified, or vacated, the pre-settlement status of the litigation shall be restored and the

Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the

pending Action in any respect, including the right to litigate fully the issues related to class

certification, raise personal jurisdictional defenses, or any other defenses, which rights are

specifically and expressly retained by Rothman.

60.    Neither Rothman nor Plaintiffs shall be considered to be the drafter of this

Agreement or any of its provisions for the purpose of any statute, case law, or rule of

interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

61.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, Rothman, and Releasees any right or remedy under or by reason of this Agreement.

62.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

| For the Class: | For Robert E. Rothman: |
|---|---|
| Michael D. Hausfeld (admitted *pro hac vice*)<br>James J. Pizzirusso (admitted *pro hac vice*)<br>Seth R. Gassman (admitted *pro hac vice*)<br>**HAUSFELD LLP**<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>mhausfeld@hausfeldllp.com<br>jpizzirusso@hausfeldllp.com<br>sgassman@hausfeldllp.com<br><br>Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA  98101<br>Telephone:  (206) 623-7292<br>Facsimile:  (206) 623-0594<br>Email: steve@hbsslaw.com<br><br>Jason A. Zweig<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>Telephone: (212) 752-5455<br>Facsimile: (917) 210-3980<br>Email: jasonz@hbsslaw.com<br><br>Jennifer Fountain Connolly<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>629 K St., NW, Suite 300<br>Washington, DC 20006<br>Telephone: (202) 355-6435<br>Facsimile: (202) 355-6455<br>Email: jenniferc@hbsslaw.com | D. Jarrett Arp (admitted *pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue, N.W.,<br>Washington, DC 20036-5306<br>Telephone: 202-955-8678<br>JArp@gibsondunn.com |

63.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: December 20, 2012

| | |
|---|---|
| **HAUSFELD LLP**<br><br>Michael D. Hausfeld (admitted *pro hac vice*)<br>James J. Pizzirusso (admitted *pro hac vice*)<br>Seth R. Gassman (admitted *pro hac vice*)<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>mhausfeld@hausfeldllp.com<br>jpizzirusso@hausfeldllp.com<br>sgassman@hausfeldllp.com<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>Steve W. Berman (admitted *pro hac vice*)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com | **GIBSON, DUNN & CRUTCHER LLP**<br><br>D. Jarrett Arp (admitted *pro hac vice*)<br><br>1050 Connecticut Avenue, N.W.,<br>Washington, DC 20036-5306<br>Telephone: 202-955-8678<br>JArp@gibsondunn.com<br><br><br>*Counsel for Robert E. Rothman* |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Jason A. Zweig (admitted *pro hac vice*)<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>Telephone: (212) 752-5455<br>Facsimile: (917) 210-3980<br>Email: jasonz@hbsslaw.com | |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Jennifer Fountain Connolly (admitted *pro hac vice*)<br>629 K St., NW, Suite 300<br>Washington, DC 20006<br>Telephone: (202) 355-6435<br>Facsimile: (202) 355-6455<br>Email: jenniferc@hbsslaw.com<br><br>*Interim Co-Lead Counsel for Plaintiffs and Class* | |

101429291.1

- 24 -

| | |
|---|---|
| **HAUSFELD LLP**<br><br>*Michael D. Hausfeld* (signature)<br><br>Michael D. Hausfeld (admitted *pro hac vice*)<br>James J. Pizzirusso (admitted *pro hac vice*)<br>Seth R. Gassman (admitted *pro hac vice*)<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>mhausfeld@hausfeldllp.com<br>jpizzirusso@hausfeldllp.com<br>sgassman@hausfeldllp.com<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>Steve W. Berman (admitted *pro hac vice*)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com | **GIBSON, DUNN & CRUTCHER LLP**<br><br>D. Jarrett Arp (admitted *pro hac vice*)<br><br>1050 Connecticut Avenue, N.W.,<br>Washington, DC 20036-5306<br>Telephone: 202-955-8678<br>JArp@gibsondunn.com<br><br>*Counsel for Robert E. Rothman* |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Jason A. Zweig (admitted *pro hac vice*)<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>Telephone: (212) 752-5455<br>Facsimile: (917) 210-3980<br>Email: jasonz@hbsslaw.com | |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Jennifer Fountain Connolly (admitted *pro hac vice*)<br>629 K St., NW, Suite 300<br>Washington, DC 20006<br>Telephone: (202) 355-6435<br>Facsimile: (202) 355-6455<br>Email: jenniferc@hbsslaw.com<br><br>*Interim Co-Lead Counsel for Plaintiffs and Class* | |

101429291.1

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

D. Jarrett Arp
Direct: +1 202.955.8678
Fax: +1 202.530.9527
JArp@gibsondunn.com

Client: 79816-00001

December 31, 2012

James J. Pizzirusso
Hausfeld LLP
1700 K Street NW
Suite 650
Washington, DC 20006

Jason A. Zweig
Hagens Berman Sobol Shapiro LLP
One Penn Plaza, 36th Floor
New York, NY 10119

Re:   *In re New Jersey Tax Sales Certificates Antitrust Litigation:*
      *Settlement Agreement Between Plaintiffs and Robert E. Rothman*

Dear James and Jason:

This letter refers to the executed settlement agreement between the Plaintiff Class and Robert
E. Rothman in *In re New Jersey Tax Sales Certificates Antitrust Litigation*, MDL No. 3:12-
CV-01893-MAS-TJB (D.N.J.), dated December 21, 2012. By this letter, the parties agree
and confirm that certain obligations under the Agreement have been necessarily delayed by
the Christmas and New Year holidays, and shall be deferred pending: (1) the creation of an
escrow account in compliance with Paragraph 21 of the Agreement, and (2) the dismissal
with prejudice of the claims filed by Senatore Builders, LLC, 3:12-CV-01893-FLW-TJB
(D.N.J.) (June 29, 2012) (collectively "the outstanding items").   Specifically:

- Paragraph 21 of the Agreement provides that Mr. Rothman shall make a payment
  of settlement proceeds within 7 business days of the Execution Date. That
  obligation shall be deferred until 7 business days after the completion of the
  outstanding items.

- Paragraph 35 of the Agreement provides for joint notification of the Court of the
  Agreement. That obligation shall be deferred until 3 business days after the
  parties file for dismissal with prejudice of the *Senatore Builders* claims.

James Pizzirusso
December 31, 2012
Page 2

The parties agree that all deferred obligations shall be completed no later than February 1, 2013.

Sincerely,

D. Jarrett Arp

DJA/rsb

AGREED:

Attorneys for Plaintiffs

James J. Pizzirusso

Jason A. Zweig

Attorney for Robert E. Rothman

D. Jarrett Arp

DECEMBER 31 LETTER AGREEMENT.DOCX



202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

Seth R. Gassman
sgassman@hausfeldllp.com

March 21, 2013

Rachel S. Brass
Gibson Dunn & Crutcher LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415-393-8293
RBrass@gibsondunn.com

     Re:   *In re New Jersey Tax Sales Certificates Antitrust Litigation*:
           *Settlement Agreement Between Plaintiffs and Robert E. Rothman*

Dear Rachel:

This letter refers to the executed settlement agreement between the Plaintiff Class and Robert E. Rothman in *In re New Jersey Tax Sales Certificates Antitrust Litigation*, No. 3:12-cv-01893-MAS-TJB (D.N.J.), dated December 20, 2012. By this letter, the parties agree and confirm that the obligation pursuant to paragraph 33 of the settlement agreement to file a motion seeking preliminary Court approval of the settlement within 90 days of the filing of Plaintiffs' Consolidated Master Class Action Complaint is hereby modified to permit filing of the motion for preliminary approval within 104 days of the filing of Plaintiffs' Consolidated Master Class Action Complaint. The motion will be filed on or before April 4, 2013.

Sincerely,

Seth R. Gassman

AGREED:

Interim Co-Lead Class Counsel:

Seth R. Gassman

Jason A. Zweig

Attorney for Robert E. Rothman

Rachel S. Brass

www.hausfeldllp.com   WASHINGTON, D.C. / PHILADELPHIA / SAN FRANCISCO / LONDON