UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
SETTLEMENT WITH DEFENDANT ROBERT E. ROTHMAN**

**THIS MATTER** having been opened to the Court by Plaintiffs' Interim Class Counsel (on behalf of the Named Plaintiffs) by way of their motion for preliminary approval of the proposed Settlement in the above Actions;

**WHEREAS**, the Court having reviewed and considered the joint motion for preliminary approval and supporting materials filed by Plaintiffs' Interim Class Counsel and having reviewed the pleadings and other papers on file in this Action; and

**WHEREAS**, this Court has fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS** __ day of ____, 2013

**ORDERED** that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**.  The Court further finds and orders as follows:

1. The Settlement was the result of the parties' good-faith negotiations.  The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations.  The Settlement Agreement is not the result of collusion.

2.      The Settlement falls well within the range of reasonableness.  The Settlement has no obvious deficiencies.  The Proposed Settlement does not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class.

3.      Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, subject to a hearing on the final approval of the settlement (hereinafter "Fairness Hearing").

4.      The following class of plaintiffs (hereinafter "Settlement Class") is provisionally certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above zero percent.

5.      The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

  a.    Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

  b.    Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for both Settlement Classes including:

   (i)    Whether Defendants conspired with others to fix bids and allocate TSCs at auctions in New Jersey, in violation of the Sherman Act and New Jersey's Antitrust Act;

   (ii)   Whether Defendants' conduct had the anticompetitive effect of reducing and unreasonably restraining the market for the purchase of TSCs;

   (iii)  The names of the individuals and entities who participated in the anticompetitive scheme;

   (iv)   The duration of the anticompetitive scheme;

      (v)      The effect of Defendants' conduct and the extent of injuries sustained by Plaintiffs and Class Members; and

      (vi)      The amount of damages the anticompetitive scheme caused members of the Class.

c.      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of Defendants' common course of conduct in violation of the antitrust laws.

d.      Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6.      The Court further finds the requirements of Rule 23(b)(3) are satisfied, as follows:

a.      Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

b.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7.      The Court further finds that there is a sufficient basis for notifying the class of the proposed settlement. As agreed to by both parties, notice will be sent to class members at a future date pursuant to a subsequent motion to be filed with this Court.

8.      The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Arlene Davies, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

9. The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

10. The Court will conduct a Fairness Hearing on a date to be set. The Fairness Hearing will be conducted to determine the following:

   a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

   b. Whether final judgment should be entered dismissing the claims of the class against Robert E. Rothman with prejudice as required by the Settlement Agreement; and

   c. Such other matters as the Court may deem appropriate.

11. To avoid the possible duplication of class notices, notice of this partial class Settlement shall be deferred until the aggregate proceeds from Mr. Rothman's settlement and settlements with other Defendants amount to at least $1,000,000 (excluding costs for notice), or for two years following the entry of the proposed Preliminary Approval Order, whichever is earlier.

12. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the settlement funds. Settlement Class Counsel shall describe the procedure and timing associated with seeking exclusion from the class, objecting to the class and making an appearance at the fairness hearing when a motion to distribute notice is filed with the Court.

13. All further class proceedings as to Robert E. Rothman are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the Rothman Settlement Agreement or agreed by the settling parties.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

**IT IS SO ORDERED.**

Dated: _____, 2013

                                                                                                     _____
                                                                                                     Hon. Michael A. Shipp
                                                                                                     United States District Judge