

**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

April 26, 2013

**VIA ECF**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 6052
Trenton, NJ  08608

> Re: *In re New Jersey Tax Sales Certificates Antitrust Litig.*,
> **Master Docket No. 12-CV-1893-MAS-TJB**

Dear Judge Bongiovanni:

Together with our co-counsel, this office represents the class plaintiffs in this matter. On March 19, 2013, by letter class plaintiffs requested an initial conference pursuant to L. Civ. R. 16 to enable the parties to conduct a Fed. R. Civ. P. 26(f) discovery conference so that they may move forward with discovery. [Dkt. No. 201]. On March 22, 2013, the Court denied class plaintiffs' request and held that "the initial scheduling conference and discovery is held in abeyance during the pendency of the motions to dismiss." [Dkt. No. 204]. We write to seek a clarification of the Court's March 22, 2013 order.

In class plaintiffs' initial request for a scheduling conference, class plaintiffs sought a conference in order to proceed with discovery against all defendants. Most defendants have moved to dismiss the operative complaint in this matter, and the parties are currently briefing the motion. However, rather than move to dismiss, defendants CCTS Capital LLC and Crestar Capital LLC (collectively "Crestar Defendants") have answered the complaint. [Dkt. No. 165]. Thus, even if the motions to dismiss were successful, this litigation would still proceed against the Crestar Defendants. Thus, plaintiffs seek clarification from the Court as to whether they may proceed with discovery solely against the Crestar Defendants. At a minimum, plaintiffs wish to be able to conduct document discovery with regard to the Crestar Defendants, including the documents that the Crestar Defendants have already gathered and produced to the federal grand jury investigating the allegations at issue in this litigation. Document discovery against the Crestar Defendants would pose no burden to those defendants who have moved to dismiss, and would not prejudice the Crestar Defendants since they have answered the complaint and therefore are subject to discovery under the Federal Rules of Civil Procedure. Such discovery would allow plaintiffs to develop and litigate their case against the Crestar Defendants. Finally, as we set out in our March 19, 2013 letter to the Court, the Department of Justice does not object to our request for discovery from the Crestar Defendants.

356483.1



Hon. Tonianne J. Bongiovanni, U.S.M.J.
April 26, 2013
Page 2

      On April 4, 2013 we conferred with counsel for the Crestar Defendants and sought their consent to engaging in a Rule 26(f) conference, however, the Crestar Defendants' counsel declined to do so.

      We are available at the Court's convenience to discuss this matter further if the Court wishes.

                              Respectfully,

                              *s/ Bruce D. Greenberg*

                              Bruce D. Greenberg

cc:     All Counsel of Record (via ECF)
        Charles V. Reilly, United States Department of Justice, Antitrust Division (By email)
        Bryan C. Bughman, United States Department of Justice, Antitrust Division (By email)
        Ludovic Ghesquiere, United States Department of Justice, Antitrust Division (By email)

356483.1