ROETZEL & ANDRESS, LPA
A Legal Professional Association
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.242.7985

*Attorney for Defendant*
American Tax Funding, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re New Jersey Tax Sales Certificates Antitrust Litig.* | Master Docket No. 3:12-CV-01893-MAS-TJB |

## DEFENDANT AMERICAN TAX FUNDING, LLC'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE AND REQUEST FOR ORDER PROHIBITING FURTHER FILINGS IN THIS MATTER BY NON-PARTY BASILIS STEPHANATOS

### I.    Objection to Request for Judicial Notice

On or about April 17, 2013, non-party Basilis N. Stephanatos filed a Request for Judicial Notice, asking this Court to take judicial notice of (1) his own unverified and unproven allegations in relation to a separate proceeding then pending before Judge Faith S. Hochberg of this Honorable Court, *Stephanatos v. Wayne Township, et al.*, 2:12-cv-01743-FSH-PS, and (2) copies of what appear to be an assortment of corporate filings with the Florida Department of State relating to Defendant American Tax Funding, LLC ("ATF").

ATF hereby objects to Stephanatos' improper request for judicial notice, as he is not a party to this case and the materials he has presented are neither relevant to these proceedings nor proper subjects for judicial notice. *See, e.g., Whiting v. AARP*, 637 F.3d 355, 365 (D.C. Cir. 2011) (refusing to take judicial notice of irrelevant, redundant, and unnecessary materials); *Trans-Sterling, Inc. v. Bible,* 804 F.2d 525, 528 (9th Cir. 1986) ("It is neither necessary nor

desirable to take judicial notice of these purported facts which are, in any event, irrelevant to this decision."); *U.S. v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981) (upholding refusal to take judicial notice of irrelevant regulations).

The impropriety of Stephanatos' request for judicial notice is further demonstrated by Judge Hochberg's recent issuance of an **Opinion and Order** in the separate case *Stephanatos v. Wayne Township*, **dismissing Stephanatos' claims against ATF and other defendants with prejudice**. *See* ECF Nos. 61, 62 in case no. 2:12-cv-01743. In her Opinion, Judge Hochberg made note of Stephanatos' multiple prior lawsuits, and found the majority of his claims were precluded by the doctrine of res judicata; the remainder were dismissed for failure to state a claim. *See id.* Given this further recognition of the lack of legal merit to Stephanatos' unfounded claims and allegations against ATF, it is clear that any grant of the present Request for Judicial Notice would be wholly improper.

Accordingly, for the reasons stated, ATF objects to any consideration of Stephanatos' improper and irrelevant Request for Judicial Notice.

## II.      Request for Court Order Precluding Further Filings by Non-Party Stephanatos

In light of Stephanatos' history of litigiousness (as reflected in Judge Hochberg's recent Opinion) and his repeated submission of improper materials in this matter specifically, ATF further requests that an Order be entered to henceforth preclude Stephanatos from filing further materials in this case, so long as he remains a non-party to the action.

As this Court is aware, Stephanatos has made numerous improper submissions since the initiation of this action, beginning with two letters that appeared to seek legal advice from the Court, and which Magistrate Judge Bongiovanni returned to him on or about March 21, 2013. *See* ECF No. 206. Less than a week later, Stephanatos sent another  improper communication,

dated March 27, 2013, in which he suggested that he wished to somehow consolidate his claims with those of the Plaintiffs in this matter. *See* ECF No. 213. But, as Plaintiffs' counsel has stated, Stephanatos had already been clearly advised at that time that Plaintiffs' counsel could not properly represent him in this matter. *See* ECF No. 214. Undeterred by repeated statements that this matter is not the proper forum for him to air his quarrels with ATF, Stephanatos waited less than ten days before submitting the present Request for Judicial Notice. *See* ECF No. 231.

The frequent improper submissions already made by Stephanatos in this case suggest that a Court Order will be necessary to put a stop to Stephanatos' repeated disruption of this complex action, in which Stephanatos is not a party and bears no interest. The likelihood of additional improper submissions by Stephanatos in the absence of the requested Court Order appears high, in light of the record in *Stephanatos v. Wayne Township*, where the Court was forced to repeatedly admonish Stephanatos to cease making impermissible filings. *See, e.g.,* ECF Nos. 32, 47, 57 in case no. 2:12-cv-01743.

"The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. s 1651(a) (1976)." *See Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982). In *Matter of Hartford Textile Corp.*, the Second Circuit put a stop to a series of meritless filings that resulted in harassment and needless expense by enjoining the plaintiff from proceeding further in the prosecution of the matter or making any attempt to relitigate the same claims in any other Court. *See id.* at 897. Here, where the repeated, meritless filings at issue have been made by a non-party to the litigation, with no stake in the present matter, the necessity of immediate injunctive relief is readily apparent.

In just the last two months, Stephanatos' repeated inappropriate filings have forced this Court and various parties to this litigation to expend time, effort, and expense unnecessarily to address untrue and unfounded allegations that have already been repeatedly litigated on the merits.  In the interest of preventing further harassment, expense, and misuse of court resources, ATF accordingly requests that the Court issue an Order prohibiting non-party Basilis Stephanatos from filing any further materials in this action.

A proposed Order is attached hereto.

DATED:   May 2, 2013                                Respectfully submitted,

*s/ Patricia B. Fugée*

Patricia B. Fugée (02317-1990)
ROETZEL & ANDRESS
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.242.7985
Facsimile: 419.242.0316
pfugee@ralaw.com

Donald S. Scherzer (*admitted pro hac vice*)
Amanda M. Knapp (*admitted pro hac vice*)
1375 East Ninth Street
One Cleveland Center, Ninth Floor
Cleveland, OH  44114-1788
Telephone: (216) 623-0150
Facsimile: (216) 623-0134
dscherzer@ralaw.com
aknapp@ralaw.com

*Attorneys for Defendant American Tax Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2013, a copy of the foregoing *Defendant American Tax Funding, LLC's Objection to Request for Judicial Notice and Request for Order Prohibiting Further Filings in This Matter by Non-Party Basilis Stephanatos* has been filed electronically.  Notice of this filing has been served upon counsel of record via the Court's electronic filing system.  Access to this filing can be obtained via the Court's electronic filing system.

I further certify that on the 2nd day of May, 2013, a copy of the foregoing *Defendant American Tax Funding, LLC's Objection to Request for Judicial Notice and Request for Order Prohibiting Further Filings in This Matter by Non-Party Basilis Stephanatos* was served, by first-class U.S. mail, upon:

> Basilis N. Stephanatos
> P.O. Box 0520
> Tenafly, NJ  07670-0520

*/s/ Patricia B. Fugée*
Patricia B. Fugée

7204792 _1