COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
(609) 572-7512

*Attorneys for M.D. Sass Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re New Jersey Tax Sales Certificates Antitrust Litig.* | Master Docket No. 3:12-cv-01893-MAS-TJB |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**M.D. SASS DEFENDANTS' MOTION TO DISMISS**

Defendants' Joint Reply In Further Support Of Their Motion To Dismiss ("Joint Reply") explains in detail Plaintiffs' failure to overcome the many deficiencies in their causes of action that are common to all Defendants, and highlights the grounds for dismissal of this entire action. The eight separate M.D. Sass Defendants respectfully submit this separate reply in further support of their own motion to dismiss the Complaint.

## ARGUMENT

As explained in the moving papers, the Complaint fails to allege sufficient facts as to each of the M.D. Sass Defendants as required under *Bell Atlantic Corp. v. Twombly* and its progeny to suggest a plausible antitrust conspiracy claim. Indeed, only three of the five named Plaintiffs allege that any M.D. Sass entity purchased their liens – in each case, the purchasing party was M.D. Sass V.[1] The Complaint fails to allege *any* facts connecting any of the remaining M.D. Sass Defendants – M.D. Sass Tax Lien Management, M.D. Sass Investor Services, or M.D. Sass I, II, III, IV or VI – to any of the auctions at which the Plaintiffs' TSCs were sold, and fails throughout the Complaint (as well as the Opposition) to specify any wrongdoing by any of the eight different M.D. Sass entities.

---

[1] With respect to these auctions, Plaintiffs allege no wrongdoing; rather, the allegations concerning M.D. Sass V are simply that this corporate entity purchased the liens of three of the named Plaintiffs at an 18% statutory rate of redemption. *See* Consolidated Master Class Action Complaint ("Compl.") ¶¶ 19, 21, 24. Such allegations fall far short of properly pleading that M.D. Sass V – much less any other M.D. Sass Defendant – was party to an overarching multi-year conspiracy.

Plaintiffs' argument that their allegations concerning Defendants Jessani and Hruby are sufficient to support allegations of misconduct by M.D. Sass Investor Services, *see* Opp. at 35-36, falls flat.  The Complaint nowhere ties Jessani, Hruby or M.D. Sass Investor Services to any of the six auctions at which Plaintiffs' tax liens were sold, and any allegations surrounding any other defendant's admissions of collusion at "certain" auctions is insufficient to tie any of the M.D. Sass Defendants to an overarching conspiracy comprising thousands of TSC auctions over a period of eleven years.  *See* Joint Reply at 3-7.

Nor do Plaintiffs gain traction in their arguments that M.D. Sass Tax Lien Management is properly named because it is alleged to have been "created by M.D. Sass Investor Services, Inc. to act as a general partner to acquire and/or manage the other Sass Funds." *See* Opp. at 36.  This conclusory allegation does not absolve Plaintiffs of their obligation to allege sufficient facts to support the involvement of each Defendant in the conspiracy alleged in the Complaint.[2]

---

[2] To the extent Plaintiffs attempt in this regard to tie the eight M.D. Sass Defendants together via an alter-ego or agency theory of liability, they have failed entirely to shoulder their burden to allege sufficient facts to support such a theory. *See, e.g.*, *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (dismissal of alter-ego claim at pleading stage is appropriate where "the pleadings are devoid of any specific facts or circumstances supporting" the assertion of alter-ego liability); *TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*, Civil No. 12-3355 (RBK/JS), 2013 U.S. Dist. LEXIS 41206, at *11-13 (D.N.J. Mar. 25, 2013) (granting motion to dismiss where plaintiff's "allegations [were] insufficient to establish the existence of an agency relationship"); *Chnj Investors, LLC v. Koger*, Civil Action No. 12-1467 (JBS-KMW), 2013 U.S. Dist. LEXIS 39794, at

Indeed, Plaintiffs sidestep their pleading obligations by referring to the M.D. Sass Defendants collectively throughout the Complaint – as well as throughout their Opposition, *see* Opp. at 35-38 – simply as "Sass." Plaintiffs' Opposition nowhere addresses, much less overcomes, clear precedent establishing that a complaint that "fails to differentiate between the defendants" and "instead lumps all of the defendants together" "fails to satisfy even the liberal pleading standard of Rule 8(a)" because its "allegations are so general that they fail to put each defendant on notice of the claims against them." *Pietrangelo v. NUI Corp.*, No. Civ. 04-3223(GEB), 2005 WL 1703200, at *10 (D.N.J. July 20, 2005).[3] Plaintiffs' cavalier dismissal of their obligations in this regard by arguing that the Complaint "adequately puts these Defendants on notice of the claims against them [and that] [n]othing more is required now," Opp. at 38, is wrong as a matter of law.

In sum, (1) Plaintiffs fail to allege any wrongdoing by any M.D. Sass Defendant at any of the six auctions at which their TSCs were sold, and (2) Plaintiffs fail also properly to allege facts tying each of the eight M.D. Sass Defendants to a single overarching conspiracy (*see* Joint Reply at 3-9).

---

*27-28 (D.N.J. Mar. 21, 2013) (granting motion to dismiss where plaintiff failed to allege facts establishing elements of alter-ego liability); *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 85-88 (S.D.N.Y. 2010) (finding plaintiffs must adequately allege elements of veil-piercing and agency to survive motion to dismiss by parent and affiliate companies).

[3] *See also Shaw v. Hous. Auth. of Camden*, No. 11-4291 (RMB/AMD), 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("[e]ven under the most liberal notice pleading requirements . . . a plaintiff must differentiate between defendants").

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the M.D. Sass Defendants' Motion to Dismiss, Joint Motion to Dismiss and Joint Reply, the M.D. Sass Defendants respectfully request that the Court dismiss all claims against them with prejudice.

Dated:      Atlantic City, New Jersey
                July 3, 2013

Respectfully submitted,

/s William J. Hughes, Jr. (WH1924)

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
William J. Hughes, Jr.
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
(609) 572-7512
WHUGHES@cooperlevenson.com

WEIL, GOTSHAL & MANGES LLP
Joseph S. Allerhand
Jonathan D. Polkes
Bruce A. Colbath
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8752
Fax: (212) 310-8007
joseph.allerhand@weil.com
jonathan.polkes@weil.com
bruce.colbath@weil.com

*Counsel for M.D. Sass Defendants*