# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| *IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION* | Master Docket<br><br>No. 3:12-CV-01893-MAS-TJB |

**REPLY OF DEFENDANTS ROYAL TAX LIEN SERVICES, LLC, ROYAL BANCSHARES OF PENNSYLVANIA AND ROYAL BANK AMERICA IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED MASTER CLASS ACTION COMPLAINT**

Scott A. Stempel (*pro hac vice*)
sstempel@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile: (202) 739-3001

Steven A. Reed (*pro hac vice*)
sreed@morganlewis.com
R. Brendan Fee  (RF-4838)
bfee@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000
Facsimile:   (215) 963-5001

*Counsel for Defendants*
**ROYAL TAX LIEN SERVICES, LLC, ROYAL BANCSHARES OF PENNSYLVANIA, INC. AND ROYAL BANK AMERICA**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT ...........................................................................................2

I.     Plaintiffs' Complaint Fails To Plausibly Allege Claims Against RTLS, RBSP And RBA As A Matter Of Law................................................2

        A.     The Complaint's Conclusory Allegations Are Insufficient To Establish That RBSP Or RBA Participated In The Alleged Conspiracy ...............................................................................2

        B.     Plaintiffs' Allegations As To Robert Stein Do Not Plausibly Demonstrate that RTLS Participated In The Alleged Conspiracy.......4

II.     Plaintiffs Concede That They Have Not Alleged Facts Sufficient To Pierce The Corporate Veil.  They Should Not Be Permitted To Engage In A Fishing Expedition. ..............................................................................6

CONCLUSION ...................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allied Corp. v. Frola*,
   701 F. Supp. 1084 (D.N.J. 1988)..................................................................................8

*Allied Prods. Corp. v. Elec. & Gas Tech., Inc.*,
   1998 WL 173305 (N.D. Ill. Apr. 8, 1998).....................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 554 (2007)..................................................................................................8, 7

*Bergin v. Teamsters Local Union No. 77*,
   2011 WL 486230 (E.D. Pa. Feb. 4, 2011).....................................................................7

*Craig v. Lake Asbestos of Quebec, Ltd.*,
   843 F.2d 145 (3d Cir. 1998)..........................................................................................6

*Fidenas AG v. Honeywell Inc.*,
   501 F. Supp. 1029 (S.D.N.Y. 1980)..............................................................................8

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009)..........................................................................................3

*Health Robotics, LLC v. Bennett*,
   2009 WL 5033966 (E.D. Pa. Dec. 22, 2009)................................................................4

*In re Pa. Title Ins. Antitrust Litig.*,
   648 F. Supp. 2d 663 (E.D. Pa. 2009)............................................................................4

*In re Pressure Sensitive Labelstock Antitrust Litig.*,
   566 F. Supp. 2d 363 (M.D. Pa. 2008)...........................................................................4

*McCray v. Fid. Nat'l Title Ins. Co.*,
   636 F. Supp. 2d 322 (D. Del. 2009) .............................................................................3

*Preferred Real Estate Invs., LLC v. Lucent Techs., Inc.*,
   2009 WL 1748954 (D.N.J. June 19, 2009)...................................................................8

*Slack v. Suburban Propane Partners, L.P.*,
   2010 WL 5392845 (D.N.J. Dec. 22, 2010)...................................................................6

*Smith v. Lyons, Doughty & Veldhuius, P.C.*,
    2008 WL 2885887 (D.N.J. July 23, 2008)..........................................................7

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*,
    646 F. Supp. 2d 668 (D.N.J. 2009).....................................................................7

*Wrist Worldwide Trading GMBH v. MV Auto Banner*,
    2011 WL 1321794 (D.N.J. Mar. 30, 2011).........................................................6

*Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*,
    103 F.3d 294 (3d Cir. 1996)................................................................................7

# INTRODUCTION

Plaintiffs' arguments in opposition to the Motions to Dismiss of Defendants Royal Tax Lien Services, LLC ("RTLS"), Royal Bancshares of Pennsylvania, Inc. ("RBSP") and Royal Bank America ("RBA") occupy a mere five pages of their eighty-seven page brief, and even those five pages are long on rhetoric and short on substance. Instead of addressing the deficiencies identified in the Opening Brief submitted by RTLS, RBSP and RBA (Docket No. 185-1, the "Opening Brief"), Plaintiffs fall back on conclusory allegations from the Consolidated Master Class Action Complaint ("Complaint" or "CMCAC") and stake out the legally untenable positions that liability should be imposed on RBA and RBSP based on the acts of wholly distinct entities and that RTLS should be held liable based on nothing more than the guilty plea of a distinct individual.

Plaintiffs' Opposition advances two principal arguments which, on their face, confirm the inadequacy of the allegations in the Complaint and require dismissal of the claims asserted against RTLS, RBSP and RBA:

<u>First</u>, Plaintiffs contend that the Complaint contains allegations sufficient to demonstrate that RTLS, RBSP and RBA joined and participated in the supposed bid-rigging conspiracy. But rather than point to any facts, Plaintiffs impermissibly rely on conclusory formulaic allegations which, as explained in the Opening Brief, are insufficient as a matter of law to hold RTLS, RBSP or RBA liable and cannot

1

possibly justify the costly and burdensome discovery that Plaintiffs invariably will seek from those entities if this motion is denied.

<u>Second</u>, Plaintiffs effectively concede that they have not alleged facts sufficient to pierce the corporate veil, but in an effort to prevent dismissal of the defective claims against RBSP and RBA, they request permission to engage in a court-sponsored fishing expedition to search for the facts necessary to plead viable claims. Third Circuit law is clear that discovery should not be used as a vehicle to uncover facts to salvage a facially defective pleading.

For the reasons set forth herein and in Defendants' Joint Reply Brief, the claims against RTLS, RBSP and RBA should be dismissed with prejudice as a matter of law.[1]

## LEGAL ARGUMENT

I. **Plaintiffs' Complaint Fails To Plausibly Allege Claims Against RTLS, RBSP And RBA As A Matter Of Law**

    A. **The Complaint's Conclusory Allegations Are Insufficient To Establish That RBSP Or RBA Participated In The Supposed Conspiracy**

Plaintiffs' Opposition cites a single paragraph of their 238 paragraph Complaint as support for the assertion that RBA and RBSP participated in the purported bid-rigging conspiracy. *See* Opposition at 45 (*citing* CMCAC at ¶ 54).

---

[1] RTLS, RBSP and RBA incorporate by reference the arguments advanced in the Defendants' Joint Reply Brief.

This paragraph consists entirely of the unsupported boilerplate allegation that "all major tax lien purchasing decisions of Crusader and/or RTLS" were authorized and approved by RBSP and RBA. *See* CMCAC at ¶ 54. Absent from the Complaint, however, are any *facts* suggesting that RBSP or RBA approved any purchasing decisions – let alone major purchasing decisions. Indeed, the purchase prices and values of the individual liens at issue in this case are so small that the decision to purchase any one specific tax lien can hardly be considered a "major purchasing decision." *See, e.g.*, *id.* at ¶ 17 (listing sale price for tax sale certificate as $1,048.26); *id.* at ¶ 26 (listing redemption price of tax sale certificates as under $35,000). Separately, even if this one conclusory allegation were credited, it is not enough to state a claim against either RBSP or RBA. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (conclusory allegations should be given no weight in assessing plausibility).

Rather, as explained in the Opening Brief, in order to state a claim against RBSP and RBA, Plaintiffs must allege facts giving rise to particular agreements reached by RBSP and RBA themselves, which Plaintiffs quite obviously have failed to do. *See McCray v. Fid. Nat'l Title Ins. Co.*, 636 F. Supp. 2d 322, 335 (D. Del. 2009) ("Without some averment that the corporate parent defendants directly entered into agreements . . . the plaintiffs have not alleged enough to establish that the corporate parent defendants entered into a conspiracy."). And Plaintiffs' lone

3

allegation of RBSP and RBA's knowledge and approval of the claimed purchases and activities underlying the supposed antitrust conspiracy are equally insufficient to impose liability on those entities. *See In re Pa. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 688 (E.D. Pa. 2009); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 376 (M.D. Pa. 2008).

### B. Plaintiffs' Allegations As To Robert Stein Do Not Plausibly Demonstrate That RTLS Participated In The Alleged Conspiracy

Plaintiffs' Opposition contends that RTLS should be held liable because Robert Stein "has admitted to participating in the conspiracy during the time he was RTLS'[s] highest ranking officer." *See* Opposition at 43. Noticeably absent from Plaintiffs' Opposition and from the Complaint, however, are any factual allegations that Stein was acting as an agent of RTLS or with the apparent authority of RTLS when he participated in the supposed conspiracy.

Plaintiffs also rely on the guilty plea and criminal indictment of Stein. Even accepting Plaintiffs' contention that there can be "no serious dispute" that Stein's criminal indictment refers to the fact that Stein was President of RTLS, this does not demonstrate any direct involvement by RTLS itself. Because Plaintiffs have not alleged any facts giving rise to a plausible inference that Stein was acting as an agent of RTLS or with apparent authority of RTLS at the time of the conduct described in his plea, Plaintiffs' claims against RTLS fail as a matter of law. *See Health Robotics, LLC v. Bennett*, 2009 WL 5033966, at *4 (E.D. Pa. Dec. 22,

2009) (dismissing complaint because "Plaintiffs fail to establish the existence of an agency relationship. . . . Plaintiffs do not provide sufficient detail in their pleadings"); *Allied Prods. Corp. v. Elec. & Gas Tech., Inc.*, 1998 WL 173305, at *2 (N.D. Ill. Apr. 8, 1998) ("[C]laimant must plead facts that would support a finding that the alleged agents had actual or apparent authority to act on behalf of another.").

Furthermore, despite relying extensively on the plea agreements of Stein and Crusader Servicing Corporation ("Crusader") as the basis for their claims, Plaintiffs contend that the Court should ignore the fact that in Crusader's plea agreement with the Department of Justice expressly stated that it would not bring any criminal charges against RTLS stemming from the alleged bid-rigging conspiracy, *see* Opposition at 44, which puts RTLS in a different position than every other defendant in this case. Plaintiffs should not be permitted to rely on the plea agreements as the primary basis for this lawsuit, while at the same time seek to preclude RTLS, RBSP and RBA from relying on those same plea agreements to demonstrate the inadequacy of Plaintiffs' claims.[2]

---

[2] This is not the only example of Plaintiffs' selective and inaccurate reading of the plea agreements. Plaintiffs' Opposition includes a chart which sets forth the guilty pleas that purportedly encompass certain tax lien auctions. *See* Opposition at 9-11. In that chart, Plaintiffs claim inaccurately that Crusader's guilty plea covers auctions that took place in December 2006, June 2007, June 2008, and December 2008, despite the fact that Crusader's

## II. Plaintiffs Concede That They Have Not Alleged Facts Sufficient To Pierce The Corporate Veil.  They Should Not Be Permitted To Engage In A Fishing Expedition.

In their Opposition, Plaintiffs do not refute the fact that the Complaint fails even to allege – let alone support with facts giving rise to a plausible inference – that the factors for piercing the corporate veil are satisfied with respect to RBSP or RBA.  *See Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1998) (listing factors that the Court should consider in veil piercing analysis).

Plaintiffs' remaining argument for keeping RBSP and RBA in this case consists of repetition of the Complaint's conclusory and unsupported allegation that RBSP and RBA "jointly directed and controlled the activities, finances and decision making process of Defendants Crusader and RTLS."  *See* Opposition at 45 (*citing* CMCAC at ¶ 54).  Those allegations are insufficient as a matter of law to give rise to alter ego liability.  *See Wrist Worldwide Trading GMBH v. MV Auto Banner*, 2011 WL 1321794, at *6 (D.N.J. Mar. 30, 2011); *Slack v. Suburban Propane Partners, L.P.*, 2010 WL 5392845, at *13-14 (D.N.J. Dec. 22, 2010).

Apparently recognizing the deficiency of their conclusory pleading, Plaintiffs assert that their claims against RBSP and RBA should not be dismissed because "the Third Circuit has determined Plaintiffs are ***entitled to*** additional discovery following the pleading stage to determine whether piercing the corporate

---

plea agreement only covers conduct from 1998 until September 2006.  *See* Docket No. 185, Ex. A at ¶ 1.

veil requirements have been met." *See* Opposition at 45-46 (emphasis added). In support of their proclamation concerning this purported determination by the Third Circuit, Plaintiffs cite a single district court case. And, in that case, the court actually *dismissed* a veil piercing claim because the plaintiff had failed to plead facts giving rise to an inference that the requisite alter ego factors were satisfied. *See State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 680 (D.N.J. 2009).

Contrary to Plaintiffs' contention, it is well-settled law within the Third Circuit that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996); *see also Bergin v. Teamsters Local Union No. 77*, 2011 WL 486230, at *2 (E.D. Pa. Feb. 4, 2011) (denying discovery and dismissing plaintiff's deficient claim because "such 'fishing expeditions' to seek out the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications in *Iqbal* and *Twombly*"); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008) (stating that "[t]he purpose of discovery is to uncover evidence of the facts pleaded in the Complaint," and that "[d]iscovery should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has

7

not yet pleaded"). Indeed, courts routinely dismiss claims premised on a veil piercing theory without permitting discovery where the plaintiff fails to plead facts sufficient to demonstrate a plausible basis for piercing the corporate veil. *See, e.g.*, *Preferred Real Estate Invs., LLC v. Lucent Techs., Inc.*, 2009 WL 1748954, at *5 (D.N.J. June 19, 2009) (dismissing claim that was based on veil piercing theory and denying plaintiff's request to take discovery on the veil piercing issue "since [plaintiff] has not alleged facts which suggest that piercing the corporate veil is appropriate"); *Fidenas AG v. Honeywell Inc.*, 501 F. Supp. 1029, 1037 (S.D.N.Y. 1980) (holding that where "plaintiffs' asserted facts, viewed in the most favorable light, are insufficient to justify piercing the corporate veil . . . [there is] no purpose to be served in further exploration of this uncharted territory, either in further discovery or at trial"). As one court within this District noted in dismissing a veil piercing claim, courts "require an actual factual allegation – more substantial than an intangible suspicion – before [they] will [let] loose the judicial process, and the expense of discovery and depositions, on the defendant." *See Allied Corp. v. Frola*, 701 F. Supp. 1084, 1089 (D.N.J. 1988). This is especially true in antitrust actions like this one where the stakes in terms of cost and burden are particularly high. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558-59 (2007) (recognizing the onerous burden and considerable costs for discovery in antitrust actions).

Because Plaintiffs, by their own admission, have not alleged facts sufficient

8

to pierce the corporate veil as to RBSP or RBA, the claims against those entities must be dismissed. In the absence of adequate factual allegations, Plaintiffs' request for discovery on the veil piercing issue should also be denied.

## CONCLUSION

For the reasons set forth herein and in the Opening Brief, Defendants RTLS, RBSP and RBA respectfully request that the Court dismiss all claims asserted against them in the Complaint with prejudice.

Dated: July 3, 2013

Respectfully submitted,

/s/ R. Brendan Fee
Steven A. Reed (*pro hac vice*)
sreed@morganlewis.com
R. Brendan Fee  (RF-4838)
bfee@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000

-and-

Scott A. Stempel (*pro hac vice*)
sstempel@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 739-3000

*Counsel for Defendants*,
Royal Tax Lien Services, LLC, Royal Bancshares of Pennsylvania, Inc. and Royal Bank America

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, a true and correct copy of the foregoing Reply of Defendants Royal Tax Lien Services, LLC, Royal Bancshares of Pennsylvania and Royal Bank America in Support of Their Motion to Dismiss Plaintiffs' Consolidated Master Class Action Complaint was filed electronically with the Court, and served on counsel of record via electronic filing.

/s/  R. Brendan Fee
*Counsel for Defendants*

Royal Tax Lien Services, LLC, Royal Bancshares of Pennsylvania, Inc. and Royal Bank America