UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |
|---|---|

**DECLARATION OF SETH GASSMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF INTERIM CLASS COUNSEL AS SETTLEMENT CLASS COUNSEL, AND DEFERRAL OF CLASS NOTICE**

I, Seth Gassman, declare as follows:

1. I am Of Counsel with the law firm of Hausfeld LLP, in the firm's office located at 1700 K Street, N.W., Washington, DC 20006. Hausfeld LLP, has been appointed Interim Class Counsel, along with Hagens Berman Sobol Shapiro, LLP (collectively, "Interim Class Counsel"). I am a member in good standing of the bars of the State of New York and the District of Columbia, and I am admitted *pro hac vice* in this matter. I submit this declaration in support of Plaintiffs' motion for preliminary approval of settlements, preliminary certification of settlement class, appointment of Interim Class Counsel as settlement class counsel, and deferral of class notice.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Settlement Agreement with Defendants David Butler, David M. Farber, CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital, LLC, and Pro Capital Fund I, LLC (collectively, the "Butler/Farber Defendants").

3. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Settlement

Agreement with Defendants Burlington Assembly of God, Inc. d/b/a Fountain of Life Center, Life Center Academy, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin (collectively, the "Mercer Defendants").

4. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Settlement Agreement with Defendant Richard J. Pisciotta, Jr.

5. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Settlement Agreement with Defendant William A. Collins.

6. Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' Settlement Agreement with Defendant Isadore H. May.

**A.   Factual Background**

7. In a period stretching from Spring 2012 through Spring 2013, Interim Class Counsel intensely negotiated settlements with various counsel representing the Butler/Farber Defendants, the Mercer Defendants, Defendant Pisciotta, Defendant Collins, and Defendant May (collectively, the "Settling Defendants").

8. Interim Class Counsel, along with Lite DePalma Greenberg, LLC ("Interim Liaison Counsel"), have considerable experience in prosecuting federal antitrust class actions, and are therefore well versed in the issues. Summaries of the experience in antitrust and other complex class actions of Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP were submitted to this Court as part of the motion for preliminary approval of a class settlement agreement reached with Defendant Robert E. Rothman. *See* Dkt. No. 217, Gassman Decl., dated April 4, 2013, at Exhibits B and C.

9. At numerous in-person and telephonic meetings over the course of several months, the terms of the Settlement Agreements were vigorously, extensively, and intensely

negotiated among Interim Class Counsel and various counsel representing the Settling Defendants.

10. The settlement negotiations were contested and conducted in the utmost good faith.

11. The Settlement Agreement with the Butler/Farber Defendants was executed on December 28, 2012. Even before finalizing the agreement, the Butler/Farber Defendants provided meaningful cooperation that has assisted Plaintiffs in this litigation. Since that time, the Butler/Farber Defendants have continued honoring their ongoing obligations to Plaintiffs by providing additional cooperation and it is anticipated that the Butler/Farber Defendants will continue to provide such cooperation.

12. On or about February 12, 2013, the Butler/Farber Defendants made a monetary payment of $115,000 pursuant to the Settlement Agreement with the Butler/Farber Defendants. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest. Such funds are fully guaranteed by the FDIC.

13. Based on information received from the Butler/Farber Defendants during settlement negotiations, Plaintiffs believe that the combined value of the $115,000 cash payment and the discount redemption offer described in paragraph 22 of the Settlement Agreement, along with the cooperation provided and to be provided by the Butler/Farber Defendants, constitutes a fair, reasonable, and adequate settlement with the Butler/Farber Defendants. Attached as Exhibit F is a true and correct copy of the Butler/Farber Defendants "Notice of Class Action and Notice of Settlement Terms."

14. The Settlement Agreement with the Mercer Defendants was executed on April 23, 2013.

15. On May 30, 2013, the Mercer Defendants made a monetary payment of $250,000 pursuant to the Settlement Agreement with the Mercer Defendants. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest. Such funds are fully guaranteed by the FDIC.

16. Based on information received from the Mercer Defendants during settlement negotiations, Plaintiffs believe that the combined value of the $250,000 cash payment and the discount redemption offer described in paragraph 22 of the Settlement Agreement, along with the cooperation provided and to be provided by the Mercer Defendants, constitutes a fair, reasonable, and adequate settlement with the Mercer Defendants.

17. The Settlement Agreement with Defendant Pisciotta was executed on March 8, 2013. Since that time, Defendant Pisciotta has begun to provide cooperation to Plaintiffs. Counsel anticipates that Defendant Pisciotta will continue to provide such cooperation.

18. On April 30, 2013, Defendant Pisciotta made a monetary payment of $100,000 pursuant to the Settlement Agreement with Defendant Pisciotta. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest. Such funds are fully guaranteed by the FDIC.

19. Based on information received from Defendant Pisciotta during settlement negotiations, Plaintiffs believe that the combined value of the $100,000 cash payment and the discount redemption offer described in paragraph 20 of the Settlement Agreement, along with the cooperation provided and to be provided by Defendant Pisciotta, constitutes a fair, reasonable, and adequate settlement with Defendant Pisciotta. Attached as Exhibit G is a true and correct copy of the Pisciotta "Notice of Class Action and Notice of Settlement Terms."

20. The Settlement Agreement with Defendant Collins was executed on March 12, 2013. Since that time, Defendant Collins has honored his ongoing obligation to Plaintiffs and has begun to provide cooperation. Counsel anticipates that Defendant Collins will continue to provide such cooperation.

21. On April 8, 2013, Defendant Collins made a monetary payment of $100,000 pursuant to the Settlement Agreement with Defendant Pisciotta. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest. Such funds are fully guaranteed by the FDIC. Per the terms of his Settlement Agreement, Defendant Collins will pay the remaining $70,000 by September 12, 2013.

22. Based on information received from Defendant Collins during settlement negotiations, Plaintiffs believe that the combined value of the $170,000 cash payment and the discount redemption offer described in paragraph 20 of the Settlement Agreement, along with the cooperation provided and to be provided by Defendant Collins, constitutes a fair, reasonable, and adequate settlement with Defendant Collins.

23. The Settlement Agreement with Isadore H. May was executed on April 11, 2013. Since that time, Defendant May has honored his ongoing obligation to Plaintiffs and has begun to provide cooperation. Counsel anticipates that Defendant May will continue to provide such cooperation.

24. On April 15, 2013, Defendant May made a monetary payment of $60,000 pursuant to the Settlement Agreement with Isadore H. May. On July 3, 2013, Defendant May made a second payment of $60,000. The $120,000 paid by Mr. May has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest. Such funds are fully guaranteed by the FDIC.

25. Based on information received from Defendant May during settlement negotiations, Plaintiffs believe that the combined value of the $120,000 cash payment and the discount redemption offer described in paragraph 23 of the Settlement Agreement, and the cooperation provided and to be provided by Defendant May, constitutes a fair, reasonable, and adequate settlement with Defendant May. Attached as Exhibit H is a true and correct copy of the May "Notice of Class Action and Notice of Settlement Terms."

26. Attached as Exhibit I is a true and correct copy of the list of property owners whose properties are subject to a lien held by the Butler/Farber Defendants, Defendant May, or Defendant Pisciotta. Each property owner listed therein will receive a letter from either the Butler/Farber Defendants, Defendant May, or Defendant Pisciotta, as appropriate, substantially in the form attached as Exhibits F, G, or H.

**B.   Class Action Requirements**

27. Although the exact number of potential members of the settlement class ("Settlement Class") is currently unknown, Plaintiffs believe, based on the number of tax sale certificates ("TSC") auctions in New Jersey during the proposed class period, that there are several thousand potential members.

28. By proving their own claims, the Named Plaintiffs would necessarily help to prove the claims of their fellow putative Settlement Class members.

29. In addition, the Named Plaintiffs have no interests that are antagonistic to the Class.

30. Interim Class Counsel have performed a great deal of work investigating the facts underlying these cases and have otherwise prepared these cases for a putative class action.

6

31. Plaintiffs understand the general form of class notice to be used at the time notice is issued. The proposed notice will be written in plain English and will describe, among other things: (1) the nature of the claims in the case; (2) a description of the Settlement Class; (3) a description of the Settlements and the relief to be provided; (4) the consequences of opting out or remaining in the class; and (5) how to get more information from this Court about the Settlements, the parties involved, and the procedures to follow to object or opt out. The notice will include the deadline to object to or opt-out of the Settlements, and the date of the final Fairness Hearing. The mailed notice will state that class members can enter an appearance through counsel if desired. In addition, pursuant to Rule 23(h), the proposed class notice will set forth the maximum amount of attorneys' fees and costs and incentive awards that may be sought by the Named Plaintiffs and Settlement Class Counsel.

**C.  Notice and Allocation of Settlement Funds**

32. To avoid confusion to class members, to reduce costs, and to facilitate the full understanding of the relief afforded by this litigation, Plaintiffs and Settling Defendants have agreed to defer providing notice to the Settlement Class and to defer submitting a plan of allocation until a future date consistent with the terms of the Settlement Agreements.

33. Given the requirements of notice and a fair allocation of the settlement proceeds, notice of these five Settlement Agreements alone will be expensive, inefficient, and time-consuming, even when done in conjunction with notice of the Rothman Settlement Agreement. Deferral of notice, as contemplated in all the Settlement Agreements submitted to the Court thus far, will permit notice to be combined with the notice of additional settlements in this case. Plaintiffs' Interim Class Counsel expect additional settlements in the future. Combining notice and the distribution of the proceeds from these five Settlement Agreements, along with

Defendant Robert E. Rothman's previous Settlement Agreement, with those of as many other defendants as possible will allow the parties to avoid unnecessary costs and disseminating multiple notices and distributions.

**D.      Additional Exhibits**

34. Attached hereto as Exhibit J is a true and correct copy of *re Air Cargo Shipping Services Antitrust Litig.*, MDL. No. 1775, 06-md-1775 (E.D.N.Y. Jan. 5, 2012).

35. Attached hereto as Exhibit K is a true and correct copy of *In re Processed Egg Prod. Antitrust Litig.*, MDL No. 2002, 08-md-2002 (E.D. Pa. Oct. 23, 2009).

36. Attached hereto as Exhibit L is a true and correct copy of *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal. May 3, 2010).

37. Attached hereto as Exhibit M is a true and correct copy of *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y., Nov. 27, 2012).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 12, 2013, in Washington, District of Columbia.

Seth Gassman (admitted *pro hac vice*)
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
sgassman@hausfeldllp.com

8