# Exhibit B

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

IN RE NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST LITIG.

Master Docket No. 3:12-CV-01893-MAS-TJB

### SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND
### THE MERCER DEFENDANTS

This Settlement Agreement ("Agreement") is made and entered into this 23rd day of

April, 2013 (the "Execution Date"), by and between Burlington Assembly of God, Inc. d/b/a

Fountain of Life Center, Life Center Academy, Mercer S.M.E., Inc., Susan M. Esposito, and

David B. Boudwin (collectively, the "Mercer Defendants") and plaintiff class representatives, as

defined herein at Paragraph 10, both individually and on behalf of a class as described herein at

Paragraph 13 ("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and

consolidated in the District of New Jersey, on their own behalf and on behalf of the class against

Defendants including the Mercer Defendants ("Action");

WHEREAS, Plaintiffs allege that the Mercer Defendants participated in an unlawful

conspiracy to rig bids and allocate real property and water and/or sewer tax liens at tax sale

certificate auctions in the State of New Jersey in violation of New Jersey state law as well as

Section 1 of the Sherman Act;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law

regarding the Action and have concluded that a settlement with the Mercer Defendants according

to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best

interests of the Plaintiffs and the Settlement Class;

WHEREAS, the Mercer Defendants, despite their belief that they have good defenses to the claims alleged in the Action, desire to settle the Action, and thus avoid the risk, exposure, inconvenience, and distraction of continued litigation of the Action, or any action or proceeding relating to the matters being fully settled in this Agreement;

WHEREAS, the Mercer Defendants agree to fully cooperate with Class Counsel by providing information related to violations of the Sherman Act or other violations that have or may have been committed by the Defendants to this Action, or other parties not named as Defendants, with regard to the auction of tax sale certificates in the State of New Jersey;

WHEREAS, over a period of time, the Plaintiffs, the Mercer Defendants, and their respective counsel engaged in extensive, good faith, and arm's-length settlement negotiations and meetings relating to the claims and the Action, with this Agreement being the product and result of those arm's-length negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Mercer Defendants only, without costs as to Plaintiffs or the Settlement Class, subject to the approval of the Court, on the following terms and conditions:

**A. Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.      "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 3:12-CV-1893-MAS-TJB.

2.      "The "Mercer Defendants" shall refer to Burlington Assembly of God, Inc. d/b/a Fountain of Life Center, Life Center Academy, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin, individually, as well as affiliated entities who were involved in the purchase of tax sale certificates in the State of New Jersey during the Class Period.

3.      "Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

4.      "The Mercer Defendants' Counsel" shall refer to Baker & McKenzie LLP and Jerome A. Ballarotto, Esq.

5.      "Counsel" means both Class Counsel and the Mercer Defendants' Counsel, as defined in Paragraphs 3 and 4 above.

6.      "Class Period" means the period from and including January 1, 1998 through February, 2009.

7.      "Defendant(s)" refers to the persons or entities who are named as defendants in the Plaintiffs' Consolidated Master Class Action Complaint filed on December 21, 2012.

8.      "Execution Date" means the date set forth below, immediately above the signature lines to the agreement.

9.      "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

10.      "Plaintiffs" means the plaintiffs listed in the operative complaint at the time preliminary approval for this Agreement is sought.

11.      "Releasees" shall refer, jointly and severally, and individually and collectively to the Mercer Defendants, any affiliated companies, their parents and subsidiaries, and their past and present officers, directors, employees, agents, insurers, attorneys, shareholders, partners,

associates, members, volunteers, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

12.    "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors, parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

13.    "Settlement Class" means all persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.  The Settlement Class does not include government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

14.    "Settlement Class Member" means each member of the class, as defined in Paragraph 13 of this Agreement, who does not timely elect to be excluded from the Settlement Class.

15.    "Non-Settling Defendants" refers to the Defendants other than the Mercer Defendants.

16.    "Settling Parties" shall mean, collectively, the Mercer Defendants and the Plaintiffs, individually, and on behalf of the Settlement Class.

17.    "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser at a public auction in New Jersey which represents the right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees.

**B. Settlement Class Certification**

18.    Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to certification of the following Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

The Settlement Class does not include government entities, or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.  At the appropriate time, the Parties agree to cooperate in good faith in seeking the Court's approval to certify the aforementioned Settlement Class for purposes of effectuating this Settlement.

**C.    Subsequent Modification of Class Definition or Class Period**

19.    The Parties agree that modification of the definition of the Settlement Class may be necessary prior to moving for preliminary and/or final approval of this Agreement, and agree to work in good faith to make any such modification.  Any such modification shall be made in writing; provided, however, that in the event that Plaintiffs either enter into a settlement

agreement with a Non-Settling Defendant, or obtain certification of a litigation class, and the definition of the class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 13 (including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify the class definition and Class Period of this Agreement to conform to any and all subsequent expansion of the class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both, in the event that there are more than one subsequent modification to the class definition or Class Period.  In no event shall the Mercer Defendants be responsible for any additional notice costs or expenses.

**D.     Settlement Consideration**

      **a. Monetary Consideration**

20.     In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 41-43 below and dismissal of the Action as against the Mercer Defendants upon Final Approval, the Mercer Defendants agree as follows:

21.     Within 15 days of the Execution Date, the Mercer Defendants shall pay the sum of **$250,000** (the "Settlement Proceeds") into an escrow account to be managed by an escrow agent selected mutually by Class Counsel and the Mercer Defendants' counsel (the "Escrow Agent"), and to be disbursed in accordance with the direction of the Court.

22.     Since the Mercer Defendants are currently in possession of Tax Sale Certificates which were acquired during the Class Period:

    (a)     For any Tax Sales Certificates still held by the Mercer Defendants not already in foreclosure proceedings, the Mercer Defendants agree:

        (1)     After final approval of this settlement agreement is granted, the Mercer

Defendants agree not to initiate foreclosure proceedings for a period of 90 days; and

(2)     To send by first class mail within 30 days after final approval of this settlement agreement, written notice, in language mutually acceptable to the Settling Parties, to the property owner of record as stated on the said TSCs, offering to redeem any such TSCs held by the Mercer Defendants to the respective property owner(s) of those respective properties in exchange for a one-time payment.  The one-time payment will equal the redemption amount less a one-time discount equal to 15% of the redemption amount (excluding statutory attorneys' fees) redeemed through the municipality.  Property owners can accept this discounted redemption offer only by making the requested payment to the municipal tax office within 45 days of the date of the written notice.

(3)     The Mercer Defendants agree that any member of the Settlement Class, by exercising their option pursuant to this paragraph 22, shall not be required to release any claims against the Mercer Defendants and that such member of the Settlement Class will only be asked to release their claims against the Mercer Defendants arising from the purchase of Tax Sale Certificates in New Jersey at the time such class member elects to participate in the cash portion of this settlement.

(b)     For any TSCs held by the Mercer Defendants to which foreclosure proceedings have been initiated as of the date of final approval of this settlement agreement, the Mercer Defendants shall:

(1)     Send by first class mail within 30 days after final approval of this

settlement agreement, written notice, in language mutually acceptable to

the Settling Parties, to the defendants in such foreclosure actions, which

will offer to redeem any TSCs held by the Mercer Defendants to the

respective property owner(s) of those respective properties in exchange for

a one-time cash payment equal to 85% of the redemption amount of the

respective TSC plus statutory attorneys' fees if this opportunity is

exercised by the property owner by the making of such payment to the

municipality within 45 days of the date of such written notice; and

(2)     After final approval of this settlement agreement, the Mercer Defendants

agree to take no eviction action for a period of 60 days.

(3)     The Mercer Defendants agree that any member of the Settlement Class, by

exercising their option pursuant to this paragraph 22, shall not be required

to release any claims against the Mercer Defendants and that such member

of the Settlement Class will only be asked to release their claims against

the Mercer Defendants arising from the purchase of Tax Sale Certificates

in New Jersey at the time such class member elects to participate in the

cash portion of this settlement.

**b.  Cooperation Agreement**

23.     Following the Execution Date of this Agreement, and continuing through the

conclusion of this Action, the Mercer Defendants will provide Plaintiffs with such cooperation as

may be requested in good faith by Class Counsel, for the prosecution of the Action.  Such

cooperation shall include, but shall not be limited to: making documents related to the claims

asserted in this Action available for review and making witnesses with knowledge related to the

claims asserted in this Action available for informal interviews and, as necessary, consultation with Class Counsel as they might reasonably request. In addition, the Mercer Defendants shall continue to cooperate with Class Counsel, including, but not limited to, producing documents related to the claims asserted in this Action and by making witnesses available at an appropriate time to testify at depositions and at trial, subject to the limitations agreed upon below. The Mercer Defendants agree to provide discovery to Plaintiffs in the pending Action as if the Mercer Defendants were parties subject to all rules for discovery.

24.    Further:

(a)    With respect to witnesses, if requested in good faith by Class Counsel, the Mercer Defendants agree to use their best efforts to produce, at a location to be chosen by the Mercer Defendants, Susan M. Esposito and David B. Boudwin, as well as individuals who are current or former directors, officers, employees or agents (i.e. *per diem* bidders) of any entities controlled by the Mercer Defendants for deposition at the time discovery in this Action commences, subject to the limitations imposed by the Federal Rules of Civil Procedure or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and make those persons available for trial testimony, if requested in good faith by Class Counsel. Should it be reasonably necessary, and if requested in good faith by Class Counsel, the Mercer Defendants shall also make witnesses, including corporate designees, available to testify at deposition and trial, for the prosecution of the pending Action, which testimony may pertain to knowledge of and/or participation by the Mercer Defendants, including, but not limited to, their officers, directors and employees, regarding present and future claims asserted in the pending Action or any other actions related to Tax Sale

Certificate auctions in the State of New Jersey, except for the Excepted Claims (defined in

Paragraph 43) to which this Agreement applies.

        (b)      With regard to documents and electronic data, if requested in good faith

by Class Counsel, the Mercer Defendants will produce, at a location of their choosing, pursuant

to and subject to the limitations imposed by Rule 30(b)(6) and the other Federal Rules of Civil

Procedure as well as any additional limitation imposed by order or stipulation in this Action

governing the authentication of documents or corporate representative testimony related to any

Non-Settling Defendant, a corporate representative sufficiently qualified to authenticate and

make admissible under the applicable rules of evidence, as well as under the rules of any state,

all the Mercer Defendants' documents and electronic data as may in good faith be requested by

Class Counsel in the pending Action related to Tax Sale Certificate auctions in the State of New

Jersey, except for the Excepted Claims.

      25.     Plaintiffs and Class Counsel agree not to assert that the Mercer Defendants

waived attorney-client privilege, work product immunity or any other privilege or protection

with respect to information or documents provided or identified to Class Counsel pursuant to this

Agreement.  Nor should anything in this Agreement be construed as a waiver of any such

privilege, immunity or protection.

      26.     The Mercer Defendants shall not be required to provide the cooperation provided

for in Paragraphs 23 to 24 of this Agreement if the United States Department of Justice objects to

the Mercer Defendants' provision of such cooperation to Plaintiffs or Class Counsel.  However,

if Plaintiffs and/or Class Counsel challenge the United States Department of Justice's objection

to the Mercer Defendants' provision of cooperation under this Agreement, and the Court

overseeing this Action overrules the objection of the Department of Justice, the Mercer

Defendants shall be required to provide all cooperation required by this Agreement.  If the U.S. Department of Justice objects to the Mercer Defendants' provision of cooperation to Plaintiffs or Class Counsel pursuant to this agreement, the Mercer Defendants will be required to produce their attorney to provide oral proffers as to any facts relevant to the claims asserted in the Action. Further, the Mercer Defendants' Counsel shall be reasonably available to Class Counsel to answer questions that Class Counsel may have.

   27. The release of claims provided for in this Agreement at Paragraphs 41-43 and the covenant not to sue provided for under Paragraph 41 of this Agreement, shall not apply to any person, including Susan M. Esposito and David B. Boudwin, who affirmatively refuses to comply with a reasonable request by Class Counsel, properly made under the terms of this Agreement, that the person be interviewed, provide a declaration of affidavit, or appear to testify at a deposition or trial.  A person's invocation of his or her right against self-incrimination to resist providing information concerning anticompetitive behavior with respect to the auction of Tax Sale Certificates in the State of New Jersey shall be deemed a refusal to cooperate pursuant to this Paragraph and a material breach of this agreement.

**E.**  **Administrative Costs and Taxes**

   28. All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the Settlement Proceeds.  The Mercer Defendants shall have no further financial responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs beyond payment of the Settlement Proceeds.

29.     Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement.  The Mercer Defendants make no representations about the tax ramifications, if any, of any payments made to Settlement Class Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

30.     Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees and expenses from the Settlement Proceeds.  Such expenses include past, current and future litigation expenses.  Other than the payment of the Settlement Proceeds and expenses associated with the provision of cooperation under paragraphs 23-24 of this Agreement, the Mercer Defendants shall have no obligation to pay any amount of Settlement Class Counsel's attorneys' fees or the costs or expenses of litigation for the Settlement Class.

**F. Approval of this Agreement and Dismissal of Claims**

31.     Plaintiffs and the Mercer Defendants shall use their best efforts to effectuate this Agreement, including, at the appropriate time, seeking preliminary Court approval of the Settlement and securing both the Court's certification of the Settlement Class and the Court's approval of procedures to secure the prompt, complete, and final dismissal with prejudice of the Action as to the Mercer Defendants.

32.     The Settling Parties further agree to jointly seek to defer class notice at the time of the Motion for Preliminary Approval until the earlier of such time as Class Counsel have secured proceeds from settlements with other Defendants in this Action that collectively total, when aggregated with the Settlement Proceeds provided for herein, at least $1,000,000 (excluding any

monies required to pay for notice costs) or two years following entry of the Preliminary

Approval Order.

33.     Although the Parties may not seek preliminary approval of the settlement

provided for in this agreement immediately following the Execution Date, within 7 days of the

Execution Date, the Parties will jointly notify the Court that they have entered into a settlement,

and provide the Court with a copy of this Agreement.

34.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against the

Mercer Defendants and shall not require that they answer or respond to any pleading and shall

hold the litigation in abeyance against the Mercer Defendants.  During the period of time

between the Execution Date and the date an order of dismissal is entered as provided for in

Paragraph 39 below, any statutes of limitations concerning the claims of the Plaintiffs and

Settlement Class Members against the Mercer Defendants shall be tolled.

35.     Subject to Paragraphs 31 and 32 above, at the appropriate time, Plaintiffs shall

submit to the Court a motion for: (a)  certification of the Settlement Class; (b) appointment of

Plaintiffs as Settlement Class Representatives and Class Counsel and Liaison Counsel as

Settlement Class Counsel and Settlement Liaison Counsel respectively; and (c) preliminary

approval of the settlement, and authorization to disseminate notice of class certification at such

time set forth in Paragraph 31-32, and the final judgment contemplated by this Agreement to all

potential Settlement Class Members.

36.     When Plaintiffs are prepared to issue Notice as contemplated by Paragraphs 31-32

above, the Settling Parties shall approve the form of notice to be provided to the Settlement Class

and submit it to the Court and request that the Court: (i) preliminarily approve the Settlement

reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and

appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (iii) approve the form of notice to be provided to the Settlement Class in the form mutually agreed to by the Settling Parties and submitted in connection with the motion for preliminary approval, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 47 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to the Mercer Defendants except those related to the effectuation of the Settlement; and (viii) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after entry of a Preliminary Approval Order and the mailing of Class Notice).

37.     Plaintiffs shall use their best efforts to combine dissemination of notice of the proposed Settlement Class and the Agreement with notice of other settlement agreements.  The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court.  Within 30 business days after the Execution Date, the Mercer Defendants shall supply to Class Counsel at the Mercer Defendants' expense and in such form as kept in the regular course of business (electronic format if available) such names and addresses of potential Settlement Class Members as they have.

38.     Within 20 business days after the end of the opt-out period established by the Court and set forth in the notice, Plaintiffs shall provide the Mercer Defendants, through their counsel, a written list of all potential Settlement Class Members who have exercised their right to request exclusion from the class.  In the event that more than the percentage of the Settlement Class indicated in the confidential **Settlement Opt Out Percentage Letter** (which would be submitted to the Court *in camera*) of the same date as this Agreement and executed for counsel for the parties to this Agreement elects to opt out of the Class Settlement, the Mercer Defendants shall have the right to elect, in their sole and absolute discretion, whether to proceed with the settlement contemplated by this Agreement.  If the Mercer Defendants elect not to proceed with the settlement pursuant to this provision, then this Agreement will be of no further force and effect and whatever Settlement Proceeds remain after payment of settlement administration costs incurred up through the date of such election shall be returned immediately to the Mercer Defendants.  In the event that a dispute should arise between the parties regarding the calculation of the opt-out percentage, that dispute will be promptly submitted to the Court for resolution in accordance with such procedures as the Court may recommend or adopt.  If the Mercer

Defendants elect not to proceed with the Agreement, Plaintiffs may continue to use the

information provided by the Mercer Defendants pursuant to Paragraphs 23-24 of this Agreement.

    39.    If the Court approves this Agreement, Plaintiffs and the Mercer Defendants shall

jointly seek entry of an order and final judgment, the text of which Plaintiffs and the Mercer

Defendants shall agree upon:

        (a)    As to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

        (b)    Directing that, as to the Mercer Defendants, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

        (c)    Reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

        (d)    Determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to the Mercer Defendants shall be entered; and

        (e)    Requiring Class Counsel to file with the Clerk of the Court a record of potential Settlement Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for the Mercer Defendants.

    40.    This Agreement shall become final only when (a) the Court has entered an order

approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final

judgment dismissing the Action against the Mercer Defendants on the merits with prejudice as to

all Settlement Class Members and without costs has been entered, and (b) the time for appeal or

to seek permission to appeal from the Court's approval of this Agreement and entry of a final

judgment as described in clause (a) above has expired or, if appealed, approval of this

Agreement and the final judgment have been affirmed in their entirety by the Court of last resort

to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  On the Execution Date, Plaintiffs and the Mercer Defendants shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraphs 45-46 of this Agreement.

### G. Release and Discharge

41.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, damages, penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct concerning any agreement or understanding among Defendants to rig bids or allocate tax liens in connection with the public auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), which arise from or are predicated on the facts and/or actions described in the Complaints under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the

Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time through the end of the Class Period (the "Released Claims").  It is expressly understood and agreed that this Release and settlement is intended to cover and does cover not only all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences thereof, but any further injuries, losses and damages which arise from, or are related to, the claims set forth in the Complaints.  The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.

42.     In addition to the provisions of Paragraph 41, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 41.  Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

43.     The release and discharge set forth in Paragraphs 41 and 42 herein do not include: (a) claims relating to payment disputes against the Mercer Defendants unrelated to the Released Claims; and (b) claims of Settlement Class Members outside of the Class Period against the Mercer Defendants ("Excepted Claims").

44.     Without limiting the rights of any other settling defendant in the Action, Releasees specifically retain the right to seek indemnity and/or contribution from any person, firm, corporation or entity (other than the Releasors), in connection with the claims asserted against them in the Action.

### H. Rescission if the Agreement is Not Approved

45.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 39-40 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then the Mercer Defendants and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

46.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 39-40 of this Agreement, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of the Mercer Defendants, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.  If the agreement is rescinded, Plaintiffs may continue to use the information provided by the Mercer Defendants pursuant to Paragraphs 23-24 of this Agreement.

### I. Notice of Settlement to Class Members

47.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names and addresses of those potential members of the Settlement Class.  Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

## J. Miscellaneous

48.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees.  All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members.  The purchase of Tax Sale Certificates in the State of New Jersey by the Mercer Defendants with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

49.     The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation.  This Agreement shall not constitute or be construed or considered as an admission by the Mercer Defendants for any purpose or as evidence of liability.

50.     The United States District Court for the District of New Jersey, Trenton Division shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Mercer Defendants.  Plaintiffs and the Mercer Defendants submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  This Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

51.     This Agreement and the Settlement Opt Out Percentage Letter constitutes the entire agreement among Plaintiffs (and the other Releasors) and the Mercer Defendants (and the other Releasees) pertaining to the settlement of the Action against the Mercer Defendants only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and the Mercer Defendants in connection therewith.  This Agreement may be modified or amended only by a writing executed by Plaintiffs and the Mercer Defendants, and approved by the Court.

52.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Settlement Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

53.     This Agreement may be executed in counterparts by Plaintiffs and the Mercer Defendants, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

54.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

55.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by the Mercer Defendants.

56.     Neither the Mercer Defendants nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

57.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, the Mercer Defendants, and Releasees any right or remedy under or by reason of this Agreement.

58.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

**For the Class:**                                   **For The Mercer Defendants:**

For the Class:

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Jason A. Zweig
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

For The Mercer Defendants:

Douglas M. Tween
**BAKER & MCKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4355
Fax: (212) 310-1655
Email: douglas.tween@bakermckenzie.com

Jerome A. Ballarotto, Esq.
143 White Horse Avenue
Trenton, NJ 08610
Tel: (609) 581-8555
Fax: (609) 581-9509
Email: jabesquire@aol.com

59.     Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: April 23, 2013

**HAUSFELD LLP**

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**BAKER & MCKENZIE LLP**

Douglas M. Tween
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4355
Fax: (212) 310-1655
Email: douglas.tween@bakermckenzie.com

Jerome A. Ballarotto, Esq.
143 White Horse Avenue
Trenton, NJ 08610
Tel: (609) 581-8555
Fax: (609) 581-9509
Email: jabesquire@aol.com
*Attorneys for the The Mercer Defendants*

010311-11 587175 V1

- 24 -