Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST LITIG.

Master Docket No. 3:12-CV-01893-MAS-TJB

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS
## AND DEFENDANT RICHARD J. PISCIOTTA, JR.

This Settlement Agreement ("Agreement") is made and entered into this 8th day of March

2013 (the "Execution Date"), by and between defendant Richard J. Pisciotta, Jr. ("Pisciotta") and

plaintiff class representatives, as defined herein at Paragraph 8, both individually and on behalf of

a Settlement Class as described herein at Paragraph 11 ("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and

consolidated in the District of New Jersey, on their own behalf and on behalf of the class against

Defendants including Pisciotta ("Action");

WHEREAS, Plaintiffs allege that Pisciotta participated in an unlawful conspiracy to rig

bids and allocate real property and water and/or sewer tax liens at tax sale certificate auctions in

the State of New Jersey in violation of New Jersey state law as well as Section 1 of the Sherman

Act;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding

the Action and have concluded that a settlement with Pisciotta according to the terms set forth

below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs

and the Settlement Class;

WHEREAS, Pisciotta, despite his belief that he has good defenses to the claims alleged in

the Action, desires to settle the Action, and thus avoid the risk, exposure, inconvenience, and

distraction of continued litigation of the Action;

WHEREAS, Pisciotta represents that he anticipates that he will be asked to offer restitution as part of his agreement to plead guilty in *United States v. Richard J. Pisciotta, Jr.*, No. 2:11-cr-561-1 (DMC) (D.N.J.), in connection with his participation in the bid-rigging conspiracy alleged in the Action "from at least as early as the beginning of 2003 until approximately February 2009";

WHEREAS, Pisciotta, subject to the approval of the United States Department of Justice, agrees to fully cooperate with Class Counsel by providing information related to violations of the Sherman Act or other violations that have or may have been committed by the Defendants to this Action, or other parties not named as Defendants, with regard to the auction of tax sale certificates in the State of New Jersey;

WHEREAS, Plaintiffs, Pisciotta, and their respective counsel engaged in extensive, good faith, and arm's-length settlement negotiations and meetings relating to the claims and the Action, with this Agreement being the product and result of those arm's-length negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Pisciotta and the Releasees described herein at Paragraph 9 only, without costs as to Plaintiffs or the Settlement Class, subject to the approval of the Court, on the following terms and conditions:

**A.     Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.      "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 3:12-CV-1893-MAS-TJB.

2.      "Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

3.      "Pisciotta's Counsel" shall refer to the law firm of Szaferman, Lakind, Blumstein & Blader, PC.

4.      "Counsel" means both Class Counsel and Pisciotta's Counsel, as defined in Paragraphs 2 and 3 above.

5.      "Class Period" means the period from and including January 1, 1998 through February, 2009.

6.      "Defendant(s)" refers to the persons or entities who are named as defendants in the Plaintiffs' Consolidated Master Class Action Complaint filed on December 21, 2012.

7.      "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

8.      "Plaintiffs" means the plaintiffs listed in the operative complaint at the time preliminary approval for this Agreement is sought.

9.      "Releasees" shall refer, jointly and severally, and individually and collectively to Pisciotta, his immediate family, and employees, agents, insurers, attorneys, shareholders, partners and representatives, and Pointe View Properties, LLC, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  Releasees however, shall not include the Non-Settling Defendants.

10.     "Releasors" shall refer jointly and severally and individually to Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors, parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

11.     "Settlement Class" means all persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased

by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%. The Settlement Class does not include government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate judge involved in this matter, as well as members of their immediate families.

      12.    "Settlement Class Member" means each member of the Settlement Class, as defined in Paragraph 11 of this Agreement, who does not timely elect to be excluded from the Settlement Class.

      13.    "Non-Settling Defendants" refers to Defendants other than Pisciotta.

      14.    "Settling Parties" shall mean, collectively, Pisciotta and Plaintiffs, individually, and on behalf of the Settlement Class.

      15.    "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser at a public auction in New Jersey which represents the right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees.

**B.    Settlement Class Certification**

      16.    Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to certification of the following Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

The Settlement Class does not include government entities, or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate judge involved in this matter, as well as members of their immediate families

**C.    Subsequent Modification of Class Definition or Class Period**

17.    The Parties agree that modification of the definition of the Settlement Class may be necessary prior to moving for preliminary or final approval of this Agreement, and agree to work in good faith to make any such modification.  Any such modification shall be made in writing; provided, however, that in the event that Plaintiffs either enter into a settlement agreement with a Non-Settling Defendant, or obtain certification of a litigation class, and the definition of the class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 11 (including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify the class definition and Class Period of this Agreement to conform to any and all subsequent expansions of the class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both, in the event that there is more than one subsequent modification to the class definition or Class Period.  In no event shall Pisciotta be responsible for any additional notice costs or expenses.

**D.    Settlement Consideration**

**a.    Monetary Consideration**

18.     In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 39-41 below and dismissal of the Action with prejudice as against Pisciotta upon final approval, Pisciotta agrees as follows:

19.     Pisciotta shall pay the sum of **$100,000** (the "Settlement Proceeds") into an escrow account to be managed by an escrow agent selected mutually by Class Counsel and counsel for Pisciotta (the "Escrow Agent"), and to be disbursed in accordance with the direction of the Court and after this Agreement becomes final.

20.     In the event that Pisciotta is currently in possession of any Tax Sale Certificates which were acquired during the Class Period:

(a)     For any Tax Sales Certificates acquired during the Class Period on properties owned by members of the Settlement Class still held by Pisciotta not already in foreclosure proceedings, Pisciotta agrees:

(1)     not to initiate foreclosure proceedings until 90 days after preliminary approval, and

(2)     to send written notice, in a form mutually acceptable to the settling parties, to the subjects of said TSCs that were acquired during the Class Period within 30 days after preliminary approval of this settlement agreement offering to redeem any such TSCs held by Pisciotta to the respective property owner(s) of those respective properties in exchange for a one-time payment. The one-time payment will equal the redemption amount less a one-time discount equal to 12% of the redemption amount redeemed through the municipality as required by law. Property owners can accept this discounted redemption offer only by making the requested payment within 40 days of the date of the written notice.  If payment is not made within 40 days of the date of written notice, then such offer will expire and Pisciotta will not be required to honor such offer.

(3)      Pisciotta agrees that any member of the Settlement Class, by exercising their option pursuant to this paragraph 20, shall be permitted to make a claim on any fund produced as a result of the settlement or trial of this action, and shall not be required to release any settlement claims against Pisciotta or any Defendant as a result of any alleged wrongdoing in the Action as a result of exercising their option pursuant to this paragraph 20.  In all events, Pisciotta shall have no further obligation to pay money to any member of the Settlement Class except as provided for elsewhere in this Agreement.

(b)      For any Tax Sales Certificates in the Settlement Class that were acquired during the Class Period on properties owned by members of the Settlement Class held by Pisciotta for which foreclosure proceedings have been initiated as of the date of this Agreement or which TSCs relate to a property the owner of which is under the protection of a bankruptcy court, as identified in the Foreclosure/Bankruptcy Proceeding List attached hereto, Pisciotta through counsel shall (with regard to any property owner who has not opted out of the class):

(1)      send written notice to the defendants in such foreclosure proceedings and debtors or trustees in such bankruptcy proceedings within 30 days of the Execution Date in a form mutually acceptable to the Settling Parties, which will offer, but not demand, to assign any TSCs held by Pisciotta to the respective property owner(s) of those respective properties in exchange for a one-time cash payment equal to 88% of the redemption amount of the respective TSC if this opportunity of assignment is exercised by the property owners by the making of such payment within 40 days of the date of such written notice; and

703752-1                                                   7

(2)     take no action to collect on any final judgment in any matter on the

Foreclosure/Bankruptcy Proceeding List for a period of 60 days after entry

of such final judgment.

(3)     Pisciotta agrees that any member of the Settlement Class, by exercising their

option pursuant to this paragraph 20, shall be permitted to make a claim on

any fund produced as a result of the settlement or trial of this action, and

shall not be required to release any settlement claims against Pisciotta or any

Defendant as a result of any alleged wrongdoing in the Action as a result of

exercising their option pursuant to this paragraph 20.  In all events, Pisciotta

shall have no further obligation to pay money to any member of the

Settlement Class except as provided for elsewhere in this Agreement..

**b.     Cooperation Agreement**

21.     Following the Execution Date of this Agreement, and continuing through the

conclusion of this Action, Pisciotta will provide Plaintiffs with such cooperation as may be

requested after a good-faith discussion between Counsel.  Such cooperation shall include, but shall

not be limited to: making documents related to the claims asserted in this Action available for

review and inspection, and making witnesses with knowledge related to the claims asserted in this

Action, including Richard J. Pisciotta, Jr., available for interviews and, as necessary, consultation

with Class Counsel as they might reasonably request.  In addition, Pisciotta shall continue to

cooperate with Class Counsel, including, but not limited to, producing documents related to the

claims asserted in this Action and by making witnesses available (including Pisciotta) at an

appropriate time to testify at depositions and at trial, subject to the limitations agreed upon below.

Pisciotta agrees to provide discovery to Plaintiffs in the pending Action as if Pisciotta were a party

subject to all rules for discovery.

22.    Further:

(a)    With respect to witnesses, if requested in good faith by Class Counsel, Pisciotta agrees to produce himself, and to use his best efforts to produce individuals, at a location to be chosen by Pisciotta, who are current or former directors, officers, employees or agents (i.e., per diem bidders) of Pisciotta, for deposition at the time discovery in this Action commences, subject to the limitations imposed by the Federal Rules of Civil Procedure or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and use his best efforts to make those persons available for trial testimony, if requested in good faith by Class Counsel.  Should it be reasonably necessary, and if requested in good faith by Class Counsel, Pisciotta shall also make witnesses, including corporate designees, available to testify at deposition and trial, for the prosecution of the pending Action, which testimony may pertain to knowledge of and/or participation by Pisciotta, including, but not limited to, their officers, directors and employees, regarding present and future claims asserted in the pending Action or any other actions related to Tax Sale Certificate auctions in the State of New Jersey, except for the Excepted Claims (defined in Paragraph 40) to which this Agreement applies.

(b)    With regard to documents and electronic data, if requested in good faith by Class Counsel, Pisciotta will produce, at a location of his choosing, pursuant to and subject to the limitations imposed by Rule 30(b)(6) and the other Federal Rules of Civil Procedure as well as any additional limitation imposed by order or stipulation in this Action governing the authentication of documents or corporate representative testimony related to any Non-Settling Defendant, a representative sufficiently qualified to authenticate and make admissible under the applicable rules of evidence, as well as under the rules of any state, all Pisciotta's documents and electronic data as may in good faith be requested by Class Counsel in the pending Action related to Tax Sale Certificate auctions in the State of New Jersey, except for the Excepted Claims.

23.     Plaintiffs and Class Counsel agree not to assert that Pisciotta waived his attorney-client privilege, work product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel pursuant to this Agreement.  Nor should anything in this Agreement be construed as a waiver of any such privilege, immunity or protection.

24.     Pisciotta shall not be required to provide the cooperation provided for in Paragraphs 21-22 of this Agreement if the United States Department of Justice objects to Pisciotta's provision of such cooperation to Plaintiffs or Class Counsel or if the settlement is not approved.  However, if Plaintiffs and/or Class Counsel challenge the United States Department of Justice's objection to Pisciotta's provision of cooperation under this Agreement, and the Court overseeing this Action overrules the objection of the Department of Justice, Pisciotta shall be required to provide all cooperation required by this Agreement.  If the U.S. Department of Justice objects to Pisciotta's provision of cooperation to Plaintiffs or Class Counsel pursuant to this agreement, Pisciotta will be required to produce his attorney to provide oral proffers as to any facts relevant to the claims asserted in the Action.   Further, Pisciotta's Counsel shall be reasonably available to Class Counsel to answer questions that Class Counsel may have.

25.     The release of claims provided for in this Agreement at Paragraphs 39-41, shall not apply to any person, including Pisciotta, who affirmatively refuses to comply with a reasonable request by Class Counsel, properly made under the terms of this Agreement, that the person be interviewed, provide a declaration of affidavit, or appear to testify at a deposition or trial.  A person's invocation of his or her right against self-incrimination to resist providing information concerning anticompetitive behavior with respect to the auction of Tax Sale Certificates in the State of New Jersey shall be deemed a refusal to cooperate pursuant to this paragraph and a material breach of this agreement.  However, with regard to the provision of testimony pursuant to

Pisciotta's cooperation obligations under Paragraphs 21-22 of this Agreement, these Paragraphs 22(a) and 25 shall not apply to Pisciotta prior to his criminal sentencing. Following his criminal sentencing, this paragraph shall apply.

**E.    Administrative Costs and Taxes**

26.    All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the Settlement Proceeds. Other than payment of the Settlement Proceeds and his cooperation obligations pursuant to paragraphs 21-22 of this Agreement, Pisciotta shall have no further financial responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those damages, or any other, fees or costs.

27.    Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees (after approval of the settlement), and expenses from the Settlement Proceeds. Such expenses include past, current and future litigation expenses. Other than the payment of the Settlement Proceeds and any costs associated with his cooperation obligations pursuant to paragraphs 21-22 of this Agreement, Pisciotta shall have no obligation to pay any amount of Settlement Class Counsel's attorneys' fees or the costs or expenses of litigation for the Settlement Class.

28.    Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement. Pisciotta makes no representations about the tax ramifications, if any, of any payments made to Settlement Class Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

**F.      Approval of this Agreement and Dismissal of Claims**

29.      Plaintiffs and Pisciotta shall use their best efforts to effectuate this Agreement,

including, at the appropriate time, seeking Court approval of the Settlement and securing both the

Court's certification of the Settlement Class and the Court's approval of procedures (including the

giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt,

complete, and final dismissal with prejudice of the Action as to Pisciotta.

30.      Plaintiffs and Pisciotta mutually acknowledge that the Settlement Proceeds will not

be sufficient to cover the administrative costs associated with claims administration and the

dissemination of notice to potential Settlement Class Members.  Consequently, the Settling Parties

agree that they shall not seek preliminary approval of the Settlement until Class Counsel have

secured proceeds from settlements with other Defendants in this Action that collectively total,

when aggregated with the Settlement Proceeds provided for herein, at least $1,000,000 (excluding

any monies required to pay for notice costs).  Pisciotta also agrees and understands that Plaintiffs

may seek preliminary approval of this Agreement, but seek to delay notice.  Notwithstanding the

foregoing, the Settling Parties shall request that the Court enter a Preliminary Approval Order,

including the authorization of dissemination of notice to potential members of the Settlement

Class, within 24 months after the Execution Date of this Agreement, irrespective of the aggregated

value of the proceeds of any other such settlements at that time, or at any other time agreed upon

by the Parties.

31.      Although the Parties may not seek preliminary approval of the settlement provided

for in this agreement immediately following the Execution Date, within 7 days of the Execution

Date, the Parties will jointly notify the Court that they have entered into a settlement, and provide

the Court with a copy of this Agreement.

32.     From and after the Execution Date, Plaintiffs shall not pursue the Action against Pisciotta and shall not require that he answer or respond to any pleading and shall hold the litigation in abeyance against Pisciotta.  During the period of time between the Execution Date and the date an order of dismissal is entered as provided for in Paragraphs 37-38 below, any statutes of limitations concerning the claims of Plaintiffs and Settlement Class Members against Pisciotta shall be tolled.  In the event that the settlement is not approved, Pisciotta shall have 45 days from the receipt of notice that the settlement has not been approved to file an answer or move with regard to the Complaint.

33.     Subject to Paragraph 30 above, at the appropriate time, and no later than the time Plaintiffs move with respect to any other settling defendant, Plaintiffs shall submit to the Court a motion:  (a) for certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (c) for preliminary approval of the settlement, and, if appropriate, authorization to disseminate notice of class certification, the settlement, and the final judgment contemplated by this Agreement to all potential Settlement Class Members that can be reasonably identified.

34.     In connection with the motion contemplated by Paragraph 33 above, the Plaintiffs shall submit a proposed preliminary approval order which the Settling Parties shall request be entered by the Court and which shall include provisions that: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (iii) approve the form of notice to be provided to the Settlement Class in substantially the form mutually agreed to by the Settling Parties and submitted in connection with the motion for

preliminary approval, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 45 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims as defined in Paragraph 39 of this Agreement; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to Pisciotta except those related to the effectuation of the Settlement; and (viii) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after entry of a Preliminary Approval Order and the mailing of Class Notice).

     35.     Plaintiffs shall use their best efforts to combine dissemination of notice of the proposed Settlement Class and the Agreement with notice of other settlement agreements.  The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court.  Within 30 business days after the Execution Date, Pisciotta shall supply to Class Counsel at Pisciotta's expense and in such form as kept in the

regular course of business (electronic format if available) such names and addresses of potential Settlement Class Members as he has.

36.     Within 20 business days after the end of the opt-out period established by the Court and set forth in the notice, Plaintiffs shall provide Pisciotta, through Counsel, a written list of all potential Settlement Class Members who have exercised their right to request exclusion from the class.  In the event that terms are met as indicated in the confidential **Settlement Opt Out Percentage Letter** (which, if requested, can be submitted to the Court *in camera*) of the same date as this Agreement and executed by counsel for the parties to this Agreement elects to opt out of the Class Settlement, Pisciotta shall have the right to elect, in his sole and absolute discretion, whether to proceed with the settlement contemplated by this Agreement.  If Pisciotta elects not to proceed with the settlement pursuant to this provision, then this Agreement will be of no further force or effect and whatever Settlement Proceeds remain after payment of settlement administration costs incurred up through the date of such election shall be returned immediately to Pisciotta.  In the event that a dispute should arise between the parties regarding calculation of the opt-out percentage, that dispute will be promptly submitted to the Court for resolution in accordance with such procedures as the Court may recommend or adopt.  If Pisciotta elects not to proceed with the Agreement, Plaintiffs may continue to use the information provided by Pisciotta pursuant to Paragraphs 21-22 of this Agreement.

37.     If the Court approves this Agreement, Plaintiffs and Pisciotta shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Pisciotta shall agree upon:

(a)     as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)     directing that, as to Pisciotta, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

(c)      retaining exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

(d)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to Pisciotta shall be entered; and

(e)      requiring Class Counsel to file with the Clerk of the Court a record of potential Settlement Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for Pisciotta.

38.      This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Pisciotta on the merits with prejudice as to all Settlement Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed substantially in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  As of the Execution Date, Plaintiffs and Pisciotta shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraphs 44-45 of this Agreement.

## G.      Release and Discharge

39.      In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, damages,

penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct concerning any agreement or understanding among Defendants to rig bids or allocate tax liens in connection with the public auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), which arise from or are predicated on the facts and/or actions described in the Complaints under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., from the beginning of time through the end of the Class Period (the "Released Claims").  It is expressly understood and agreed that this Release and settlement is intended to cover and does cover not only all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences thereof, but any further injuries, losses and damages which arise from, or are related to, the claims set forth in the Complaints.  The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.

40.     In addition to the provisions of Paragraph 39, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 39.  Each Releasor also expressly and irrevocably waives any and

all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release. The release and discharge set forth in Paragraphs 39-40 herein do not include: (a) claims relating to payment disputes against Pisciotta unrelated to the Released Claims; and (b) claims of Settlement Class Members outside of the Class Period against Pisciotta ("Excepted Claims").

41.     Any other person or organization whom the Releasors claim are liable to them for their injuries, losses, and damages shall not be entitled to a satisfaction or reduction of the damages the Releasors are claiming against them by reason of payment herein, unless it is adjudicated that Releasees are joint wrongdoers or joint tortfeasors with said other person or organization. In the event that Releasees or any of them are adjudicated to be joint wrongdoers or joint tortfeasors, then the payment of Settlement Proceeds described herein shall constitute a reduction of the *pro rata* share of liability, or the share of liability determined pursuant to any finding of comparative responsibility or negligence, of any such Releasees, whichever is greater, for the damage recoverable by the Releasors in this Action from the other wrongdoers. The release provided for in this Agreement is expressly intended and shall be construed to release Releasees from and for all claims of contribution pursuant to any applicable act regarding contribution among joint wrongdoers or joint tortfeasors and any applicable act regarding comparative responsibility.

42.     Without limiting the rights of any other settling defendant in the Action, Releasees specifically retain the right to seek indemnity and/or contribution from any person, firm, corporation or entity (other than the Releasors), in connection with the claims asserted against them in the Action.

**H.      Rescission if the Agreement is Not Approved**

43.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified in any material respect or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 37-38 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in any material respect, then Pisciotta and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

44.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 37-38 of this Agreement or if an appeal is brought and the final judgment provided for in Paragraphs 37-38 is not affirmed, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of Pisciotta, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.  Notwithstanding the foregoing, if the Agreement is rescinded, Plaintiffs may continue to use the information provided by Pisciotta pursuant to Paragraphs 21-22 of this Agreement.  Provided however if the Agreement is rescinded, all amounts paid by Pisciotta into the Escrow Account (including interest earned thereon) shall be promptly returned to Pisciotta, less any disbursements made in accordance with this Agreement.

**I.      Notice of Settlement to Class Members**

703752-1

45.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names and addresses of those potential members of the Settlement Class.  Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

**J.      Miscellaneous**

46.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees.  All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and Settlement Class Members.  The purchase of Tax Sale Certificates in the State of New Jersey by Pisciotta with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

47.     The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation.  This Agreement shall not constitute or be construed or considered as an admission by Pisciotta for any purpose or as evidence of liability.

48.     The United States District Court for the District of New Jersey, Trenton Division, shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or

703752-1

relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Pisciotta. Plaintiffs and Pisciotta submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. This Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

49.     This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and Pisciotta (and the other Releasees) pertaining to the settlement of the Action against Pisciotta only, and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Pisciotta in connection therewith. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Pisciotta and approved by the Court.

50.     This Agreement shall be binding upon, and inure to the benefit of, the successors, heirs and assigns of Releasors and Releasees. Without limiting the generality of the foregoing:

(a)     each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Settlement Class Members and Releasors; and

(b)     each and every covenant and agreement made herein by Pisciotta or any other Releasees shall be binding upon all Releasees.

51.     This Agreement may be executed in counterparts by Plaintiffs and Pisciotta, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

52.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

53.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement

shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class certification, or any other defenses, which rights are specifically and expressly retained by Pisciotta.

54.     Neither Pisciotta nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

55.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, Pisciotta, and Releasees any right or remedy under or by reason of this Agreement.

56.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

703752-1

**For the Class:**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

Steve W. Berman (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
Email: steve@hbsslaw.com

Jason A. Zweig (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

**For Defendant Pisciotta:**

Arnold Carl Lakind
**SZAFERMAN, LAKIND, BLUMSTEIN &
BLADER, PC**
Quakerbridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648
Telephone: 609-275-0400
Facsimile: 609-275-4511
alakind@szaferman.com

57.     Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: March 8, 2013

703752-1

**HAUSFELD LLP**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig (admitted *pro hac vice*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**SZAFERMAN, LAKIND, BLUMSTEIN
& BLADER, PC**

Arnold Carl Lakind
Quakerbridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648
Telephone: 609-275-0400
Facsimile: 609-275-4511
alakind@szaferman.com

*Counsel for Richard J. Pisciotta, Jr.*

703752-1

**HAUSFELD LLP**

**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, PC**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

Arnold Carl Lakind
Quakerbridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648
Telephone: 609-275-0400
Facsimile: 609-275-4511
alakind@szaferman.com

*Counsel for Richard J. Pisciotta, Jr.*

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig (admitted *pro hac vice*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

703752-1

**HAUSFELD LLP**

_____

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

_____

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig (admitted *pro hac vice*)
One Penn Plaza, 36th Floor
New York, NY 10119
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, PC**

_____

Arnold Carl Lakind
Quakerbridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648
Telephone: 609-275-0400
Facsimile: 609-275-4511
alakind@szaferman.com

*Counsel for Richard J. Pisciotta, Jr.*

703752-1

## Pisciotta Bankruptcy List

| STATE | COUNTY | TOWN | CERTIFICATE NUMBER | BLOCK | LOT | QUALIFIER |
|-------|--------|------|--------------------|-------|-----|-----------|
| New Jersey | Middlesex | New Brunswick | 00-231, 111281, 06-226 | 231 | 1 | C010A |
| New Jersey | Mercer | Hamilton | 01-089 | 2026 | 4 | |
| New Jersey | Ocean | Bayville | 02-0118 | 882.09 | 9 | |
| New Jersy | Ocean | Brick | 20080073 | 382.40 | 7 | |