# Exhibit L

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Joseph M. Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:     (415) 434-9200

*Class Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. C07-1827-SI |
| | MDL No. 1827 |
| This Document Relates to: All Indirect Purchaser Actions | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |
| | Hearing Date: April 30, 2010<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge: Honorable Susan Illston |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT
CHUNGHWA PICTURE TUBES, LTD. – Master File No. C07-1827 SI

1  The Indirect-Purchaser Plaintiffs ("Plaintiffs") have moved the Court for Preliminary Approval of Class Settlement with Defendant Chunghwa Picture Tubes, Ltd. ("CPT"). The Court, having reviewed the motion, the Indirect-Purchaser CPT Class Settlement Agreement (hereinafter "CPT Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

IT IS HEREBY ORDERED that,

1. The CPT Settlement Agreement is preliminarily approved, subject to a hearing on the final approval of the settlement (hereinafter "Fairness Hearing").

2. The following class of indirect purchasers (hereinafter "Settlement Class") is provisionally certified for settlement purposes only:

> All individuals and entities who, at any time during the period beginning January 1, 1996 and continuing through December 31, 2006, purchased TFT-LCD products in the United States (including its territories and protectorates) indirectly from the defendants or their parents, subsidiaries, and affiliates, *excluding*: defendants, their parents, subsidiaries, and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

3. Also excluded, in accordance with their request, are those persons and entities who timely and validly request exclusion from the Settlement Class pursuant to the terms of the notice to be sent to the class.

4. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

    a. There are millions of geographically dispersed class members, making joinder of all members impracticable;

    b. The claims of the class representatives are typical of those of the other members;

    c. There are questions of fact and law that are common to all members of the class; and

//
//

---

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD. – Master File No. C07-1827 SI

      d.      The class representatives will fairly and adequately protect the interest of the class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5.      The Court finds this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) questions of fact and law common to the members of the class predominate over any questions affecting only individual members, and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      The Court finds that the settlement falls within the range of possible approval. The Court further finds that there is a sufficient basis for notifying the class of the proposed settlement, and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

7.      The Court appoints Allan Rotman, Frederick Rozo, Steven Martel, Robert Kerson, Byron Ho, Joe Solo, Lisa Blackwell, David Walker, Robert Feins, Scott Eisler, John Okita, Ben Northway, Rex Getz, Kou Srimoungchanh, Patricia Giles, Christopher Murphy, Gladys Baker, Judy Griffith, Ling-Hung Jou, Martha Mulvey, Cynthia Saia, Allen Kelley, Thomas Clark, Marcia Weingarten, Tom DiMatteo, Chris Ferencsik, Donna Jeanne Flanagan, Bob George, Dr. Robert Mastronardi, Christopher Bessette, Chad Hansen, Dena Williams, Scott Beall, Robert Watson, John Matrich, Joe Kovacevich, and Jai Paguirigan as representatives of the Settlement Class.

8.      The Court appoints Zelle Hofmann Voelbel & Mason LLP and The Alioto Firm as Settlement Class Counsel.

9.      The Court will conduct a Fairness Hearing on a date to be set. The Fairness Hearing will be conducted to determine the following:

      a.      Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

      b.      Whether final judgment should be entered dismissing the claims of the class against Chunghwa Picture Tubes, Ltd., with prejudice as required by the Settlement Agreement; and

      c.      Such other matters as the Court may deem appropriate.

2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD. – Master File No. C07-1827 SI

10. To avoid the possible duplication of class notices, notice of this partial class settlement shall be deferred. A status conference is scheduled for June 3, 2010 at 2:00 p.m., at which time the Court will address the content of notice and the notice plan.

11. Each class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claim administrator no later than 60 days after the notice date. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or businesses names and addresses used by such person or entity, must state that the person or entity wishes to be excluded, and must be signed by the person or entity seeking exclusion. No later than 70 days after mailing of the notice date, Class Counsel shall file with the Court a list of all persons and entities who have timely requested exclusion from the Settlement Class.

12. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the settlement funds.

13. Each class member who does not timely seek exclusion from the class shall have the right to object to the settlement by filing written objections with the Court no later than 60 days after the notice date, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a class member from objecting to the class settlement.

14. Each class member who does not timely seek exclusion from the class shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than 60 days after the notice date, copies of which shall be served on all counsel listed in the class notice.

15. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than 14 days before the Fairness Hearing.

//

//

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD. – Master File No. C07-1827 SI

16. All further indirect-purchaser class proceedings as to Chunghwa Picture Tubes, Ltd. are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the CPT Settlement Agreement or agreed by the settling parties.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

**IT IS SO ORDERED.**

Dated: _____, 2010

_____
Hon. Susan Illston
United States District Judge

#3220792v1