# Exhibit H

July __, 2013

**BY FIRST CLASS MAIL**

Recipient
Recipient address
Recipient City, State Zip

NOTICE OF CLASS ACTION AND NOTICE OF SETTLEMENT TERMS

Re:   *In re New Jersey Tax Sale Certificate Antitrust Litigation*, 12-1893-MAS-TJB (D.N.J.)

You are receiving this notice because, according to our records, you are the owner of record of the property located at the above address, and a property or utility tax lien was issued with respect to your property, and was purchased by Isadore H. May or an entity affiliated with Isadore H. May such as Garden State Investment (collectively referred to herein as "May"). A federal class action lawsuit was filed by several New Jersey property owners alleging that collusion occurred at public tax lien auctions that had the effect of keeping the interest rate associated with the tax lien higher than it should have been if there was no collusion. May was named as a defendant in the suit and was alleged to have participated in the collusion. While May believes he has good faith defenses to the action, he desires to settle the action to avoid the risk, expense, inconvenience and distraction of the litigaton. The plaintiffs in that suit and May have reached a settlement of the litigation. As further described below, May has agreed to offer you a discount on the amount owed with respect to your lien. **THIS DISCOUNT OFFER IS VALID ONLY 45 DAYS FROM THE DATE OF THIS NOTICE. THUS, IF YOU WISH TO TAKE ADVANTAGE OF THIS DISCOUNT OFFER, YOU MUST TAKE EACH STEP SET FORTH BELOW PRIOR TO THE EXPIRATION OF THIS OFFER. FOLLOWING 45 DAYS FROM THE DATE OF THIS NOTICE, THIS OFFER WILL EXPIRE AND WILL BECOME NULL AND VOID.**

I.   **Description of the Litigation**

Each year, every municipality in New Jersey holds a public auction at which it sells property tax liens to potential lien buyers. For each auction, New Jersey state law requires that the bidding on a tax lien opens with the interest rate associated with the lien at 18%. Each subsequent bidder will bid by offering to purchase the lien at an interest rate *below* the previous bid. This is known as a "reverse auction." The bidder who offers to purchase the lien at the lowest interest rate is the winning bidder.

In early 2012, a Federal class action suit was brought by certain property owners in the State of New Jersey, who had a tax lien issued with respect to their real property in New Jersey

and which was purchased by a defendant (the defendants are listed two paragraphs down) at a public auction in New Jersey during the period January 1, 1998 through February 2009. In a class action, a very small number of people or businesses sue not only for themselves, but also on behalf of other people or businesses with similar legal claims and interests. Together, all of these people or businesses with similar claims and interests form a class, and are class members.

The litigation alleges generally that the defendants entered into an illegal agreement or understanding in which they allocated the tax liens available at public auctions in New Jersey amongst themselves, and refrained from bidding against each other. As a result of this agreement or understanding, the interest rates associated with tax liens were higher than they otherwise should have been. The plaintiffs allege this conduct occurred from approximately January 1, 1998 through February 2009. The period of each defendant's participation differs.

The defendants currently named in the litigation are: CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital LLC; CCTS Capital LLC; Crestar Capital, LLC; David Butler; David M. Farber; Plymouth Park Tax Services, LLC; M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners - I, L.P.; M.D. Sass Municipal Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners - III, LLC; M.D. Sass Municipal Finance Partners - IV, LLC; M.D. Sass Municipal Finance Partners - V, LLC; M.D. Sass Municipal Finance Partners - VI, LLC; Vinaya J. Jessani; Stephen E. Hruby; Robert E. Rothman; American Tax Funding, LLC; Anthony J. De Laurentis; BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc.; Fidelity Tax, LLC; Michael Deluca; Gary I. Branse; Richard Simon Trustee; Betty Simon Trustee, LLC; Joseph Wolfson; Phoenix Funding, Inc.; Benedict Caiola; Royal Bancshares of Pennsylvania, Inc.; Royal Bank America; Crusader Servicing Corporation; Royal Tax Lien Services, LLC; Robert W. Stein; William A. Collins; Isadore H. May; Mooring Tax Asset Group, LLC; MTAG Services, LLC; Burlington Assembly of God/Fountain of Life Center; Mercer S.M.E., Inc.; Susan M. Esposito; David B. Boudwin; and Richard J. Pisciotta, Jr.

In addition to this litigation, the United States Department of Justice is conducting a criminal investigation into the very same allegations at issue in this litigation. To date, the following 13 individuals and entities have pled guilty to participating in the illegal behavior alleged in the litigation: DSBD, LLC; David Butler; David M. Farber; Stephen E. Hruby; Robert E. Rothman; Crusader Servicing Corporation; Robert W. Stein; William A. Collins; Isadore H. May; Mercer S.M.E., Inc.; Richard J. Pisciotta, Jr., and Norman Remick.

## II. **The Settlement with Isadore H. May**

The plaintiffs have agreed to settle with Isadore H. May. By settling, the Court has not decided which side was wrong or if any laws were violated. Instead, both sides agreed to settle the case and avoid the cost and risk of trial and appeals that would follow a trial.

As part of that settlement, May has agreed to pay $120,000 to property owners who come

-2-

within the following definition:

> All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

As the property owner of record, we believe you are a member of this class, and, if so, will have an opportunity to participate in this settlement, or exclude yourself from this settlement, at a later date should the Court overseeing the litigation approve the settlement. Further, the money being paid by May will be distributed to the class (including to you, if you meet the class definition above) at a later date, pending approval from the Court.

In addition to the money being paid by May, May has also agreed to accept payment from the municipality for the Tax Sale Certificate associated with the lien on your property and redeemed through the municipality, in the amount of **90% of the redemption amount** of the outstanding lien which was purchased by May during the period January 1, 1998 through February 2009, and which is still outstanding.

On [____], 2013, the Federal court overseeing this action authorized this notice to be sent to you. A copy of the [____], 2013 Court order which authorizes that this notice be sent to you is enclosed.

Should you wish to take advantage of this offer, you MUST follow the instructions below.

**III.     Offer to Redeem Property Tax Lien at a Discount**

If you wish to exercise your rights with respect to the discount on the current amount owed with regard to the outstanding lien in accordance with the settlement, then you must, within 45 days of the date of this notice, do **each** of the following:

(a) Send, fax or email written notice that you are accepting this settlement offer (see the form attached to this notice) to each of the following:

Keith A. Bonchi
GOLDENBERG, MACKLER & SAYEGH, MINTZ, PFEFFER, BONCHI & GILL P.A.
660 New Road, Suite 1-A
Northfield, NJ 08225
Telephone: (609) 646-0222
keith@gmslaw.com

Bruce D. Greenberg
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, Suite 1201
Newark, NJ 07102-5003
Telephone: (973) 623-3000
Email: bgreenberg@litedepalma.com

Your written notice must be sent via (i) first class mail, postage pre-paid, (ii) facsimile, or (iii) email within 45 days of the date of this notice.

(b) You must also contact your municipalities' tax collector to obtain the current redemption figure (*i.e.* the amount owed) on the tax lien. In order to do so, you must contact the municipal tax collector to determine their procedures for providing a redemption figure for the tax lien certificate in question. If the municipal tax collector raises any issues with you concerning the redemption of your tax lien, you may explain to the tax collector that you are redeeming your tax lien at a discount pursuant to this litigation, and pursuant to a Court order. You may also supply the tax collector with a copy of the Court order that was enclosed with this notice.

(c) You must remit payment in United States dollars of **90% of the current redemption figure**, by wire transfer or certified funds, payable to the municipality where your property is located. Payment must be received by the municipality, with a copy to Keith Bonchi and Bruce Greenberg, not later than 45 days from the date of this notice or you will be deemed to have waived your right to obtain the discounted assignment.

(d) At such time as the municipality receives payment equal to 90% of the redemption amount, May will, provided payment is received within 45 days of this notice, endorse the Tax Sale Certificate for cancellation.

Once again, the opportunity for you to obtain a discount off of the redemption figure as explained in this notice shall end 45 days after the date of this notice. **If you have not given us timely notice that you accept this opportunity and followed all of the steps set forth in this notice within 45 days, then you will be deemed to have waived your right to redeem the tax sale certificate in return for a one-time cash payment equal to 90% of the current redemption amount as set out in the settlement agreement.**

### IV.   Right to Consult an Attorney

**Please note that you have the right to contact an attorney of your choosing and we strongly recommend that you do so immediately.** The lawyers listed above are not your attorneys and cannot represent you, although they are available to answer questions you may have. If you cannot afford an attorney, you may call the Legal Services Office in the County where you live

or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at:
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

### V.     Questions

If you have any questions about this notice, or about the discount offer, we strongly advise you to consult with an attorney. Alternatively, you may contact Bruce Greenberg, who will be able to answer general questions. The attorneys listed above, including Mr. Greenberg, are not your attorneys, however, and cannot provide you with legal advice.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re New Jersey Tax Sale Certificates Anti-Trust Litigation | CIVIL ACTION No.<br><br>3:12-cv-01893-MAS-TJB |

## PROOF OF MAILING

The undersigned declares, under penalty of perjury:

1. I am a shareholder at the Law Offices of Goldenberg, Mackler & Sayegh, Mintz, Pfeffer, Bonchi & Gill P.A. I am over the age of eighteen and I am not a party to this proceeding.

2. On the date indicated below I placed a true copy of the notice(s) annexed hereto in a sealed envelope and addressed to the person(s)/parties appearing thereon, with postage thereon fully pre-paid. I personally deposited such envelopes in the mail at the United States Post Office, [_____], Northfield, New Jersey 08225.

3. I declare, under penalty of perjury, that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Keith Bonchi

Signed and sworn to before me on _____, 2013, at Lawrenceville, New Jersey.

-1-

_____