UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENTS
WITH THE BUTLER/FARBER DEFENDANTS, DEFENDANT PISCIOTTA,
DEFENDANT COLLINS, DEFENDANT MAY, AND THE MERCER DEFENDANTS**

**THIS MATTER** having been opened to the Court by Plaintiffs' Interim Class Counsel (on behalf of the Named Plaintiffs) by way of their motion for preliminary approval of the proposed Settlements in the above Actions;

**WHEREAS**, the Court having reviewed and considered the motion for preliminary approval of Settlements with David Butler; David M. Farber; CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital LLC; Pro Capital Fund I, LLC (the "Butler/Farber Defendants"); 2) Burlington Assembly of God, Inc. d/b/a Fountain of Life Center; Life Center Academy; Mercer S.M.E. Inc.; Susan M. Esposito; and David B. Boudwin (the "Mercer Defendants"); 3) Richard J. Pisciotta, Jr.; 4) William A. Collins; and 5) Isadore H. May (collectively, the "Settling Defendants"), and supporting materials filed by Plaintiffs' Interim Class Counsel and having reviewed the pleadings and other papers on file in this Action; and

**WHEREAS**, this Court has fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS** _____ day of _____, 2013

**ORDERED** that the five Settlement Agreements (including all terms of the Settlement Agreements and exhibits thereto) are hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows:

382710.1

1. The Settlements were the result of the parties' good-faith negotiations. The Settlements were entered into by experienced counsel and only after extensive arm's-length negotiations. The Settlement Agreements were not the result of collusion.

2. The Settlement Agreements each fall well within the range of reasonableness. The Settlement Agreements have no obvious deficiencies. The Proposed Settlement Agreements do not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class (as defined below).

3. Because the Settlement Agreements meet the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement Agreements, subject to a hearing on the final approval of the settlements (hereinafter, "Fairness Hearing").

4. The following class of plaintiffs ("Settlement Class") is provisionally certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period from and including January 1, 1998 through February, 2009 at a public auction in the State of New Jersey at an interest rate above zero percent.

5. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

    a. Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

    b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for both Settlement Classes including:

        (i) Whether Defendants conspired with others to fix bids and allocate TSCs at auctions in New Jersey, in violation of the Sherman Act and New Jersey's Antitrust Act, as well as various other state laws;

      (ii)    Whether Defendants' conduct had the anticompetitive effect of reducing and unreasonably restraining the market for the purchase of TSCs;

      (iii)   The names of the individuals and entities who participated in the anticompetitive scheme;

      (iv)   The duration of the anticompetitive scheme;

      (v)    The effect of Defendants' conduct and the extent of injuries sustained by Plaintiffs and Class Members; and

      (vi)   The amount of damages the anticompetitive scheme caused members of the Class.

    c.    Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of Defendants' common course of conduct in violation of the antitrust and other laws.

    d.    Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6.    The Court further finds the requirements of Rule 23(b)(3) are satisfied, as follows:

    a.    Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

    b.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7. The Court further finds that there is a sufficient basis for notifying the class of the proposed settlement. However, the Court also finds that in light of the costs of notice, and the mutual agreement of the parties, notice shall be deferred until a future date pursuant to a subsequent motion to be filed with this Court. Plaintiffs shall file a motion authorizing the dissemination of notice of these settlements when the aggregate proceeds from the Settlement Agreements and settlements with other Defendants amount to at least $1,000,000 (excluding costs for notice), or for two years following the entry of the proposed Preliminary Approval Order, whichever is earlier.

8. With regard to the discounts being offered to certain New Jersey property owners by the Butler/Farber Defendants, Defendant Pisciotta, and Defendant May, the Court hereby authorizes the following:

    a. **The Butler/Farber Defendants**. Pursuant to paragraph 22 of the Butler/Farber Settlement Agreement, the Court hereby authorizes a notice, substantially in the form of the notice attached as Exhibit F to the Declaration of Seth Gassman, dated July 12, 2013 (hereinafter, the "Gassman Decl.") submitted with Plaintiffs' motion, be sent to those property owners listed in Exh. I to the Gassman Decl., who had a tax sale certificate issued with respect to their property that was purchased by the Butler/Farber Defendants during the Class Period, and is still held by the Butler/Farber Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of a lien held by the Butler/Farber Defendants to redeem such lien through the Butler/Farber Defendants, and outside of the municipality from which such lien emanated. The redemption shall be performed in accordance with the terms of the offer notice.

      b.     **Defendant Pisciotta**.  Pursuant to paragraph 20 of the Pisciotta Settlement Agreement, the Court hereby authorizes a notice, substantially in the form of the notice attached as Exhibit G to the Gassman Decl., be sent to those property owners listed in Exh. I to the Gassman Decl., who had a tax sale certificate issued with respect to their property that was by purchased by Defendant Pisciotta during the Class Period and is still held by Defendant Pisciotta.  The redemption shall be performed in accordance with the terms of the offer notice.

      This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 20 of the settlement agreement with Defendant Pisciotta.  The tax collector shall be authorized to accept 88% of the normal redemption and to tender those monies to Defendant Pisciotta in accordance with the settlement agreement.  Defendant Pisciotta shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

      c.     **Defendant May**.  Pursuant to paragraph 23 of the May Settlement Agreement, the Court hereby authorizes a notice, substantially in the form of the notice attached as Exhibit H to the Gassman Decl., be sent to those property owners listed in Exh. I to the Gassman Decl., who had a tax sale certificate issued with respect to their property that was by purchased by Defendant May during the Class Period and is still held by Defendant May.  The redemption shall be performed in accordance with the terms of the offer notice.

      This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with Defendant May.  The tax collector shall be authorized to accept 90% of the normal redemption and to tender those monies to Defendant May in accordance with the settlement agreement.  Defendant May shall

be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

9.    The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Arlene Davies, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

10.    The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

11.    The Court will conduct a Fairness Hearing on a date to be set.  The Fairness Hearing will be conducted to determine the following:

    a.    Whether the five proposed Settlements are fair, reasonable, and adequate and should be granted final approval;

    b.    Whether final judgment should be entered dismissing the claims of the class against the Butler/Farber Defendants, Defendant Richard J. Pisciotta, Jr., Defendant William A. Collins, Defendant Isadore May, and the Mercer Defendants with prejudice as required by the Settlement Agreements; and

    c.    Such other matters as the Court may deem appropriate.

12.    Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreements, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the settlement funds.  Settlement Class Counsel shall describe the procedure and timing associated with seeking exclusion from the class, objecting to the class and making an appearance at the fairness hearing

when a motion to distribute notice is filed with the Court.

13. All further class proceedings as to the Butler/Farber Defendants, Defendant Pisciotta, Defendant Collins, Defendant May, and the Mercer Defendants are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the Settlement Agreements or agreed by the settling parties.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

**IT IS SO ORDERED** this _____ day of _____, 2013**.**

_____
Hon. Michael A. Shipp, U.S.D.J.