

**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

September 17, 2013

<u>**ELECTRONICALLY FILED**</u>

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Room 7W
Trenton, NJ 08608

   Re: <u>*In re New Jersey Tax Sales Certificates Antitrust Litig.*</u>
     <u>*Master Docket No.: 3:12-CV-01893-MAS-TJB*</u>

Dear Judge Shipp:

  This office serves as Interim Liaison Counsel for plaintiffs in this matter. Motions to dismiss the Consolidated Amended Complaint ("CAC") are pending before the Court. In connection with those motions, I write to bring to the attention of the Court the recent decision of Hon. Yolanda Ciccone, A.J.S.C., in the case of *Crusader Servicing Corp. v. Boyer*, Docket No. HNT-F-40780-08, which denied a motion to dismiss claims comparable to those made in the CAC here. A copy of that decision is attached.

  *Crusader* was a foreclosure action, in which the plaintiff was one of the Crusader Defendants in the present case. The owner and CEO of the plaintiff was Robert Stein, one of the defendants here. *Id.* at 2.

  In response to the foreclosure complaint in *Crusader*, the defendant filed a counterclaim that alleged that the plaintiff had colluded with other tax sale certificate auction attendees, resulting in the defendant's tax sale certificate being illegally acquired by the plaintiff at an 18% interest rate. The defendant asserted causes of action under the New Jersey Antitrust Act, N.J.S.A. 56:9-1 *et seq.*, and the New Jersey Tax Sale Law, N.J.S.A. 54:5-63.1. *Crusader*, at 4. The Tax Sale Law counterclaim in *Crusader* was materially identical to the Third Claim for Relief asserted in the CAC in the present case (Docket Entry No. 113), and the New Jersey Antitrust Act counterclaim was materially identical to the Second Claim for Relief in the CAC here.

  The plaintiff in *Crusader* moved to dismiss the counterclaims. Judge Ciccone denied that motion in its entirety, except as to a counterclaim for frivolous litigation. In doing so, she applied the standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the same standard that the moving defendants here have invoked. *Crusader*, at 5-6. The plaintiff in *Crusader* also sought dismissal of the counterclaims based on the "filed rate" doctrine, just like the moving defendants here. Judge Ciccone rejected that filed rate argument as well. *Id.* at 6. Finally, Judge

388373.1



Honorable Michael A. Shipp, U.S.D.J.
September 17, 2013
Page 2

Ciccone sustained the counterclaim under the Tax Sale Law, squarely rejecting the same arguments made by the moving defendants who seek to dismiss the Tax Sale Law claim here. *Id.* at 6-7. Judge Ciccone found that N.J.S.A. 54:5-63.1 of the Tax Sale Law "clearly creates" a private right of action." *Id.* at 7. In addition, she held that where it is alleged that an interest rate associated with a tax sale certificate was unlawfully obtained (as the CAC alleges occurred here due to defendants' unlawful collusion), such allegations make out a viable claim under the Tax Sale Law. *Id.*

Plaintiffs believe that the *Crusader* opinion should be highly persuasive to this Court in its review of the pending motions to dismiss the CAC. Thank you very much for your consideration.

Respectfully,

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg

BDG:al
Enclosure

387212.1