# CORRECTED DECISION TO ECF DOCUMENT #282

## SUPERIOR COURT OF NEW JERSEY
SOMERSET, HUNTERDON AND WARREN COUNTIES
VICINAGE 13

YOLANDA CICCONE
ASSIGNMENT JUDGE



July 25, 2013

SOMERSET COUNTY COURT HOUSE
P.O. Box 3000
SOMERVILLE, NEW JERSEY 08876
(908) 231-7069



FILED
AUG 2 8 2013
CHANCERY CHAMBERS
SOM/HNT/WRN

Wanda M. Akin, Esq.
Wanda M. Akin & Associates
One Gateway Center, Suite 2600
Newark, NJ 07102

Robin London-Zeitz, Esq.
Gary C. Zeitz, LLC
1105 Laurel Oak Road, Suite 136
Voorhees, NJ 08043

Gary C. Zeitz, Esq.
Gary C. Zeitz, LLC
1105 Laurel Oak Road, Suite 136
Voorhees, NJ 08043

Christopher Iannicelli, Esq.
Morgan, Lewis, & Bockius, LLP
502 Carnegie Center
Princeton, NJ 08540

Re: Crusader Servicing Corp. v. Boyer, et al.
    Docket HNT-F-40780-08

Dear Counselors:

Please allow the following letter to serve as the court's Opinion with regard to Plaintiff's Motion to Dismiss the Counterclaim, Defendant's Cross-Motion to Amend, Third-Party Defendant Zeitz and Stein, LLC's Motion to Dismiss the Third-Party Complaint and Third-Party Defendants Royal Bancshares of Pennsylvania, Inc. and Royal Bank America Motion to Dismiss the Third-Party Complaint heard on June 7, 2013.

I. **Introduction**

Defendant apparently had unpaid property taxes through December 31, 2001. On June 28, 2002, an auction for tax certificates was held. The certificate of sale regarding Defendant's property was purchased at a public sale on June 19, 2002 by Plaintiff at an 18% interest rate. Plaintiff began to pay the taxes on the Property, and continued to do so through June 11, 2008. On September 3, 2008, Plaintiff gave Defendant notice that it would institute a foreclosure suit if redemption was not effectuated within thirty days Plaintiff filed a Foreclosure Complaint with the Superior Court of New Jersey on October 17, 2008. Defendant filed an Answer on March 16, 2009. On October 9, 2009, summary judgment was granted to Plaintiff, Defendant's answer was stricken, default was entered against Defendant, and the matter was remanded to the Foreclosure Unit to proceed as uncontested. A July 25, 2011 motion for Leave to File a Second Amended Answer was denied. On March 2, 2012, Robert Stein, owner and CEO of Crusader, plead guilty to conspiracy to violate the Sherman Act by rigging bids to purchase tax sale certificates. The Court granted a TRO staying the final redemption date of the property on March 14. On April 19, 2012, the Court heard argument and granted Defendant's request for a preliminary injunction. In a September 14, 2012 Order, the Court granted Defendant's Motion for Reconsideration and Motion to Vacate Summary Judgment. On December 14, 2012, the Court granted Defendant's Motion for Leave to Amend her Answer. On January 25, 2013, Defendant amended her answer.

Plaintiff, as well as two third-party defendants, now seek to dismiss the allegations against them. Defendant cross-moves for leave to amend her answer, counterclaim, and third-party complaint.

II. **Standard**

A motion to dismiss is governed under R. 4:6-2. The standard governing a motion to dismiss pursuant to Rule 4:6-2(e) is to examine the legal sufficiency of the facts alleged on the face of the complaint. See Rieder v. Department of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987). The test for determining the adequacy of a pleading is whether a cause of action is suggested by the facts. Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988). On motion made pursuant to R. 4:6-2(e), the inquiry is confined to a consideration of the legal sufficiency of the alleged facts apparent on the

face of the challenged claim. The court may not consider anything other than whether the complaint states a cognizable cause of action. For this purpose, all facts alleged in the complaint and legitimate inferences drawn there from are deemed admitted. Rieder, supra, 221 N.J. Super. 552. Therefore, every reasonable inference is to be granted in favor of the non-moving party, and such motions are normally granted without prejudice. F.G. v. MacDonnell, 150 N.J. 550, 556 (1997).

When considering a motion to dismiss, all well pleaded allegations of the complaint are accepted as true and the matter is to be resolved based on the pleadings themselves. Holmin v. TRW, Inc., 330 N.J. Super. 30 (App. Div. 2000), aff'd, 167 N.J. 205 (2001). While legitimate inferences are to be drawn in favor of the plaintiff, a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss. Novack v. Cities Services Oil Co., 149 N.J. Super. 542 (Law Div. 1977), aff'd, 159 N.J. Super. 400 (App. Div.), certif. denied, 78 N.J. 396 (1978); see also Rieder, 221 N.J. Super. 552. Furthermore, dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted. Id.

The court must search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleamed even from an obscure statement of claim. Printing Mart v. Sharp Electronics, 116 N.J. 739, 749 (1989); see also, DiCristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957). However, R. 4:6-2 states that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46.

Pursuant to R. 4:9-1, a party may only amend a pleading by written consent of the adverse parties or by leave of court which shall be freely given in the interest of justice.

Rule 4:9-1 provides, in part:

> A party may amend any pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within 90 days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court **which shall be freely given in the interest of justice**. A motion for leave to amend shall

3

have annexed thereto a copy of the proposed amended pleading. Id. (emphasis added)

Thus, motions for leave to amend are required by the Rule to be liberally granted and without consideration of the ultimate merits of the amendment. See City Check Cashing, v. National State Bank, 244 N.J. Super. 304, 8-9 (App. Div. 1990); Tomaszewski v. McKeon Ford, Inc., 240 N.J. Super. 404, 11 (App. Div. 1990). However, whether or not to grant leave to amend remains a matter left to the court's sound discretion. See Fisher v. Yates, 270 N.J. Super. 458 (App. Div. 1994).

III. **Analysis**

1. **Plaintiff's Motion to Dismiss Defendant Boyer's Counterclaim**

Plaintiff Crusader Servicing moves to dismiss Defendant's counterclaim in its entirety. The Counterclaim includes a number of counts, namely violations of the New Jersey Antitrust Act, violations of the New Jersey Tax Lien Laws, violations of the Consumer Fraud Act, and violations of the Frivolous Litigation Law. In addition, the counterclaim includes one count for declaratory relief, but the Defendant submits that if her motion to amend her answer is granted, that request will no longer be part of her second amended answer.

As an initial matter, the Plaintiff argues that Defendant's counterclaim shall be precluded from proceeding as a result of the litigation privilege doctrine. This privilege cloaks an attorney, parties and their representatives with protection from civil liability from all statements made in the course of and related to judicial proceedings. Loigman v. Middletown, 185 N.J. 566, 579-580 (2006). This privilege cannot be asserted by the Plaintiff. Much of the conduct asserted by the Defendant as illegal was done prior to the institution of foreclosure proceedings and generally involve the purchase of the tax sale certificate and the bidding process prior to sale. Therefore, the documents and statements made in relation to the purchase of the tax sale certificate are not privileged.

Each of the counts will be discussed in turn. Defendant alleges that the Plaintiff "entered into a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in violation of N.J.S.A. 56:9-3 (New Jersey Antitrust Act)" Plaintiff notes that a counterclaim is time barred if the underlying conduct occurred more than

4

four years before the action was commence. Molnar v. Hedden, 138 N.J. 96, 102 (1994). This action was commenced on October 17, 2008, when Crusader filed this action in foreclosure. Therefore, Plaintiff argues, Defendant's counterclaims are limited to events that took place after October 17, 2004. In this case, the alleged misconduct – the tax certificate sale – took place on June 19, 2002.

But the Defendant quotes the Antitrust Act, at section 56:9-14, stating "[a]ny action brought to enforce the provisions of this act shall be barred unless…or if the cause of action is based upon conspiracy in violation of this act, within 4 years after the plaintiff discover, or by the exercise of reasonable diligence should have discovered the fact relied upon for proof of the conspiracy." Boyer did not discover Robert Stein's February 23, 2012 guilty plea until March of 2012. Boyer claims that her alleged violation of the New Jersey Antitrust Act is based upon the conspiracy admitted to by Stein and Plaintiff when each plead guilty to bid-rigging. The Antitrust Act itself states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, in this State, shall be unlawful." It is clear that the counterclaim alleges conspiracy, which was not proven until February of 2012. Thus, the four year window is still open, and Defendant's counterclaim shall survive.

Alternatively, Plaintiff argues that the counterclaim should be dismissed for failure to state a claim under R. 4:6-2(e). Plaintiff argues that because the Antitrust Act must be viewed in light of the federal antitrust laws, federal pleading standards should also apply. The seminal case regarding allegations of fraud is Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a claimant's "factual allegations must be enough to raise a right to relief above the speculative level…" Id. In Twombly, the Court dismissed the Plaintiff's complaint because they had "not nudged their claims across the line from conceivable to plausible." Id., at 570. Thus, Boyer's conspiracy claims must be more than speculation. Plaintiff argues that while Defendant has alleged a conspiracy generally regarding tax sale certificates, no connection has been shown between that alleged conspiracy and the sale of this specific certificate.

But the Twombly Court also stated that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on

its face." Id. To that end, the Court discussed plausibility: "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id., at 556. Marrying these standards with the Antitrust Act, it is clear that Defendant has alleged a "contract, combination, or conspiracy to unreasonably restrain trade and commerce."

Although this litigation has been ongoing for quite some time, it is still at the pleading stage. The Court is satisfied that the Defendant has alleged sufficient facts for her counterclaim to proceed.

The Plaintiff lastly claims that the Defendant allegations of conspiracy should be dismissed due to the "filed rate" doctrine. The filed rate doctrine "is a product of the deference which courts give to the ratemaking and regulatory processes of administrative bodies." Richardson v. Standard Guaranty Ins. Co., 371 N.J. Super. 449, 459-60 (App Div. 2004). This doctrine does not allow antitrust claims "based on rates...filed with federal or state agencies." In re N.J. Title Ins. Litig., 683 F. 3d. 451, 454 (3d. Cri. 2012). Plaintiff thus argues that the interest rates on the tax sale certificate are the result of a "process expressly prescribed by the New Jersey Tax Sale Law." While the state does set the default maximum rate, the rate itself is not the issue in this matter. An interest rate of eighteen percent on a tax sale certificate purchased at auction is permitted and established. However, what is being alleged is unlawful conduct that unnecessarily and artificially held the rate at that eighteen percent mark. Therefore, there is no deference to be given to the ratemaking authority, and the counterclaim cannot be dismissed on these grounds.

The next theory proffered in support of the counterclaim's dismissal is that the Defendant has not alleged a claim under the New Jersey Tax Sale Law. The Law is codified in N.J.S.A. 54:5-63.1, and another section dictates that a "sale shall be made in fee to such person as will purchase the property, subject to redemption at the lowest rate of interest, but in no case in excess of 18% per annum." The Tax Sale law even addresses fraud: "The certificate of sale shall be presumptive evidence in all courts in all proceedings by and against the purchaser, his representatives, heirs and assigns..." N.J.S.A. 54:5-52. It continues: "After two years from the record of the certificate of sale,

no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have it procured by fraud, or had previous knowledge that it was fraudulently made or procured." Id.

The statute clearly calls for the forfeiture of any tax sale certificate where an excessive or unlawful fee is charged. N.J.S.A. 54:5-63.1. It continues: "...the person aggrieved shall have a right of action to recover back the full amount paid to him by such tax lien holder, by an action at law in any court of competent jurisdiction." The statute clearly creates a right of recovery. The Plaintiff claims that the Defendant has not properly alleged such an action, because the 18% figure is authorized by statute. However, the statute clearly delineates amongst fees that are excessive, unlawful, or both. Here, it is alleged that the fee was unlawfully obtained and artificially inflated. Thus, the Defendant has clearly established a claim under the New Jersey Tax Sale Law.

The Plaintiff next claims that the Defendant has not properly alleged a claim under the Consumer Fraud Act. The Consumer Fraud Act requires "the use of...any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate..." N.J.S.A. 56:8-2. Under the motion to dismiss standard, all facts alleged in the complaint and legitimate inferences drawn there from are deemed admitted. Rieder, supra, 221 N.J. Super. 552. Here, the Defendant has properly alleged fraud regarding the sale of real estate or an interest therein. The Plaintiff argues that claims under this statute are limited to only "consumers" and "merchandise" in the most traditional sense, but this is unavailing. The statute specifies actions in real estate, which is what this matter involves.

While Boyer's Counterclaim as a whole cannot be dismissed, the portion alleging that this present litigation is frivolous shall be struck. N.J.S.A. 2A:15-59.1(a)(1) states: "A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous." In order to find a submission is frivolous, "the judge shall find on the basis of the pleadings,

discovery, or the evidence presented that: (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

It is clear that the Plaintiff had a reasonable basis upon which to proceed with this litigation. They purchased the tax sale certificate at auction, which was never redeemed. When the necessary holding period elapsed, they moved to foreclose, as was allowed by the certificate contract. The relevant statutes allow holders of a tax sale certificate to pursue this course. While the allegation from the Defendant is that the certificate was illegally obtained, that has not been proven, and thus it cannot be said that any action taken by Plaintiff in this litigation was initiated in bad faith.

2. **Defendant Zeitz and Stein LLC's Motion to Dismiss the Third-Party Complaint**

Many of the arguments asserted by Zeitz and Stein LLC, the Plaintiff's corporate counsel, echo those advanced by Plaintiff. Initially, the litigation privilege shields Zeitz and Stein from liability. Unlike Plaintiff, any statements made or documents prepared by Zeitz and Stein in relation to their representation of Crusader were clearly made with this litigation in mind. "The privilege shields any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Loigman, 185 N.J., at 585. Here, Zeitz and Stein clearly made these representations within judicial proceedings to achieve the objects of the litigation, and they have a clear relation to this foreclosure. In addition, they are a participant authorized to partake by way of their representation of Plaintiff. Therefore, the litigation privilege is applicable, and the third party complaint shall be dismissed as to Zeitz and Stein, LLC.

But even if that privilege did not apply, other valid reasons exist to dismiss the complaint. Zeitz and Stein correctly assert that a claim under the New Jersey Antitrust Act is not properly alleged against them. The Antitrust Act claim made by Boyer arises

8

out of Crusader's purchase of the tax sale certificate and the alleged bid rigging that secured an interest rate of 18%. Zeitz and Stein was not a party to the bid process, nor has any knowledge on their behalf been alleged by the Defendant. Control over Crusader by their counsel has not been alleged. But even if it had been, relevant case law dictates that the Defendant would be unlikely to meet the high standard necessary. In Amarel v. Connell, 102 F. 3d. 1494, 1522 (9th Cir. 1996), the Court held that "Where a plaintiff seeks to impose antitrust liability on an attorney, that plaintiff must establish that the attorney exerted his influence over a client so as to direct the client to engage in the complained of acts for anticompetitive purposes." Though that case is outside of this jurisdiction, the reasoning is applicable. N.J.S.A. 56:9-18 states that "[t]his act shall be construed in harmony with ruling judicial interpretations of comparable Federal antitrust statutes and to effectuate, insofar as practicable, a uniformity in the laws of those states which enact it."

In addition, the New Jersey Tax Sale laws are inapplicable to Zeitz and Stein, for much of the same reasons as the Antitrust Act. It has not been alleged that Zeitz and Stein was a participant in the bidding that led to the sale of the tax certificate. Further, the claims made by the Defendant are that the fees charged were excessive. No claims can be found in the complaint that allege that Zeitz and Stein had an influence over those rates or that they were the party collecting them. The Consumer Fraud act is affected by similar problems. Corporate counsel was not involved with the purchase of the certificate, and thus it cannot be claimed that they were involved in the alleged fraud. And lastly, this litigation cannot be alleged as frivolous. Under the tax sale certificate, Crusader has a valid claim in foreclosure, and Zeitz and Stein were simply carrying out their client's wishes.

For those reasons, the Defendant's third-party complaint shall be dismissed as to Zeitz and Stein, LLC.

3. **Defendant Royal Bancshares of Pennsylvania, Inc. and Royal Bank America's Motion to Dismiss Third-Party Complaint**

Defendants Royal Bancshares of Pennsylvania, Inc. and Royal Bank America (collectively, the "Royal Defendants") are similarly situated to Zeitz and Stein in that

much of the alleged illegal conduct within the complaint was not conducted by them, nor was it alleged to have been. The New Jersey Tax Law claim as well as the New Jersey Antitrust Act claim shall be dismissed as to the Royal Defendants, because the relevant documents have shown that it was the Plaintiff who actually bid on the certificate. Further, there have been no facts, other than the Royal Defendants' 60% ownership share in the Plaintiff, alleged to support the Defendant's claims that the Royal Defendants were in control of Plaintiff or influenced the bid-rigging scheme.

Also, Plaintiff's argument in favor of piercing the corporate veil is unpersuasive. "Before invoking an alter ego theory to pierce the corporate veil, evidence must first establish an independent basis to hold the corporation liable." Wood v. Hegarty Group Inc., 422 N.J. Super. 500 (App. Div. 2011). The purpose of the doctrine of piercing the corporate veil is to prevent an independent corporation from being used to defeat the ends of justice, Telis v. Telis, 132 N.J. Eq. 25 (E. & A. 1942), to perpetrate fraud, to accomplish a crime, or otherwise to evade the law, Trachman v. Trugman, 117 N.J. Eq. 167, 170 (Ch. 1934); Ventron Corp., supra, 94 N.J. at 500-501. Here, the Defendant has not satisfied that burden. It has not been shown that the Royal Defendants were running the company as a "mere instrumentality" through "gross undercapitalization, failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder..." Bd. Of Trs. V. Foodtown, Inc., 296 F.3d 164, 171 (3rd. Cir. 2002).

Other than their ownership, facts have not been properly alleged for the Royal Defendants to have had a role in the purchase of the tax certificate or the subsequent events. Relevant case law guides this Court in stating that "mere ownership of a subsidiary does not justify the imposition of liability on the parent." Verni ex rel. Burstein v. Harry M. Stevens, Inc. 903 A.2d 475, 497 (App. Div. 206). The Defendant has not put forth any additional evidence showing control over Crusader by the Royal Defendants. Because of that, the third-party complaint shall be dismissed as to Royal Bancshares of Pennsylvania, Inc. and Royal Bank America.

10

4.  **Boyer's Cross-Motion to Amend the Complaint**

Pursuant to R. 4:9-1, a party may only amend a pleading by written consent of the adverse parties or by leave of court which shall be freely given in the interest of justice.

Rule 4:9-1 provides, in part:

> A party may amend any pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within 90 days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court **which shall be freely given in the interest of justice**. A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading. Id. (emphasis added)

The Defendant's motion to amend shall be permitted on a limited basis. Where the complaint and/or counterclaim are to be amended as to Plaintiff, that motion shall be granted. New Jersey's very liberal standard with respect to motions to amend is well established, and our Courts have clearly stated a preference to have matters fully fleshed out and heard on the merits whenever practical and proper. Because the Defendant's allegations against Crusader have considerable merit, the amendment shall be allowed.

But for the reasons as stated above, the counterclaim and third-party complaint shall not be amended to pull Zeitz and Stein or the Royal Defendants back into this litigation. Based on the allegations as stated in the original complaint, the Defendant has not sufficiently alleged its complaint against those Defendants. Further, the amended complaint reveals little in the way of new facts which could support those assertions. So as to Zeitz and Stein LLC and the Royal Defendants, the Defendant's cross-motion shall be denied without prejudice.

IV.  **Conclusion**

Based on the foregoing, Plaintiff's Motion to Dismiss the Counterclaim is hereby **DENIED WITHOUT PREJUDICE**, Third-Party Defendant Zeitz and Stein LLC's Motion to Dismiss the Third-Party Complaint is hereby **GRANTED**, Third-Party Defendants' Royal Bancshares of Pennsylvania, Inc. and Royal Bank America Motion to Dismiss the Third-Party Complaint is hereby **GRANTED**, and Defendant's Cross-

Motion to Amend her Answer, Counterclaim and Third-Party Complaint is **GRANTED IN PART, DENIED IN PART, WITHOUT PREJUDICE.**

Very truly yours,

Hon. Yolanda Ciccone, A.J.S.C.

YXC: ms
Enclosure