UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION** | Civil Action No. 12-cv-1893(MAS)(TJB) |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS CCTS CAPITAL, LLC AND CRESTAR CAPITAL, LLC

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Steven J. Greenfogel
Two Gateway Center, Suite 1201
Newark, New Jersey 07102-5003
Tel: (973) 623-3000
bgreenberg@litedepalma.com
sgreenforgel@litedepalma.com

*Interim Liaison Counsel*
[Additional counsel on signature page]

388987.1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................2

LEGAL ARGUMENT ..............................................................................................4

    I.  STANDARD OF REVIEW. ..............................................................................4

    II.  THE CRESTAR DEFENDANTS' MOTION FAILS TO RAISE ANY LEGAL ARGUMENT OR THEORY NOT ALREADY ADDRESSED IN THE JOINT MOTION TO DISMISS. .............................................................5

    III. THE CRESTAR DEFENDANTS ATTEMPT TO DENY THE FACTUAL BASIS FOR PLAINTIFFS' CLAIMS, WHILE ADMITTING INVOLVEMENT IN THE CONSPIRACY. ..................................................6

CONCLUSION .........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................4, 7

*In re Ins. Brokerage Antitrust Litig.*,
   618 F.3d 300 (3d Cir. 2010) ...................................................................................7

*In re Processed Egg Products Litig.*,
   821 F. Supp. 2d 709 (E.D. Pa. 2011).....................................................................6

*Turbe v. Government of Virgin Islands*,
   938 F.2d 428 (3d Cir. 1991) ..................................................................................4

**Court Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................4

Fed. R. Civ. P. 12(c)..................................................................................... 1, 3, 4, 6

Fed. R. Civ. P. 12(d) ...................................................................................................6

## **PRELIMINARY STATEMENT**

Six months after Defendant CCTS Capital, LLC and its successor in interest, Defendant Crestar Capital, LLC (together, "Crestar Defendants"), filed an Answer to Plaintiffs' Consolidated Master Class Action Complaint ("Complaint" or "Compl."), and almost all other Defendants filed a Joint Motion to Dismiss Plaintiffs' Consolidated Master Class Action Complaint, the Crestar Defendants now move for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Crestar Defendants' motion raises the identical legal arguments that were put forth in the Joint Motion to Dismiss. This motion, made prior to a single document having been produced in this case, is deficient and should be rejected.

The Complaint sets forth more than sufficient allegations charging the Crestar Defendants with direct participation in a bid-rigging conspiracy that detrimentally affected thousands of New Jersey property owners. To the extent that the Crestar Defendants' motion rehashes the arguments of the Joint Motion to Dismiss against the sufficiency of the Complaint, those arguments should be rejected for the reasons set forth at length in Plaintiffs' Omnibus Memorandum of Law in Opposition to the Joint Motion to Dismiss.

In their sole effort to offer anything at all new, the Crestar Defendants attempt to deny the factual allegations themselves, an improper and starkly premature tactic at this stage in the litigation. Indeed, in resorting to arguments

based on factual disputes, the Crestar Defendants admit that the facts, as presented in the Complaint, plead a plausible conspiracy and the Crestar Defendants' participation in that conspiracy. That is, the Crestar Defendants concede that the allegations of the Complaint, if true, state a claim upon which relief can be granted. The motion for judgment on the pleadings therefore should be denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs filed the Complaint, Doc. 113, on December 21, 2012. The Complaint alleges that both Crestar Defendant entities purchased tax sale certificates at public auctions in the State of New Jersey during the Class Period pursuant to the tax sale certificate bid-rigging conspiracy. Compl., ¶¶ 29, 34.

The Complaint further alleges that Defendants David Butler and David M. Farber "were Chief Executive Officer and President respectively of CCTS Capital and have admitted to participating" in the tax sale certificate bid-rigging conspiracy "while they were executives of CCTS Capital." Compl., ¶ 29. Defendants Butler and Farber both pleaded guilty to violating the Sherman Act following an investigation by the Antitrust Division of the U.S. Department of Justice. Compl., ¶¶ 173, 177. CCTS Capital, LLC was "Company 1," the entity identified by the Antitrust Division in both the Butler and Farber guilty pleas as overseeing the purchase of tax sale certificates in New Jersey. Compl., ¶¶ 173, 177. In addition, a new complaint was recently filed in which William S. Green,

2

the founder and top executive of the Crestar Defendants, was named as a defendant and was alleged to have personally attended auctions on behalf of the Crestar Defendants and personally participated in the collusion alleged in the Complaint here. *Gila Bauer as Trustee for the Gila Bauer Revocable Trust et al. v. Green et al.*, No. 3:13-cv-05541-MAS-TJB (Doc. 1).

On November 14, 2012, this Court entered an Order requiring all Defendants to "answer or move to dismiss" Plaintiffs' Complaint by February 19, 2013 (subsequently extended to March 8, 2013). Rather than participating in the Joint Motion to Dismiss filed by most defendants in this action on March 8, 2013 (Doc. 174), the Crestar Defendants filed an Answer, denying any liability for the wrongdoing alleged in the Complaint. *See* Def. March 8, 2013 Answer, Doc. 165. The Crestar Defendants did, however, admit that CCTS Capital, LLC was the entity identified by the Antitrust Division as overseeing the purchase of tax sale certificates in New Jersey. Def. Answer, Doc. 165 at ¶¶ 173, 177.

Plaintiffs attempted to obtain discovery shortly after the Crestar Defendants filed an Answer, but the Crestar Defendants refused to provide any responses, citing to the Court's stay of discovery pending the resolution of motions to dismiss filed by other Defendants. *See* Doc. 237, April 29, 2013 Correspondence from Jay E. Kagan, Esq.

After failing to take any action during the six months following the filing of their Answer, and without introducing any additional facts into the record, the Crestar Defendants now move under Fed. R. Civ. P. 12(c) for judgment on the pleadings.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

The Crestar Defendants' motion argues that the Court should enter judgment based on the Complaint's purported "failure to state a claim upon which relief can be granted." Def. Brief, Doc. 279-1 at 3. When presented with a Fed. R. Civ. P. 12(c) motion alleging failure to state a claim, courts "apply the same standards as under Rule 12(b)(6)." *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).

Plaintiffs established the proper standard of review applicable to motions for failure to state a claim in Class Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Joint and Individual Motions to Dismiss. Doc. 242 at 12-18. As Plaintiffs explained there, a motion to dismiss should be granted only if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When a pleading is challenged for failure to state a claim, whether by a Fed. R. Civ. P. 12(b)(6) motion to dismiss or a Fed. R. Civ. P. 12(c)

4

motion for judgment on the pleadings, the court "must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Turbe*, 938 F.2d at 428.

The non-formulaic factual allegations in the Complaint concerning the Crestar Defendants referenced above, accepted as true, state a claim upon which relief can be granted against the Crestar Defendants.  Accordingly, the Crestar Defendants' motion should be denied.

## II. THE CRESTAR DEFENDANTS' MOTION FAILS TO RAISE A SINGLE LEGAL ARGUMENT OR THEORY NOT ALREADY ADDRESSED IN THE JOINT MOTION TO DISMISS.

In support of the argument that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the Crestar Defendants "expressly incorporate[]" the arguments presented in the Defendants' Joint Motion to Dismiss the Complaint. Def. Brief, Doc. 279-1 at 9.  In fact, the Crestar Defendants have simply restated the exact legal arguments raised in the Joint Motion to Dismiss. *Compare* Doc. 174-1 at i-ii, *with* Doc. 279-1 at i (both tables of contents include identical challenges to Plaintiffs' claims).

To the extent that the Crestar Defendants incorporate the Memorandum of Law in Support of Defendants' Joint Motion to Dismiss, Doc. 174-1, Plaintiffs hereby incorporate by reference their legal memoranda filed in opposition to that

5

motion, Doc. 242. The Crestar Defendants' motion should be denied on the grounds stated in Plaintiffs' opposition to the Joint Motion to Dismiss.

### III. THE CRESTAR DEFENDANTS ATTEMPT TO DENY THE FACTUAL BASIS FOR PLAINTIFFS' CLAIMS, WHILE ADMITTING INVOLVEMENT IN THE CONSPIRACY.

The Crestar Defendants improperly attempt to introduce "facts," with reference only to their Answer, for the purpose of disputing the allegations in Plaintiffs' Complaint. Specifically, the Crestar Defendants argue that they did not participate in the identified tax sale auctions, that they did not begin conducting business until the end of the class period, and that they did not purchase tax liens during the class period. Def. Brief, Doc. 279-1 at 2-3. The Crestar Defendants have not produced any declarations, documents, or other evidence in support of their denials of liability, nor would the introduction of such outside information be appropriate in a Fed. R. Civ. P. 12(c) motion, which is limited to a consideration of the pleadings. Fed. R. Civ. P. 12(d). Plaintiffs have been unable to obtain any discovery from the Crestar Defendants, who objected to Plaintiffs' discovery requests, notwithstanding their decision to file an Answer rather than a motion to dismiss.

For the reasons comprehensively set forth in Plaintiffs' opposition to the Joint Motion to Dismiss, Doc. 242 at 25-29, the Court should reject the Crestar Defendants' objections to the sections of the Complaint that refer to them in

6

connection with other similarly-named entities. The challenges raised in this motion are far different from the issues discussed in *In re Processed Egg Products Litig.*, 821 F. Supp. 2d 709 (E.D. Pa. 2011), upon which the Crestar Defendants heavily rely. In that case, the complaint set forth specific factual allegations regarding only one of several similarly-named entities. *Id*. at 746.  The court found that there was "an absence of specific factual allegations in the [complaint] to connect each (or any) of the Hillandale Entities directly to the conspiracy", requiring dismissal against those entities. *Id.* at 747.

Here, the Crestar Defendants' denial of many of the specific factual allegations against them clearly demonstrates that they have "fair notice" of Plaintiffs' claims. *Cf. In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

Moreover, the Crestar Defendants' unsupported general denials of liability are severely undermined by their *admissions* that:   Defendants Butler and Farber, who pleaded guilty to violating the Sherman Act for participation in the tax sale certificate bid-rigging conspiracy, served as CCTS Capital executives of the Crestar Defendants during the class period; and, CCTS Capital, LLC was specifically identified by the U.S. Department of Justice Antitrust Division as having participated in the unlawful purchase of tax sale certificates from December 2008 through July 2009.  Def. Answer, ¶¶ 36, 37, 173, 177.

7

388987.1

The Crestar Defendants' motion therefore fails to establish that the Complaint lacks sufficient facts to support a claim. The motion should be denied.[1]

## CONCLUSION

For all of the reasons set forth herein, the Crestar Defendants' motion for entry of judgment on the pleadings should be denied.

Dated: September 24, 2013     **LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
Steven J. Greenfogel
Two Gateway Center, Suite 1201
Newark, New Jersey 07102-5003
Tel: (973) 623-3000
bgreenberg@litedepalma.com
sgreenfogel@litedepalma.com

*Interim Liaison Counsel*

Andrew R. Wolf, Esq.
Henry P. Wolfe, Esq.
Daniel I. Rubin, Esq.
The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-1030

*On the Brief*

---

[1] The Crestar Defendants' claim that they are released from liability by virtue of the Settlement Agreement between Defendants Farber, Butler, and other entities is unavailing. The Settlement Agreement explicitly excludes the Crestar Defendants. Doc. 122-1 at ¶ 11 ("Releasees however shall not include … CCTS Capital, LLC and Crestar Capital, LLC.").

8

388987.1

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman *(admitted pro hac vice)*<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com | **HAUSFELD LLP**<br>Michael D. Hausfeld *(admitted pro hac vice)*<br>James Pizzirusso *(admitted pro hac vice)*<br>Seth R. Gassman *(admitted pro hac vice)*<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Tel: 202-540-7200<br>Fax: 202-540-7201 |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Jason A. Zweig *(admitted pro hac vice)*<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>Telephone: (212) 752-5455<br>Facsimile: (917) 210-3980<br>Email: jasonz@hbsslaw.com | |

*Interim Class Counsel*