

LITE DePALMA
GREENBERG, LLC
Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

September 30, 2013

**VIA ECF AND U.S. MAIL**
Honorable Michael A. Shipp, U.S.D.J.
United States District Court
 District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Room 7W
Trenton, New Jersey 08608

Re:    *In re New Jersey Tax Sales Certificates Antitrust Litig.*
       *Master Docket No.: 3:12-CV-01893-MAS-TJB*

Dear Judge Shipp:

Please accept this letter in response to the September 27, 2013 correspondence submitted by counsel for defendants CCTS Capital, LLC and Crestar Capital, LLC, alleging that the complaint filed in the matter of *Bauer v. Green, et al.*, Docket No. 13-CV-5541-MAS-TJB, was somehow procedurally improper. Defendants' argument is contrary to the plain text of the court's June 11, 2012 consolidation order, and is not supported by the Federal Rules of Civil Procedure. Moreover, to the extent that counsel believes that this procedure was improper, they failed to meet and confer with Plaintiffs; instead, counsel sent a *letter* to the Court asking for dismissal when the appropriate course of action would have been to file a Motion so that Plaintiffs could present their arguments in opposition.

As an initial matter, the *Bauer v. Green* action is entirely consistent with, and expressly contemplated by the June 11, 2012 consolidation order, which states in part:  "When a case arising out of the same subject matter as the [consolidated] Actions is hereinafter filed in this Court or transferred from another Court, it shall be subject to consolidation under this Order…." Doc. 55 at ¶ 6. Pursuant to the order, the *Bauer v. Green* action should be consolidated with this matter under the master docket number because it is a case filed by plaintiffs against new defendants alleging a bid-rigging conspiracy in connection with the sale of tax sale certificates in New Jersey. It would have been the exact same situation had a group of different counsel filed this action. These new Defendants were uncovered in the course of the numerous discussions Interim Class Counsel had with settling defendant, such significant cooperation being an important part of and explicitly contemplated for in those settlement agreements. There would be no benefit to the class if class claimants were not allowed to file a new complaint asserting claims against these newly uncovered parties.

Defendants' assertion that the claims in the *Bauer v. Green* case may only be brought pursuant to a Fed. R. Civ. P. 15 amendment to the consolidated complaint is also incorrect. Rule 15 is by no means the exclusive manner by which parties to a complex consolidated antitrust



Honorable Michael A. Shipp, U.S.D.J.
September 30, 2013
Page 2

action may bring claims, particularly when a court order expressly allows the filing of related actions. *See, e.g.*, Fed. R. Civ. P. 42. Proceeding by way of an amended pleading may not be appropriate where, as here, multiple defendants to the consolidated action have already entered into settlement agreements with the plaintiffs, and numerous other defendants (including CCTS Capital and Crestar Capital) have filed dispositive motions currently pending before the court.

There is no Rule or order that supports Defendants' request that the court "close the file" in a separately-filed action. Defendants fail to identify any alleged "tactical advantage" gained by the Plaintiffs filing the *Bauer v. Green* complaint, which properly names additional individuals and entities alleged to have participated in the statewide conspiracy only now uncovered through cooperation with other settling Defendants. If Defendants claim that the *Bauer v. Green* complaint should be dismissed, they must file an appropriate motion.

We will of course be prepared to address these issues, and any others the Court is interested in, at the October 8, 2013 status conference before Your Honor.

Respectfully submitted,

*/s/ Bruce D. Greenberg*