# SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
DAVID J. KATZ
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM (1944-2005)
OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
HILLARY S. ZILZ
BRADLEY J. NASH
VITALI S. ROSENFELD

NIALL D. O'MURCHADHA
ANDREW S. HARRIS
SAMUEL L. BUTT
RAFFI MELKONIAN

October 7, 2013

**BY ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
    for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

      RE:    In Re New Jersey Tax Sales Certificates Antitrust Litigation, Master Docket
              No. 12-1893 (MAS)(TJB)

Dear Judge Shipp:

      This firm represents Defendants Mooring Tax Asset Group, LLC ("Mooring Tax") and MTAG Services, LLC ("MTAG") in the above-referenced action. Pursuant to Your Honor's text order, dated September 25, 2013, the parties submitted a joint letter to the Court on October 4, 2013, apprising the Court, among other things, of the status of the pending motions to dismiss. Mooring and MTAG have joined in the Joint Motion to Dismiss, filed on behalf of a group of defendants [Dkt. 174], and also filed their own motions to dismiss. [Dkt. 182 & 186].

      In advance of the October 8, 2013 status conference, I write to clarify for the Court the unique circumstances surrounding MTAG's motion. Specifically, MTAG is differently situated than the other defendants in this action because **the complaint concedes that MTAG was not formed until long after the class period, and therefore could not have been a participant in the antitrust conspiracy alleged in the complaint**. Accordingly, Plaintiffs do not assert any direct claims against MTAG, but rather assert that it should be liable as a successor or alter ego of Mooring Tax. As shown in MTAG's motion to dismiss, however, Plaintiffs do not (and cannot) plead a basis for alter ego or successor liability and the claims against MTAG must therefore be dismissed.

      Alternatively, should the Court decline to dismiss these claims on the face of the pleadings, the Court should exercise its discretion to bifurcate them, under Fed. R. Civ. P. 42(b),

Honorable Michael A. Shipp, U.S.D.J.
October 7, 2013
Page 2 of 2

and stay the case as to MTAG until any liability against Mooring Tax has been determined. Even under Plaintiffs' theory of the case, MTAG is only liable here for whatever Mooring Tax did during the alleged term of the conspiracy (which pre-dates MTAG's existence), and not for any of its own independent acts. Truly, Plaintiffs view MTAG only as Mooring Tax's insurer or guarantor, and under the law, even if everything said in the Complaint were true, it could not be possibly be anything beyond that. Just as a plaintiff would not sue or take discovery from a liability carrier, it makes no sense to subject MTAG to discovery or make it an active party in this case. Thus, if the claims against MTAG are not dismissed, they should be severed and stayed.

*   *   *

We thank the Court for its attention to this matter and would be happy to answer any questions Your Honor might have at the preliminary conference.

Respectfully submitted,

*Jeffrey M. Eilender* /BJN

Jeffrey M. Eilender

cc: All Counsel of Record (by ECF)