UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

**DECLARATION OF SETH GASSMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH SASS DEFENDANTS, CRUSADER DEFENDANTS, DEFENDANT PLYMOUTH PARK, AND PHOENIX DEFENDANTS, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF INTERIM CLASS COUNSEL AS SETTLEMENT CLASS COUNSEL, AND DEFERRAL OF CLASS NOTICE**

I, Seth Gassman, declare as follows:

1. I am Of Counsel with the law firm of Hausfeld LLP, in the firm's office located at 1700 K Street, N.W., Washington, DC 20006. Hausfeld LLP has been appointed Interim Class Counsel, along with Hagens Berman Sobol Shapiro, LLP (collectively, "Interim Class Counsel"). I am a member in good standing of the bars of the State of New York and the District of Columbia, and I am admitted *pro hac vice* in this matter. I submit this declaration in support of Plaintiffs' motion for preliminary approval of settlements with the Sass Defendants, the Crusader Defendants, Defendant Plymouth Park, and the Phoenix Defendants (all as defined below), preliminary certification of settlement class, appointment of Interim Class Counsel as settlement class counsel, and deferral of class notice.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Settlement Agreement with Defendants M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners – I, L.P.; M.D. Sass Municipal

Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners – III, L.P.; M.D. Sass Municipal Finance Partners – IV, L.P.; M.D. Sass Municipal Finance Partners – V, L.P.; M.D. Sass Municipal Finance Partners – VI, L.P. (collectively, the "Sass Entities"); Vinaya K. Jessani; and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants").

3. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Settlement Agreement with Defendants Royal Bancshares of Pennsylvania, Inc. ("RBPI"); Royal Bank America ("RBA"); Crusader Servicing Corporation ("CSC"); and Royal Tax Lien Services, LLC ("RTLS") (collectively, the "Crusader Defendants").

4. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Settlement Agreement with Defendant Plymouth Park Tax Services LLC d/b/a Xspand ("Plymouth Park").

5. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Settlement Agreement with Defendants Phoenix Funding, Inc. and Benedict Caiola (collectively, the "Phoenix Defendants").

A. **Factual Background**

6. In a period stretching from Summer 2013 through Fall 2013, Interim Class Counsel intensively negotiated settlements with various counsel representing Settling Defendants.

7. Interim Class Counsel and Interim Liaison Counsel have considerable experience in prosecuting federal antitrust class actions, and are therefore well versed in the issues. Summaries of the experience in antitrust and other complex class actions of Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP previously have been submitted to this Court as part of the motion for preliminary approval of a class settlement agreement reached with Defendant Robert E. Rothman (Dkt. No. 217). This Court granted preliminary approval of that settlement, and of

five other settlements (Dkt. Nos. 276, 277), and appointed Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP as Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

8. At numerous in-person and telephonic meetings over the course of several months, the terms of the Settlement Agreements were vigorously, extensively, and intensively negotiated among Interim Class Counsel and various counsel representing the Settling Defendants.

9. The settlement negotiations were contested and conducted in the utmost good faith.

10. The Settlement Agreement with the Sass Defendants was executed on September 10, 2013. Ex. A.

11. On or about September 30, 2013, the Sass Defendants made a monetary payment of $3,400,000 pursuant to the Settlement Agreement. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest.

12. Based on information received from the Sass Defendants during settlement negotiations, Plaintiffs believe that the combined value of the $3,400,000 cash payment and the discount redemption offer described in paragraph 25 of the Settlement Agreement, and the cooperation provided and to be provided by the Sass Defendants, constitutes a fair, reasonable, and adequate settlement with the Sass Defendants.

13. The Settlement Agreement with the Crusader Defendants was executed on August 14, 2013. Ex. B.

14. On or about September 3, 2013, the Crusader Defendants made a monetary payment of $1,650,000 pursuant to the Settlement Agreement. The money has been deposited

into an escrow account at Huntington Bank, and invested in money market funds earning interest.

15. Based on information received from the Crusader Defendants during settlement negotiations, Plaintiffs believe that the combined value of the $1,650,000 cash payment and the discount redemption offer described in paragraph 22 of the Settlement Agreement, and the cooperation provided and to be provided by the Crusader Defendants, constitutes a fair, reasonable, and adequate settlement with the Crusader Defendants.

16. The Settlement Agreement with Defendant Plymouth Park was executed on October 22, 2013. Ex. C.

17. On or about November 8, 2013, Defendant Plymouth Park made a monetary payment of $1,500,000 pursuant to the Settlement Agreement. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest.

18. Based on information received from Defendant Plymouth Park during settlement negotiations, Plaintiffs believe that the combined value of the $1,500,000 cash payment and the discount redemption offer described in paragraph 23 of the Settlement Agreement, and the cooperation provided and to be provided by Defendant Plymouth Park, constitutes a fair, reasonable, and adequate settlement with Defendant Plymouth Park.

19. The Settlement Agreement with the Phoenix Defendants was executed on December 17, 2013. Ex. D.

20. As per the terms of the Settlement Agreement, the Phoenix Defendants have twenty (20) days from the execution date of December 17, 2013 to make a monetary payment of

$225,000. The money will be deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest.

21. Based on information received from the Phoenix Defendants during settlement negotiations, Plaintiffs believe that the combined value of the $225,000 cash payment and the discount redemption offer described in paragraph 24 of the Settlement Agreement, and the cooperation to be provided by the Phoenix Defendants, constitutes a fair, reasonable, and adequate settlement with the Phoenix Defendants.

**B.   Class Action Requirements**

22. Although the exact number of potential members of the settlement class ("Settlement Class") is currently unknown, Plaintiffs believe, based on the number of tax sale certificates ("TSC") auctions in New Jersey during the proposed class period, that there are at least several thousand potential members.

23. By proving their own claims, the Named Plaintiffs would necessarily help to prove the claims of their fellow putative Settlement Class members.

24. In addition, the Named Plaintiffs have no interests that are antagonistic to the Class.

25. Interim Class Counsel have performed a great deal of work investigating the facts underlying these cases and have otherwise prepared these cases for a putative class action.

26. Interim Class Counsel have retained Gilardi & Co., LLC as the settlement notice and claims administrator for these Settlement Agreements. Class Counsel have also retained LienSource as a vendor to gather data and contact information on property owners whose property was the subject of liens sold at municipal auctions during the Class Period.

### C. Notice and Allocation of Settlement Funds

27. To reduce costs and to facilitate the full understanding of the relief afforded by this litigation, Plaintiffs ask that this Court defer Plaintiffs' obligation to provide notice to the Settlement Class and to defer submitting a plan of allocation until a future date, after the time that LienSource has completed its information-collection work.

28. Deferral of notice will permit LienSource to complete its work in gathering contact information for all property owners who are members of the Settlement Class. LienSource estimates that it expects to complete its information-gathering process by the end of February, 2014. This will allow for a more effective and efficient notice process. Plaintiffs' Interim Class Counsel expects to submit additional settlements to this Court in the future. Combining notice and the distribution of the proceeds from these four Settlement Agreements, along with the six previous settlements, with those of as many other defendants as possible will allow all parties to avoid unnecessary costs of disseminating multiple notices and distributions. Plaintiffs anticipate moving for notice by the end of April, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 23, 2013, in Washington, District of Columbia.

Seth Gassman (admitted *pro hac vice*)
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
sgassman@hausfeldllp.com