# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST LITIG.

Master Docket No. 3:12-CV-01893-MAS-TJB

### SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND
### THE SASS DEFENDANTS

This Settlement Agreement ("Agreement") is made and entered into this 10th day of

September, 2013 (the "Execution Date"), by and between M.D. Sass Investors Services, Inc.;

M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners - I, L.P.; M.D.

Sass Municipal Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners - III, LLC;

M.D. Sass Municipal Finance Partners - IV, LLC; M.D. Sass Municipal Finance Partners - V,

LLC; M.D. Sass Municipal Finance Partners - VI, LLC (collectively the "Sass Entities"); Vinaya

K. Jessani; and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants") and

Plaintiff Class Representatives, as defined herein at Paragraph 13, both individually and on

behalf of a class as described herein at Paragraph 16 ("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and

consolidated in the District of New Jersey, on their own behalf and on behalf of the class against

Defendants including the Sass Defendants ("Action");

WHEREAS, Plaintiffs allege that the Sass Defendants participated in an unlawful

conspiracy to rig bids and allocate real property and water and/or sewer tax liens at tax sale

certificate auctions in the State of New Jersey in violation of New Jersey state law as well as

Section 1 of the Sherman Act;

WHEREAS, the Sass Defendants deny the allegations made in the Action (except to the

extent any Sass Defendant has admitted liability) and have moved to dismiss the Plaintiffs'

Consolidated Master Class Action Complaint dated December 21, 2012 ("Complaint") in its entirety;

WHEREAS, over a period of time, the Plaintiffs and the Sass Defendants, through their respective counsel, engaged in extensive, good faith, arm's-length, and contentious settlement negotiations and meetings relating to the claims and the Action, in person and by telephone, with this Agreement being the product and result of those negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with the Sass Defendants according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Settlement Class (as defined in Paragraph 16 of this Agreement);

WHEREAS, the Sass Defendants, despite their belief that they have good defenses to the claims alleged in the Action, desire to settle the Action, and thus avoid the risk, exposure, inconvenience, and distraction of continued litigation of the Action, or any action or proceeding relating to the matters being fully settled in this Agreement; and

WHEREAS, the Sass Defendants agree to cooperate with Class Counsel as and to the extent set forth herein;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Sass Defendants only,

without costs as to Plaintiffs or the Settlement Class, subject to the approval of the Court, on the following terms and conditions:

**A.      Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.      "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 3:12-CV-1893-MAS-TJB.

2.      The "Sass Entities" shall refer to M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners - I, L.P.; M.D. Sass Municipal Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners - III, LLC; M.D. Sass Municipal Finance Partners - IV, LLC; M.D. Sass Municipal Finance Partners - V, LLC; and M.D. Sass Municipal Finance Partners - VI, LLC.

3.      The "Sass Defendants" shall refer to and include the Sass Entities and the individual defendants Vinaya K. Jessani and Stephen E. Hruby.

4.      "Class Counsel" and "Settlement Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

5.      "The Sass Defendants' Counsel" shall refer to the law firms of Weil, Gotshal & Manges LLP and Cooper Levenson April Nidelman & Wagenheim, P.A.

6.      "Counsel" means both Class Counsel and the Sass Defendants' Counsel, as defined in Paragraphs 4 and 5 above.

7.      "Class Notice" means the notice of this Agreement and of the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Agreement to be provided to the Settlement Class (as defined in Paragraph 16 of this Agreement) pursuant to Paragraph 51, below.

8.      "Class Period" means the period from and including January 1, 1998 through February 28, 2009.

9.      "Defendant(s)" refers to the persons or entities who are named as defendants in the Plaintiffs' Consolidated Master Class Action Complaint filed on December 21, 2012 as well as entities named as defendants in subsequent complaints in the Action.

10.     "Execution Date" means the date set forth below, immediately above the signature lines to the agreement.

11.     "Final Approval" shall have the meaning ascribed to it in Paragraph 44 of this Agreement.

12.     "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

13.     "Plaintiffs" means Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

14.     "Releasees" shall refer, jointly and severally, and individually and collectively, to the Sass Defendants, any affiliated companies, their parents and subsidiaries, and their past and present officers, directors, employees, agents, insurers, attorneys, shareholders, partners, associates, members, volunteers, independent contract bidders, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. Releasees shall not include any Non-Settling Defendant and independent contract bidders shall only be deemed a Releasee pursuant to this Agreement, to the extent such bidders were performing services for the Sass Defendants.

15.     "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors,

parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

16.     "Settlement Class" means all persons and/or entities who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.  The Settlement Class does not include Defendants, government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

17.     "Settlement Class Member" means each member of the class, as defined in Paragraph 16 of this Agreement, who does not timely elect to be excluded from the Settlement Class.

18.     "Non-Settling Defendants" refers to the Defendants other than the Sass Defendants.

19.     "Settling Parties" shall mean, collectively, the Sass Defendants and the Plaintiffs, individually, and on behalf of the Settlement Class.

20.     "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser at a public auction in New Jersey which represents the right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees.

B.      **Settlement Class Certification**

21.     Solely for the purposes of settlement, providing Class Notice, and for

implementing this Agreement, the Settling Parties agree to certification of the following

Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey
> and who had a Tax Sale Certificate issued with respect to their
> property that was purchased by a Defendant during the Class
> Period at a public auction in the State of New Jersey at an interest
> rate above 0%.

The Settlement Class does not include any Defendant, or any government entities, or any person

or entity in which any Defendant holds a controlling interest, the officers, directors, employees,

affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or

entity, as well as any immediate family member of any officer, director or employees of any

named Defendant that is not a natural person, and any judge or magistrate involved in this

matter, as well as members of their immediate families.  At the appropriate time, the Parties

agree to cooperate in good faith in seeking the Court's approval to certify the aforementioned

Settlement Class for purposes of effectuating this Settlement.

C.      **Subsequent Modification of Class Definition or Class Period**

22.     The Parties agree that modification of the definition of the Settlement Class may

be necessary prior to moving for preliminary and/or final approval of this Agreement, and agree

to work in good faith to agree upon and effectuate any such modification.  Any such

modification shall be made in writing; provided, however, that in the event that Plaintiffs either

enter into a settlement agreement with a Non-Settling Defendant, or obtain certification of a

litigation class, and the definition of the class in any subsequent settlement agreement or

certification order differs from the definition contained in this Agreement in Paragraph 16

(including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify

6

the class definition and Class Period of this Agreement to conform to any and all subsequent expansion of the class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both, in the event that there is more than one subsequent modification to the class definition or Class Period. In no event shall the Sass Defendants be responsible for any additional notice costs or expenses. It is understood, however, that the Sass Defendants shall have the option and right to rescind this Agreement if the definition of the Settlement Class is narrowed in any way subsequent to the Execution Date of this Agreement, provided that: 1) the Sass Defendants give Plaintiffs notice in writing seven days before rescinding; and 2) Plaintiffs may revert to the Settlement Class definition contained herein within three days of receiving such notice, after which the Sass Defendants will not be permitted rescind pursuant to this Paragraph.

**D.      Settlement Consideration**

       **a.      Monetary Consideration**

23.      In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 45-47 below and dismissal with prejudice of the Action as against the Sass Defendants upon Final Approval, the Sass Defendants agree as follows:

24.      Within 20 days of the Execution Date, the Sass Defendants shall pay the sum of **$3,400,000** (the "Settlement Proceeds") into an escrow account, which Settlement Class Counsel shall identify to the Sass Defendants by name and account number, managed by Huntington Bank (the "Escrow Agent") pursuant to an escrow agreement. The plan of distribution of the Settlement Proceeds to Settlement Class Members shall be the sole responsibility of Class

Counsel and will be decided upon at a later date by Settlement Class Counsel, and notice of such plan of distribution shall be provided to members of the Settlement Class, and shall be authorized by order of the Court. The Settlement Proceeds shall only be disbursed to Settlement Class Members pursuant to an order of the Court authorizing the plan of distribution.

a.   The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

b.   All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

c.   Except as otherwise provided for herein, Releasors shall look solely to the Settlement Proceeds for settlement and satisfaction against the Releasees of all Released Claims (as defined in Paragraph 45 herein), and Releasors shall have no other recovery against the Sass Defendants or any other Releasee. Use of the Settlement Proceeds shall be limited to payment to Settlement Class Members in relation to their claims in this Action, as well as attorneys' fees, notice and administration costs, all of which must be approved by the Court, and/or current and/or future litigation costs, or for any other use specifically authorized by order of the Court.

25.     Since the Sass Defendants are currently in possession of outstanding Tax Sale

Certificates which were acquired during the Class Period:

a.     For any Tax Sale Certificates issued with respect to real property owned

by a Settlement Class Member (excluding Tax Sale Certificates held by the Sass Defendants that

were (1) acquired outside the Class Period; (2) issued at an interest rate above 0% due to the

existence of a prior lien held by any of the Sass Defendants; or (3) issued with respect to real

property owned by an individual or entity that was not a Settlement Class Member at the time

any of the Sass Defendants or their affiliates acquired the lien) still held by the Sass Defendants

not already in foreclosure proceedings, the Sass Defendants agree:

(1)     Not to initiate foreclosure proceedings for 90 days following Final

Approval of this Agreement;

(2)     In coordination with Class Counsel, to cause to be sent by first class

mail within 30 days after Final Approval of this Agreement, written

notice, in language mutually acceptable to the Settling Parties, to the

property owner of record as stated on the said TSCs, offering to permit

redemption of any such TSCs held by the Sass Defendants by the

respective property owner(s) of those respective properties in exchange

for a one-time payment.  The one-time payment will equal the redemption

amount less a one-time discount equal to 15% of the redemption amount

(excluding statutory attorneys' fees) redeemed through the

municipality.  Property owners can accept this discounted redemption

offer only by making the requested payment to the municipal tax office

within 45 days of the date of the written notice.

        b.     For any Tax Sale Certificates issued with respect to real property owned by a Settlement Class Member (excluding Tax Sale Certificates held by the Sass Defendants that were (1) acquired outside the Class Period; (2) issued at an interest rate above 0% due to the existence of a prior lien held by any of the Sass Defendants; or (3) issued with respect to real property owned by an individual or entity that was not a Settlement Class Member at the time any of the Sass Defendants or their affiliates acquired the lien) held by the Sass Defendants to which foreclosure proceedings have been initiated (but not completed) as of the date of Final Approval of this Agreement, or which Tax Sale Certificates relate to a property the owner of which is under protection of bankruptcy court, the Sass Defendants agree:

        (1)     In coordination with Class Counsel, to cause to be sent by first class mail within 30 days after Final Approval of this Agreement, written notice, in language mutually acceptable to the Settling Parties, to the defendants in such foreclosure actions, or debtors in such bankruptcy proceedings, offering to permit redemption of any such TSCs held by the Sass Defendants to the respective property owner(s) of those respective properties in exchange for a one-time payment.  The one-time payment will equal the redemption amount less a one-time discount equal to 15% of the redemption amount (excluding statutory attorneys' fees) redeemed through the municipality.  Property owners can accept this discounted redemption offer only by making the requested payment to the municipal tax office within 45 days of the date of the written notice.

### b.    Cooperation Agreement

26.    Following an order granting Preliminary Approval of this Agreement, the Sass

Defendants will provide Plaintiffs with such cooperation as may be requested in good faith by

Class Counsel, for the prosecution of the Action as set forth in this Paragraph 26.

(a)    **Witness Interviews.**  If requested in good faith by Class Counsel, the Sass

Entities agree to use reasonable efforts to produce, at a location to be

chosen by the Sass Entities, individuals who are current or former

directors, officers, employees or agents (i.e. *per diem* bidders) of any

entities controlled by the Sass Entities for informal interviews with Class

Counsel.   Such interviews shall be limited to a cumulative total of eight

hours.  With regard to Stephen E. Hruby, Mr. Hruby agrees to provide an

interview to Settlement Class Counsel following his sentencing in *United

States v. Stephen E. Hruby*. 12-CR-263 (D.N.J.) and shall not be required

to provide any interviews pursuant to this Agreement prior to his

sentencing.  Any interview of Mr. Hruby shall be limited to a cumulative

total of eight hours.  With respect to Vinaya K. Jessani, Mr. Jessani agrees

to consider in good faith a request made by Settlement Class Counsel to be

interviewed but shall have no obligation to provide an interview.

(b)    **Depositions and Trial.**  At the time discovery in this Action commences,

if requested in good faith by Class Counsel, subject to the limitations

imposed by the Federal Rules of Civil Procedure, or by any additional

limitations imposed by any order or stipulation in this Action governing

the depositions of any Non-Settling Defendant, the Sass Entities agree to

use reasonable efforts to make available for deposition, current or former

11

directors, officers, employees or agents (i.e. *per diem* bidders) of any entities controlled by the Sass Entities which testimony may pertain to knowledge of and/or participation by the Sass Defendants, regarding present and future claims asserted in the pending Action or any other actions related to Tax Sale Certificate auctions in the State of New Jersey. In addition, the Sass Entities agree to use reasonable efforts to make those same persons available for trial testimony, if requested in good faith by Class Counsel. With regard to Stephen E. Hruby, Mr. Hruby agrees, provided that his sentencing in *United States v. Stephen E. Hruby*, 12-CR-263 (D.N.J.) has already occurred, if requested in good faith by Class Counsel, to make himself available, at a location to be chosen by the Sass Defendants, for deposition at the time discovery in this Action commences, subject to the limitations imposed by the Federal Rules of Civil Procedure, or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and agrees to be available after his sentencing for trial testimony, if requested in good faith by Class Counsel. For the avoidance of doubt, Mr. Hruby shall not be required to provide any deposition or trial testimony pursuant to this Agreement prior to his sentencing. With regard to Vinaya K. Jessani, Mr. Jessani agrees to consider in good faith a request to provide deposition or trial testimony but shall have no obligation to voluntarily provide such deposition or trial testimony pursuant to this Paragraph 26(b).

12

(c)     **Documents.**  The Sass Defendants and defendant Hruby will provide

Plaintiffs with documents (including electronic documents) related to

claims asserted in the Action.  If requested in good faith by Class Counsel,

the Sass Entities will produce, at a location of their choosing, pursuant to

and subject to the limitations imposed by Rule 30(b)(6) and the other

Federal Rules of Civil Procedure as well as any additional limitation

imposed by order or stipulation in this Action governing the authentication

of documents or corporate representative testimony related to any Non-

Settling Defendant, a corporate representative sufficiently qualified to

authenticate and make admissible under the applicable rules of evidence,

as well as under the rules of any state, all the Sass Entities' documents and

electronic data as may in good faith be requested by Class Counsel in the

pending Action related to Tax Sale Certificate auctions in the State of New

Jersey.   With regard to Vinaya K. Jessani, Mr. Jessani, agrees to consider

in good faith a request made by Settlement Class Counsel to provide

Plaintiffs with documents (including electronic documents) related to

claims asserted in the Action, but he shall have no obligation to

voluntarily provide such documents pursuant to this Paragraph 26(c).

(d)     Notwithstanding the above, Class Counsel shall be permitted to serve

discovery requests upon Mr. Jessani as permitted by the Federal Rules of

Civil Procedure.

(e)     Nothing in this Agreement shall be construed to preclude the assertion of

any constitutional or other privilege by the Sass Defendants or any

13

individuals who are current or former directors, officers, employees or agents (i.e. *per diem* bidders) of any entities controlled by the Sass Entities, and the assertion of such privileges shall not be deemed a breach of this Agreement.

27.     Plaintiffs and Class Counsel agree not to assert that the Sass Defendants waived the attorney-client privilege, work product immunity or any other privilege or protection (including the right to avoid self-incrimination) with respect to information or documents or testimony provided or identified to Class Counsel pursuant to this Agreement.  Nor should anything in this Agreement be construed as an agreement by any Party hereto that any person has agreed to waive any such privilege, immunity or protection.

28.     The Sass Defendants shall not be required to provide the cooperation provided for in Paragraph 26 of this Agreement if the United States Department of Justice objects to the Sass Defendants' provision of such cooperation to Plaintiffs or Class Counsel.  However, if Plaintiffs and/or Class Counsel challenge the United States Department of Justice's objection to the Sass Defendants' provision of cooperation under this Agreement, and the Court overseeing this Action overrules the objection of the Department of Justice, the Sass Defendants shall be required to provide all cooperation required by this Agreement.

29.     A material failure by any of the Sass Defendants to provide the cooperation provided for in this agreement shall constitute a material breach of this Agreement.  However, a material failure by defendants Hruby or Jessani to provide the cooperation provided for in this Agreement shall not be considered a breach of the Agreement by any of the other Sass Defendants.

14

### c.   Withdrawal from Motions to Dismiss and Notification of this Agreement

30.    Within 7 days of the Execution Date, the Settling Parties will jointly notify the Court that they have entered into a settlement, and provide the Court with a copy of this Agreement.  In addition to notifying the Court of this Agreement, the Settling Parties shall jointly request that, pending Preliminary Approval of this Settlement Agreement, the Court hold in abeyance the M.D. Sass Defendants' Motion to Dismiss [Dkt. No. 178], Defendant Vinaya K. Jessani's Motion to Dismiss [Dkt. No. 177], and the Sass Defendants shall withdraw from the Defendants' Joint Motion to Dismiss [Dkt. No. 174]. (the "Motions").  Within 7 days following the entry of an order preliminarily approving this Agreement, the Sass Defendants shall formally withdraw the Motions (or, in the case of the Defendants' Joint Motion to Dismiss, shall withdraw their participation in that motion), without prejudice to renewing the Motions in the event Final Approval of the Settlement is denied or the Agreement is rescinded.  However, in the event any of the Sass Defendants' motions to dismiss or Defendants' Joint Motion to Dismiss is decided and this Agreement is subsequently rescinded pursuant to Paragraphs 22, 48, or 49 or Final Approval is not granted, the Parties agree to be bound by the Court's rulings on such motions.

### E.    Administrative Costs and Taxes

31.    All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the Settlement Proceeds.  The Sass Defendants shall have no further financial responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs beyond payment of the Settlement Proceeds.

32.    Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement.  The Sass Defendants make no representations about the tax ramifications, if any, of any payments made to Settlement Class Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

33.    Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees and expenses from the Settlement Proceeds.  Such expenses include past, current and future litigation expenses or expenses related to notice and administration of this settlement, or settlements with other Defendants.  Other than the payment of the Settlement Proceeds, the Sass Defendants shall have no obligation to pay any amount of Settlement Class Counsel's attorneys' fees or the costs or expenses of litigation for the Settlement Class.

34.    Plaintiffs and Releasees agree to treat the settlement fund as being at all times a "qualified settlement fund" within the meaning of Treas.  Reg. § 1.468B-1 (the "Settlement Fund").  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraphs 34 through 36 of this Agreement, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

35.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(l)). Such returns (as well as the election described in Paragraph 34) shall be consistent with Paragraph 34 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest, or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 36 hereof.

36.     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Sass Defendants or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement Fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 34 through 36 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 36 ("Tax Expenses")), shall be paid out of the Settlement Fund.

**F.      Approval of this Agreement and Dismissal of Claims**

37.     Plaintiffs and the Sass Defendants shall use their best efforts to effectuate this Agreement, including, at the appropriate time, seeking preliminary Court approval of the Settlement and securing both the Court's certification of the Settlement Class and the Court's approval of procedures to secure the prompt, complete, and final dismissal with prejudice of the Action as to the Sass Defendants.

38.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against the Sass Defendants and shall not require that they answer or respond to any pleading and shall hold the litigation in abeyance against the Sass Defendants.  During the period of time between the Execution Date and the date an order of dismissal is entered as provided for in Paragraph 43 below, any statutes of limitations concerning the claims of the Plaintiffs and Settlement Class Members against the Sass Defendants shall be tolled.

39.     Subject to Paragraph 37 above, at the appropriate time, Plaintiffs shall submit to the Court a motion for: (a) certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; and (c) preliminary approval of the settlement, and authorization to disseminate notice of class certification, and the final judgment contemplated by this Agreement to all potential Settlement Class Members.

40.     When Plaintiffs are prepared to issue Notice as contemplated by Paragraph 51, the Settling Parties shall approve the form of notice to be provided to the Settlement Class and submit it to the Court and request that the Court: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively; (iii) approve the form of notice to be provided to the Settlement Class in the form mutually agreed to by the Settling Parties and submitted in connection with the motion for preliminary approval, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct

that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a

procedure for Settlement Class Members to object to the Settlement or exclude themselves from

the Settlement Class and set a date, not later than 60 days following the date Class Notice is

initially mailed as per Paragraph 51 of this Agreement, after which no Settlement Class Member

shall be allowed to object to the Settlement or exclude himself, herself or itself from the

Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether

the Settlement should be approved, bar all Settlement Class Members, directly, on a

representative basis, or in any other capacity, from commencing or prosecuting against any of the

Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal

asserting any of the Released Claims; (vii) pending final determination of whether the Settlement

should be approved, stay all proceedings in the Action as to the Sass Defendants except those

related to the effectuation of the Settlement; and (viii) schedule a hearing on final approval of the

Settlement (which final approval hearing, as referenced herein, shall take place after the deadline

for members of the Settlement Class to opt-out or object and no earlier than 90 days after entry

of a Preliminary Approval Order and the mailing of Class Notice).

     41.    Within 20 business days after the end of the opt-out period established by the

Court and set forth in the Class Notice, Plaintiffs shall provide the Sass Defendants, through their

counsel, a written list of all potential Settlement Class Members who have exercised their right to

request exclusion from the class.  In the event that more than that percentage of the Settlement

Class indicated in the confidential letter (the "Settlement Opt-Out Percentage Letter") (which

would be submitted to the Court *in camera*) of the same date as this Agreement and executed by

counsel for the parties to this Agreement elects to opt out of the Class Settlement, the Sass

Defendants shall have the right to elect, in their sole and absolute discretion, whether to proceed

with the settlement contemplated by this Agreement.  If the Sass Defendants elect not to proceed

with the settlement pursuant to this provision, then this Agreement will be of no further force or

effect and whatever Settlement Proceeds remain after payment of settlement administration costs

incurred up through the date of such election shall be returned immediately to the Sass Defendant

that made the particular payment being returned.  In the event that a dispute should arise between

the parties regarding calculation of the opt-out percentage, that dispute will be promptly

submitted to the Court for resolution in accordance with such procedures as the Court may

recommend or adopt.  If the Sass Defendants elect not to proceed with the Agreement, Plaintiffs

may continue to use the information provided by the Sass Defendants pursuant to Paragraph 26

of this Agreement.

 42. Plaintiffs shall use their best efforts to combine dissemination of notice of the

proposed Settlement Class and the Agreement with notice of other settlement agreements.   The

proposed method of notice of the settlement shall be determined in consultation with a class

action administrator and shall be approved by the Court.  Within 60 business days after the

Execution Date, the Sass Defendants shall supply to Class Counsel at the Sass Defendants'

expense and in such form as kept in the regular course of business (electronic format if available)

such names and addresses of potential Settlement Class Members as they have.

 43. If the Court preliminarily approves this Agreement, Plaintiffs and the Sass

Defendants shall jointly seek entry of an order and final judgment, the text of which Plaintiffs

and the Sass Defendants shall agree upon:

  (a) As to the Action, approving finally this Agreement and its
terms as being a fair, reasonable, and adequate settlement
as to the Settlement Class Members within the meaning of
Rule 23 of the Federal Rules of Civil Procedure and
directing its consummation according to its terms;

      (b)      Directing that, as to the Sass Defendants, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

      (c)      Reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

      (d)      Determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to the Sass Defendants shall be entered; and

      (e)      Requiring Class Counsel to file with the Clerk of the Court a record of potential Settlement Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for the Sass Defendants.

44.     This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against the Sass Defendants on the merits with prejudice as to all Settlement Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Final Approval" or "Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  On the Execution Date, Plaintiffs and the Sass Defendants shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraphs 22, 48, or 49 of this Agreement.

## G.    Release and Discharge

45.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, damages, penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct or allegations concerning any agreement or understanding among Defendants to rig bids or allocate tax liens in connection with the public auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), and/or claims that could have been alleged or asserted, whether or not concealed or hidden, in any other actions by any Releasee against the Sass Defendants, which arise from or are predicated on the facts and/or actions described in the Complaints under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time through the end of the Class Period (the "Released Claims").  It is expressly understood and agreed that this Release and settlement is intended to cover and does cover not only all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences thereof, but any

further injuries, losses and damages which arise from, or are related to, the claims set forth in the Complaints. The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims. However, this Release does not release any Non-Settling Defendant or claims against Stephen E. Hruby and Vinaya K. Jessani concerning their participation in the New Jersey tax sale certificates market, during the period of time they were employees of a Non-Settling Defendant.

46.     In addition to the provisions of Paragraph 45, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 45. Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

47.     The release and discharge set forth in Paragraphs 45 and 46 herein do not include: (a) claims relating to disputes against the Sass Defendants unrelated to the Released Claims; and (b) claims of Settlement Class Members outside of the Class Period against the Sass Defendants ("Excepted Claims").

**H.     Rescission if the Agreement is Not Approved**

48.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 43-44 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then the Sass Defendants and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

49.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 43-44 of this Agreement, or if the Agreement is terminated pursuant to Paragraph 22, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of the Sass Defendants, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.  If the agreement is rescinded, Plaintiffs may continue to use the information provided by the Sass Defendants pursuant to Paragraph 26 of this Agreement.

50.     In the event any of the Settling Parties elect to rescind this Agreement pursuant to Paragraphs 22, 48 or 49 of this Agreement, or if Final Approval of the settlement provided for in the Agreement is not granted by the Court or the Agreement is terminated pursuant to Paragraph 22 herein, unless otherwise specified in this Agreement, the Settling Parties shall be restored to the position they occupied in this Action immediately prior to entering into this Agreement and any monies paid by the Sass Defendants shall be returned to the paying party, except for the Sass Defendants' *pro rata* share of those monies that had been expended on costs related to notice and administration of this Agreement prior to the date of termination of the Agreement.

## I.     Notice of Settlement to Class Members

51.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names

and addresses of those potential members of the Settlement Class. Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

**J.     Miscellaneous**

52.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees. All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members. The purchase of Tax Sale Certificates in the State of New Jersey by the Sass Defendants with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

53.     The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation. This Agreement shall not constitute or be construed or considered as an admission by the Sass Defendants for any purpose or as evidence of liability.

54.     The United States District Court for the District of New Jersey, Trenton Division shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Sass Defendants. Plaintiffs and the Sass Defendants submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. This Agreement shall be governed by and

interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

55.     This Agreement and the Settlement Opt-Out Percentage Letter constitutes the entire agreement among Plaintiffs (and the other Releasors) and the Sass Defendants (and the other Releasees) pertaining to the settlement of the Action against the Sass Defendants only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and the Sass Defendants in connection therewith.  This Agreement may be modified or amended only by a writing executed by Plaintiffs and the Sass Defendants, and approved by the Court.

56.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Settlement Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

57.     This Agreement may be executed in counterparts by Plaintiffs and the Sass Defendants, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

58.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

59.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class

certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by the Sass Defendants.

60.     Neither the Sass Defendants nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

61.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, the Sass Defendants, and Releasees any right or remedy under or by reason of this Agreement.

62.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

| For the Class: | For The Sass Defendants: |
|---|---|
| Michael D. Hausfeld | Joseph S. Allerhand |
| James J. Pizzirusso | Bruce A. Colbath |
| Seth R. Gassman | **WEIL, GOTSHAL & MANGES LLP** |
| **HAUSFELD LLP** | 767 Fifth Avenue |
| 1700 K Street, NW, Suite 650 | New York, NY 10153 |
| Washington, DC 20006 | Telephone: 212-310-8000 |
| Telephone: 202-540-7200 | Facsimile: 212-310-8007 |
| Facsimile: 202-540-7201 | joseph.allerhand@weil.com |
| mhausfeld@hausfeldllp.com | bruce.colbath@weil.com |
| jpizzirusso@hausfeldllp.com | |
| sgassman@hausfeldllp.com | |

| | |
|---|---|
| Steve W. Berman | Andrew T. Solomon |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **SULLIVAN & WORCESTER LLP** |
| 1918 Eighth Avenue, Suite 3300 | 1633 Broadway |
| Seattle, WA 98101 | NEW YORK, NY 10019 |
| Telephone: (206) 623-7292 | Tel: 212 660 3023 |
| Facsimile: (206) 623-0594 | Fax: 212 660 3001 |
| Email: steve@hbsslaw.com | Email: asolomon@sandw.com |

| | |
|---|---|
| Jason A. Zweig | Lawrence S. Lustberg |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | Joshua C. Gillette |
| 555 Fifth Avenue, 17th Floor | **GIBBONS P.C.** |
| New York, NY 10017 | One Gateway Center |
| Telephone: (212) 752-5455 | Newark, NJ 07102-5310 |
| Facsimile: (917) 210-3980 | Tel: (973) 596-4500 |
| Email: jasonz@hbsslaw.com | Fax: (973) 596-0545 |
| | Email: llustberg@gibbonslaw.com |
| | jgillette@gibbonslaw.com |

63.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: September 10, 2013

**HAUSFELD LLP**

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**WEIL, GOTSHAL & MANGES LLP**

Joseph S. Allerhand
Bruce A. Colbath
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
joseph.allerhand@weil.com
bruce.colbath@weil.com

**COOPER LEVENSON APRIL
NIDELMAN & WAGENHEIM, P.A.**

William J. Hughes, Jr.
1125 Atlantic Avenue
Atlantic City, NJ 08401
(609) 572-7512

*Attorneys for M.D. Sass Investors Services,
Inc.; M.D. Sass Tax Lien Management, LLC;
M.D. Sass Municipal Finance Partners - I,
L.P.; M.D. Sass Municipal Finance Partners
– II, L.P.; M.D. Sass Municipal Finance
Partners - III, LLC; M.D. Sass Municipal
Finance Partners - IV, LLC; M.D. Sass
Municipal Finance Partners - V, LLC; M.D.
Sass Municipal Finance Partners - VI, LLC*

**SULLIVAN & WORCESTER LLP**

Andrew T. Solomon
1633 Broadway
NEW YORK, NY 10019
Tel: 212 660 3023
Fax: 212 660 3001
Email: asolomon@sandw.com

*Attorneys for Stephen E. Hruby*

**HAUSFELD LLP**

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**WEIL, GOTSHAL & MANGES LLP**

Joseph S. Allerhand
Bruce A. Colbath
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
joseph.allerhand@weil.com
bruce.colbath@weil.com

**COOPER LEVENSON APRIL NIDELMAN & WAGENHEIM, P.A.**

William J. Hughes, Jr.
1125 Atlantic Avenue
Atlantic City, NJ 08401
(609) 572-7512

*Attorneys for M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Finance Partners - I, L.P.; M.D. Sass Municipal Finance Partners – II, L.P.; M.D. Sass Municipal Finance Partners - III, LLC; M.D. Sass Municipal Finance Partners - IV, LLC; M.D. Sass Municipal Finance Partners - V, LLC; M.D. Sass Municipal Finance Partners - VI, LLC*

**SULLIVAN & WORCESTER LLP**

Andrew T. Solomon
1633 Broadway
NEW YORK, NY 10019
Tel: 212 660 3023
Fax: 212 660 3001
Email: asolomon@sandw.com

*Attorneys for Stephen E. Hruby*

29

**HAUSFELD LLP**

---

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

---

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**WEIL, GOTSHAL & MANGES LLP**

---

Joseph S. Allerhand
Bruce A. Colbath
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
joseph.allerhand@weil.com
bruce.colbath@weil.com

**COOPER LEVENSON APRIL
    NIDELMAN & WAGENHEIM, P.A.**

---

William J. Hughes, Jr.
1125 Atlantic Avenue
Atlantic City, NJ 08401
(609) 572-7512

*Attorneys for M.D. Sass Investors Services,
Inc.; M.D. Sass Tax Lien Management, LLC;
M.D. Sass Municipal Finance Partners - I,
L.P.; M.D. Sass Municipal Finance Partners
– II, L.P.; M.D. Sass Municipal Finance
Partners - III, LLC; M.D. Sass Municipal
Finance Partners - IV, LLC; M.D. Sass
Municipal Finance Partners - V, LLC; M.D.
Sass Municipal Finance Partners - VI, LLC*

**SULLIVAN & WORCESTER LLP**

---

Andrew T. Solomon
1633 Broadway
NEW YORK, NY 10019
Tel: 212 660 3023
Fax: 212 660 3001
Email: asolomon@sandw.com

*Attorneys for Stephen E. Hruby*

GIBBONS P.C.

Lawrence S. Lustberg
Joshua C. Gillette
One Gateway Center
Newark, NJ 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
Email: llustberg@gibbonslaw.com
       jgillette@gibbonslaw.com

*Attorneys for Vinaya K. Jessani*