UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | MASTER DOCKET NO. 12-1893 (MAS) <br><br> REPORT AND RECOMMENDATION |

**THIS MATTER** having been opened to the Court by Plaintiffs' Class Counsel (on behalf of the Named Plaintiffs as set forth below) by way of their motion for preliminary approval of the proposed Settlements in the above Actions [Docket Entry No. 319];

**WHEREAS**, the Court having reviewed and considered the motion for preliminary approval of Settlements with (1) M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Partners – I, L.P.; M.D. Sass Municipal Partners – II, L.P.; M.D. Sass Municipal Partners – III, L.P.; M.D. Sass Municipal Partners – IV, L.P.; M.D. Sass Municipal Partners – V, L.P.; M.D. Sass Municipal Partners – VI, L.P. (collectively, the "Sass Entities"); Vinaya K. Jessani; and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants"); (2) Royal Bancshares of Pennsylvania, Inc. ("RBPI"); Royal Bank America ("RBA"); Crusader Servicing Corporation ("CSC"); and Royal Tax Lien Services, LLC ("RTLS") (collectively, the "Crusader Defendants"); (3) Plymouth Park Tax Services, LLC d/b/a Xspand ("Defendant Plymouth Park"); and (4) Phoenix Funding, Inc. ("Phoenix Funding") and Benedict Caiola ("Caiola") (collectively, the "Phoenix Defendants), (collectively, the Sass Defendants, Crusader Defendants, Defendant Plymouth Park, and Phoenix Defendants are referred to as the "Settling Defendants"), and supporting materials filed by Plaintiffs' Class Counsel and having reviewed the pleadings and other papers on file in this Action; and

**WHEREAS**, this Court has fully considered the record, including oral argument of the parties heard on March 6, 2014, and the requirements of law; and good cause appearing;

IT IS THIS 11th day of March, 2014

**RECOMMENDED** that the four Settlement Agreements (including all terms of the Settlement Agreements) are hereby **PRELIMINARILY APPROVED**. The Court further finds and recommends as follows:

1.  The Settlements were the result of the parties' good-faith negotiations. The Settlements were entered into by experienced counsel and only after extensive arm's-length negotiations. The Settlement Agreements were not the result of collusion.

2.  The Settlement Agreements each fall well within the range of reasonableness. The Settlement Agreements have no obvious deficiencies. The Settlement Agreements do not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class.

3.  Because the Settlement Agreements meet the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement Agreements, subject to a hearing on the final approval of the settlements (hereinafter "Fairness Hearing").

4.  The following class of plaintiffs (hereinafter "Settlement Class") is provisionally certified for settlement purposes only:

    > All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period from and including January 1, 1998 through February 2009 at a public auction in the State of New Jersey at an interest rate above zero percent.

5.  The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

      a.     Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

      b.     Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for both Settlement Classes including:

        (i)     Whether Defendants conspired with others to fix bids and allocate TSCs at auctions in New Jersey, in violation of the Sherman Act and New Jersey's Antitrust Act;

        (ii)    Whether Defendants' conduct had the anticompetitive effect of reducing and unreasonably restraining the market for the purchase of TSCs;

        (iii)   The names of the individuals and entities who participated in the anticompetitive scheme;

        (iv)   The duration of the anticompetitive scheme;

        (v)    The effect of Defendants' conduct and the extent of injuries sustained by Plaintiffs and Class Members; and

        (vi)   The amount of damages the anticompetitive scheme caused members of the Class.

      c.     Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of Defendants' common course of conduct in violation of the antitrust laws.

      d.     Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6.     The Court further finds the requirements of Rule 23(b)(3) are satisfied, as follows:

    a. Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

    b. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

  7. The Court further finds that there is a sufficient basis for deferring notice for the class of the proposed settlements until the information from LienSource is made available to and analyzed by Class Counsel, as described in Plaintiffs' Memorandum of Law in Support of this Motion for Preliminary Approval.

  8. The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc. with respect to the Settlement Agreements with the Sass Defendants, the Crusader Defendants, Defendant Plymouth Park, and the Phoenix Defendants.

  9. The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Class Counsel and Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

  10. The Court will conduct a Fairness Hearing on a date to be set. The Fairness Hearing will be conducted to determine the following:

    a. Whether the four proposed settlements are fair, reasonable, and adequate and should be granted final approval;

      b.      Whether final judgment should be entered dismissing the claims of the class against the Sass Defendants, Crusader Defendants, Defendant Plymouth Park, and Phoenix Defendants with prejudice as required by the Settlement Agreements; and

      c.      Such other matters as the Court may deem appropriate.

11.    Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreements, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the settlement funds. Class Counsel shall describe the procedure and timing associated with seeking exclusion from the Class, objecting to the class and making an appearance at the fairness hearing when a motion to distribute notice is filed with the Court.

12.    All further class proceedings as to the Sass Defendants, Crusader Defendants, Defendant Plymouth Park, and Phoenix Defendants are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the Settlement Agreements or agreed by the settling parties.

13.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

It is further ORDERED that the Clerk of the Court administratively terminate this Motion [Docket Entry No. 319] pending the District Court's acceptance, rejection, or modification of the instant Report and Recommendation; and it is further

ORDERED that the Clerk of the Court activate the instant Report and Recommendation so as to indicate that it requires further action by the District Court.

Parties are advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they may file an objection to the disposition recommended herein within 14 days of being served with a copy of this Report and Recommendation.

_____
Hon. Tonianne J. Bongiovanni
United States Magistrate Judge