

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

May 6, 2014

**VIA ECF**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
 District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Room 6E
Trenton, NJ 08608

      Re:   *In re New Jersey Tax Sales Certificates Antitrust Litig.*
              <u>Master Docket No.: 3:12-CV-01893-FLW-TJB</u>

Dear Judge Bongiovanni:

      Together with our co-counsel, this office represents plaintiffs and the class in this matter. At the March 6, 2014 hearing on plaintiffs' motion for preliminary approval of proposed settlements with certain defendants, the Court directed that plaintiffs submit, by May 6, 2014, a status report regarding plaintiffs' efforts to develop a notice plan for the settlement class as to those settlements and others as to which Judge Shipp previously granted preliminary approval. *See* Docket Entry No. 337.  Accordingly, plaintiffs respectfully submit this letter.

      As plaintiffs advised the Court at the March 6 hearing, plaintiffs retained LienSource, a company that has been providing tax sale data of all sorts since 1999,[1] to assist in producing a database of property owners who have had tax sale certificates ("TSCs") sold at municipal auctions in New Jersey during the Class Period of this case.  Plaintiffs intended to use that database for purposes of direct mail notice to those property owners.  Though LienSource already had data reflecting the addresses of all properties as to which TSCs were to be auctioned, that list of properties was over-inclusive for use in a direct mail notice program because many properties scheduled for auction are redeemed before the auctions occur.

      LienSource has advised plaintiffs that LienSource contacted all 566 municipalities in New Jersey to obtain the names and addresses of all property owners as to whose properties TSC auctions in fact occurred.  Many municipalities provided that information.  According to LienSource, however, many others sought extensions, denied the requests, did not respond at all or, in some cases, have no data because, for example, the data were destroyed in Hurricane Sandy.

---

[1] More information about LienSource is available from its website, www.liensource.com.

414614.1



Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 6, 2014
Page 2

      Plaintiffs understand that, over the course of many months, LienSource has continued to follow up with the municipalities in order to attempt to collect the necessary data. As of today, LienSource reports that it has obtained information from about 300 municipalities. Plaintiffs have not yet received the actual data from LienSource, but LienSource has represented that it will provide, by the end of this week, the database for those approximately 300 municipalities. LienSource has either not been able to obtain data from the remaining municipalities or not been able to obtain sufficient data to be of use in the notice program.

      Given the difficulty in getting data for the remaining municipalities, and after extensive discussions between plaintiffs and LienSource that indicate that obtaining such information from the remaining municipalities will likely not be possible, plaintiffs no longer believe it is reasonably practicable to provide direct mail notice to all class members. Therefore, plaintiffs intend to propose a notice program that would employ direct mail notice where mailing address information is available, and other forms of notice that would supplement that direct mail notice.

      Plaintiffs have retained Gilardi & Co., LLC, which has been in the business of providing class action notice and administration services since 1984,[2] to assist in designing a notice program that would supplement the direct mail notice with other forms of notice, such as internet and/or newspaper notice. Gilardi has already provided plaintiffs with a potential notice program that would supplement direct mail notice. Once plaintiffs receive the actual data that LienSource is anticipated to provide shortly, Gilardi will be able to design concrete means of internet and/or newspaper notice. No later than June 30, 2014, plaintiffs expect to propose to the Court a combination of direct mail and other notice regarding the settlements that the Court has preliminarily approved that will satisfy the requirements of Rule 23. Plaintiffs also expect to move for preliminary approval of additional settlements by that time.

      Should the Court have any questions about this status report, plaintiffs' counsel are available at the Court's pleasure. Thank you very much for your consideration.

      Respectfully,

      */s/ Bruce D. Greenberg*

      Bruce D. Greenberg

cc:    All counsel (via ECF)

---

[2] More information about Gilardi is available at its website, www.gilardi.com. Gilardi has served as notice and/or settlement administrator in many cases in this District. *See*, *e.g*., *Sabol v. Hydroxatone, LLC*, No. 11-4586(KM), 2013 U.S. Dist. LEXIS 166520, *51 (D.N.J. Nov. 22, 2013).

414614.1