**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

May 19, 2014

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
United States District Court for the
  District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
Courtroom 7W
Trenton, New Jersey 08608

> Re: **In re New Jersey Tax Sale Certificates Antitrust Litig.**
> **Master Docket No. 3:12-CV-01893-MAS-TJB**

Dear Judge Shipp:

Together with our co-counsel, this office represents Plaintiffs and the class in this matter. We write for two purposes: (1) to provide the Court with supplemental authority in further support of Plaintiffs' opposition to Moving Defendants' motions to dismiss [*see* Dkt. Nos. 340, 341, 342, and 345], and (2) to advise the Court of a recent additional guilty plea in the parallel criminal investigation being conducted by the Department of Justice.

**Supplemental Authority**

In *In re Automotive Parts Antitrust Litigation (Fuel Senders Litigation)*, Master File No., 12-MD-02311, 2014 WL 1746121 (E.D. Mich., April 30, 2014), the court denied the defendants' motions to dismiss where certain defendants in the civil action had pled guilty to fixing the price of a particular product (fuel senders), but others had not.

In discussing the standards applicable to a Rule 12(b)(6) motion, the court emphasized that, "[d]espite Defendants' concern, there is no heightened pleading [standard] in an antitrust case when a plaintiff has had access to some information from the government investigation." *Id.* at *6. The complaint there met the relevant pleading standards because it "identifies the time frame of the conspiracy, and the market conditions that support the plausibility of a broader conspiracy than that to which Defendants have pled guilty. The Court recognizes that the standard of proof in criminal proceedings is a much higher standard than must be met in this litigation. Consequently, the guilty plea establishes the existence of the conspiracy, but does not set the boundaries confining scope or time frame." *Id.* at *7. The court held that, "[a]t this stage



Hon. Michael A. Shipp, U.S.D.J.
May 19, 2014
Page 2

of the litigation, these allegations are sufficient. [Plaintiffs] identified the parties to the conspiracy, the products involved, the geographic market affected, and the time frame of the conspiracy. [Plaintiffs] also alleged methods used to implement the conspiracy." *Id.* at *8.

As in *AutoParts*, Plaintiffs have identified a plausible conspiracy involving all Moving Defendants, regardless of whether they have yet been criminally charged or pled guilty. As set forth in their Omnibus Memorandum of Law in Opposition to Moving Defendants' Joint and Individual Motions to Dismiss and to Stay Proceedings [Dkt. No. 353] ("Plaintiffs' Opposition"), Plaintiffs' First Amended Consolidated Master Class Action Complaint ("Complaint") identifies in detail, among other things, the "parties to the conspiracy, the products involved, the geographic market affected, and the time frame of the conspiracy. [Plaintiffs] also alleged methods used to implement the conspiracy." *See Auto Parts*, 2014 WL 1746121 at *8. As in *Auto Parts*, not only do Moving Defendants "have notice of the claims against them, the allegations create a 'reasonable expectation that discovery may reveal further evidence of an illegal agreement." *Id.*

*Auto Parts (Fuel Senders)* provides further support that the moving defendants' motions to dismiss should be denied.

**New Developments in the Parallel Criminal Investigation**

Moving Defendants' opening brief represented to this Court:

> All of the rogue actors have either been charged, or plead guilty to criminal informations. Most of these rogue actors have entered into civil settlements with the Plaintiffs. The statute of limitations has run and no further criminal charges will be lodged.

[Dkt No. 341-1, at 9]. Moving Defendants' reply brief makes that same assertion. [Dkt. No. 357, at 1 ("the statute of limitations has run and no further criminal charges will be lodged"); *id.* at 13 (Point heading referring to "The Now Completed Criminal Investigations ....")]. Plaintiffs' Opposition observed, and two developments last week confirm, that Moving Defendants' contention was incorrect.

First, in a related case, the Department of Justice expressly debunked the notion that there is no longer the potential for further indictments. *United States v. Wolfson*, No. 2:13-cv-00748(FSH), involves the parties known in the present case as the Wolfson Defendants. The Wolfson Defendants asserted there that "there is no ongoing grand jury investigation to protect and that the statute of limitations on the alleged conspiracy expired in February of 2014." *See* letter from Kristina N. Srica, Attorney, Antitrust Division, to Hon. Faith S. Hochberg, U.S.D.J.,

416240.1



Hon. Michael A. Shipp, U.S.D.J.
May 19, 2014
Page 3

dated May 16, 2014, at 2 (internal quotation marks omitted) [Dkt. No. 52]. A copy of that letter is attached to the accompanying Declaration of Bruce D. Greenberg as Exhibit A. The DOJ labeled the Wolfson Defendants' contention "simply incorrect," and stated that "[t]here is in fact a related ongoing Grand Jury investigation involving criminal conduct for which the statute of limitations has not run."

Second, on May 12, 2014 (four days before Moving Defendants filed their reply brief here), the DOJ announced that Vinaya K. Jessani, a former executive of the Sass Defendants, had agreed to plead guilty to participating in the conspiracy alleged in Plaintiffs' Complaint. A copy of that release, available at http://www.justice.gov/atr/public/press_releases/2014/305817.htm, is attached to the Greenberg Declaration as Exhibit B. This is the fifteenth guilty plea obtained by the DOJ with respect to the conspiracy alleged in the Complaint.

According to the release, Mr. Jessani agreed to plead guilty to participating in the conspiracy from at least 1994 through February 2009. Mr. Jessani was named as a Defendant in the Complaint [*see* Dkt. 320, ¶¶ 75-84], but has been released pursuant to a settlement that the Sass Defendants reached with Plaintiffs [*see* Dkt. 281].

This additional plea (as well as the DOJ's May 16 letter to Judge Hochberg) is clear evidence that the Department of Justice investigation remains ongoing and active. In addition, as Plaintiffs have argued previously, the plea further bolsters the plausibility of the alleged conspiracy as to Moving Defendants. [*See* Dkt. 353, at 36-37].

Thank you very much for your consideration.

Respectfully,

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg

bdg/abm
cc:   All counsel (via ECF)

416240.1