# SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN
DOUGLAS E. GROVER
BRADLEY J. NASH

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400

TELECOPIER: (212) 344-7677

www.schlamstone.com

PETER R. SCHLAM (1944-2005)

OF COUNSEL
RONALD G. RUSSO
STANLEY N. ALPERT
MARY W. ANDERSON
HILLARY S. ZILZ
VITALI S. ROSENFELD
ANDREW S. HARRIS

NIALL D. O'MURCHADHA
SAMUEL L. BUTT

June 26, 2014

**BY ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
For The District Of New Jersey
402 East State Street
Trenton, New Jersey 08608

Re: *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, **Master Docket No. 12-1893 (MAS)(TJB)**

Dear Judge Shipp:

This firm represents Defendant Mooring Tax Asset Group, LLC ("Mooring") in this action. We write preliminarily to respond to the June 24, 2014, letter to the Court from counsel for Plaintiffs asking the Court to approve, among other things, a settlement agreement with Defendant Lambros Xethalis, a former employee of Mooring. We respectfully request that the Court delay acting on Plaintiffs' request until at least the end of next week (July 3, 2014) so that we can research the facts and properly respond to it.

Among the requirements of the settlement agreement between Plaintiffs and Mr. Xethalis are that Mr. Xethalis:

- Provid[e] a full account to Settlement Class Counsel of all known facts relevant to the Action, including, but not limited to, his relevant knowledge of the industry and market participants;

- Provid[e] information concerning the organizational structure of Defendant Mooring Tax Asset Group, LLC;

- Produc[e] all relevant documents in Xethalis' possession or control, if any, relating to purchases of New Jersey Tax Sale Certificates;

Honorable Michael A. Shipp, U.S.D.J.
June 26, 2014
Page 2 of 2 Pages

Our client has informed us that Mr. Xethalis may have contractual confidentiality obligations to Mooring that would prohibit him from disclosing some of the information sought above, at least absent a discovery motion and a court order. Indeed, it may be that Mr. Xethalis has confidential knowledge and an obligation to keep such knowledge secret about entities that are not parties to this action.

The Mooring employee who can definitively answer the question of Mr. Xethalis' confidentiality obligations is out of the office this week, and for that reason we respectfully ask the Court to delay acting on Plaintiffs' request until at least the end of next week so that we can research the facts and properly respond to it.

To be sure, we are not arguing that Mr. Xethalis cannot be compelled to provide discovery regarding this action. We anticipate that Plaintiffs will argue that Mr. Xethalis allegedly has information concerning an alleged conspiracy and that cannot be shielded by a confidentiality agreement with his former employer. Separate and apart from what Plaintiffs allege (which we dispute), Mr. Xethalis unquestionably has knowledge about lawful, routine business activities of Mooring and/or its affiliates or those with whom it did business that might be shielded by a confidentiality agreement and are not necessarily discoverable because they do not relate to any alleged antitrust violations.

Thus, what we are saying is that Plaintiffs cannot unilaterally decide to disregard contractual confidentiality obligations Mr. Xethalis may have outside the discovery process in which the Court can determine if the information sought is relevant and its need outweighs the interest underlying any confidentiality agreement. To do so would be a violation of Mr. Xethalis' agreement with Mooring and tortious interference with that agreement by Plaintiffs' counsel, who as agents for the individual Plaintiffs would be making themselves also liable to Mooring and perhaps others for such a tort. Right now, we ask only for time to determine what those obligations might be and to raise with the Court any conflicts that might exist between Plaintiffs' proposed settlement agreement and Mr. Xethalis' contractual obligations to Mooring.

It may very well be that Mr. Xethalis has no such confidentiality obligations and if that is the case, we will promptly inform the Court.

Respectfully,

Jeffrey M. Eilender

JME/gc
cc:   (*via* ECF)
      All Counsel of Record