UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |
|---|---|

**DECLARATION OF SETH GASSMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS NORMAN T. REMICK, AMERICAN TAX FUNDING, LLC, ROBERT W. STEIN, AND LAMBROS XETHALIS, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF INTERIM CLASS COUNSEL AS SETTLEMENT CLASS COUNSEL, AND APPROVAL OF CLASS NOTICE**

I, Seth Gassman, declare as follows:

1. I am Of Counsel with the law firm of Hausfeld LLP, in the firm's office located at 1700 K Street, N.W., Washington, DC 20006. Hausfeld LLP has been appointed Interim Class Counsel, along with Hagens Berman Sobol Shapiro, LLP (collectively, "Interim Class Counsel"). I am a member in good standing of the bars of the State of New York and the District of Columbia, and I am admitted *pro hac vice* in this matter. I submit this declaration in support of Plaintiffs' motion for preliminary approval of settlements with defendants Norman T. Remick, American Tax Funding, LLC, Robert W. Stein, and Lambros Xethalis (together, the "Recent Settling Defendants"), preliminary certification of the settlement class,

appointment of Interim Class Counsel as Settlement Class Counsel, and approval of the proposed class notice program as to these and previously approved settlements.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' settlement agreement with defendant Norman T. Remick ("Remick Settlement Agreement").

3. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' settlement agreement with defendant American Tax Funding, LLC ("ATF Settlement Agreement").

4. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' settlement agreement with defendant Robert W. Stein ("Stein Settlement Agreement").

5. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' settlement agreement with defendant Lambros Xethalis ("Xethalis Settlement Agreement").

6. The Remick Settlement Agreement, the ATF Settlement Agreement, the Stein Settlement Agreement and the Xethalis Settlement Agreement shall be referred to collectively as the "Settlement Agreements."

A.   **Factual Background**

7.   In the period from Summer 2013 through Spring 2014, Interim Class Counsel negotiated settlements with various counsel representing Recent Settling Defendants (collectively with the defendants with settlements for which preliminary approval has already been granted or recommended to be granted, the "Settling Defendants").

8.   Interim Class Counsel and Interim Liaison Counsel have considerable experience in prosecuting federal antitrust class actions, and are therefore well versed in the issues. Summaries of the experience in antitrust and other complex class actions of Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP previously have been submitted to this Court as part of the motion for preliminary approval of a class settlement agreement reached with defendant Robert E. Rothman [Dkt. No. 217]. This Court granted preliminary approval of that settlement, and of five other settlements [Dkt. Nos. 276, 277], and appointed Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP as Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel. Magistrate Judge Bongiovanni issued a Report and Recommendation [Dkt. No. 339] recommending this Court approve four other settlements and appoint Hausfeld LLP and Hagens Berman Sobol Shapiro, LLP as Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel. The ten class settlement agreements granted preliminary approval, or

recommended for preliminary approval, total $7.73 million, apart from the additional value that many of those settlement agreements provide in the form of discounts on redemption of tax sale certificates ("TSCs") held by those Settling Defendants.

9. At numerous in-person and telephonic meetings over the course of several months, the terms of the Settlement Agreements were vigorously, extensively, and intensively negotiated among Interim Class Counsel and Recent Settling Defendants' counsel.

10. The settlement negotiations were contested and conducted in good faith.

11. The Remick Settlement Agreement was executed on January 13, 2014. *See* Ex. A.

12. On or about February 11, 2014, defendant Remick paid $135,000 pursuant to the Remick Settlement Agreement. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest, and fully insured by the FDIC.

13. Based on information received from defendant Remick during settlement negotiations, Plaintiffs and Interim Class Counsel believe that the combined value of the $135,000, the discount redemption offer described in paragraph 23 of the Remick Settlement Agreement, and the cooperation to be

provided by defendant Remick constitutes a fair, reasonable, and adequate settlement.

14. The ATF Settlement Agreement was executed on February 14, 2014. *See* Ex. B.

15. On or about April 1, 2014, defendant ATF paid $350,000 pursuant to the ATF Settlement Agreement. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest, and is fully insured by the FDIC.

16. Based on information received from ATF during settlement negotiations, Plaintiffs and Interim Class Counsel believe that the combined value of the $350,000, the discount redemption offer described in paragraph 23 of the ATF Settlement Agreement, and the cooperation to be provided by defendant ATF constitutes a fair, reasonable, and adequate settlement.

17. The Stein Settlement Agreement was executed on March 19, 2014. *See* Ex. C.

18. On or about June 20, 2014, defendant Stein paid $115,000 pursuant to the Stein Settlement Agreement. The money has been deposited into an escrow account at Huntington Bank, and invested in money market funds earning interest, and is fully insured by the FDIC.

19. Based on information received from defendant Stein during settlement negotiations, Plaintiffs and Interim Class Counsel believe that the $115,000 and the cooperation to be provided by defendant Stein, constitute a fair, reasonable, and adequate settlement. Because Stein is currently not in possession of any unredeemed TSCs that were acquired in New Jersey during the Class Period of January 1, 1998 through February 28, 2009, the settlement with him has no discount on redemption component.

20. The Xethalis Settlement Agreement was executed on April 1, 2014. *See* Ex. D.

21. Pursuant to the Xethalis Settlement Agreement, defendant Xethalis agrees to fully cooperate with Plaintiffs by providing, *inter alia*: (i) a full account of all known facts relevant to this litigation; (ii) identification of any collusive meetings by bidders at New Jersey tax sale auctions and how any alleged conspiracy was formed; (iii) information concerning the organizational structure of defendant Mooring Tax Asset Group, LLC, or any other defendant for whom Xethalis worked for during the relevant period; (iv) any known involvement of Xethalis's superiors in the alleged conspiracy; and (v) all relevant documents in Xethalis's possession or control relevant to this litigation; and by making himself available for reasonable and necessary interviews, depositions, or trial testimony.

22. Based on information received from defendant Xethalis during settlement negotiations, Plaintiffs believe the cooperation to be provided by defendant Xethalis constitutes a fair, reasonable, and adequate settlement.

**B. Class Action Requirements**

23. Although the exact number of potential members of the settlement class ("Settlement Class") is currently unknown, Plaintiffs believe, based on the number of TSC auctions in New Jersey during the proposed class period, that there are at least several thousand potential members of the Settlement Class.

24. By proving their own claims, the Named Plaintiffs would necessarily help to prove the claims of their fellow putative Settlement Class members.

25. In addition, the Named Plaintiffs have no interests that are antagonistic to the Class.

26. Interim Class Counsel have performed a great deal of work investigating the facts underlying these cases and have otherwise prepared these cases for a putative class action.

27. Following a competitive bidding process in which Interim Class Counsel solicited bids from four different notice and claims administrators, Interim Class Counsel have retained Gilardi & Co., LLC as the settlement notice and claims administrator for the Settlement Agreements. Gilardi has over 25 years of experience in noticing and administering class action settlements, and is one of the most experienced notice and claims administrators in the United States. Attached as Exhibit E to this declaration is a copy of Gilardi's firm resume.

28. Class Counsel previously retained LienSource as a vendor to gather data and contact information on property owners whose property was the subject of liens sold at municipal auctions in New Jersey during the Class Period. LienSource has undertaken a comprehensive effort, over many months, to contact all 566 municipalities in New Jersey in an effort to gather the relevant information on affected property owners whose property was the subject of liens sold at municipal auctions. Because of various difficulties related to the data collection, including the fact that some municipalities did not respond to repeated requests for data and other municipalities have no data because, for example, the data was destroyed in Hurricane Sandy, LienSource was able to capture full data for only 234 municipalities. Given the difficulty in obtaining data from all 566 municipalities, Plaintiffs also collected relevant Settlement Class Member's contact information

8

from certain of the defendants, including the Butler/Farber Defendants, the Sass Defendants, the Crusader Defendants, Plymouth Park and ATF.

29. In conjunction with Gilardi, Plaintiffs propose a notice program that employs direct mail notice where mailing address information is available, and other forms of notice to supplement the direct mail notice. [*See* Dkt. Nos. 354 (letter updating the Court on the status of disseminating notice), 362 (Court Order regarding same)].

### C. Notice and Allocation of Settlement Funds

30. To reduce costs and to facilitate the full understanding of the relief afforded by this litigation, Plaintiffs previously asked that this Court defer Plaintiffs' obligation to provide notice to the Settlement Class in the motions for preliminary approval of the ten settlements reached with the other defendants until a future date. With 14 settlements now executed, Interim Class Counsel believe that sufficient settlements have been reached to justify notifying the Class.

31. The proposed notice program will include notice of all 14 Settlement Agreements. The proposed notice program will include a Long Form Notice (attached as Exhibit "1" to the Proposed Order) to be provided via a dedicated website, www.njtaxliensettlments.com, to all members of the public and affected Class members. The proposed notice program will also include a Summary Notice (attached as Exhibit "2" to the Proposed Order) to be published in the *Newark-Star*

*Ledger*, *The Record (Hackensack)*, *Trentonian*, *Camden Courier-Post*, and *Atlantic City Press*. These publications have wide circulation throughout New Jersey and on the Internet. Additionally, the notice program will include a direct mail Postcard Notice (attached as Exhibit "3" to the Proposed Order) sent to the class members either identified by municipal records, as collected by LienSource, or through data obtained from several Settling Defendants. That Notice will also be made available on a dedicated website. A summary of the notice program proposed by Gilardi is attached to this declaration as Exhibit F.

32.     All of the Notices advise potential class members of, *inter alia*: the nature of the action; the definition of the certified class; the class claims, issues or defenses; the class member's right to enter an appearance through his or her counsel if desired; that the court will exclude from the class any member who requests exclusion; when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). The notices will also provide a toll-free phone number to call for information and a website that will provide potential class members with lengthier and complete notice.

33.     The proposed schedule for dissemination of notice is as follows:

| Event | Deadline |
|---|---|
| Commence internet (including through internet advertising and | Within 60 days of order authorizing dissemination of notice. |

| | |
|---|---|
| website) program, and complete mailed notice. | |
| Filing of Briefs in Support of Motion for Final Approval of 14 Proposed Settlements | 30 days following deadline to disseminate notice. |
| Deadline for opting out of Settlement Class, filing objections, and notice of intent to appear at Fairness Hearing. | 60 days after deadline to disseminate notice. |
| Filing of Replies to Motion for Final Approval and Responses to Objections to Settlement | 90 days following deadline to disseminate notice. |
| Deadline for Settlement Notice and Claims Administrator to File Declaration Attesting that Notice Program has been Completed | Two weeks prior to the scheduled date of the Fairness Hearing. |
| Fairness Hearing for all settlement agreements with all 14 Settling Defendants | 100 days following deadline to disseminate notice. |

34. At the fairness hearing, Plaintiffs will request to use up to $150,000 of the settlement proceeds for expenses associated with litigation against Non-Settling Defendants.

35. Plaintiffs will provide a plan of allocation to the Court as soon after final approval of the proposed settlements is granted as is practicable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

11

Executed on June 27, 2014, in Washington, District of Columbia.

*[signature]*

Seth Gassman (admitted *pro hac vice*)
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
sgassman@hausfeldllp.com