# Exhibit  B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

IN RE NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST LITIG.

Master Docket No. 3:12-CV-01893-MAS-TJB

**SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND
DEFENDANT AMERICAN TAX FUNDING, LLC**

This Settlement Agreement ("Agreement") is made and entered into this 20th day of

February, 2014 (the "Execution Date"), by and between American Tax Funding, LLC ("ATF")

and Plaintiff Class Representatives, as defined herein at Paragraph 10, both individually and on

behalf of a class as described herein at Paragraph 14 ("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and

consolidated in the District of New Jersey, on their own behalf and on behalf of the class, against

Defendants, including ATF ("Action");

WHEREAS, Plaintiffs allege that ATF participated in an unlawful conspiracy to rig bids

and allocate real property and water and/or sewer tax liens at tax sale certificate auctions in the

State of New Jersey in violation of New Jersey state law, as well as Section 1 of the Sherman

Act;

WHEREAS, ATF denies the allegations made in the Action and moved to dismiss the

Plaintiffs' Consolidated Master Class Action Complaint dated December 21, 2012 ("Complaint")

in its entirety, which motion was granted on October 23, 2013 without prejudice to Plaintiffs'

ability to file an Amended Consolidated Master Class Action Complaint;

WHEREAS, unlike many of the Defendants, ATF has not been criminally charged with

participating in the conspiracy alleged in the Action;

WHEREAS, over a period of time, the Plaintiffs and ATF, through their respective counsel, engaged in extensive, good faith, and arm's-length settlement negotiations relating to the claims and the Action, with the settlement evidenced by this Agreement being the product and result of those negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation ("Settlement");

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a Settlement with ATF according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Settlement Class (as defined in Paragraph 14 of this Agreement);

WHEREAS, ATF, despite its belief that it has good defenses to the claims alleged in the Action and without admitting any liability or fault, desires to settle the Action, and thus avoid the expense, inconvenience, distraction of continued litigation and potential risk of the Action, or any action or proceeding relating to the matters being fully settled in this Agreement; and

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to ATF and the ATF Releasees only, without costs as to Plaintiffs or the Settlement Class, subject to the approval of the Court, on the following terms and conditions:

**A. Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.      "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 3:12-CV-1893-MAS-TJB.

2.     "Class Counsel" and "Settlement Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

3.     "Counsel" means both Class Counsel and ATF's Counsel, as defined in Paragraphs 2 and 11.

4.     "Class Notice" means the notice of this Agreement and of the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Agreement to be provided to the Settlement Class (as defined in Paragraph 14 of this Agreement) pursuant to Paragraph 51 below.

5.     "Class Period" means the period from and including January 1, 1998 through February 28, 2009.

6.     "Defendant(s)" refers to the persons or entities who are named as defendants in Plaintiffs' First Amended Consolidated Master Class Action Complaint (the "Complaint') filed on January 6, 2014 in the above-captioned Action, as well as entities named as defendants in subsequent or amended complaints in the Action.

7.     "Execution Date" means the date set forth below, immediately above the signature lines to the agreement.

8.     "Final Approval" shall have the meaning ascribed to it in Paragraph 44 of this Agreement.

9.     "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

10.     "Plaintiffs" means Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

11.     "ATF's Counsel" shall refer to the law firm of Roetzel & Andress, LPA.

3

12.    "Releasees"or "ATF Releasee" shall refer, jointly and severally, and individually and collectively, to ATF, any affiliated companies, their parents and subsidiaries, and their past and present officers, Managers of any manager-run entities, directors, employees, agents, insurers, attorneys, shareholders or other equity interest holders (to the extent they are not Non-Settling Defendants), partners, associates, members, volunteers, independent contract bidders, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  Releasees shall not include any Non-Settling Defendant, and past and present officers, directors, managers, employees, agents, managers, and independent contract bidders shall only be deemed a Releasee or ATF Releasee pursuant to this Agreement, to the extent they were performing services for ATF.

13.    "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors, managers, parents, subsidiaries, affiliates, partners, shareholders or other equity interest holders, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, for, under or through them, including, but not limited to, anyone claiming for or through them in any representative action, class action, or state attorney general *parens patriae* action (to the fullest extent the law allows for release of such state attorney general claims in this proceeding).

14.    "Settlement Class" means all persons and/or entities who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.  The Settlement Class does not include Defendants, government entities or any person or entity in which any Defendant holds a controlling interest,

the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors

and assigns of any such person or entity, as well as any immediate family member of any officer,

director or employees of any named Defendant that is not a natural person, and any judge or

magistrate involved in this matter, as well as members of their immediate family.

15.     "Settlement Class Member" means each member of the Settlement Class, as

defined in Paragraph 14 of this Agreement, who does not timely elect to be excluded from the

Settlement Class.

16.     "Non-Settling Defendants" refers to the Defendants other than ATF or any ATF

Releasee.

17.     "Settling Parties" shall mean, collectively, ATF and each of the Plaintiffs,

individually, and on behalf of the Settlement Class.

18.     "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser

at a public auction in New Jersey which represents the right to collect a delinquent property tax

or other municipal charge (including water or sewer charges) from a property owner in the State

of New Jersey, along with associated interest and fees.

**B.  Settlement Class Certification**

19.     Solely for the purposes of Settlement, providing Class Notice, and for

implementing this Agreement, the Settling Parties agree to certification of the Settlement Class

defined in Paragraph 14 above.  At the appropriate time, the Settling Parties agree to cooperate in

good faith in seeking the Court's approval to certify the aforementioned Settlement Class for

purposes of effectuating this Settlement.

**C.**     **Subsequent Modification of Class Definition or Class Period**

20.     The Settling Parties agree that modification of the definition of the Settlement Class may be necessary prior to moving for preliminary approval ("Preliminary Approval") and/or Final Approval of this Agreement, and agree to work in good faith to agree upon and effectuate any such modification.  Any such modification shall be made in writing; provided, however, that in the event that Plaintiffs either enter into a settlement agreement with a Non-Settling Defendant, or obtain certification of a litigation class, and the definition of the class or Settlement Class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 14 (including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify the class definition and Class Period of this Agreement to conform to any and all subsequent expansion of the class definition or Class Period, including moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both.  In no event shall ATF be responsible for any additional notice costs or expenses.  It is understood, however, that ATF shall have the option and right to rescind this Agreement if the definition of the Settlement Class is narrowed in any way subsequent to the Execution Date of this Agreement, provided that:  1) ATF gives Plaintiffs notice in writing seven days before rescinding; and 2) Plaintiffs may revert to the Settlement Class definition contained herein within three days of receiving such notice, after which ATF will not be permitted to rescind this Agreement pursuant to this Paragraph.

**D.     Settlement Consideration**

> **a.    Monetary Consideration**

21.     In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 45-47 below and dismissal with prejudice of the Action as against ATF upon Final Approval, ATF agrees as follows:

22.     Within 20 days of the Execution Date, ATF shall pay the sum of Three Hundred Fifty Thousand U.S. Dollars (USD **$350,000**) (the "Settlement Proceeds") into an escrow account, which Settlement Class Counsel shall identify to ATF by name and account number, managed by Huntington Bank (the "Escrow Agent") and to be held in escrow by the Escrow Agent pursuant to an escrow agreement.  The plan of distribution of the Settlement Proceeds to Settlement Class Members and as otherwise authorized herein shall be the sole responsibility of Class Counsel and will be decided upon at a later date by Settlement Class Counsel as authorized by order of the Court, and notice of such plan of distribution shall be provided to members of the Settlement Class, and shall be authorized by order of the Court.  The Settlement Proceeds shall only be disbursed to Settlement Class Members and as otherwise authorized herein pursuant to, and as directed by, an order of the Court authorizing the plan of distribution.

> a.     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

> b.     All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

c.      Except as otherwise provided for herein, Releasors shall look solely to the Settlement Proceeds and the discounts set forth in paragraph 23 below, for settlement and satisfaction against the Releasees of all Released Claims (as defined in Paragraph 45 herein), and Releasors shall have no other recovery against ATF or any recovery against any of the other Releasees.  Use of the Settlement Proceeds shall be limited to payments to Settlement Class Members in relation to their claims in this Action, as well as attorneys' fees, expenses, costs, and notice and administration costs, all of which must be approved by the Court, and/or current and/or future litigation costs, or for any other use specifically authorized by order of the Court.

23.    Since ATF is currently in possession of outstanding Tax Sale Certificates which were acquired during the Class Period:

(a)      For any Tax Sale Certificates held by ATF and issued with respect to real property owned by a Settlement Class Member and not already in foreclosure proceeding (excluding Tax Sale Certificates held by ATF that were (1) acquired outside the Class Period; or (2) issued at an interest rate above 0% due to the existence of a prior lien held by ATF or any of its predecessors), ATF agrees:

(1)    Not to initiate foreclosure proceedings for 90 days following Final Approval of this Agreement;

(2)    In coordination with Class Counsel, to cause to be sent by first class mail within 30 days after Final Approval of this Agreement, and at ATF's expense, written notice, in language mutually acceptable to the Settling Parties, to the property owner of record as stated on said TSCs, offering

8

to permit redemption of any such TSCs held by ATF by the respective property owner(s) of those respective properties in exchange for a one-time payment. The one-time payment will equal the redemption amount less a onetime discount up to 15% of the redemption amount (excluding statutory attorneys' fees) redeemed through the municipality. Property owners can accept this discounted redemption offer only by notifying both Class Counsel and ATF's Counsel of their intention to avail themselves of the discounted redemption offer within 30 days of the date of the written notice and through a sworn statement indicating their financial ability to do so. As soon as practicable after the 30-day period, Class Counsel will notify each property owner who has so submitted such a sworn statement to inform that property owner of the amount of discount for which the property owner is eligible, to be determined pursuant to subparagraphs (c) and (d) of this Paragraph. Any such property owner must then make the required, discounted payment to the municipal tax office within 15 days of such notice from Class Counsel.

(b)     For any Tax Sale Certificates issued with respect to real property owned by a Settlement Class Member  (excluding Tax Sale Certificates held by ATF that were (1) acquired outside the Class Period; or (2) issued at an interest rate above 0% due to the existence of a prior lien held by ATF or any of its predecessors) still held by ATF to which foreclosure proceedings have been initiated (but not completed) as of the date of Final Approval of this Agreement, or which Tax Sale Certificates relate to a property the owner of which is under protection of bankruptcy court, ATF agrees:

(1)     In coordination with Class Counsel, to cause to be sent by first class mail

within 30 days after Final Approval of this Agreement, and at ATF's

expense, written notice, in language mutually acceptable to the Settling

Parties, to the defendants in such foreclosure actions, or debtors in such

bankruptcy proceedings, offering to permit redemption of any such TSCs

held by ATF to the respective property owner(s) of those respective

properties in exchange for a one-time payment. The one-time payment

will equal the redemption amount less a onetime discount of up to 15% of

the redemption amount (excluding statutory attorneys' fees) redeemed

through the municipality. Property owners can accept this discounted

redemption offer only by notifying both Class Counsel and ATF's

Counsel of their intention to avail themselves of the discounted

redemption offer within 30 days of the date of the written notice and

through a sworn statement indicating their financial ability to do so. As

soon as practicable after the 30-day period, Class Counsel will notify each

property owner who has so submitted such a sworn statement to inform

that property owner of the amount of discount for which the property

owner is eligible, to be determined pursuant to subparagraphs (c) and (d)

of this Paragraph. Any such property owner must then make the required,

discounted payment to the municipal tax office within 15 days of such

notice from Class Counsel.

(c)     The sum of 15% of all outstanding TSCs whose property owners have properly

notified both Class Counsel and ATF's Counsel of their intention to redeem through the

proper municipality pursuant to subparagraphs (a) and (b) of this Paragraph, combined, shall be referred to herein as the "Discount Total."

(d)     Should the "Discount Total" be less than or equal to $50,000, the percentage discount at which each property owner can redeem their TSC shall equal 15%. Should the Discount Total exceed $50,000, the percentage discount at which each property owner can redeem their TSC shall be reduced on a *pro rata* basis such that the total amount of the discounted redemption amounts shall equal $50,000. To avoid any confusion, the *pro rata* amount of the discount will be calculated using the following formula: .15 * (50,000/Discount Total) = Percentage Discount.

### b. Cooperation Agreement

24.     Following an order granting Final Approval of this Agreement, ATF will provide Plaintiffs with any documents (including electronic documents) related to claims asserted in the Action that ATF previously provided to the United States Department of Justice ("DOJ") as part of its investigation into anticompetitive practices related to TSCs in the State of New Jersey, and will agree to authenticate such documents for any trial or proceeding in this Action if requested to do so by Class Counsel.

25.     Nothing in this Agreement shall be construed to preclude the assertion of any constitutional or other privilege by ATF or any other Releasees with respect to the documents to be provided pursuant to Paragraph 24 of this Agreement. Further, Plaintiffs and Class Counsel agree not to assert that ATF or any other Releasees waived the attorney-client privilege, work product immunity or any other privilege or protection (including the right to avoid self-incrimination) with respect to documents provided or identified to Class Counsel pursuant to this Agreement, nor should anything in this Agreement be construed as an agreement by any party hereto that any person has agreed to waive any such privilege, immunity or protection.

26.     ATF shall not be required to provide the documents provided for in Paragraph 24 of this Agreement if the DOJ objects to ATF's provision of such cooperation to Plaintiffs or Class Counsel.  However, if Plaintiffs and/or Class Counsel challenge the United States Department of Justice's objection to ATF's provision of documents under this Agreement, and the Court overseeing this Action overrules the objection of the Department of Justice, ATF shall be required to provide the documents as required by Paragraph 24 to this Agreement.

27.     A failure by ATF to provide the documents provided for in this Agreement following the entry of the Final Approval shall constitute a material breach of this Agreement.

28.     Notwithstanding anything in this Agreement to the contrary, material produced pursuant to Paragraph 24 may be labeled confidential pursuant to a protective order, through which appropriate confidentiality designations can be made, to be entered between the parties to the Action (including the Settling Parties hereto).  To the extent no such protective order is yet in place at the time of final approval, the Settling Parties hereto and their respective counsel acknowledge and agree that ATF's obligation to produce documents pursuant to Paragraph 24 will be held in abeyance until such a protective order is in place; provided, however, that if no such protective order has yet been entered by the Court at the time of final approval, the Parties will use their best efforts to finalize a protective order within 30 days of final approval..

c.  **Notification of this Agreement**

29.     Within ten business days of the Execution Date, the Settling Parties shall jointly notify the Court that they have entered into a settlement, and provide the Court with a copy of this Agreement.

E.     **Administrative Costs and Taxes**

30.     All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys'

fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the Settlement Proceeds. Other than its expenses in providing the documents set forth in Paragraph 24 and the discounts provided in paragraph 23, ATF shall have no further financial responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs beyond payment of the Settlement Proceeds.

31.     Plaintiffs, Class Counsel and Liaison Counsel expressly agree and acknowledge that each Settlement Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement. ATF makes no representations about the tax ramifications, if any, of any payments made to Settlement Class Members, Class Counsel, Liaison Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

32.     Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees and expenses from the Settlement Proceeds. Such expenses include past, current and future litigation expenses or expenses related to notice and administration of this Settlement, or settlements with other Defendants. Other than the payment of the Settlement Proceeds, ATF shall have no obligation to pay any amount of Settlement Class Counsel's attorneys' fees or the costs or expenses of litigation for the Settlement Class.

33.     Plaintiffs and Releasees agree to treat the Settlement Proceeds as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (the "Settlement Fund"). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraphs 32 through 34 of the Agreement,

including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l) back to the earliest

permitted date. Such elections shall be made in compliance with the procedures and

requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to

timely and properly prepare and deliver the necessary documentation for signature by all

necessary parties, and thereafter to cause the appropriate filing to occur.

      34.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended,

and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The

Escrow Agent shall cause to be filed all informational and other tax returns necessary or

advisable with respect to the Settlement Fund (including without limitation the returns described

in Treas. Reg. § 1.468B-2(k)(l)). Such returns (as well as the election described in Paragraph

32) shall be consistent with Paragraph 32 and in all events shall reflect that all Taxes, as defined

below (including any estimated Taxes, interest, or penalties), on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 34 hereof.

      35.     All (i) taxes (including any estimated taxes, interest, or penalties) arising with

respect to the income earned by the Settlement Fund, including any taxes or tax detriments that

may be imposed upon ATF or any other Releasee with respect to any income earned by the

Settlement Fund for any period during which the Settlement Fund does not qualify as a

"qualified settlement Fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses

and costs incurred in connection with the operation and implementation of Paragraphs 32

through 34 (including, without limitation, expenses of tax attorneys and/or accountants and

mailing and distribution costs and expenses relating to filing (or failing to file) the returns

described in this Paragraph 34 ("Tax Expenses")), shall be paid out of the Settlement Fund.

    **F. Approval of this Agreement and Dismissal of Claims**

36.     Plaintiffs and ATF shall use their best efforts to effectuate this Agreement, including, at the appropriate time, seeking Preliminary Approval of the Settlement and securing both the Court's certification of the Settlement Class and the Court's approval of procedures (including providing notice of the settlement to the settlement class) to secure the prompt, complete, and final dismissal with prejudice of the Action as to ATF.

37.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against ATF and shall not require that they answer or respond to any pleading and shall hold the litigation in abeyance against ATF.  During the period of time between the Execution Date and the date an order of dismissal is entered as provided for in Paragraph 43 below, any statutes of limitations concerning the claims of the Plaintiffs and Settlement Class Members asserted against ATF in the Action shall be tolled.

38.     Subject to Paragraph 35 above, at the appropriate time, Plaintiffs shall submit to the Court a motion for: (a) certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel, respectively; and (c) Preliminary Approval of the Settlement, and authorization to disseminate notice of class certification, and the final judgment contemplated by this Agreement to all potential Settlement Class Members.

39.     When Plaintiffs are prepared to issue a Class Notice as contemplated by Paragraph 51, the Settling Parties shall approve the form of notice to be provided to the Settlement Class and submit it to the Court and request that the Court: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel,

15

respectively; (iii) approve the form of notice to be provided to the Settlement Class in the form mutually agreed to by the Settling Parties and submitted in connection with the motion for Preliminary Approval, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 51 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to ATF except those related to the effectuation of the Settlement; and (viii) schedule a hearing on Final Approval of the Settlement (which final approval hearing, as referenced herein, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after entry of a Preliminary Approval Order and the mailing of Class Notice).

40.     Within 20 business days after the end of the opt-out period established by the Court and set forth in the Class Notice, Class Counsel shall provide ATF a written list of all

potential Settlement Class Members who have exercised their right to request exclusion from the class (the "Opt-Out List").

41.     In the event that more than that percentage of the Settlement Class indicated in the confidential letter (the "Settlement Opt-Out Percentage Letter) (which would be submitted to the Court *in camera*) of the same date as this Agreement and executed by counsel for the Settling Parties to this Agreement elects to opt out of the Class Settlement, ATF shall have the right to elect, in their sole and absolute discretion, whether to proceed with the settlement pursuant to this provision.  If ATF furnishes written notice to Class Counsel that it is exercising its right to terminate this Agreement pursuant to this Paragraph within 10 days of receiving the Opt-Out List, then this Agreement will be of no further force or effect and whatever Settlement Proceeds remain after payment of settlement administration costs incurred up through the date of such election shall be returned immediately to ATF.  In the event that a dispute should arise between the Settling Parties regarding calculation of the opt-out percentage, that dispute will be promptly submitted to the Court for resolution in accordance with such procedures as the Court may recommend or adopt.  If ATF elects not to proceed with the Agreement, Plaintiffs may continue to use the information provided by ATF pursuant to Paragraph 24 of this Agreement.

42.     Plaintiffs shall use their best efforts to combine dissemination of notice of the proposed Settlement Class and the Agreement with notice of other settlement agreements.  The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court.  Within 60 business days after the Execution Date, ATF shall supply to Class Counsel, at ATF's expense and in such form as kept in the regular course of business (electronic format if available), such names and addresses of potential Settlement Class Members as they have.  In the alternative, ATF, at its sole option and

17

discretion, may pay Class Counsel an additional $5,000 above and beyond the Settlement

Proceeds referenced in Paragraph 22 of this Agreement in lieu of providing the list described in

the foregoing sentence, but if ATF exercises such option, it must still provide reasonable

cooperation to Class Counsel regarding the sending of notice to particular class members about

whom Class Counsel inquire.

43.     If the Court preliminarily approves this Agreement, Plaintiffs and ATF shall

jointly seek entry of an order and final judgment, the text of which Plaintiffs and ATF shall agree

upon:

    (a)    As to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

    (b)    Directing that, as to ATF, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

    (c)    Reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

    (d)    Enjoining Settlement Class Members, and any person, entity, or official acting on behalf of a Settlement Class Member, from re-asserting Released Claims or seeking an additional recovery payable to a Settlement Class Member based on the facts or transactions alleged in the Complaints;

    (e)    Determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to ATF shall be entered; and

    (f)    Requiring Class Counsel to file with the Clerk of the Court a record of potential Settlement Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for ATF.

44.     This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against ATF on the merits with prejudice as to all Settlement Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Final Approval" or "Finally Approved").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.  On the Execution Date, Plaintiffs and ATF shall be bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with Paragraphs  48 or 49.

**G.  Release and Discharge**

45.     In addition to and not in lieu of the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, defenses, damages, penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct or allegations concerning any collusion, agreement, or understanding among

19

Defendants to rig bids or allocate tax liens in connection with the public auction of Tax Sale

Certificates in the State of New Jersey during the Class Period, including, but not limited to, any

conduct alleged, and causes of action asserted, or that could have been alleged or asserted,

whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"),

and/or claims that could have been alleged or asserted, whether or not concealed or hidden, in

any other actions by any Releasor against ATF or any Releasee, which arise from or are

predicated on the facts and/or actions described in the Complaints under any federal or state

antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice,

consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without

limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time through

the end of the Class Period (the "Released Claims").  It is expressly understood and agreed that

this Release and Settlement is intended to cover and does cover not only all known and

unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and

the consequences thereof, but also any further injuries, losses and damages which arise from, or

are related to, the claims set forth in the Complaints.  The Releasors shall not, after the date of

this Agreement, seek to recover against any of the Releasees for any of the Released Claims.

However, this Release does not release any Non-Settling Defendant.

46.     In addition to the provisions of Paragraph 45, each Releasor hereby expressly and

irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all

defenses, rights, and benefits that each Releasor may have or that may be derived from the

provisions of applicable law which, absent such waiver, may limit the extent or effect of the

release contained in Paragraph 45.  Each Releasor also expressly and irrevocably waives any and

all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

47.     The release and discharge set forth in Paragraphs 45 and 46 herein do not include: (a) claims relating to disputes against ATF unrelated to the Released Claims; and (b) claims of Settlement Class Members outside of the Class Period against ATF ("Excepted Claims").

**H.  Rescission if the Agreement is Not Approved**

48.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 43-44 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then ATF and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

49.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraphs 43-44 of this Agreement, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of ATF, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.

50.     In the event any of the Settling Parties elect to rescind this Agreement pursuant to Paragraphs 41, 48 or 49 of this Agreement, or if Final Approval of the Settlement provided for in the Agreement is not granted by the Court, unless otherwise specified in this Agreement, the Settling Parties shall be restored to the position they occupied in this Action immediately prior to entering into this Agreement and any monies paid by ATF shall be returned to ATF, except for

21

ATF's *pro rata* share (ATF's *pro rata* share shall be determined by dividing $350,000 by the total of all settlement amounts) of those monies that had been expended on costs related to notice and administration of this Agreement prior to the date of termination of the Agreement.

**I. Notice of Settlement to Class Members**

51.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement ("Class Notice") is provided in accordance with the Federal Rules of Civil Procedure and Court order. Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names and addresses of those potential members of the Settlement Class. Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

**J. Miscellaneous**

52.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees. All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members. The purchase of Tax Sale Certificates in the State of New Jersey by ATF with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

53.     The Settling Parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation. This

22

Agreement shall not constitute or be construed or considered as an admission by ATF for any purpose or as evidence of liability.

54.     The United States District Court for the District of New Jersey, Trenton Division, shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and ATF.  Plaintiffs and ATF submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.  This Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

55.     This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and ATF (and the other Releasees) pertaining to the settlement of the Action against ATF only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and ATF in connection therewith.  This Agreement may be modified or amended only by a writing executed by Plaintiffs and ATF, and approved by the Court.

56.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Settlement Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

23

57.     This Agreement may be executed in counterparts by Plaintiffs and ATF, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

58.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

59.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the Settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by ATF.

60.     Neither ATF nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

61.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, ATF, and Releasees any right or remedy under or by reason of this Agreement.

62.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile, letter by overnight delivery, or by email to:

24

**For the Class:**

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
Email: mhausfeld@hausfeldllp.com
       jpizzirusso@hausfeldllp.com
       sgassman@hausfeldllp.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Jason A. Zweig
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

**For ATF:**

Donald S. Scherzer
Amanda M. Knapp
**ROETZEL & ANDRESS, P.C.**
1375 East Ninth Street, 9th Floor
Cleveland, OH 44114
Telephone: 216-615-7418
Facsimile: 216-623-0134
Email: dscherzer@ralaw.com
       aknapp@ralaw.com

63.     Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated:  February ⟍⟋, 2014

**HAUSFELD LLP**

_____
Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
Email:  mhausfeld@hausfeldllp.com
         jpizzirusso@hausfeldllp.com
         sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

_____
Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**ROETZEL & ANDRESS, P.C.**

_____
Donald S. Scherzer
Amanda M. Knapp
1375 East Ninth Street, 9th Floor
Cleveland, OH 44114
Telephone: 216-615-7418
Facsimile: 216-623-0134
Email: dscherzer@ralaw.com
         aknapp@ralaw.com

*Attorneys for American Tax Services, LLC*

Dated:  February 2o, 2014

**HAUSFELD LLP**

Michael D. Hausfeld
James J. Pizzirusso
Seth R. Gassman
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
Email:  mhausfeld@hausfeldllp.com
        jpizzirusso@hausfeldllp.com
        sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Jason A. Zweig
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

**ROETZEL & ANDRESS, P.C.**

Donald S. Scherzer
Amanda M. Knapp
1375 East Ninth Street, 9th Floor
Cleveland, OH 44114
Telephone: 216-615-7418
Facsimile: 216-623-0134
Email: dscherzer@ralaw.com
        aknapp@ralaw.com

*Attorneys for American Tax Services, LLC*