# Exhibit  D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND LAMBROS XETHALIS

This Settlement Agreement ("Agreement") is made and entered into this 1st day of April, 2014, by and between Lambros Xethalis ("Xethalis"), and plaintiff class representatives ("Plaintiffs"), as defined herein at Paragraph 9, both individually, and on behalf of a class as described herein at Paragraph 12.

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and consolidated in the District of New Jersey, on their own behalf and on behalf of the class against Defendants, including Xethalis ("Action");

WHEREAS, Plaintiffs allege that Xethalis participated in an unlawful conspiracy to rig bids and allocate tax liens at public tax sale certificate auctions in the state of New Jersey in violation Section 1 of the Sherman Act;

WHEREAS, Xethalis is not, as alleged in the Plaintiff's First Amended and Consolidated Master Class Action Compliant, currently under criminal investigation for his participation in the conspiracy alleged to have occurred, and has entered into a non-prosecution agreement with the U.S. Department of Justice;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Xethalis according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Settlement Class;

- 1 -

WHEREAS, Xethalis believes that he may possess information that will assist Plaintiffs in their prosecution of Action;

WHEREAS, Xethalis, despite his defenses to the claims asserted against him, which he would assert if he were not entering into this settlement agreement, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of continued litigation, to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Xethalis based on the allegations of the Action, as more particularly set out below;

WHEREAS, Xethalis agrees to cooperate fully with Class Counsel in their prosecution of possible violations of the Sherman Act or other violations that have or may have been committed by Defendants to this Action, or other parties not named as Defendants, with regard to the auction of tax sale certificates in the State of New Jersey during the Class Period;

WHEREAS, Xethalis represents that he is not currently in possession of any tax sales certificates that were acquired in New Jersey during the Class Period;

WHEREAS, the Plaintiffs, Xethalis, and their respective counsel engaged in good faith, and arm's-length settlement negotiations relating to the claims and the Action, with this Agreement being the product and result of those arm's-length negotiations, discovery, and analysis by counsel knowledgeable and experienced in class action litigation;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Xethalis only, without costs as to

- 2 -

010311-11 669731 VI

Plaintiffs or the class, subject to the approval of the Court, on the following terms and conditions:

**A.     Definition**

The following terms, as used in this Agreement, have the following meanings:

1.     "Action" means and refers to the consolidated action pending in the United States District Court for the District of New Jersey styled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, Master Docket No. 3:12-CV-01893-MAS-TJB.

2.     "Class Counsel" shall refer to the law firms of Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP.

3.     "Xethalis' Counsel" shall refer to the law firm of Isicoff, Ragatz & Koenigsberg, P.L.

4.     "Counsel" means both Class Counsel and Xethalis' Counsel, as defined in Paragraphs 2 and 3 above.

5.     "Class Period" means the period from and including January 1, 1998 through February 28, 2009.

6.     "Defendant(s)" refers to the persons or entities who were named as defendants in the Plaintiffs' First Amended Consolidated Master Class Action Complaint filed on January 6, 2014, as well as entities named as defendants in subsequent complaints in the Action.

7.     "Execution Date" means the latest date set forth below, immediately above the signature lines to the agreement.

8.     "Liaison Counsel" means the law firm of Lite DePalma Greenberg, LLC.

9.     "Plaintiffs" means the plaintiff class representatives listed in the operative complaint at the time a motion for preliminary approval of this settlement is filed, both individually and on behalf of the Settlement Class defined in Paragraph 12 of this Agreement.

- 3 -

10. "Releasees" shall refer, jointly and severally, and individually and collectively, to Xethalis, his immediate family, and employees, agents, insurers, attorneys, partners and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. Releasees however shall not include the Non-Settling Defendants.

11. "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Settlement Class Members and to each of their respective past and present officers, directors, parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

12. "Settlement Class" means all persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above zero percent. The Settlement Class does not include Defendants, government entities or any Person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such Person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

13. "Settlement Class Member" means each member of the class, as defined in Paragraph 12 of this Agreement, who does not timely elect to be excluded from the class.

14. "Non-Settling Defendants" refers to the Defendants other than Xethalis.

15. "Settling Parties" shall mean, collectively, the Releasees and the Plaintiffs, individually, and on behalf of the Settlement Class.

- 4 -

010311-11 669731 V1

16.    "Tax Sale Certificate" or "TSC" shall mean a certificate acquired by a purchaser at a public auction in New Jersey which represents the right to collect a delinquent property tax or other municipal charge (including water and sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees.

**B.    Settlement Class Certification**

17.    Solely for the purposes of settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to certification of the Settlement Class defined in Paragraph 12 above. At the appropriate time, the Parties agree to cooperate in good faith in seeking the Court's approval to certify the aforementioned Settlement Class for purposes of effectuating this Settlement.

**C.    Settlement Consideration**

18.    Following the Execution Date, Xethalis agrees to fully cooperate with Plaintiffs by:

(i)    By providing a full account to Settlement Class Counsel of all known facts relevant to the Action, including, but not limited to, his relevant knowledge of the industry and market participants;

(ii)    Providing an identification of any collusive meetings by bidders at New Jersey tax sale auctions and how any alleged conspiracy was formed, implemented, and enforced, to the extent known by Xethalis;

(iii)    Providing information concerning the organizational structure of Defendant Mooring Tax Asset Group, LLC, or any other Defendant for whom Xethalis worked during the relevant period, including the names and, to the extent the known by Xethalis, an identification of all other bidders at Defendant Mooring (or other bidders for Xethalis worked during the relevant period) who attended tax sale auctions in New Jersey during the relevant period of time, as well as their last known contact information;

(iv)    Providing any known involvement of Xethalis' superiors in the alleged conspiracy;

(v)    Producing all relevant documents in Xethalis' possession or control, if any, relating to purchases of New Jersey Tax Sale Certificates and damages, as well as documents, if any, evidencing any collusive meetings by bidders at New Jersey tax sale auctions and how any alleged conspiracy was formed, implemented, and enforced, to the extent known by Xethalis;

(vi)   Making himself available for such interviews and depositions[1] as are reasonably required by Class Counsel including, for example, to offer truthful testimony for the purpose of authenticating under the applicable rules of evidence, as well as under the rules of any state, all Xethalis' documents and electronic data as may in good faith be requested by Class Counsel; and

(vii)  Making himself available at trial in person, by deposition, and affidavit, whichever is legally necessary and reasonably possible, to testify as reasonably required by Class Counsel and to not assert his right against self-incrimination in these proceedings related to the auction of TSCs during the Class Period.  Any assertion by Xethalis of his right against self-incrimination in these proceedings related to the auction of TSCs during the Class Period will deemed a material breach of this agreement.

To the extent that any of the foregoing result in Xethalis being required to travel more than 50 miles from his home, Plaintiffs' agree to reimburse Xethalis for his reasonable out-of-pocket costs for attendance.

19.    Plaintiffs agree that they will not use the information provided by Xethalis as part of his cooperation for any purpose other than pursuit of the Action against Non-Settling Defendants and will not disseminate or publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law.

20.    With the exception of motions for preliminary and final approval contemplated by this Agreement, or motions related to enforcement of this Agreement, neither Xethalis nor Plaintiffs shall file motions against the other during the pendency of the Agreement except with respect to any alleged breach hereof.

---

[1] Plaintiffs agree that Xethalis shall not be required to appear for interview or depositions during the period May 15 through June 10 every year.

21.     Plaintiffs and Class Counsel agree not to assert that Xethalis waived any defenses, his attorney-client privilege, work-product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel pursuant to this Agreement. Nor should anything in this Agreement be construed as a waiver of any such defense, privilege, immunity or protection.

22.     The release of claims provided for in this Agreement at paragraphs 33-35, and the covenant not to sue provided for under paragraph 33 of this Agreement, shall not apply to Xethalis if he affirmatively refuses to comply with a reasonable written request by Class Counsel, properly made under the terms of this Agreement, that he be interviewed, provide a truthful declaration of affidavit, and appear to testify at a deposition or trial. Xethalis' invocation of his right against self-incrimination related to the auction of TSCs during the Class Period to resist providing information concerning anticompetitive behavior with respect to the auction of Tax Sale Certificates in the State of New Jersey shall be deemed a refusal to cooperate pursuant to this paragraph and a material breach of this agreement.

**D.     Administrative Costs and Taxes**

23.     All costs associated with the Settlement Class notification process, all fees related to administration of this Settlement or management of the Settlement Proceeds, any attorneys' fees and costs the Court awards to Class Counsel and/or Liaison Counsel, and any incentive payment awarded to the Plaintiffs (to the extent such fees, costs and awards are sought) shall be paid out of the settlement proceeds previously obtained by Settlement Class Counsel. Other than any costs Xethalis incurs in connection with the provision of cooperation pursuant to paragraph 18 of this Agreement, the Releasees shall have no further responsibility to the Settlement Class, or to Class Counsel or Liaison Counsel with respect to those, or any other, fees or costs.

- 7 -

**E.    Approval of this Agreement and Dismissal of Claims**

24.     Plaintiffs and Xethalis shall use their best efforts to effectuate this Agreement, including, at the appropriate time, seeking preliminary Court approval of the Settlement and securing both the Court's certification of the Settlement Class and the Court's approval of procedures to secure the prompt, complete, and final dismissal with prejudice of the Action as to Xethalis.

25.     Although the Parties will not seek preliminary approval of the settlement provided for in this agreement immediately following the Execution Date, within 45 business days of the Execution Date, the Parties will jointly notify the Court that they have entered into a settlement, and provide the Court with a copy of this Agreement.

26.     Upon the Execution Date, the Plaintiffs shall not pursue the Action against Xethalis and shall not require that Xethalis answer or respond to any pleading and shall hold the litigation in abeyance against Xethalis. During the period of time between the Execution Date and the date a final judgment is entered against Xethalis pursuant to this Agreement, any statutes of limitations concerning the claims of the Plaintiffs and Settlement Class Members against Xethalis shall be tolled.

27.     Subject to Paragraphs 24-25 above, at the appropriate time, Plaintiffs shall submit to the Court a motion:  (a) for certification of the Settlement Class; (b) appointment of Plaintiffs as Settlement Class Representatives and Class Counsel as Settlement Class Counsel; (c) for preliminary approval of the settlement, and authorization to disseminate notice of class certification, the settlement, and the final judgment contemplated by this Agreement to all potential Settlement Class Members.

010311-11 669731 V1

28.     In connection with the motion contemplated by paragraph 27 above, the Plaintiffs shall submit a proposed preliminary approval order which the Settling Parties shall request be entered by the Court and which shall include provisions that: (i) preliminarily approve the Settlement reflected herein; and (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiffs as Settlement Class Representatives and appoint Class Counsel and Liaison Counsel as Settlement Class Counsel and Settlement Liaison Counsel respectively.

29.     When Plaintiffs are prepared to issue Notice as contemplated by Paragraph 27 above, the Settling Parties shall approve the form of notice to be provided to the Settlement Class and submit it to the Court and request that the Court: (i) find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (ii) direct that notice be provided to the Settlement Class, in accordance with the Settlement, and consistent with the deferment of notice provided in Paragraph 27; (iii) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than 60 days following the date Class Notice is initially mailed as per Paragraph 27 of this Agreement, after which no Settlement Class Member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene in the Action; and (iv) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein and in Paragraph 27 of this Agreement, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than 90 days after the mailing of Class Notice).

30.     In light of the fact that the settlement provided for herein does not provide for a monetary payment, Xethalis understands and agrees to combine notice of this settlement with notice of other settlement agreements.   The proposed method of notice of the settlement shall be determined in consultation with a class action administrator and shall be approved by the Court. Within 60 business days after the Execution Date, Xethalis shall supply to Class Counsel, at Xethalis' expense, and in such form as kept in the regular course of business (electronic format if available), such names and addresses of potential Settlement Class Members as he has, if any.   In the alternative and in the event Xethalis possesses names and addresses of potential Settlement Class Members, Xethalis, at his sole option and discretion, may pay Class Counsel an additional $5,000.00, in lieu of providing the list described in the foregoing sentence or an affidavit that he does not have such information, but if Xethalis exercises such option, he must still provide reasonable cooperation to Class Counsel regarding the sending of notice to particular class members about whom Class Counsel inquire.

31.     If the Court approves this Agreement, Plaintiffs and Xethalis shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Xethalis shall agree upon:

(a)     certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, for purposes of this settlement;

(b)     as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)     directing that, as to Xethalis, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;

010311-11  669731 V1

          (d)      reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement to the United States District Court for the District of New Jersey;

          (e)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to Xethalis shall be entered; and

          (f)      requiring Class Counsel to file with the Clerk of the Court a record of potential Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for Xethalis.

        32.      This Agreement shall become final only when (a) the Court has entered an order certifying the Class described in Paragraph 12 and approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Xethalis on the merits with prejudice as to all Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Xethalis shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraph 37 of this Agreement.

- 11 -

F.   **Release and Discharge**

33.   In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity), that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, arising out of, resulting from, or relating in any way to conduct concerning any agreement among Defendants, to rig bids or allocate tax liens in connection with the auction of Tax Sale Certificates in the State of New Jersey during the Class Period, including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaints filed in the Action (the "Complaints"), including those arising under any federal, state or common law, antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time to the date of this agreement (the "Released Claims"). The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims.

34.   Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 33 of this Agreement, but each Releasor hereby expressly

- 12 -

waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 33 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

35.     In addition to the provisions of Paragraph 33, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 33. Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

36.     The release and discharge set forth in Paragraphs 33-35 herein do not include claims relating to payment disputes against Xethalis unrelated to the Released Claims, claims relating to physical harm, bodily injury, claims against any Non-Settling Defendant, and claims of Settlement Class Members outside of the Class Period against Xethalis.

**G.     Rescission if the Agreement is Not Approved**

37.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not certify for purposes of this settlement the Class described in Paragraph 12, or if the Court does not enter the final judgment provided for in Paragraph 31 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Xethalis and Plaintiffs shall each, in their sole discretion, have the option to rescind

- 13 -

this Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of this Paragraph 37.

38.     In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraph 31 of this Agreement, Class Counsel agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of the Releasees, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.  Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or defend against the assertion of Released Claims, or as otherwise required by law.  If the agreement is rescinded, Plaintiffs may continue to use any information provided by Xethalis pursuant to paragraph 18 of this Agreement  with respect to other defendants, however, such information shall not be used against Xethalis.

**H.     Notice of Settlement  to Class Members**

39.     Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order.  Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants and/or other sources, the names

- 14 -

and addresses of those potential members of the Settlement Class. Notice of this Settlement will be issued consistent with Paragraph 27, unless otherwise ordered by the Court.

**I.    Miscellaneous**

40.    This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees. All rights of any Settlement Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Settlement Class Members. The purchase of Tax Sale Certificates in the State of New Jersey by Xethalis with respect to real property of Settlement Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

41.    The parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation. This Agreement shall not constitute or be construed or considered as an admission by the Releasees for any purpose or as evidence of liability.

42.    The United States District Court for the District of New Jersey, Trenton Division shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Xethalis. Plaintiffs and Xethalis submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. This Agreement shall be governed by and interpreted according to

- 15 -

the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

43.     This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and Xethalis pertaining to the settlement of the Action against Xethalis only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Xethalis in connection therewith.  This Agreement may be modified or amended only by a writing executed by Plaintiffs and Xethalis, and approved by the Court.

44.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees.  Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

45.     This Agreement may be executed in counterparts by Plaintiffs and Xethalis, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

46.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

47.     In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class

certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by Xethalis.

48.     Neither Xethalis nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

49.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, Xethalis, and Releasees any right or remedy under or by reason of this Agreement.

50.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile and email to:

**For the Class:**

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC  20006
Telephone:  (202) 540-7200
Facsimile:  (202) 540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**For Xethalis:**

Jay Koenigsberg
ISICOFF, RAGATZ & KOENIGSBERG, P.L.
1200 Brickell Avenue
Suite 1900
Miami, Florida  33131
Telephone: (305) 373-3232 Ext. 105
Facsimile: (305) 373-3003
koenigsberg@irlaw.com

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

- 17 -

**For the Class:**                           **For Xethalis:**

Jason A. Zweig (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
jasonz@hbsslaw.com

    51.    Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute, this Agreement, subject to Court

approval.

Dated: March 28, 2014

**HAUSFELD LLP**

_____
Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
sgassman@hausfeldllp.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

_____
Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**LAMBROS XETHALIS**


**ISICOFF, RAGATZ & KOENIGSBERG,
P.L.**

_____
Jay Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Telephone: (305) 373-3232 Ext. 105
Facsimile: (305) 373-3003
koenigsberg@irlaw.com

*Counsel for Lambros Xethalis*

010311-11 669731 V1

Jason A. Zweig (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and Class*

For the Class:

For Xethalis:

Jason A. Zweig (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
jasonz@hbsslaw.com

    51.   Each of the undersigned attorneys represents that he or she is fully authorized to

enter into the terms and conditions of, and to execute this Agreement, subject to Court

approval.

Dated: March 28, 2014

HAUSFELD LLP

Michael D. Hausfeld (admitted *pro hac vice*)
James J. Pizzirusso (admitted *pro hac vice*)
Seth R. Gassman (admitted *pro hac vice*)
1700 K Street, N.W. Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

LAMBROS XETHALIS

ISICOFF, RAGATZ & KOENIGSBERG,
P.L.

Jay Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Telephone: (305) 373-3232 Ext. 105
Facsimile: (305) 373-3003
koenigsberg@irlaw.com

*Counsel for Lambros Xethalis*

- 18 -

010311-11 669731 V1