UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS SETTLEMENT
WITH DEFENDANTS NORMAN T. REMICK, AMERICAN TAX
FUNDING, LLC, ROBERT W. STEIN, AND LAMBROS XETHALIS, AND
AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS

**THIS MATTER** having been opened to the Court by Plaintiffs' Class Counsel (on behalf of the Named Plaintiffs as set forth below) by way of their motion for preliminary approval of the proposed settlements in the above action, and for authorization to disseminate notice to the Class;

**WHEREAS**, the Court having reviewed and considered the motion for preliminary approval of settlements with defendants (1) Norman T. Remick ("Remick"); (2) American Tax Funding, LLC ("ATF"); (3) Robert W. Stein ("Stein"); and (4) Lambros Xethalis ("Xethalis") (collectively the "New Settlements"), and supporting materials filed by Plaintiffs' Class Counsel and having reviewed the pleadings and other papers on file in this Action;

**WHEREAS**, by order dated August 13, 2013, the Court has already preliminarily approved settlements with the following defendants: (1) David Butler; David M. Farber; CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital LLC; Pro Capital Fund I, LLC (the

"Butler/Farber Defendants"); (2) Burlington Assembly of God, Inc. d/b/a Fountain of Life Center; Life Center Academy; Mercer S.M.E. Inc.; Susan M. Esposito; and David B. Boudwin (the "Mercer Defendants"); (3) Robert E. Rothman; (4) Richard J. Pisciotta, Jr.; (5) William A. Collins; and (6) Isadore H. May;

**WHEREAS**, on March 11 2014, Magistrate Judge Bongiovanni issued a Report and Recommendation [*see* Dkt. No. 339], recommending that this Court preliminarily approve Plaintiffs' settlements with the following additional defendants: (1) M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Partners-I, L.P.; M.D. Sass Municipal Partners-II, L.P.; M.D. Sass Municipal Partners - III, L.P.; M.D. Sass Municipal Partners - IV, L.P.; M.D. Sass Municipal Partners- V, L.P.; M.D. Sass Municipal Partners- VI, L.P. (collectively, the "Sass Entities"); Vinaya K. Jessani; and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants"); (2) Royal Bancshares of Pennsylvania, Inc.; Royal Bank America; Crusader Servicing Corporation; and Royal Tax Lien Services, LLC (collectively, the "Crusader Defendants"); (3) Plymouth Park Tax Services, LLC d/b/a Xspand ("Defendant Plymouth Park"); and (4) Phoenix Funding, Inc. and Benedict Caiola (collectively,

the "Phoenix Defendants") (collectively, with Defendants Remick, ATF, Stein and Xethalis, the "Settling Defendants");[1]

**WHEREAS**, the Court has also reviewed the proposed notice plan for notification of the Class of the 14 Settlements; and

**WHEREAS**, this Court has fully considered the record and the requirements of law, and good cause appearing;

**IT IS THIS** __ day of ____, 2014 **ORDERED** as follows:

### I.   Preliminary Approval of the New Settlements

1. The New Settlements were the result of the parties' good-faith negotiations. The New Settlements were entered into by experienced counsel and only after extensive arm's-length negotiations. The New Settlements were not the result of collusion.

2. The New Settlements each fall well within the range of reasonableness. The New Settlements have no obvious deficiencies. The New Settlements do not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class.

3. Because the New Settlements meet the standards for preliminary approval, the Court preliminarily approves all terms of the New Settlements,

---

[1] The 14 settlements with the Settling Defendants shall be referred to collectively as the "Settlements."

subject to a hearing on the final approval of the New Settlements ("Fairness Hearing").

4. The following class of plaintiffs ("Settlement Class") is provisionally certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period from and including January 1, 1998 through February 2009 at a public auction in the State of New Jersey at an interest rate above 0%.

5. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

    a. Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

    b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class including:

        (i) Whether defendants conspired with others to fix bids and allocate TSCs at auctions in New Jersey, in violation of the Sherman Act and New Jersey's Antitrust Act;

        (ii) Whether defendants' conduct had the anticompetitive effect of reducing and unreasonably restraining the market for the purchase of TSCs;

4

      (iii)    The names of the individuals and entities who participated in the anticompetitive scheme;

      (iv)    The duration of the anticompetitive scheme;

      (v)    The effect of defendants' conduct and the extent of injuries sustained by Plaintiffs and Class Members; and

      (vi)    The amount of damages the anticompetitive scheme caused members of the Class.

    c.    Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of defendants' common course of conduct in violation of the antitrust laws.

    d.    Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6.    The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

    a.    Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

  b. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7. The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

8. The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Class Counsel and Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

9. Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class, as described in the notice, shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including, but not limited to, the releases, waivers, and covenants described in the New Settlements, whether or not such person or entity objected to the New Settlements and whether or not such person or entity makes a claim upon the settlement funds.

10. All further class proceedings as to defendants Remick, ATF, Stein, and Xethalis are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the settlement agreements or agreed by the settling parties.

## II.  Notice of the Settlements to the Settlement Class

11.  The Court appoints Gilardi & Co. LLC as the Class Administrator to assist Class Counsel in effectuating and administering notice to the class of all 14 Settlements, as well as to administer the exclusion process for those Settlement Class members who wish to opt-out of the Settlement Class.

12.  The Court approves the method of notice to be provided to the Settlement Class that is described in Exhibit F to the June __, 2014 Declaration of Seth Gassman in Support of Preliminary Approval, including the use of the Long Notice, the Summary Notice, the Postcard Notice and methods of Internet notice. The Court finds and concludes that such notice: (a) is the best notice practicable under the circumstances, and is reasonably calculated to reach members of the Settlement Class that would be bound by the 14 Settlements and to apprise of them of this litigation, the terms and conditions of the Settlements, their right to opt-out and be excluded from the Settlement Class, and their right to object to any or all of the Settlements; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

13.  All reasonable costs incurred in notifying Settlement Class members of the Settlements, as well as in administering the Settlements, shall be paid from the settlement proceeds without further order of the Court. Any expenses associated with noticing the Settlements, and administering the Settlements, shall

be paid on a *pro rata* basis in accordance with the schedule contained in Appendix A to this Order.

14. Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in connection with the settlement monies paid by the Settling Defendants, and to pay from the settlement proceeds any costs associated with the preparation of such tax documents, and also to pay any taxes owed with respect to the settlement proceeds and to otherwise perform all obligations with respect to taxes and any reporting or filings relating to taxes, without further order of the Court. Any expenses associated with the preparation of the tax forms and any taxes owed on any of the settlement funds shall be paid directly out of the settlement fund from which such tax liability arises.

15. Consistent with the proposed notice plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Order, but not later than the date by which notice will be mailed to Settlement Class members \_\_\_\_\_ 2014, to establish the dedicated case website (www.njtaxlienssettlement.com), the post-office box, toll-free telephone line, and email address, for providing notice and information to, and receiving exclusion requests from members of the Settlement Class. The Long Notice, attached as Exhibit 1 to this Order, shall be posted on the dedicated website.

16. Within 60 days following the Court's entry of this order, the Class Administrator shall complete mail and publication notice to members of the Settlement Class, using the Postcard Notice and Summary Notice attached as Exhibits 2 and 3 to this Order.

17. As explained in the Long Notice, the Summary Notice, and the Postcard Notice, any member of the Settlement Class that does not wish to participate in the Settlement Class shall submit an exclusion request by \_\_\_\_\_, 2014 ("Class Exclusion Deadline"). A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Deadline. The written request must be signed by a person authorized to do so, and must contain at least the following information:

1. The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation*.

2. The name, address, telephone number, and signature of the person or entity opting-out of the settlement(s).

3. A statement indicating that the person or entity wishes to be excluded from the Settlement Class.

4. Information to establish that the individual or entity seeking to opt-out is a member of the Settlement Class. Such information may include the full address of the property on which the relevant lien was issued, and the approximate date the TSC associated with such property was sold at a public tax sale certificate auction in New Jersey, the name of the buyer of the TSC associated with the property, and the interest rate associated with the TSC.

5. The name of the Settlement(s) from which the person or entity wishes to be excluded (for example: The Sass Settlement or the Pisciotta Settlement). A request for exclusion may not be effective unless it is specified from which Settlement(s) exclusion is sought.

18. As set forth in the Long Notice, the Summary Notice, and the Postcard Notice, any Settlement Class member that does not submit a request for exclusion, shall have until \_\_\_, 2014 ("Class Objection Deadline") to submit an objection to one or more of the Settlements, and file any notice of intent to appear at the Fairness Hearing.

19. Such an objector must, not later than the Class Objection Deadline, file a written statement of objections with the Court and, in addition, send it to the following designees of Class Counsel, by first-class mail and postmarked not later than the Class Objection Deadline:

| Jason A. Zweig<br>Hagens Berman Sobol Shapiro LLP<br>555 Fifth Avenue, Suite 1700<br>New York, NY 10017 | James A. Pizzirusso<br>Seth R. Gassman<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006 |
|---|---|

In addition to sending to Class Counsel, any Settlement Class member that objects to one or more of the Settlements must also send the objection by first-class mail, postmarked no later than the Class Objection Deadline, to the Defendants' Counsel listed below for each settlement objected to:

10

| **If Objecting to:** | **Then Also Send Objection to:** |
|---|---|
| The Butler/Farber Defendants' Settlement | Steven Mark Janove<br>Law Offices of Steve M. Janove, LLC<br>413 Route 70 East<br>Cherry Hill, NJ 08034 |
| The Robert Rothman Settlement | D. Jarrett Arp<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306 |
| The Mercer Defendants Settlement | Douglas M. Tween<br>Baker & Mckenzie LLP<br>1114 Avenue of the Americas<br>New York, New York 10036 |
| The Pisciotta Settlement | Arnold Carl Lakind<br>Szaferman, Lakind, Blumstein, Blader & Lehmann, PC<br>Quakerbridge Executive Center<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, NJ 08648 |
| The Collins Settlement | Jack Wenik<br>Sills Cummis & Gross PC<br>One Riverfront Plaza<br>Newark, NJ 07102-5400 |
| The May Settlement | Keith A. Bonchi<br>Goldenberg, Mackler & Sayegh, P.A.<br>660 New Road, Suite 1-a<br>Northfield, NJ 08225 |
| The Sass Defendants' Settlement | Joseph S. Allerhand<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |

|  | Andrew T. Solomon<br>Sullivan & Worcester LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br><br>Lawrence S. Lustberg<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
|---|---|
| The Crusader Defendants' Settlement | Steven A. Reed<br>Morgan, Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |
| The Plymouth Park Settlement | Robert D. Wick<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |
| The Phoenix Defendants' Settlement | Shalom D. Stone<br>Brown, Moskowitz & Kallen, P.C.<br>189 River Road<br>Summit, New Jersey 07901 |
| The Remick Settlement | Judson A. Aaron<br>Conrad O'Brien, P.C.<br>1500 Market Street, Centre Square<br>Philadelphia, PA 19102 |
| The ATF Settlement | Donald S. Scherzer<br>Roetzel & Andress<br>1375 East Ninth Street, 9th Floor<br>Cleveland, OH 44114 |
| The Stein Settlement | Robert Nemeroff<br>Friedman Schuman<br>101 Greenwood Avenue, 5th Floor<br>Jenkintown, PA 19046 |

| | |
|---|---|
| The Xethalis Settlement | Jay Koenigsberg<br>Isicoff, Ragatz & Koenigsberg, P.L.<br>1200 Brickell Avenue, Suite 1900<br>Miami, Florida  33131 |

20. The objector's written statement of objections must: (a) contain the name of the case, *In re New Jersey Tax Sales Certificates Antitrust Litigation*; (b) state which Settlement(s) is/are being objected to; (c) state each and every objection of the Objector and the specific reasons therefor; (d) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of any objection; (e) state the full name and address of the Objector; (f) provide information sufficient to establish that the Objector is a member of the Settlement Class; and (g) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objection.

21. In addition, any objector or counsel for an objector that desires to appear at the Fairness Hearing must file with the Court, not later than the Class Objection Deadline, and send to the designees of Class Counsel and the Defendants identified above, by first class-mail and postmarked no later than the Class Objection Deadline, a separate notice of intention to appear that identifies the

name, position, address, and telephone number of each person who intends to appear at the Fairness Hearing on behalf of the objector.

22. By ___, 2014 [30 days following notice], Class Counsel will file their motion for final approval of the Settlements.

23. By ___ 2014 [2 weeks prior to Fairness Hearing], the Class Administrator shall prepare a report and file it with the Court, confirming that: 1) the notice plan was carried out and that notice to members of the Settlement Class was provided in the manner set forth in this Order; 2) lists each member of the Settlement Class that sought to become an opt-out and be excluded from the Settlement Class and the dates on which that Settlement Class member's request to be excluded was postmarked and received, and states whether the Settlement Class member's request for exclusion was timely and properly made under the terms of this Order.

24. By ____ 2014 [90 days following deadline to disseminate notice], Class Counsel shall file any reply papers on the motion for final settlement approval of the Settlements and plaintiffs' response to any objections to the Settlements.

25. The Court will conduct a Fairness Hearing on _____ at __ o'clock __ M. [approx. 100 days following deadline to disseminate notice], at the Clarkson S. Fisher Building and United States Courthouse, 402 East State Street, Trenton, New

Jersey, 08608, United States District Court, District of New Jersey. The fairness hearing will be conducted to determine the following:

    a.    Whether the 14 Settlements that have been preliminarily approved by this Court should be finally approved;

    b.    Whether final judgment should be entered dismissing the claims of the class against all Settling Defendants with prejudice as required by the Settlements;

    c.    Plaintiffs' request to utilize up to $150,000 of the settlement proceeds for expenses associated with litigation against the Non-Settling Defendants; and

    d.    Such other matters as the Court may deem appropriate.

26.    This Order supplements, and does not supersede, the Court's prior August 13, 2013 Orders preliminarily approving settlements [*see* Dkt. Nos. 276, 277], and, unless specifically modified in this Order, all terms of the Court's prior Orders preliminarily approving settlements shall remain in effect.

27.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

**IT IS SO ORDERED.**

Dated: _____, 2014

                                                                  _____
                                                                 Hon. Michael A. Shipp
                                                                 United States District Judge

## APPENDIX A

| Defendant | Settlement Amount | Percentage of Expenses |
|---|---|---|
| Butler/Farber Defendants | $115,000 | 1.38% |
| Robert Rothman | $200,000 | 2.4% |
| Mercer Defendants | $250,000 | 3.01% |
| Pisciotta | $100,000 | 1.2% |
| Collins | $170,000 | 2.04% |
| May | $120,000 | 1.44% |
| Crusader Defendants | $1,650,000 | 19.81% |
| Sass Defendants | $3,400,000 | 40.82% |
| Plymouth Park | $1,500,000 | 18.01% |
| Phoenix Defendants | $225,000 | 2.71% |
| Remick | $135,000 | 1.62% |
| ATF | $350,000 | 4.2% |
| Stein | $115,000 | 1.38% |
| Totals | $8,330,000 | 100% |