# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

## YOU MAY HAVE A CLAIM IN THE ABOVE-TITLED LAWSUIT

### If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Issued And Sold At A Public Auction Between January 1, 1998 And February 28, 2009

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

- There are 14 proposed settlements totaling $8.33 million (the "Proposed Settlements") in a class action lawsuit (the "Lawsuit") brought on behalf of certain real property owners in New Jersey who had a tax sale certificate ("TSC") issued with respect to their real property. These TSCs were purchased by a Defendant (the full list of Defendants appears on page 4 of this Notice) at a public auction during January 1, 1998 through February 28, 2009 (the "Class Period"). The Lawsuit is called *In re New Jersey Tax Sales Certificates Antitrust Litigation* and is pending in the United States District Court for the District of New Jersey. The Lawsuit alleges violations of federal antitrust laws and New Jersey state antitrust, tax sale and unjust enrichment laws in connection with the Defendants' purchases of the TSCs. Due to the alleged unlawful activity by certain investors, property owners wanting to redeem the TSCs associated with their real property allegedly either paid – or still owe – an inflated amount.

- While the Proposed Settlements resolve the Lawsuit for the certain Defendants (the "Settling Defendants," as listed on page 4 of this Notice), other Defendants who have not yet settled remain in the Lawsuit ("Remaining Defendants"), and litigation is continuing as to those Remaining Defendants.

- In addition to making certain payments (the descriptions of each of the Proposed Settlements appears on pages 6-8 of this Notice), the majority of the Settling Defendants also have agreed to offer a certain discounted redemption percentage off of the TSCs they purchased during the Class Period and still hold at the time of settlement, subject to certain exceptions. If you are eligible for such a discount, you will be contacted separately at a later date.

- Further, all of the Settling Defendants also have agreed to cooperate in the Lawsuit against the Remaining Defendants. The Settling Defendants deny the allegations in the Lawsuit and maintain that they are not liable for the damages sought in the Lawsuit. The Settling Defendants have asserted a number of defenses to Plaintiffs' claims but have settled to avoid the cost and risk of a trial. In addition to this litigation, the U.S. Department of Justice is conducting a criminal investigation into the very same allegations at issue. To date, 15 individuals and entities have pled guilty to participating in the illegal behavior alleged in the case. Additionally, six other individuals and entities have been indicted in connection with their participation in the illegal conspiracy.

1

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:**

| YOUR OPTIONS: | | DUE DATE: |
|---|---|---|
| **STAY IN THE CLASS** | The only way to get any payment or benefits from these settlements. | |
| **OBJECT** | Write to the Court about why you don't like the proposed settlements. | Received by [date] |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the proposed settlements. | Received by [date] |
| **DO NOTHING** | Take no position on the proposed settlements and wait for more information. You will keep the possibility of receiving money distributed from these settlements, but you would give up any right to sue the Settling Defendants separately in the future about the same legal claims. | No action required now. |
| **EXCLUDE YOURSELF** | Receive no payment. This option would allow you to bring or be part of another lawsuit against any or all of the Settling Defendants brought in the future about the legal claims in this case. If you ask to be excluded, you will not share in any money distributed from these settlements. | Postmarked by [date] |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.  To ask to be excluded, you must act before _____, 2014.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

These dates are subject to change. Notice of any changes will be posted to the settlement website at www.njtaxliensettlements.com.

**Any questions? Read on and visit www.njtaxliensettlements.com.**

2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ..................................................................................................................5

   1. Why did I get this notice?..................................................................................................5

   2. What is this lawsuit about?................................................................................................5

   3. Why is this a class action?.................................................................................................5

   4. Who are the Defendants?..................................................................................................5

   5. Why are there proposed settlements? ...............................................................................6

**WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?** ...............................................................7

   6. How do I know if I am part of the proposed settlements?................................................7

   7. I'm still not sure if I am included. ....................................................................................7

**THE PROPOSED SETTLEMENT BENEFITS**......................................................................................7

   8. What do the Proposed Settlements provide? ...................................................................7

   9. Will I receive a payment?................................................................................................10

   10. What am I giving up to get a payment or to stay in the Settlement Class? ..................10

   11. How do I get out of the Proposed Settlements?...........................................................10

   12. If I don't exclude myself, can I sue the Settling Defendants later?..............................11

   13. If I exclude myself, can I get money from the proposed settlements? ........................11

**THE LAWYERS REPRESENTING YOU** .........................................................................................12

   14. Do I have a lawyer in this case? ...................................................................................12

   15. Should I get my own lawyer?.......................................................................................12

   16. How will the lawyers be paid? .....................................................................................12

**OBJECTING TO THE PROPOSED SETTLEMENT** ............................................................................12

   17. How do I tell the Court that I don't like the Proposed Settlements?...........................12

   18. What is the difference between objecting and excluding? .........................................13

   19. When and where will the Court decide whether to grant final approval of the proposed settlements?.13

   20. Do I have to come to the hearing?................................................................................13

   21. May I speak at the hearing?..........................................................................................14

**IF YOU DO NOTHING** ................................................................................................................14

22. What happens if I do nothing at all?........................................................................................14

**GETTING MORE INFORMATION** ...........................................................................................15

23. Are there more details about the Proposed Settlements?........................................................15

24. How do I get more information? ...........................................................................................15

25.  Can I update my address? What happens if I do nothing at all?............................................15

# BASIC INFORMATION

### 1. Why did I get this notice?

You or your company may own real property in the State of New Jersey that is or was subject to a TSC purchased by an investor who participated in an allegedly unlawful conspiracy to rig bids at municipal TSC auctions throughout the State of New Jersey between January 1, 1998 and February 28, 2009. This notice explains that the litigation before the Court may affect you. You have legal rights and options you may exercise. Judge Michael Shipp of the United States District Court for the District of New Jersey is overseeing the Lawsuit. The Lawsuit has been brought as a class action. The Lawsuit is known as *In re New Jersey Tax Sales Certificates Antitrust Litigation*, No. 3:12-cv-01893. The people and companies who suing are called the Plaintiffs, and the individual investors and companies they sued are called the Defendants. The Defendants that have agreed to the proposed settlements described in this Notice are called the Settling Defendants.

The Court approved this notice because you have a right to know about the Proposed Settlements of the Lawsuit, and about all of your options, before the Court decides whether to approve the Proposed Settlements.

This notice explains the Lawsuit, the Proposed Settlements, and your legal rights.

### 2. What is this lawsuit about?

Each year, every municipality in New Jersey holds a public auction at which the municipality sells TSCs, which operate as liens on real property. Under state law, the bidding on these TSCs begins at 18% for the interest rate associated with the TSC. The bidder who offers to purchase the TSC at the lowest interest rate is the winning bidder.

In this case, Defendants are accused of entering into an illegal agreement or understanding to divide the available TSCs among themselves and also of entering into an illegal agreement not to bid against each other when TSCs came up for bid. As a result of these alleged agreements, the Lawsuit claims that the interest rates associated with TSCs were higher than they otherwise should have been – making it more expensive for affected property owners to pay to redeem the TSC.

### 3. Why is this a class action?

In a class action, one or more individuals or companies called class representatives (in this case, Gila Bauer, Melissa Jacobs, Frances A. and Donald Schmidt, and Son, Inc.) sue on behalf of others who have similar claims. All of the other individuals or companies who have similar claims are a "class" or "class members." One court will resolve the issues for all class members, except for those who decide to exclude themselves from the class.

### 4. Who are the Defendants?

The 14 **Settling Defendants** are comprised of individuals and entities:

| Individual Defendants | Crusader Defendants |
|---|---|
| • William A. Collins | • Royal Bancshares of Pennsylvania, Inc. |
| • Isadore H. May | • Royal Bank America |

5

- Richard J. Pisciotta, Jr.
- Norman T. Remick
- Robert E. Rothman
- Robert W. Stein
- Lambros Xethalis

**Sass Defendants**

- M.D. Sass Investors Services, Inc.
- M.D. Sass Tax Lien Management, LLC
- M.D. Sass Municipal Finance Partners – I, L.P.
- M.D. Sass Municipal Finance Partners – II, L.P.
- M.D. Sass Municipal Finance Partners – III, LLC
- M.D. Sass Municipal Finance Partners – IV, LLC
- M.D. Sass Municipal Finance Partners – V, LLC
- M.D. Sass Municipal Finance Partners –VI, LLC
- Vinaya K. Jessani
- Stephen E. Hruby

**Mercer Defendants**

- Burlington Assembly of God, Inc. d/b/a Fountain of Life Center
- Mercer S.M.E. Inc.
- Susan M. Esposito
- David B. Boudwin

- Crusader Servicing Corporation
- Royal Tax Lien Services, LLC

**Butler/Farber Defendants**

- David Butler
- David M. Farber
- CCTS, LLC
- CCTS Tax Liens I, LLC
- CCTS Tax Liens II, LLC
- DSBD, LLC
- Pro Capital LLC
- Pro Capital Fund I, LLC

**Phoenix Defendants**

- Phoenix Funding, Inc.
- Benedict Caiola

**Other Entity Defendants**

- Plymouth Park Tax Services, LLC
- American Tax Funding, LLC

The Remaining Defendants, who have not agreed to settlements, are: CCTS Capital LLC n/k/a Crestar Capital, LLC and William S. Green ("Crestar Defendants"); BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC, Michael Deluca, Gary I. Branse, and David Jelley ("BankAtlantic Defendants"); Richard Simon Trustee, Betty Simon Trustee, LLC, and Joseph Wolfson ("Wolfson Defendants"); Mooring Tax Asset Group, LLC; Michael Mastellone; Pat Caraballese and PAM Investors ("PAM Defendants"); and Robert U. Del Vecchio Sr. and Robert U. Del Vecchio Trust ("Del Vecchio Defendants").

In order for you to be a member of the proposed Settlement Class, one or more of the Settling Defendants listed above, or one or more of the Remaining Defendants listed above, must have purchased a TSC associated with your real property at a municipal auction in New Jersey between January 1, 1998 and February 28, 2009.

### 5. Why are there proposed settlements?

The Court has not yet decided in favor of Plaintiffs or in favor of Settling Defendants. Nor has the Court decided that the Lawsuit can proceed as a class action. Instead, both sides have agreed to the Proposed Settlements. That way, both sides avoid the cost and risk of a trial, and the class members affected will get compensation. The Class Representatives and Class Counsel think the proposed settlements are best for all class members.

The Lawsuit is still proceeding against the Remaining Defendants, who have not entered into any settlement agreements filed with the Court. Plaintiffs will continue to pursue the Lawsuit against the Remaining Defendants, to see if any future settlements or judgments can be obtained from the Remaining Defendants. Class Counsel currently anticipate that all funds obtained from any Defendant, whether by settlement or judgment, will be distributed at the same time, in order to reduce expenses of administering the distribution of payments, although Class Counsel may determine that distribution is warranted earlier.

6

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To determine if you are affected by these Proposed Settlements, you first have to determine if you are a class member.

### 6. How do I know if I am part of the proposed settlements?

Judge Shipp has preliminarily decided that everyone who fits the following description is a member of the proposed Settlement Class: *All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period (between January 1, 1998 and February 28, 2009) at a public auction in the State of New Jersey at an interest rate above 0%.*

Tax Sale Certificates, or TSCs, are defined as certificates acquired by the purchaser at a public auction in New Jersey, which represents that purchaser's right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees. You may have been identified from records of Defendants and/or public information from the New Jersey municipalities as a potential class member, and received a postcard explaining your rights and identifying this Notice as a source of new information.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are a Settlement Class member, you can ask for free help. See Question 15 below.

## THE PROPOSED SETTLEMENT BENEFITS

### 8. What do the Proposed Settlements provide?

Each of the Proposed Settlements is described in detail below. Each Proposed Settlement (except for the settlements with defendants Stein and Xethalis) includes (1) an agreement to cooperate in the Litigation that is continuing against the Remaining Defendants, (2) a monetary component, and (3) an agreement to offer discounts to class members from the total amount owed (in some cases up to 15% off of the total amount owed) on the outstanding TSC that was purchased during the Class Period. In addition, pursuant to the Proposed Settlements, Class Counsel intend to seek authorization from the Court to utilize up to $150,000 from the settlement proceeds to fund the litigation effort against the Remaining Defendants.

In three instances (the Proposed Settlements with Defendants Butler/Farber, Pisciotta, and May), the affected class members previously received separate notification detailing their opportunity to redeem their TSCs at a discounted rate. **For all other Proposed Settlements, a separate letter will be mailed directly to eligible class members, at the time designated in the Proposed Settlement, with detailed instructions on how to redeem the TSC at a discounted rate**.

The following is a brief summary of each of the Proposed Settlements. To see the complete terms of the Proposed Settlements, you may view copies of the settlement agreements at www.njtaxliensettlements.com.

The **Butler/Farber Defendants** have paid $115,000. They also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by the Butler/Farber Defendants not already in foreclosure proceedings. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to

7

redeem such TSCs held by the Butler/Farber Defendants. The discount was also offered for properties already in foreclosure.

The **Mercer Defendants** have paid $250,000. They also agreed not to initiate foreclosure proceedings for 90 days following the Final Approval for any TSC issued with respect to real property owned by a class member still held by the Mercer Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Mercer Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. The Mercer Defendants agreed to take no action to collect on any final judgments for 60 days following Final Approval, and the 15% discount will also be offered for properties already in foreclosure.

**Defendant Robert E. Rothman** has paid $200,000. Rothman also agreed not to initiate foreclosure proceedings for 60 days following Final Approval for any TSC issued with respect to real property owned by a class member. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom Rothman is in possession of a TSC, explaining the discounted redemption offer, which would provide a class member with 10% discount on the accrued interest associated with the TSC. Class members who plan to accept the discounted redemption offer must make the discounted payment within 30 days of the date of the letter they will receive.

**Defendant Richard J. Pisciotta** has paid $100,000. Pisciotta also agreed not to initiate foreclosure proceedings for 90 days following Preliminary Approval for any TSC issued with respect to real property owned by a class member not already in foreclosure proceedings. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to redeem such TSCs held by Pisciotta. The discount was also offered for properties already in foreclosure.

**Defendant William A. Collins** has paid $170,000. For properties not already in foreclosure, Collins agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Collins. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom Collins is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 10% of off the redemption amount on the TSC. Class members who plan to accept the discounted redemption offer must make the requested payment within 30 days of the date of the letter they will receive. Collins agreed to take no action to collect on any final judgments for 60 days following Final Approval and the 10% discount will also be offered for properties already in foreclosure.

**Defendant Isadore H. May** has paid $120,000. May also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by May not already in foreclosure proceedings for 120 days after the execution date of the Proposed Settlement. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to redeem such TSCs held by May. The discount was also offered for properties already in foreclosure.

The **Sass Defendants** have paid $3.4 million. They also agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Sass Defendants not already in foreclosure proceedings. Within 30 days of Final Approval, a letter will be sent to such class members for whom the Sass Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also

be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive.

The **Crusader Defendants** have paid $1.65 million. The Crusader Defendants also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Crusader Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Crusader Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 35 days of the date of the letter they will receive.

**Defendant Plymouth Park Tax Services LLC** has paid $1.5 million. It also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Plymouth Park not already in foreclosure proceedings. Moreover, within 30 days after Final Approval, a letter will be sent to such class members for whom Plymouth Park Tax Services, LLC is in possession of a TSC, explaining the discounted redemption offer for any TSC issued with respect to real property owned by a class member still held by Plymouth Park, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also be offered for properties already in foreclosure. Settlement Class Members who wish to accept the discounted redemption offer must make the requested payment to the municipal tax office within 45 days of the date of the letter they will receive.

The **Phoenix Defendants** have paid $225,000. They also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Phoenix Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Phoenix Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees, subject to certain exceptions. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive.

**Defendant Norman Remick** has paid $135,000. Remick also agreed not to initiate foreclosure proceedings for 120 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Remick not already in foreclosure proceedings. Moreover, within 45 days of Final Approval, a letter will be sent to such Settlement Class Members for whom Remick is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive. The 15% discount will also be offered for properties already in foreclosure.

**Defendant American Tax Funding** has paid $350,000. ATF also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a Class member still held by ATF not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom American Tax Funding is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. Class members who wish to accept the discounted redemption offer must give notice and provide a statement of their financial ability within 30

days of the date of the letter they will receive. The 15 percent discount will also be offered for properties already in foreclosure. The 15% discount amount may be reduced, *pro rata*, if the total amount of discounts exceeds a total of $50,000.

Defendant **Robert W. Stein** has paid $115,000 and will provide cooperation.

Defendant **Lambros Xethalis** will provide cooperation.

Details about the cooperation agreed to by each of the Settling Defendants are set forth in the Proposed Settlements, which have been filed with the Court and may be viewed at www.njtaxliensettlements.com.

### 9. Will I receive a payment?

If you are a Settlement Class member and do not exclude yourself from the settlement class, you may be eligible to receive a payment at a future date. The amount of any payment is not now known. Plaintiffs will provide a plan of distribution to the Court that sets out how the money will be divided among Settlement Class members in a subsequent notice. You will receive notice of the plan of distribution and have an opportunity to object to it.

You will receive a claim form at a future date, which you must submit in order to receive a payment. For now, you must keep any records associated with the TSC, or any records that prove you are the record owner of the property associated with the TSC, so that you will be able to complete the claim form with all necessary information. If you received a postcard notice by mail, future notice will be sent to you at the same address.

### 10. What am I giving up to get a payment or to stay in the Settlement Class?

Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class shall, upon completion of the Lawsuit, be bound by all the terms and provisions of all of the Settlements or Judgments, including but not limited to the releases, waivers, and covenants described in any Proposed Settlement; and any Settlement Class member's claims against the Settling Defendants shall forever be released and dismissed, whether or not such person or entity objected to such Proposed Settlements and whether or not such person or entity made a claim upon any funds from such Proposed Settlements.

That means you can't sue, continue to sue, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. They set forth the language of the releases and describe the exact legal claims that you will give up if you stay in the class.

The full text of the Releases for each of the Proposed Settlement Agreements can be found in the settlement agreements which are posted on www.njtaxliensettlements.com. You should carefully read the Releases.

The proposed settlements do not affect the rights of class members against any Defendants other than the Settling Defendants, and the Lawsuit will continue against these other Remaining Defendants.

### 11. How do I get out of the Proposed Settlements?

If you want to keep the right to sue, or continue to sue, one or more of the Settling Defendants, on your own or with others, about the legal issues in this Lawsuit, then you must take steps to remove yourself from the proposed settlement(s) with those Settling Defendant(s). This is called excluding yourself, or sometimes

referred to as "opting out" of the Settlement Class. If you opt out of a Proposed Settlement, you will not get any payment or other benefits from that Proposed Settlement.

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the Settlement Class by _____, 2014 ("Class Exclusion Period"). You can remain as part of the Settlement Class for some of the Proposed Settlements and exclude yourself from others. Because there are 14 separate Proposed Settlements, as set forth in detail on pages 11-12, you will need to decide whether to exclude yourself from the class for each of the Proposed Settlements, or whether to remain in the class for any or all of them.

A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Period. The written request must be signed by a person authorized to do so, and must contain the following information:

- The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation*.
- The name, address, telephone number, and signature of the person or entity opting-out of the Proposed Settlement(s).
- A statement indicating that you wish to be excluded from the Settlement Class.
- The full address of the property on which the relevant TSC was issued, the approximate date the TSC associated with such property was sold at a public TSC auction in New Jersey, and the name of the buyer of the TSC associated with the property.
- The name of the Proposed Settlement that you want to be excluded from (for example: The Sass Settlement or the Pisciotta Settlement). Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion.

Your letter must be postmarked by [date] and sent to: {add Gilardi address here}

If you ask to be excluded from any of the Proposed Settlements, the Court will exclude you, you will not get any payment from any settlements from which you exclude yourself, and you cannot object to those particular settlements. If you exclude yourself, you may be able to sue (or continue to sue) the Settling Defendants in the future.

**12. If I don't exclude myself, can I sue the Settling Defendants later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants on your own for the claims that the Proposed Settlements resolve. You must exclude yourself from any Proposed Settlement involving any Settling Defendant in order to bring – or continue – any lawsuit that you have already filed, or plan to file in the future, against any Settling Defendant involving the legal issues in this Lawsuit.

**13. If I exclude myself, can I get money from the proposed settlements?**

No. If you exclude yourself (opt-out) from the Settlement Class, you will not get any money or other benefits from the proposed settlements. If you exclude yourself from some, but not from all, of the Proposed Settlements, you will be eligible to receive payment from the Proposed Settlements for which you remain in the class.

If you start your own lawsuit against the Remaining Defendants or Settling Defendants after you exclude yourself, you will have to hire a lawyer at your own expense and prove your claims.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court appointed the law firms of Hagens Berman Sobol Shapiro LLP and Hausfeld LLP to represent you and all Settlement Class members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.hbsslaw.com and www.hausfeldllp.com. The contact information for the lawyers is below:

| | |
|---|---|
| Jason A. Zweig | James A. Pizzirusso |
| Hagens Berman Sobol Shapiro LLP | Seth R. Gassman |
| 555 Fifth Avenue, Suite 1700 | Hausfeld LLP |
| New York, NY 10017 | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. You will not be charged for these lawyers. If you want your own lawyer, you may hire one at your own expense. If you do hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers be paid?

To date, Class Counsel has not received any payment for any work done on this case since it began. You will not be personally responsible for payment of attorneys' fees or expenses for Class Counsel. Instead, at a later date, Class Counsel will ask the Court to approve payment of attorneys' fees in an amount not to exceed one-third of the monetary total of all of the Settlements and reimbursement of reasonably incurred expenses. These fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Proposed Settlements. You will receive notice of Class Counsel's fee and expense request and will have an opportunity to object to it. Any fees and expenses approved by the Court will be paid out of the settlement funds.

## OBJECTING TO THE PROPOSED SETTLEMENT

### 17. How do I tell the Court that I don't like the Proposed Settlements?

If you are a Settlement Class member, you can object to any or all of the Proposed Settlements if you don't like any part of them. You can give reasons why you think the Court should not approve one or all of them. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement indicating that you object to one or more of the Proposed Settlements in the case of *In re New Jersey Tax Sales Certificates Antitrust Litigation*.
- Your name, address, telephone number, and signature, or the name and address of your lawyer if you have one.
- The name of the Proposed Settlement you object to, and the reasons that you object to the Proposed Settlement(s).

- Proof of your membership in the Settlement Class, such as records indicating that you own real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

You must file the objection with the Court at the following address, received by [date]:

>Clerk of Court
>United States District Court for the District of New Jersey
>Clarkson S. Fisher Building and U.S. Courthouse
>402 East State Street
>Trenton, NJ 08608

You must also mail copies of the objection to the following attorneys, postmarked by [date]:

>Jason A. Zweig
>Hagens Berman Sobol Shapiro LLP
>555 Fifth Avenue, Suite 1700
>New York, NY 10017

>James A. Pizzirusso
>Seth R. Gassman
>Hausfeld LLP
>1700 K Street, NW, Suite 650
>Washington, DC 20006

### 18. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like some part of the Proposed Settlements. You can object to one or more of the Proposed Settlements only if you stay in the class for those particular Proposed Settlements.

If you exclude yourself, you have no basis to object because the proposed settlements no longer apply to you.

### 19. When and where will the Court decide whether to grant final approval of the proposed settlements?

The Court will hold a final approval hearing on [DATE/TIME] at the United States Courthouse, 402 East State Street, Trenton, New Jersey. This hearing is sometimes referred to as the Fairness Hearing. At this hearing, the Court will consider whether the Proposed Settlements are fair, reasonable and adequate. The Court will also determine whether final judgment should be entered dismissing the claims of the Settlement Class against the Settling Defendants with prejudice, as required by the Proposed Settlement Agreements. You may attend the Fairness Hearing and you may ask to speak, but you don't have to do either.

If there are objections to the Proposed Settlements, the Court will consider them at the Fairness Hearing. Judge Shipp, or Magistrate Judge Tonianne J. Bongiovanni under Judge Shipp's authority, will listen to people who have previously asked to speak at this hearing (see Question 21 below). After the hearing, the Court will decide whether to grant final approval of the Proposed Settlements.

The Court may change the date and time of the final approval hearing. Notice of any change will be posted at the courthouse, on the Court's website, or on www.njtaxliensettlements.com.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions that Judge Shipp may have. But, you are welcome to attend the hearing at your own expense. If you send an objection to any of the Proposed Settlements, you are not required to come to the hearing to talk about your objection. As long as you mailed in your written objection on time, the Court will consider it. You may also direct your own lawyer to attend, but it's not necessary for you to do so.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re New Jersey Tax Sale Certificate Antitrust Litigation*".
- The position you will take on the Proposed Settlements and your reasons and any documents in support of the positions.
- Your name, address, telephone number, and signature, or that of your lawyer if you have one.
- Proof of your membership in the class, such as records indicating that you own real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0 %.

Your Notice of Intention to Appear must be filed with the Court at the following address, received by [date]:

> Clerk of Court
> United States District Court for the District of New Jersey
> Clarkson S. Fisher Building and U.S. Courthouse
> 403 East State Street
> Trenton, NJ 08608

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 14 above, postmarked by [date].

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

You are not required to do anything at this time. If you do nothing, you will remain in the class for each of the Proposed Settlements. At a later date, you will receive notice of the Plan of Allocation and information about how to make a claim. If you received this notice package by mail, the future notice will be sent to you at the same address. If you did not receive this notice package by mail, you must register to receive future communications. You can register online at www.njtaxliensettlements.com or by writing to the settlement administrator at [address here].

## GETTING MORE INFORMATION

**23. Are there more details about the Proposed Settlements?**

This notice summarizes the Proposed Settlements. More details are in the complete settlement agreements. You can access a copy of these settlement agreements by visiting www.njtaxliensettlements.com.

**24. How do I get more information?**

In addition to visiting the official website at www.njtaxliensettlements.com, you may contact the settlement administrator by email at emailaddress@xxx.com. You may also call the settlement administrator toll-free at 1-888-xxx-xxxx in the United States, U.S. territories and Canada. You may also write to:

    Jason A. Zweig                          James A. Pizzirusso
    Hagens Berman Sobol Shapiro LLP      Seth R. Gassman
    555 Fifth Avenue, Suite 1700            Hausfeld LLP
    New York, NY 10017                    1700 K Street, NW, Suite 650
                                                  Washington, DC 20006

**25. Can I update my address? What happens if I do nothing at all?**

Yes. If your address changes, please enter your current information online at www.njtaxliensettlements.com, or send your new information to the claims administrator at {Gilardi address}.

DATED: _____                                 BY ORDER OF THE COURT
                                                                                UNITED STATES DISTRICT COURT
                                                                                DISTRICT OF NEW JERSEY