# Exhibit 3

**LEGAL NOTICE**

# If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Purchased At A Public Auction Between
# January 1, 1998 And February 28, 2009

## You Are Not Being Sued;
## You May Have a Claim in Proposed Class Action Settlements

The Court has preliminarily approved 14 proposed settlements (the "Proposed Settlements") with some, but not all, of the Defendants (the "Settling Defendants") in a putative class action lawsuit (the "Lawsuit") brought on behalf of real property owners in New Jersey who had a tax sale certificate issued with respect to their real property and purchased by a Defendant at a public auction at an interest rate above 0% (the "Class") from January 1, 1998 through February 28, 2009 (the "Class Period"). Defendants are certain individuals and entities who purchased tax sale certificates ("TSCs") at public municipal auctions during the Class Period. The case is titled *In Re New Jersey Tax Sales Certificates Antitrust Litig*., 3:12-CV-01893-MAS-TJB, and is pending in the U.S. District Court for the District of New Jersey (the "Court").

TSCs are certificates acquired by a purchaser at a public auction that represent that purchaser's right to collect a delinquent property tax or other municipal charge, including water or sewer charges, from a property owner, along with associated interest and fees. Plaintiffs claim that Defendants conspired to fix, raise, maintain or stabilize the interest rates of the TSCs through rigging TSC auctions. Plaintiffs allege that this conspiracy resulted in overcharges to real property owners who had a TSC issued and sold at a public auction.

You are a member of the Class if one or more of the Defendants purchased a TSC associated with your real property at a municipal auction in New Jersey at an interest rate above 0% during the Class Period. For a full list of Defendants in this case, please visit the website www.njtaxliensettlements.com.

The Settling Defendants have agreed to pay a total of $8,330,000 (the "Settlement Fund") and provide cooperation to Plaintiffs. In addition, some of the Settling Defendants have agreed to provide discounts off of the amount owed with respect to any TSCs they purchased during the Class period at a rate above 0% interest, and which they still hold, subject to certain exceptions. If you are eligible for this discount, you will be contacted separately at a later date. The following is a list of the 14 Settling Defendants: 1) American Tax Funding, LLC; 2) Norman T. Remick; 3) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC, David Butler, and David M. Farber; 4) Plymouth Park Tax Services, LLC; 5) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I. L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P., Vinaya J. Jessani and Stephen E.

Hruby; 6) Robert E. Rothman; 7) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC; 8) William A. Collins; 9) Isadore H. May; 10) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin; 11) Richard J. Pisciotta, Jr.; 12) Phoenix Funding, Inc. and Benedict Caiola; 13) Robert W. Stein; and 14) Lambros Xethalis.

The Court will hold a hearing on [DATE] to consider whether to grant final approval of the Proposed Settlements. If you are a member of the Class and do not opt out of the Proposed Settlements, you may be eligible to receive benefits if the Court grants final approval of the Proposed Settlements. The amount of your benefits will be determined at a future time by a plan of distribution, which will be posted on the website www.njtaxliensettlements.com, and must also be approved by the Court.

If you do not want to be legally bound by one or more of the Proposed Settlements, you must "opt out" and exclude yourself, in writing, by identifying each Proposed Settlement for which you seek exclusion. The exclusion deadline is _____. You will be bound by the judgment of the Court regarding your claims and cannot present them in another lawsuit unless you exclude yourself as described in the detailed Notice, available at www.njtaxliensettlements.com. If you stay in a Proposed Settlement, you may object to it by _____. The detailed Notice, available at the website above, explains how to either exclude yourself or object, if you so choose. The detailed Notice also explains that a portion of the Settlement Fund will be used for, among other things, litigation expenses and legal fees.

The Court has appointed Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as Class Counsel to represent you at no charge to you. You may hire your own lawyer at your own cost.