# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANTS NORMAN T. REMICK, AMERICAN TAX FUNDING, LLC, ROBERT W. STEIN, AND LAMBROS XETHALIS, AND AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS

**THIS MATTER** having been opened to the Court by Plaintiffs' Class Counsel (on behalf of the Named Plaintiffs as set forth below) by way of their motion for preliminary approval of the proposed settlements in the above action, and for authorization to disseminate notice to the Class;

**WHEREAS**, the Court having reviewed and considered the motion for preliminary approval of settlements with defendants (1) Norman T. Remick ("Remick"); (2) American Tax Funding, LLC ("ATF"); (3) Robert W. Stein ("Stein"); and (4) Lambros Xethalis ("Xethalis") (collectively the "New Settlements"), and supporting materials filed by Plaintiffs' Class Counsel and having reviewed the pleadings and other papers on file in this Action;

**WHEREAS**, by order dated August 13, 2013, the Court has already preliminarily approved settlements with the following defendants: (1) David Butler; David M. Farber; CCTS, LLC; CCTS Tax Liens I, LLC; CCTS Tax Liens II, LLC; DSBD, LLC; Pro Capital LLC; Pro Capital Fund I, LLC (the

"Butler/Farber Defendants"); (2) Burlington Assembly of God, Inc. d/b/a Fountain of Life Center; Life Center Academy; Mercer S.M.E. Inc.; Susan M. Esposito; and David B. Boudwin (the "Mercer Defendants"); (3) Robert E. Rothman; (4) Richard J. Pisciotta, Jr.; (5) William A. Collins; and (6) Isadore H. May;

**WHEREAS**, on March 11 2014, Magistrate Judge Bongiovanni issued a Report and Recommendation [*see* Dkt. No. 339], recommending that this Court preliminarily approve Plaintiffs' settlements with the following additional defendants: (1) M.D. Sass Investors Services, Inc.; M.D. Sass Tax Lien Management, LLC; M.D. Sass Municipal Partners-I, L.P.; M.D. Sass Municipal Partners-II, L.P.; M.D. Sass Municipal Partners - III, L.P.; M.D. Sass Municipal Partners - IV, L.P.; M.D. Sass Municipal Partners- V, L.P.; M.D. Sass Municipal Partners- VI, L.P. (collectively, the "Sass Entities"); Vinaya K. Jessani; and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants"); (2) Royal Bancshares of Pennsylvania, Inc.; Royal Bank America; Crusader Servicing Corporation; and Royal Tax Lien Services, LLC (collectively, the "Crusader Defendants"); (3) Plymouth Park Tax Services, LLC d/b/a Xspand ("Defendant Plymouth Park"); and (4) Phoenix Funding, Inc. and Benedict Caiola (collectively,

the "Phoenix Defendants") (collectively, with Defendants Remick, ATF, Stein and Xethalis, the "Settling Defendants");[1]

**WHEREAS**, the Court has also reviewed the proposed notice plan for notification of the Class of the 14 Settlements; and

**WHEREAS**, this Court has fully considered the record and the requirements of law, and good cause appearing;

IT IS THIS 23rd day of January, 2015 **ORDERED** as follows:

I.    <u>**Preliminary Approval of the New Settlements**</u>

1.    The New Settlements were the result of the parties' good-faith negotiations. The New Settlements were entered into by experienced counsel and only after extensive arm's-length negotiations. The New Settlements were not the result of collusion.

2.    The New Settlements each fall well within the range of reasonableness.  The New Settlements have no obvious deficiencies. The New Settlements do not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class.

3.    Because the New Settlements meet the standards for preliminary approval, the Court preliminarily approves all terms of the New Settlements,

---

[1] The 14 settlements with the Settling Defendants shall be referred to collectively as the "Settlements."

3

subject to a hearing on the final approval of the New Settlements ("Fairness Hearing").

4.      The following class of plaintiffs ("Settlement Class") is provisionally certified for settlement purposes only:

> All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period from and including January 1, 1998 through February 2009 at a public auction in the State of New Jersey at an interest rate above 0%.

5.      The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a.      Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

b.      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class including:

> (i)     Whether defendants conspired with others to fix bids and allocate TSCs at auctions in New Jersey, in violation of the Sherman Act and New Jersey's Antitrust Act;

> (ii)    Whether defendants' conduct had the anticompetitive effect of reducing and unreasonably restraining the market for the purchase of TSCs;

   (iii) The names of the individuals and entities who participated in the anticompetitive scheme;

   (iv) The duration of the anticompetitive scheme;

   (v) The effect of defendants' conduct and the extent of injuries sustained by Plaintiffs and Class Members; and

   (vi) The amount of damages the anticompetitive scheme caused members of the Class.

  c. Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of defendants' common course of conduct in violation of the antitrust laws.

  d. Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

  a. Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

b.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7.    The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

8.    The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Class Counsel and Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

9.    Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class, as described in the notice, shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including, but not limited to, the releases, waivers, and covenants described in the New Settlements, whether or not such person or entity objected to the New Settlements and whether or not such person or entity makes a claim upon the settlement funds.

10.    All further class proceedings as to defendants Remick, ATF, Stein, and Xethalis are hereby stayed except for any actions required to effectuate the settlement or that are otherwise permitted by the settlement agreements or agreed by the settling parties.

6

## II.    Notice of the Settlements to the Settlement Class

11.    The Court appoints Gilardi & Co. LLC as the Class Administrator to assist Class Counsel in effectuating and administering notice to the class of all 14 Settlements, as well as to administer the exclusion process for those Settlement Class members who wish to opt-out of the Settlement Class.

12.    The Court approves the method of notice to be provided to the Settlement Class that is described in Exhibit F to the June 27, 2014 Declaration of Seth Gassman in Support of Preliminary Approval, including the use of the Long Notice, the Summary Notice, the Postcard Notice and methods of Internet notice. The Court finds and concludes that such notice: (a) is the best notice practicable under the circumstances, and is reasonably calculated to reach members of the Settlement Class that would be bound by the 14 Settlements and to apprise of them of this litigation, the terms and conditions of the Settlements, their right to opt-out and be excluded from the Settlement Class, and their right to object to any or all of the Settlements; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

13.    All reasonable costs incurred in notifying Settlement Class members of the Settlements, as well as in administering the Settlements, shall be paid from the settlement proceeds without further order of the Court. Any expenses associated with noticing the Settlements, and administering the Settlements, shall

be paid on a *pro rata* basis in accordance with the schedule contained in Appendix A to this Order.

14.   Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in connection with the settlement monies paid by the Settling Defendants, and to pay from the settlement proceeds any costs associated with the preparation of such tax documents, and also to pay any taxes owed with respect to the settlement proceeds and to otherwise perform all obligations with respect to taxes and any reporting or filings relating to taxes, without further order of the Court. Any expenses associated with the preparation of the tax forms and any taxes owed on any of the settlement funds shall be paid directly out of the settlement fund from which such tax liability arises.

15.   Consistent with the proposed notice plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Order, but not later than the date by which notice will be mailed to Settlement Class members on **March 24, 2015**, to establish the dedicated case website (www.njtaxlienssettlement.com), the post-office box, toll-free telephone line, and email address, for providing notice and information to, and receiving exclusion requests from members of the Settlement Class. The Long Notice, attached as Exhibit 1 to this Order, shall be posted on the dedicated website.

16.    Within 60 days following the Court's entry of this order, the Class Administrator shall complete mail and publication notice to members of the Settlement Class, using the Postcard Notice and Summary Notice attached as Exhibits 2 and 3 to this Order.

17.    As explained in the Long Notice, the Summary Notice, and the Postcard Notice, any member of the Settlement Class that does not wish to participate in the Settlement Class shall submit an exclusion request by **May 23, 2015** ("Class Exclusion Deadline"). A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Deadline. The written request must be signed by a person authorized to do so, and must contain at least the following information:

1. The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation*.

2. The name, address, telephone number, and signature of the person or entity opting-out of the settlement(s).

3. A statement indicating that the person or entity wishes to be excluded from the Settlement Class.

4. Information to establish that the individual or entity seeking to opt-out is a member of the Settlement Class. Such information may include the full address of the property on which the relevant lien was issued, and the approximate date the TSC associated with such property was sold at a public tax sale certificate auction in New Jersey, the name of the buyer of the TSC associated with the property, and the interest rate associated with the TSC.

5. The name of the Settlement(s) from which the person or entity wishes to be excluded (for example: The Sass Settlement or the Pisciotta Settlement). A request for exclusion may not be effective unless it is specified from which Settlement(s) exclusion is sought.

18. As set forth in the Long Notice, the Summary Notice, and the Postcard Notice, any Settlement Class member that does not submit a request for exclusion, shall have until **May 23, 2015** ("Class Objection Deadline") to submit an objection to one or more of the Settlements, and file any notice of intent to appear at the Fairness Hearing.

19. Such an objector must, not later than the Class Objection Deadline, file a written statement of objections with the Court and, in addition, send it to the following designees of Class Counsel, by first-class mail and postmarked not later than the Class Objection Deadline:

| | |
|---|---|
| Jason A. Zweig<br>Hagens Berman Sobol Shapiro LLP<br>555 Fifth Avenue, Suite 1700<br>New York, NY 10017 | James A. Pizzirusso<br>Seth R. Gassman<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006 |

In addition to sending to Class Counsel, any Settlement Class member that objects to one or more of the Settlements must also send the objection by first-class mail, postmarked no later than the Class Objection Deadline, to the Defendants' Counsel listed below for each settlement objected to:

| If Objecting to: | Then Also Send Objection to: |
|---|---|
| The Butler/Farber Defendants' Settlement | Steven Mark Janove<br>Law Offices of Steve M. Janove, LLC<br>413 Route 70 East<br>Cherry Hill, NJ 08034 |
| The Robert Rothman Settlement | D. Jarrett Arp<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306 |
| The Mercer Defendants Settlement | Douglas M. Tween<br>Baker & Mckenzie LLP<br>1114 Avenue of the Americas<br>New York, New York 10036 |
| The Pisciotta Settlement | Arnold Carl Lakind<br>Szaferman, Lakind, Blumstein, Blader & Lehmann, PC<br>Quakerbridge Executive Center<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, NJ 08648 |
| The Collins Settlement | Jack Wenik<br>Sills Cummis & Gross PC<br>One Riverfront Plaza<br>Newark, NJ 07102-5400 |
| The May Settlement | Keith A. Bonchi<br>Goldenberg, Mackler & Sayegh, P.A.<br>660 New Road, Suite 1-a<br>Northfield, NJ 08225 |
| The Sass Defendants' Settlement | Joseph S. Allerhand<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |

| | |
|---|---|
| | Andrew T. Solomon<br>Sullivan & Worcester LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br><br>Lawrence S. Lustberg<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
| The Crusader Defendants' Settlement | Steven A. Reed<br>Morgan, Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |
| The Plymouth Park Settlement | Robert D. Wick<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |
| The Phoenix Defendants' Settlement | Shalom D. Stone<br>Brown, Moskowitz & Kallen, P.C.<br>189 River Road<br>Summit, New Jersey 07901 |
| The Remick Settlement | Judson A. Aaron<br>Conrad O'Brien, P.C.<br>1500 Market Street, Centre Square<br>Philadelphia, PA 19102 |
| The ATF Settlement | Donald S. Scherzer<br>Roetzel & Andress<br>1375 East Ninth Street, 9th Floor<br>Cleveland, OH 44114 |
| The Stein Settlement | Robert Nemeroff<br>Friedman Schuman<br>101 Greenwood Avenue, 5th Floor<br>Jenkintown, PA 19046 |

| | |
|---|---|
| The Xethalis Settlement | Jay Koenigsberg<br>Isicoff, Ragatz & Koenigsberg, P.L.<br>1200 Brickell Avenue, Suite 1900<br>Miami, Florida 33131 |

20.     The objector's written statement of objections must: (a) contain the name of the case, *In re New Jersey Tax Sales Certificates Antitrust Litigation*; (b) state which Settlement(s) is/are being objected to; (c) state each and every objection of the Objector and the specific reasons therefor; (d) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of any objection; (e) state the full name and address of the Objector; (f) provide information sufficient to establish that the Objector is a member of the Settlement Class; and (g) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objection.

21.     In addition, any objector or counsel for an objector that desires to appear at the Fairness Hearing must file with the Court, not later than the Class Objection Deadline, and send to the designees of Class Counsel and the Defendants identified above, by first class-mail and postmarked no later than the Class Objection Deadline, a separate notice of intention to appear that identifies the

name, position, address, and telephone number of each person who intends to appear at the Fairness Hearing on behalf of the objector.

22.    By **April 23, 2015** [30 days following notice], Class Counsel will file their motion for final approval of the Settlements.

23.    By **June 18, 2015** [2 weeks prior to Fairness Hearing], the Class Administrator shall prepare a report and file it with the Court, confirming that: 1) the notice plan was carried out and that notice to members of the Settlement Class was provided in the manner set forth in this Order; 2) lists each member of the Settlement Class that sought to become an opt-out and be excluded from the Settlement Class and the dates on which that Settlement Class member's request to be excluded was postmarked and received, and states whether the Settlement Class member's request for exclusion was timely and properly made under the terms of this Order.

24.    By **June 22, 2015** [90 days following deadline to disseminate notice], Class Counsel shall file any reply papers on the motion for final settlement approval of the Settlements and plaintiffs' response to any objections to the Settlements.

25.    The Court will conduct a Fairness Hearing on **July 2, 2015, at 10:00am** [approx. 100 days following deadline to disseminate notice], at the Clarkson S. Fisher Building and United States Courthouse, 402 East State Street, Trenton, New

Jersey, 08608, United States District Court, District of New Jersey.  The fairness hearing will be conducted to determine the following:

        a.      Whether the 14 Settlements that have been preliminarily approved by this Court should be finally approved;

        b.      Whether final judgment should be entered dismissing the claims of the class against all Settling Defendants with prejudice as required by the Settlements;

        c.      Plaintiffs' request to utilize up to $150,000 of the settlement proceeds for expenses associated with litigation against the Non-Settling Defendants; and

        d.      Such other matters as the Court may deem appropriate.

26.    This Order supplements, and does not supersede, the Court's prior August 13, 2013 Orders preliminarily approving settlements [*see* Dkt. Nos. 276, 277], and, unless specifically modified in this Order, all terms of the Court's prior Orders preliminarily approving settlements shall remain in effect.

27.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

**IT IS SO ORDERED.**

Dated:       January 23rd, 2015

Hon. Michael A. Shipp
United States District Judge

## APPENDIX A

| Defendant | Settlement Amount | Percentage of Expenses |
|---|---|---|
| Butler/Farber Defendants | $115,000 | 1.38% |
| Robert Rothman | $200,000 | 2.4% |
| Mercer Defendants | $250,000 | 3.01% |
| Pisciotta | $100,000 | 1.2% |
| Collins | $170,000 | 2.04% |
| May | $120,000 | 1.44% |
| Crusader Defendants | $1,650,000 | 19.81% |
| Sass Defendants | $3,400,000 | 40.82% |
| Plymouth Park | $1,500,000 | 18.01% |
| Phoenix Defendants | $225,000 | 2.71% |
| Remick | $135,000 | 1.62% |
| ATF | $350,000 | 4.2% |
| Stein | $115,000 | 1.38% |
| **Totals** | $8,330,000 | 100% |

# Exhibit  1

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |

## YOU MAY HAVE A CLAIM IN THE ABOVE-TITLED LAWSUIT

### If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Issued And Sold At A Public Auction Between January 1, 1998 And February 28, 2009

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

- There are 14 proposed settlements totaling $8.33 million (the "Proposed Settlements") in a class action lawsuit (the "Lawsuit") brought on behalf of certain real property owners in New Jersey who had a tax sale certificate ("TSC") issued with respect to their real property. These TSCs were purchased by a Defendant (the full list of Defendants appears on page 4 of this Notice) at a public auction during January 1, 1998 through February 28, 2009 (the "Class Period"). The Lawsuit is called *In re New Jersey Tax Sales Certificates Antitrust Litigation* and is pending in the United States District Court for the District of New Jersey. The Lawsuit alleges violations of federal antitrust laws and New Jersey state antitrust, tax sale and unjust enrichment laws in connection with the Defendants' purchases of the TSCs. Due to the alleged unlawful activity by certain investors, property owners wanting to redeem the TSCs associated with their real property allegedly either paid – or still owe – an inflated amount.

- While the Proposed Settlements resolve the Lawsuit for the certain Defendants (the "Settling Defendants," as listed on page 4 of this Notice), other Defendants who have not yet settled remain in the Lawsuit ("Remaining Defendants"), and litigation is continuing as to those Remaining Defendants.

- In addition to making certain payments (the descriptions of each of the Proposed Settlements appears on pages 6-8 of this Notice), the majority of the Settling Defendants also have agreed to offer a certain discounted redemption percentage off of the TSCs they purchased during the Class Period and still hold at the time of settlement, subject to certain exceptions. If you are eligible for such a discount, you will be contacted separately at a later date.

- Further, all of the Settling Defendants also have agreed to cooperate in the Lawsuit against the Remaining Defendants. The Settling Defendants deny the allegations in the Lawsuit and maintain that they are not liable for the damages sought in the Lawsuit. The Settling Defendants have asserted a number of defenses to Plaintiffs' claims but have settled to avoid the cost and risk of a trial. In addition to this litigation, the U.S. Department of Justice is conducting a criminal investigation into the very same allegations at issue. To date, 15 individuals and entities have pled guilty to participating in the illegal behavior alleged in the case. Additionally, six other individuals and entities have been indicted in connection with their participation in the illegal conspiracy.

1

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:**

| YOUR OPTIONS: | | DUE DATE: |
|---|---|---|
| **STAY IN THE CLASS** | The only way to get any payment or benefits from these settlements. | |
| **OBJECT** | Write to the Court about why you don't like the proposed settlements. | Received by [date] |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the proposed settlements. | Received by [date] |
| **DO NOTHING** | Take no position on the proposed settlements and wait for more information. You will keep the possibility of receiving money distributed from these settlements, but you would give up any right to sue the Settling Defendants separately in the future about the same legal claims. | No action required now. |
| **EXCLUDE YOURSELF** | Receive no payment. This option would allow you to bring or be part of another lawsuit against any or all of the Settling Defendants brought in the future about the legal claims in this case. If you ask to be excluded, you will not share in any money distributed from these settlements. | Postmarked by [date] |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.  To ask to be excluded, you must act before _____, 2014.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

These dates are subject to change. Notice of any changes will be posted to the settlement website at www.njtaxliensettlements.com.

**Any questions? Read on and visit www.njtaxliensettlements.com.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................................................5

1. Why did I get this notice? ................................................................................................5

2. What is this lawsuit about? ..............................................................................................5

3. Why is this a class action? ..............................................................................................5

4. Who are the Defendants? .................................................................................................5

5. Why are there proposed settlements? ...............................................................................6

**WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?** ...........................................7

6. How do I know if I am part of the proposed settlements? ................................................7

7. I'm still not sure if I am included. ...................................................................................7

**THE PROPOSED SETTLEMENT BENEFITS** ...................................................................7

8. What do the Proposed Settlements provide? ....................................................................7

9. Will I receive a payment? ...............................................................................................10

10. What am I giving up to get a payment or to stay in the Settlement Class? ......................10

11. How do I get out of the Proposed Settlements? ..............................................................10

12. If I don't exclude myself, can I sue the Settling Defendants later? .................................11

13. If I exclude myself, can I get money from the proposed settlements? .............................11

**THE LAWYERS REPRESENTING YOU** ..........................................................................12

14. Do I have a lawyer in this case? ....................................................................................12

15. Should I get my own lawyer? ........................................................................................12

16. How will the lawyers be paid? ......................................................................................12

**OBJECTING TO THE PROPOSED SETTLEMENT** ........................................................12

17. How do I tell the Court that I don't like the Proposed Settlements? ................................12

18.  What is the difference between objecting and excluding? ..............................................13

19.  When and where will the Court decide whether to grant final approval of the proposed settlements?.13

20. Do I have to come to the hearing? .................................................................................13

21. May I speak at the hearing? ..........................................................................................14

**IF YOU DO NOTHING** ....................................................................................................14

3

22. What happens if I do nothing at all?.................................................................................................14

**GETTING MORE INFORMATION** ......................................................................................................15

23. Are there more details about the Proposed Settlements?.................................................................15

24. How do I get more information? ......................................................................................................15

25. Can I update my address? What happens if I do nothing at all?......................................................15

# BASIC INFORMATION

## 1. Why did I get this notice?

You or your company may own real property in the State of New Jersey that is or was subject to a TSC purchased by an investor who participated in an allegedly unlawful conspiracy to rig bids at municipal TSC auctions throughout the State of New Jersey between January 1, 1998 and February 28, 2009. This notice explains that the litigation before the Court may affect you. You have legal rights and options you may exercise. Judge Michael Shipp of the United States District Court for the District of New Jersey is overseeing the Lawsuit. The Lawsuit has been brought as a class action. The Lawsuit is known as *In re New Jersey Tax Sales Certificates Antitrust Litigation*, No. 3:12-cv-01893. The people and companies who suing are called the Plaintiffs, and the individual investors and companies they sued are called the Defendants. The Defendants that have agreed to the proposed settlements described in this Notice are called the Settling Defendants.

The Court approved this notice because you have a right to know about the Proposed Settlements of the Lawsuit, and about all of your options, before the Court decides whether to approve the Proposed Settlements.

This notice explains the Lawsuit, the Proposed Settlements, and your legal rights.

## 2. What is this lawsuit about?

Each year, every municipality in New Jersey holds a public auction at which the municipality sells TSCs, which operate as liens on real property. Under state law, the bidding on these TSCs begins at 18% for the interest rate associated with the TSC. The bidder who offers to purchase the TSC at the lowest interest rate is the winning bidder.

In this case, Defendants are accused of entering into an illegal agreement or understanding to divide the available TSCs among themselves and also entering into an illegal agreement not to bid against each other when TSCs came up for bid. As a result of these alleged agreements, the Lawsuit claims that the interest rates associated with TSCs were higher than they otherwise should have been – making it more expensive for affected property owners to pay to redeem the TSC.

## 3. Why is this a class action?

In a class action, one or more individuals or companies called class representatives (in this case, Gila Bauer, Melissa Jacobs, Frances A. and Donald Schmidt, and Son, Inc.) sue on behalf of others who have similar claims. All of the other individuals or companies who have similar claims are a "class" or "class members." One court will resolve the issues for all class members, except for those who decide to exclude themselves from the class.

## 4. Who are the Defendants?

The 14 **Settling Defendants** are comprised of individuals and entities:

| Individual Defendants | Crusader Defendants |
|---|---|
| • William A. Collins | • Royal Bancshares of Pennsylvania, Inc. |
| • Isadore H. May | • Royal Bank America |

- Richard J. Pisciotta, Jr.
- Norman T. Remick
- Robert E. Rothman
- Robert W. Stein
- Lambros Xethalis

### Sass Defendants

- M.D. Sass Investors Services, Inc.
- M.D. Sass Tax Lien Management, LLC
- M.D. Sass Municipal Finance Partners – I, L.P.
- M.D. Sass Municipal Finance Partners – II, L.P.
- M.D. Sass Municipal Finance Partners – III, LLC
- M.D. Sass Municipal Finance Partners – IV, LLC
- M.D. Sass Municipal Finance Partners – V, LLC
- M.D. Sass Municipal Finance Partners –VI, LLC
- Vinaya K. Jessani
- Stephen E. Hruby

### Mercer Defendants

- Burlington Assembly of God, Inc.
  d/b/a Fountain of Life Center
- Mercer S.M.E. Inc.
- Susan M. Esposito
- David B. Boudwin

- Crusader Servicing Corporation
- Royal Tax Lien Services, LLC

### Butler/Farber Defendants

- David Butler
- David M. Farber
- CCTS, LLC
- CCTS Tax Liens I, LLC
- CCTS Tax Liens II, LLC
- DSBD, LLC
- Pro Capital LLC
- Pro Capital Fund I, LLC

### Phoenix Defendants

- Phoenix Funding, Inc.
- Benedict Caiola

### Other Entity Defendants

- Plymouth Park Tax Services, LLC
- American Tax Funding, LLC

The Remaining Defendants, who have not agreed to settlements, are: CCTS Capital LLC n/k/a Crestar Capital, LLC and William S. Green ("Crestar Defendants"); BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC, Michael Deluca, Gary I. Branse, and David Jelley ("BankAtlantic Defendants"); Richard Simon Trustee, Betty Simon Trustee, LLC, and Joseph Wolfson ("Wolfson Defendants"); Mooring Tax Asset Group, LLC; Michael Mastellone; Pat Caraballese and PAM Investors ("PAM Defendants"); and Robert U. Del Vecchio Sr. and Robert U. Del Vecchio Trust ("Del Vecchio Defendants").

In order for you to be a member of the proposed Settlement Class, one or more of the Settling Defendants listed above, or one or more of the Remaining Defendants listed above, must have purchased a TSC associated with your real property at a municipal auction in New Jersey between January 1, 1998 and February 28, 2009.

## 5. Why are there proposed settlements?

The Court has not yet decided in favor of Plaintiffs or in favor of Settling Defendants. Nor has the Court decided that the Lawsuit can proceed as a class action. Instead, both sides have agreed to the Proposed Settlements. That way, both sides avoid the cost and risk of a trial, and the class members affected will get compensation. The Class Representatives and Class Counsel think the proposed settlements are best for all class members.

The Lawsuit is still proceeding against the Remaining Defendants, who have not entered into any settlement agreements filed with the Court. Plaintiffs will continue to pursue the Lawsuit against the Remaining Defendants, to see if any future settlements or judgments can be obtained from the Remaining Defendants. Class Counsel currently anticipate that all funds obtained from any Defendant, whether by settlement or judgment, will be distributed at the same time, in order to reduce expenses of administering the distribution of payments, although Class Counsel may determine that distribution is warranted earlier.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To determine if you are affected by these Proposed Settlements, you first have to determine if you are a class member.

### 6. How do I know if I am part of the proposed settlements?

Judge Shipp has preliminarily decided that everyone who fits the following description is a member of the proposed Settlement Class: ***All persons who owned real property in the State of New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period (between January 1, 1998 and February 28, 2009) at a public auction in the State of New Jersey at an interest rate above 0%.***

Tax Sale Certificates, or TSCs, are defined as certificates acquired by the purchaser at a public auction in New Jersey, which represents that purchaser's right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a property owner in the State of New Jersey, along with associated interest and fees. You may have been identified from records of Defendants and/or public information from the New Jersey municipalities as a potential class member, and received a postcard explaining your rights and identifying this Notice as a source of new information.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are a Settlement Class member, you can ask for free help. See Question 15 below.

## THE PROPOSED SETTLEMENT BENEFITS

### 8. What do the Proposed Settlements provide?

Each of the Proposed Settlements is described in detail below. Each Proposed Settlement (except for the settlements with defendants Stein and Xethalis) includes (1) an agreement to cooperate in the Litigation that is continuing against the Remaining Defendants, (2) a monetary component, and (3) an agreement to offer discounts to class members from the total amount owed (in some cases up to 15% off of the total amount owed) on the outstanding TSC that was purchased during the Class Period. In addition, pursuant to the Proposed Settlements, Class Counsel intend to seek authorization from the Court to utilize up to $150,000 from the settlement proceeds to fund the litigation effort against the Remaining Defendants.

In three instances (the Proposed Settlements with Defendants Butler/Farber, Pisciotta, and May), the affected class members previously received separate notification detailing their opportunity to redeem their TSCs at a discounted rate. **For all other Proposed Settlements, a separate letter will be mailed directly to eligible class members, at the time designated in the Proposed Settlement, with detailed instructions on how to redeem the TSC at a discounted rate.**

The following is a brief summary of each of the Proposed Settlements. To see the complete terms of the Proposed Settlements, you may view copies of the settlement agreements at www.njtaxliensettlements.com.

The **Butler/Farber Defendants** have paid $115,000. They also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by the Butler/Farber Defendants not already in foreclosure proceedings. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to

redeem such TSCs held by the Butler/Farber Defendants. The discount was also offered for properties already in foreclosure.

The **Mercer Defendants** have paid $250,000. They also agreed not to initiate foreclosure proceedings for 90 days following the Final Approval for any TSC issued with respect to real property owned by a class member still held by the Mercer Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Mercer Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. The Mercer Defendants agreed to take no action to collect on any final judgments for 60 days following Final Approval, and the 15% discount will also be offered for properties already in foreclosure.

Defendant **Robert E. Rothman** has paid $200,000. Rothman also agreed not to initiate foreclosure proceedings for 60 days following Final Approval for any TSC issued with respect to real property owned by a class member. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom Rothman is in possession of a TSC, explaining the discounted redemption offer, which would provide a class member with 10% discount on the accrued interest associated with the TSC. Class members who plan to accept the discounted redemption offer must make the discounted payment within 30 days of the date of the letter they will receive.

Defendant **Richard J. Pisciotta** has paid $100,000. Pisciotta also agreed not to initiate foreclosure proceedings for 90 days following Preliminary Approval for any TSC issued with respect to real property owned by a class member not already in foreclosure proceedings. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to redeem such TSCs held by Pisciotta. The discount was also offered for properties already in foreclosure.

Defendant **William A. Collins** has paid $170,000. For properties not already in foreclosure, Collins agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Collins. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom Collins is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 10% of off the redemption amount on the TSC. Class members who plan to accept the discounted redemption offer must make the requested payment within 30 days of the date of the letter they will receive. Collins agreed to take no action to collect on any final judgments for 60 days following Final Approval and the 10% discount will also be offered for properties already in foreclosure.

Defendant **Isadore H. May** has paid $120,000. May also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by May not already in foreclosure proceedings for 120 days after the execution date of the Proposed Settlement. A letter has already been sent to qualifying class members explaining the discounted redemption opportunity to property owners affected by the ability to redeem such TSCs held by May. The discount was also offered for properties already in foreclosure.

The **Sass Defendants** have paid $3.4 million. They also agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Sass Defendants not already in foreclosure proceedings. Within 30 days of Final Approval, a letter will be sent to such class members for whom the Sass Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also

be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive.

The **Crusader Defendants** have paid $1.65 million. The Crusader Defendants also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Crusader Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Crusader Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 35 days of the date of the letter they will receive.

**Defendant Plymouth Park Tax Services LLC** has paid $1.5 million. It also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Plymouth Park not already in foreclosure proceedings. Moreover, within 30 days after Final Approval, a letter will be sent to such class members for whom Plymouth Park Tax Services, LLC is in possession of a TSC, explaining the discounted redemption offer for any TSC issued with respect to real property owned by a class member still held by Plymouth Park, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. The discount will also be offered for properties already in foreclosure. Settlement Class Members who wish to accept the discounted redemption offer must make the requested payment to the municipal tax office within 45 days of the date of the letter they will receive.

The **Phoenix Defendants** have paid $225,000. They also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by the Phoenix Defendants not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom the Phoenix Defendants are in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees, subject to certain exceptions. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive.

**Defendant Norman Remick** has paid $135,000. Remick also agreed not to initiate foreclosure proceedings for 120 days following Final Approval for any TSC issued with respect to real property owned by a class member still held by Remick not already in foreclosure proceedings. Moreover, within 45 days of Final Approval, a letter will be sent to such Settlement Class Members for whom Remick is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC. The discount will also be offered for properties already in foreclosure. Class members who wish to accept the discounted redemption offer must make the requested payment within 45 days of the date of the letter they will receive. The 15% discount will also be offered for properties already in foreclosure.

**Defendant American Tax Funding** has paid $350,000. ATF also agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a Class member still held by ATF not already in foreclosure proceedings. Moreover, within 30 days of Final Approval, a letter will be sent to such class members for whom American Tax Funding is in possession of a TSC, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. Class members who wish to accept the discounted redemption offer must give notice and provide a statement of their financial ability within 30

9

days of the date of the letter they will receive. The 15 percent discount will also be offered for properties already in foreclosure. The 15% discount amount may be reduced, *pro rata*, if the total amount of discounts exceeds a total of $50,000.

Defendant **Robert W. Stein** has paid $115,000 and will provide cooperation.

Defendant **Lambros Xethalis** will provide cooperation.

Details about the cooperation agreed to by each of the Settling Defendants are set forth in the Proposed Settlements, which have been filed with the Court and may be viewed at www.njtaxliensettlements.com.

## 9. Will I receive a payment?

If you are a Settlement Class member and do not exclude yourself from the settlement class, you may be eligible to receive a payment at a future date. The amount of any payment is not now known. Plaintiffs will provide a plan of distribution to the Court that sets out how the money will be divided among Settlement Class members in a subsequent notice. You will receive notice of the plan of distribution and have an opportunity to object to it.

You will receive a claim form at a future date, which you must submit in order to receive a payment. For now, you must keep any records associated with the TSC, or any records that prove you are the record owner of the property associated with the TSC, so that you will be able to complete the claim form with all necessary information. If you received a postcard notice by mail, future notice will be sent to you at the same address.

## 10. What am I giving up to get a payment or to stay in the Settlement Class?

Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class shall, upon completion of the Lawsuit, be bound by all the terms and provisions of all of the Settlements or Judgments, including but not limited to the releases, waivers, and covenants described in any Proposed Settlement; and any Settlement Class member's claims against the Settling Defendants shall forever be released and dismissed, whether or not such person or entity objected to such Proposed Settlements and whether or not such person or entity made a claim upon any funds from such Proposed Settlements.

That means you can't sue, continue to sue, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. They set forth the language of the releases and describe the exact legal claims that you will give up if you stay in the class.

The full text of the Releases for each of the Proposed Settlement Agreements can be found in the settlement agreements which are posted on www.njtaxliensettlements.com. You should carefully read the Releases.

The proposed settlements do not affect the rights of class members against any Defendants other than the Settling Defendants, and the Lawsuit will continue against these other Remaining Defendants.

## 11. How do I get out of the Proposed Settlements?

If you want to keep the right to sue, or continue to sue, one or more of the Settling Defendants, on your own or with others, about the legal issues in this Lawsuit, then you must take steps to remove yourself from the proposed settlement(s) with those Settling Defendant(s). This is called excluding yourself, or sometimes

referred to as "opting out" of the Settlement Class. If you opt out of a Proposed Settlement, you will not get any payment or other benefits from that Proposed Settlement.

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the Settlement Class by _____, 2014 ("Class Exclusion Period"). You can remain as part of the Settlement Class for some of the Proposed Settlements and exclude yourself from others. Because there are 14 separate Proposed Settlements, as set forth in detail on pages 11-12, you will need to decide whether to exclude yourself from the class for each of the Proposed Settlements, or whether to remain in the class for any or all of them.

A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Period. The written request must be signed by a person authorized to do so, and must contain the following information:

- The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation.*
- The name, address, telephone number, and signature of the person or entity opting-out of the Proposed Settlement(s).
- A statement indicating that you wish to be excluded from the Settlement Class.
- The full address of the property on which the relevant TSC was issued, the approximate date the TSC associated with such property was sold at a public TSC auction in New Jersey, and the name of the buyer of the TSC associated with the property.
- The name of the Proposed Settlement that you want to be excluded from (for example: The Sass Settlement or the Pisciotta Settlement). Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion.

Your letter must be postmarked by [date] and sent to: {add Gilardi address here}

If you ask to be excluded from any of the Proposed Settlements, the Court will exclude you, you will not get any payment from any settlements from which you exclude yourself, and you cannot object to those particular settlements. If you exclude yourself, you may be able to sue (or continue to sue) the Settling Defendants in the future.

## 12. If I don't exclude myself, can I sue the Settling Defendants later?

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants on your own for the claims that the Proposed Settlements resolve. You must exclude yourself from any Proposed Settlement involving any Settling Defendant in order to bring – or continue – any lawsuit that you have already filed, or plan to file in the future, against any Settling Defendant involving the legal issues in this Lawsuit.

## 13. If I exclude myself, can I get money from the proposed settlements?

No. If you exclude yourself (opt-out) from the Settlement Class, you will not get any money or other benefits from the proposed settlements. If you exclude yourself from some, but not from all, of the Proposed Settlements, you will be eligible to receive payment from the Proposed Settlements for which you remain in the class.

If you start your own lawsuit against the Remaining Defendants or Settling Defendants after you exclude yourself, you will have to hire a lawyer at your own expense and prove your claims.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The Court appointed the law firms of Hagens Berman Sobol Shapiro LLP and Hausfeld LLP to represent you and all Settlement Class members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.hbsslaw.com and www.hausfeldllp.com. The contact information for the lawyers is below:

Jason A. Zweig
Hagens Berman Sobol Shapiro LLP
555 Fifth Avenue, Suite 1700
New York, NY 10017

James A. Pizzirusso
Seth R. Gassman
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. You will not be charged for these lawyers. If you want your own lawyer, you may hire one at your own expense. If you do hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 16. How will the lawyers be paid?

To date, Class Counsel has not received any payment for any work done on this case since it began. You will not be personally responsible for payment of attorneys' fees or expenses for Class Counsel. Instead, at a later date, Class Counsel will ask the Court to approve payment of attorneys' fees in an amount not to exceed one-third of the monetary total of all of the Settlements and reimbursement of reasonably incurred expenses. These fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Proposed Settlements. You will receive notice of Class Counsel's fee and expense request and will have an opportunity to object to it. Any fees and expenses approved by the Court will be paid out of the settlement funds.

# OBJECTING TO THE PROPOSED SETTLEMENT

## 17. How do I tell the Court that I don't like the Proposed Settlements?

If you are a Settlement Class member, you can object to any or all of the Proposed Settlements if you don't like any part of them. You can give reasons why you think the Court should not approve one or all of them. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement indicating that you object to one or more of the Proposed Settlements in the case of *In re New Jersey Tax Sales Certificates Antitrust Litigation*.
- Your name, address, telephone number, and signature, or the name and address of your lawyer if you have one.
- The name of the Proposed Settlement you object to, and the reasons that you object to the Proposed Settlement(s).

12

- Proof of your membership in the Settlement Class, such as records indicating that you own real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0%.

You must file the objection with the Court at the following address, received by [date]:

> Clerk of Court
> United States District Court for the District of New Jersey
> Clarkson S. Fisher Building and U.S. Courthouse
> 402 East State Street
> Trenton, NJ 08608

You must also mail copies of the objection to the following attorneys, postmarked by [date]:

| | |
|---|---|
| Jason A. Zweig | James A. Pizzirusso |
| Hagens Berman Sobol Shapiro LLP | Seth R. Gassman |
| 555 Fifth Avenue, Suite 1700 | Hausfeld LLP |
| New York, NY 10017 | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |

## 18. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like some part of the Proposed Settlements. You can object to one or more of the Proposed Settlements only if you stay in the class for those particular Proposed Settlements.

If you exclude yourself, you have no basis to object because the proposed settlements no longer apply to you.

## 19. When and where will the Court decide whether to grant final approval of the proposed settlements?

The Court will hold a final approval hearing on [DATE/TIME] at the United States Courthouse, 402 East State Street, Trenton, New Jersey. This hearing is sometimes referred to as the Fairness Hearing. At this hearing, the Court will consider whether the Proposed Settlements are fair, reasonable and adequate. The Court will also determine whether final judgment should be entered dismissing the claims of the Settlement Class against the Settling Defendants with prejudice, as required by the Proposed Settlement Agreements. You may attend the Fairness Hearing and you may ask to speak, but you don't have to do either.

If there are objections to the Proposed Settlements, the Court will consider them at the Fairness Hearing. Judge Shipp, or Magistrate Judge Tonianne J. Bongiovanni under Judge Shipp's authority, will listen to people who have previously asked to speak at this hearing (see Question 21 below). After the hearing, the Court will decide whether to grant final approval of the Proposed Settlements.

The Court may change the date and time of the final approval hearing. Notice of any change will be posted at the courthouse, on the Court's website, or on www.njtaxliensettlements.com.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions that Judge Shipp may have. But, you are welcome to attend the hearing at your own expense. If you send an objection to any of the Proposed Settlements, you are not required to come to the hearing to talk about your objection. As long as you mailed in your written objection on time, the Court will consider it. You may also direct your own lawyer to attend, but it's not necessary for you to do so.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re New Jersey Tax Sale Certificate Antitrust Litigation*".
- The position you will take on the Proposed Settlements and your reasons and any documents in support of the positions.
- Your name, address, telephone number, and signature, or that of your lawyer if you have one.
- Proof of your membership in the class, such as records indicating that you own real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0 %.

Your Notice of Intention to Appear must be filed with the Court at the following address, received by [date]:

> Clerk of Court
> United States District Court for the District of New Jersey
> Clarkson S. Fisher Building and U.S. Courthouse
> 403 East State Street
> Trenton, NJ 08608

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 14 above, postmarked by [date].

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

You are not required to do anything at this time. If you do nothing, you will remain in the class for each of the Proposed Settlements. At a later date, you will receive notice of the Plan of Allocation and information about how to make a claim. If you received this notice package by mail, the future notice will be sent to you at the same address. If you did not receive this notice package by mail, you must register to receive future communications. You can register online at www.njtaxliensettlements.com or by writing to the settlement administrator at [address here].

14

## GETTING MORE INFORMATION

### 23. Are there more details about the Proposed Settlements?

This notice summarizes the Proposed Settlements. More details are in the complete settlement agreements. You can access a copy of these settlement agreements by visiting www.njtaxliensettlements.com.

### 24. How do I get more information?

In addition to visiting the official website at www.njtaxliensettlements.com, you may contact the settlement administrator by email at emailaddress@xxx.com. You may also call the settlement administrator toll-free at 1-888-xxx-xxxx in the United States, U.S. territories and Canada. You may also write to:

Jason A. Zweig
Hagens Berman Sobol Shapiro LLP
555 Fifth Avenue, Suite 1700
New York, NY 10017

James A. Pizzirusso
Seth R. Gassman
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006

### 25. Can I update my address? What happens if I do nothing at all?

Yes. If your address changes, please enter your current information online at www.njtaxliensettlements.com, or send your new information to the claims administrator at {Gilardi address}.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Exhibit  2

LEGAL NOTICE

# If You Are Or Were An Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Sold At A Public Auction Between
# January 1, 1998 And February 28, 2009

## You May Have a Claim in Proposed Class Action Settlements
## You Are Not Being Sued.

The Court has preliminarily approved 14 proposed settlements totaling $8.33 million (the "Proposed Settlements"), with some, but not all, Defendants (the "Settling Defendants") in a putative class action lawsuit (the "Lawsuit") brought on behalf of certain real property owners in New Jersey who had a tax sale certificate issued with respect to their real property that was purchased by a Defendant at a public auction at an interest rate above 0% (the "Class") during January 1, 1998 through February 28, 2009 (the "Class Period"). Defendants are individuals and entities who purchased tax sale certificates ("TSCs") at public municipal auctions during the Class Period.

The Lawsuit is called *In Re New Jersey Tax Sales Certificates Antitrust Litig.*, 3:12-CV-01893-MAS-TJB, and is pending in the U.S. District Court for the District of New Jersey (the "Court"). For a complete listing of all Defendants please visit the court-approved website www.njtaxliensettlements.com. The following is a partial list of the Defendants: 1) CCTS Capital, LLC n/k/a Crestar Capital, LLC; 2) American Tax Funding, LLC; 3) BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC; 4) Richard Simon Trustee, Betty Simon Trustee; 5) Mooring Tax Asset Group, LLC; 6) Norman T. Remick; 7) Michael Mastellone; 8) PAM Investors; 9) Robert U. Del Vecchio Sr.; 10) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC ("Butler and Farber Defendants"); 11) Plymouth Park Tax Services, LLC; 12) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I, L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P. ("Sass Entities"), Vinaya K. Jessani and Stephen E. Hruby (collectively with the Sass Entities, the "Sass Defendants"); 13) Robert E. Rothman; 14) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC ("Crusader Defendants"); 15) William A. Collins; 16) Isadore H. May; 17) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc. ("Mercer Defendants"); 18) Richard J. Pisciotta, Jr.; and 20) Phoenix Funding, Inc.

**What is the Lawsuit About?**

TSCs are certificates acquired by a purchaser at a public auction and represent that purchaser's right to collect a delinquent property tax or other municipal charge, including water or sewer charges, from an owner of property in New Jersey, along with associated interest and fees.

Plaintiffs allege violations of federal antitrust laws and New Jersey state antitrust, tax sale and unjust enrichment laws in connection with the purchase and sale of TSCs. Plaintiffs claim that Defendants conspired to fix, raise, maintain or stabilize the interest rates of the TSCs. Plaintiffs allege that this conspiracy resulted in overcharges to real property owners who had a TSC issued for their property and sold at auction.

Defendants have denied any liability and all allegations of misconduct. The following 14 groups of Settling Defendants have agreed to settle their cases with Plaintiffs, subject to Court approval: 1) Robert E. Rothman; 2) Richard J. Pisciotta, Jr.; 3) William A. Collins; 4) Isadore H. May; 5) Robert W. Stein; 6) Norman T. Remick; 7) Lambros Xethalis; 8) American Tax Funding; 9) Plymouth Park; 10) Phoenix Funding; 11) the Sass Defendants; 12) the Crusader Defendants; 13) the Butler and Farber Defendants; and 14) the Mercer Defendants (the "Settling Defendants"). The Court has preliminary approved the Proposed Settlements and preliminary certified the Settlement Class for settlement purposes only.

**Who is Included in the Proposed Class Action Settlements?**

If the Court approves the Proposed Settlements, with some exceptions, you will be included as a member of the Class if one or more of the Defendants purchased a TSC associated with your real property at a municipal auction in New Jersey at an interest rate above 0% between January 1, 1998 and February 28, 2009.

**What Do the Proposed Settlements Provide?**

The Settling Defendants have agreed to pay a total of $8,330,000 (the "Settlement Fund") and provide cooperation to Plaintiffs. Additionally, and subject to certain exceptions, Class members who had a TSC purchased during the Class Period by a Settling Defendant, which is still held by a Settling Defendant, will be offered up to a 15% discount off of the amount owed, subject to

## This notice is only a summary.  For detailed information:

# 1-800-000-0000   www.njtaxliensettlements.com

417444.1

certain exceptions.  If you are eligible for a discount, you will be contacted separately.   Copies of the Settlement Agreements, as well as a more detailed notice, are available at the website below. The detailed Notice also explains that a portion of the Settlement Fund will be used for, among other things, litigation expenses and legal fees

**How to Get Benefits?**

The Court will hold a hearing on [DATE] to consider whether to grant final approval of the Proposed Settlements. If you are a member of the Class and do not opt-out of the Proposed Settlements, you may be eligible to receive benefits if the Court grants final approval of the Proposed Settlements. You need not take any action at this time and the amount of your benefits will be determined at a future time by a plan of distribution, which will be posted on the website www.njtaxliensettlements.com, and must also be approved by the Court.

**Your Other Rights**

If you do not want to be legally bound by one or more of the Proposed Settlements, you must "opt-out" and exclude yourself, in writing, by identifying each Proposed Settlement for which you seek exclusion. The exclusion deadline is _____. You will be bound by the judgment of the Court regarding your claims and cannot present them in another lawsuit unless you exclude yourself as described in the detailed Notice, available at www.njtaxliensettlements.com.

If you stay in a settlement, you may object to it by _____. The detailed Notice explains how to object.

The Court has appointed Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as Class Counsel to represent you at no charge to you. You may hire your own lawyer at your own cost.

**This notice is only a summary.  For detailed information:**

**1-800-000-0000    www.njtaxliensettlements.com**

417444.1

# Exhibit  3

LEGAL NOTICE

# If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Purchased At A Public Auction Between January 1, 1998 And February 28, 2009

## You Are Not Being Sued; You May Have a Claim in Proposed Class Action Settlements

The Court has preliminarily approved 14 proposed settlements (the "Proposed Settlements") with some, but not all, of the Defendants (the "Settling Defendants") in a putative class action lawsuit (the "Lawsuit") brought on behalf of real property owners in New Jersey who had a tax sale certificate issued with respect to their real property and purchased by a Defendant at a public auction at an interest rate above 0% (the "Class") from January 1, 1998 through February 28, 2009 (the "Class Period"). Defendants are certain individuals and entities who purchased tax sale certificates ("TSCs") at public municipal auctions during the Class Period.  The case is titled *In Re New Jersey Tax Sales Certificates Antitrust Litig.*, 3:12-CV-01893-MAS-TJB, and is pending in the U.S. District Court for the District of New Jersey (the "Court").

TSCs are certificates acquired by a purchaser at a public auction that represent that purchaser's right to collect a delinquent property tax or other municipal charge, including water or sewer charges, from a property owner, along with associated interest and fees.  Plaintiffs claim that Defendants conspired to fix, raise, maintain or stabilize the interest rates of the TSCs through rigging TSC auctions. Plaintiffs allege that this conspiracy resulted in overcharges to real property owners who had a TSC issued and sold at a public auction.

You are a member of the Class if one or more of the Defendants purchased a TSC associated with your real property at a municipal auction in New Jersey at an interest rate above 0% during the Class Period. For a full list of Defendants in this case, please visit the website www.njtaxliensettlements.com.

The Settling Defendants have agreed to pay a total of $8,330,000 (the "Settlement Fund") and provide cooperation to Plaintiffs. In addition, some of the Settling Defendants have agreed to provide discounts off of the amount owed with respect to any TSCs they purchased during the Class period at a rate above 0% interest, and which they still hold, subject to certain exceptions. If you are eligible for this discount, you will be contacted separately at a later date.   The following is a list of the 14 Settling Defendants: 1) American Tax Funding, LLC; 2) Norman T. Remick; 3) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC, David Butler, and David M. Farber; 4) Plymouth Park Tax Services, LLC; 5) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I. L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P., Vinaya J. Jessani and Stephen E.

Hruby; 6) Robert E. Rothman; 7) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC; 8) William A. Collins; 9) Isadore H. May; 10) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin; 11) Richard J. Pisciotta, Jr.; 12) Phoenix Funding, Inc. and Benedict Caiola; 13) Robert W. Stein; and 14) Lambros Xethalis.

The Court will hold a hearing on [DATE] to consider whether to grant final approval of the Proposed Settlements. If you are a member of the Class and do not opt out of the Proposed Settlements, you may be eligible to receive benefits if the Court grants final approval of the Proposed Settlements. The amount of your benefits will be determined at a future time by a plan of distribution, which will be posted on the website www.njtaxliensettlements.com, and must also be approved by the Court.

If you do not want to be legally bound by one or more of the Proposed Settlements, you must "opt out" and exclude yourself, in writing, by identifying each Proposed Settlement for which you seek exclusion. The exclusion deadline is _____. You will be bound by the judgment of the Court regarding your claims and cannot present them in another lawsuit unless you exclude yourself as described in the detailed Notice, available at www.njtaxliensettlements.com. If you stay in a Proposed Settlement, you may object to it by _____. The detailed Notice, available at the website above, explains how to either exclude yourself or object, if you so choose. The detailed Notice also explains that a portion of the Settlement Fund will be used for, among other things, litigation expenses and legal fees.

The Court has appointed Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as Class Counsel to represent you at no charge to you. You may hire your own lawyer at your own cost.