# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No. 3:12-CV-01893-MAS-TJB |
|---|---|

## ORDER SUPPLEMENTING OCTOBER 30, 2015 ORDER (Docket Entry No. 426) (GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENTS WITH CERTAIN DEFENDANTS AND OTHER RELIEF), AND SETTING SCHEDULE FOR NOTICE, OBJECTIONS, EXCLUSIONS, AND FINAL APPROVAL HEARING DATE

**THIS MATTER** having been opened to the Court by Plaintiffs' Interim Class Counsel (on behalf of the Named Plaintiffs as set forth below) by way of their motion for preliminary approval of the proposed settlements in the above action, and for authorization to disseminate notice to the Class;

**WHEREAS**, by Order entered on October 30, 2015 (Docket Entry No. 426), the Court granted preliminary approval of the proposed settlements, authorized the dissemination of notice to the Class, and took other action as described in that October 30, 2015 Order;

**WHEREAS**, the Court wishes to supplement the October 30, 2015 Order by setting out expressly the schedule for events leading toward a hearing as to whether all settlements in this case, all of which have been granted preliminary approval by the October 30, 2015 Order or by prior Orders of this Court on August 13, 2013, October 30, 2014 (adopting a March 11, 2014 Report and Recommendation of Magistrate Judge Bongiovanni), and January 29, 2015 should be granted final

551532.1

approval as fair, reasonable, and adequate

**IT IS THIS** 4th day of November, 2015

**ORDERED** as follows:

1.      Any Settlement Class member who does not properly and timely request exclusion from the Settlement Class, as described in the notice, shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including, but not limited to, the releases, waivers, and covenants described in the Settlement Agreements, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the settlement funds. The procedure and timing associated with seeking exclusion from the Class, objecting to the class and making an appearance at the fairness hearing is described below.

2.      The Court appoints Gilardi & Co. LLC as the Class Administrator to assist Settlement Class Counsel in effectuating and administering notice to the class of all the Settlements, covering settlements with 21 settling Defendants or Defendant groups, the exclusion process for those Settlement Class members who wish to opt-out of the Settlement Class, and in effectuating and administering the claims process for members of the Settlement Class.

3.      The Court reaffirms its approval of the method of notice and plan of distribution to be provided to the Settlement Class that is described in Part II.B.3 and Part III.D of Class Plaintiffs' Memorandum of Law in Support of the Motion

2

for Preliminary Approval of Settlements, including the use of the long form notice, the short form notice, the postcard notice, and methods of notice on the Internet. The Court finds and concludes that such notice: (a) is the best notice practicable under the circumstances, and is reasonably calculated to reach members of the Settlement Class that would be bound by the Settlements and to apprise them of this litigation, the terms and conditions of the Settlements, their right to opt-out and be excluded from the Settlement Class, and their right to object to any or all of the Settlements; and (b) the notice and plan of distribution meet the requirements of Federal Rule of Civil Procedure 23 and due process.

4.     All reasonable costs incurred in notifying Settlement Class members of the Settlements, as well as in administering the Settlements, shall be paid from the settlement proceeds without further order of the Court. Any expenses associated with noticing the Settlements, and administering the Settlements, shall be paid on a *pro rata* basis in accordance with the schedule contained in Appendix A to this Order. Settlement Class Counsel shall be required to submit details of the costs associated with notice to the Settlement Class, and any withdrawals made from the settlement funds to pay such costs, in connection with any motion for distribution of the settlement funds to the Settlement Class.

5.     Settlement Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in connection with the settlement monies paid by the Settling Defendants, and to pay from the settlement proceeds

3

any costs associated with the preparation of such tax documents, and also to pay any taxes owed with respect to the settlement proceeds and to otherwise perform all obligations with respect to taxes and any reporting or filings relating to taxes, without further order of the Court. Any expenses associated with the preparation of the tax forms, and any taxes owed on any of the settlement funds shall be paid directly out of the settlement fund from which such tax preparation expense or tax liability arises. The cost associated with the preparation of the tax return for each qualified settlement fund shall not exceed $1000.

6.      Consistent with the notice plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Order, but not later than the date by which notice will be mailed to Settlement Class members, to establish the dedicated case website (www.njtaxliensettlements.com), the post-office box, toll-free telephone line, and email address, for providing notice and information to, and receiving exclusion requests from members of the Settlement Class. The long form notice, attached as Exhibit 1 to this Order, shall be posted on the dedicated website.

7.      Not later than January 13, 2016 (that is, 75 days following the Court's entry of this Order), the Class Administrator shall complete mail and publication notice to members of the Settlement Class, using the short form notice and postcard notice attached as Exhibits 2 and 3 to this Order.

8.      As explained in the long form notice, the short form notice, and the

4

postcard notice, any member of the Settlement Class that does not wish to participate in the Settlement Class shall submit an exclusion request by March 14, 2016 ("Class Exclusion Deadline") [60 days following deadline to disseminate notice- see paragraph 7 above]. A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Deadline. The written request must be signed by a person authorized to do so, and must contain at least the following information:

1. The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation.*

2. The name, address, telephone number, and signature of the person or entity opting-out of the settlement(s).

3. A statement indicating that the person or entity wishes to be excluded from the Settlement Class.

4. Information to establish that the individual or entity seeking to opt-out is a member of the Settlement Class. Such information may include the full address of the property on which the relevant lien was issued, and the approximate date the TSC associated with such property was sold at a public tax sale certificate auction in New Jersey, the name of the buyer of the TSC associated with the property, and the interest rate associated with the TSC.

5. The name of the Settlement(s) from which the person or entity wishes to be excluded (for example: The Sass Settlement, the Pisciotta Settlement, or "All Settlements"). A request for exclusion that does not specify from which Settlement a Settlement Class member wishes to be excluded from, shall be treated as an exclusion from all Settlements.

551532.1

9.     As set forth in the long form notice, the short form notice, and the postcard notice, any Settlement Class member that does not submit a request for exclusion, shall have until March 14, 2016 ("Class Objection Deadline") [60 days following deadline to disseminate notice- see paragraph 7 above] to submit an objection to one or more of the Settlements, and file any notice of intent to appear at the Fairness Hearing.

10.     Such an objector must, not later than the Class Objection Deadline, file a written statement of objections with the Court and, in addition, send it to the following designees of Settlement Class Counsel, by first-class mail and postmarked no later than the Class Objection Deadline:

| | |
|---|---|
| Jason A. Zweig<br>Hagens Berman Sobol Shapiro LLP<br>555 Fifth Avenue, Suite 1700<br>New York, NY 10017 | James A. Pizzirusso<br>Seth R. Gassman<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006 |

In addition to sending to Settlement Class Counsel, any Settlement Class member that objects to one or more of the Settlements, must also send the objection by first-class mail, postmarked no later than the Class Objection Deadline to the Defendants' Counsel listed below for each settlement objected to:

| If Objecting to: | Then Send Objection to: |
|---|---|
| The Butler/Farber Defendants Settlement | Steven Mark Janove<br>Law Offices of Steve M. Janove, LLC<br>413 Route 70 East<br>Cherry Hill, NJ 08034 |

551532.1

| | |
|---|---|
| The Rothman Settlement | D. Jarrett Arp<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306 |
| The Mercer Defendants Settlement | Douglas M. Tween<br>Baker & McKenzie LLP<br>452 Fifth Avenue<br>New York, New York 10018 |
| The Pisciotta Settlement | Arnold Carl Lakind<br>Szaferman, Lakind, Blumstein, Blader & Lehmann, PC<br>Quakerbridge Executive Center<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, NJ 08648 |
| The Collins Settlement | Jack Wenik<br>Epstein Becker & Green, P.C.<br>One Gateway Center<br>Newark, NJ 07102 |
| The May Settlement | Keith A. Bonchi<br>Goldenberg, Mackler & Sayegh, P.A.<br>660 New Road, Suite 1-a<br>Northfield, NJ 08225 |
| The Sass Defendants Settlement | Joseph S. Allerhand<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br><br>Andrew T. Solomon<br>Sullivan & Worcester LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br><br>Lawrence S. Lustberg<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |

551532.1

| The Crusader Defendants Settlement | Steven A. Reed<br>Morgan, Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |
| --- | --- |
| The Plymouth Park Settlement | Robert D. Wick<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |
| The Phoenix Defendants Settlement | Shalom D. Stone<br>Brown, Moskowitz & Kallen, P.C.<br>180 River Road<br>Summit, New Jersey 07901 |
| The Remick Settlement | Judson A. Aaron<br>Conrad O'Brien, P.C.<br>1500 Market Street, Centre Square<br>Philadelphia, PA 19102 |
| The ATF Settlement | Donald S. Scherzer<br>Roetzel & Andress<br>1375 East Ninth Street, 9th Floor<br>Cleveland, OH 44114 |
| The Stein Settlement | Robert Nemeroff<br>Friedman Schuman<br>101 Greenwood Avenue, 5th Floor<br>Jenkintown, PA 19046 |
| The Xethalis Settlement | Jay Koenigsberg<br>Isicoff, Ragatz & Koenigsberg, P.L.<br>1200 Brickell Avenue, Suite 1900<br>Miami, Florida  33131 |
| The Crestar Defendants Settlement | Jay E. Kagan<br>Dilworth Paxson LLP<br>1500 Market Street, 3500E<br>Philadelphia, PA 19102 |

8

| The Mastellone Settlement | Gary L. Cutler<br>Gary L. Cutler, P.C.<br>160 Broadway, Suite 600<br>New York, NY  10038-4217 |
|---|---|
| The Mooring Settlement | Jeffrey M. Eilender<br>Schlam Stone & Dolan LLP<br>26 Broadway<br>New York, NY 10004 |
| The Del Vecchio Defendants Settlement | Keith A. Bonchi<br>Goldenberg, Mackler & Sayegh, P.A.<br>660 New Road, Suite 1-a<br>Northfield, NJ 08225 |
| The BankAtlantic and PAM Defendants Settlement | James E. Cecchi<br>Carella, Byrne, Cecchi, Olstein, Brody & Agnello<br>5 Becker Farm Road<br>Roseland, NJ 07068<br><br>Gary K. Wolinetz<br>Greenbaum, Rowe, Smith & Davis LLP<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, NJ 07095-0988 |
| The Wolfson Defendants Settlement | Michael F. Myers<br>Jacobs & Barbone, P.A.<br>1125 Pacific Avenue<br>Atlantic City, NJ 08401 |

11.    The objector's written statement of objections must: (a) contain the name of the case, *In re New Jersey Tax Sales Certificates Antitrust Litigation*; (b) state which Settlement(s) is/are being objected to; (c) state each and every objection and the specific reasons therefor; (d) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of

9

any objection; (e) state the full name and address of the Objector; (f) provide information sufficient to establish that the Objector is a member of the Settlement Class; and (g) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objection.

12.     In addition, any objector or counsel for an objector that desires to appear at the Fairness Hearing, personally or through counsel, must file with the Court, not later than the Class Objection Deadline, and send to the designees of Settlement Class Counsel and the Defendants identified above, by first class-mail postmarked no later than the Class Objection Deadline, a separate notice of intention to appear that identifies the name, position, address, and telephone number of each person who intends to appear at the Fairness Hearing on behalf of the objector.

13.     By February 16, 2016 [30 days following deadline to disseminate notice- see paragraph 7 above], Settlement Class Counsel shall file all motion and supporting papers seeking the Court's final approval of the Settlements including the Plan of Distribution, the Court's approval of Attorneys' Fees awards, reimbursement of Plaintiffs' counsel expenses, and any Named Plaintiff incentive awards. Settlement Class Counsel will provide notice of such motions and any additional details to members of the Settlement Class by causing all such motions and additional details to be posted prominently on the case website – www.njtaxliensettlements.com- either prior to or simultaneously with their filing.

10

14.     By April 11, 2016 [two weeks prior to Fairness Hearing- see paragraph 16 below], the Class Administrator shall prepare a report and file it with the Court: 1) confirming that the notice plan was carried out and that notice to members of the Settlement Class was provided in the manner set forth in this Order; 2) listing each member of the Settlement Class that sought to become an opt-out and be excluded from the Settlement Class and the dates on which that Settlement Class member's request to be excluded was postmarked and received, and stating whether the Settlement Class member's request for exclusion was timely and properly made under the terms of this Order.

15.     By April 12, 2016 [90 days after deadline for dissemination of notice- see paragraph 7 above], Settlement Class Counsel shall file any reply papers on the motion for final settlement approval and Plaintiffs' response to any objections to the Settlements, attorneys' fees, expenses, and/or incentive awards.

16.     The Court will conduct a fairness hearing on April 25, 2016  at 10:00 o'clock A. M., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building and United States Courthouse, 402 East State Street, Trenton, New Jersey.  The fairness hearing will be conducted to determine the following:

            a.      Whether the Settlements that have been preliminarily approved by this Court should be finally approved;

            b.      Whether final judgment should be entered dismissing the

11

claims of the class against all Settling Defendants with prejudice as required by the Settlement Agreements; and

        c.      Such other matters as the Court may deem appropriate.

17.    This Order supplements, and does not supersede, the Court's prior August 13, 2013, October 30, 2014, January 29, 2015, and October 30, 2015 Orders preliminarily approving settlements, and, unless specifically modified in this Order, all terms of the Court's prior Orders preliminarily approving settlements shall remain in effect.

18.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

**IT IS SO ORDERED.**

Dated:      November 4, 2015

_____

MICHAEL A. SHIPP, U.S.D.J.

## APPENDIX A

| Defendant | Settlement Amount | Percentage of Expenses |
|---|---|---|
| Butler/Farber Defendants | $115,000 | 1.20% |
| Robert Rothman | $200,000 | 2.09% |
| Mercer Defendants | $250,000 | 2.61% |
| Pisciotta | $100,000 | 1.04% |
| Collins | $170,000 | 1.77% |
| May | $120,000 | 1.25% |
| Crusader Defendants | $1,650,000 | 17.21% |
| Sass Defendants | $3,400,000 | 35.47% |
| Plymouth Park | $1,500,000 | 15.65% |
| Phoenix Defendants | $225,000 | 2.35% |
| Remick | $135,000 | 1.41% |
| ATF | $350,000 | 3.65% |
| Stein | $115,000 | 1.20% |
| Crestar Defendants | $80,000 | .84% |
| Mooring | $300,000 | 3.13% |
| Mastellone | $115,000 | 1.20% |
| BankAtlantic Defendants | $400,000 | 4.17% |
| PAM Defendants | $100,000 | 1.04% |
| Wolfson Defendants | $125,000 | 1.30% |
| Del Vecchio Defendants | $135,000 | 1.41% |
| **Totals** | $9,585,000 | 100% |

13

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No. 3:12-CV-01893-MAS-TJB |

## YOU MAY HAVE A CLAIM IN THE ABOVE-ENTITLED LAWSUIT

### If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Issued And Sold At A Public Auction Between January 1, 1998 And February 28, 2009

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

- There are 20 proposed settlement agreements (the "Proposed Settlements") totaling $9,585,000 (the "Settlement Fund") in a class action lawsuit (the "Lawsuit") brought on behalf of certain real property owners in New Jersey who had a tax sale certificate ("TSC") issued with respect to their real property. These TSCs were purchased by a Defendant (the full list of Defendants appears on pages 4-5 of this Notice) at a public auction during the period of January 1, 1998 through February 28, 2009 (the "Class Period"). The Lawsuit is called *In re New Jersey Tax Sales Certificates Antitrust Litigation* and is pending in the United States District Court for the District of New Jersey. The Lawsuit alleges violations of federal antitrust laws in connection with the Defendants' purchases of TSCs. Due to the alleged unlawful activity by Defendants, property owners wanting to redeem the TSCs associated with their real property allegedly either paid – or still owe – an inflated amount.

- The Proposed Settlements resolve the Lawsuit against all Defendants, and if approved by the Court overseeing this action, would conclude this litigation against the Defendants for anyone that does not opt-out of the class.

- In addition to making certain payments (the descriptions of each of the Proposed Settlements appear on pages 6-11 of this Notice), all but 2 of the Defendants also have agreed to offer a certain discounted redemption percentage off of the TSCs they purchased during the Class Period and still hold at the time of settlement, subject to certain exceptions. If you are eligible for such a discount, you have either already been contacted, or you will be contacted at a later date by letter.

- The Defendants deny the allegations in the Lawsuit and maintain that they are not liable for the damages sought in the Lawsuit. The Defendants have asserted a number of defenses to the Plaintiffs' claims, but have settled to avoid the cost and risk of a trial. In addition to this litigation, the U.S. Department of Justice is conducting a criminal investigation into the very same allegations at issue. To date, 15 individuals and entities have pled guilty to participating in the illegal behavior alleged in the case. Additionally, six other individuals and entities have been indicted in connection with their participation in the illegal conspiracy.

471241.1

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:

| YOUR OPTIONS: | | DUE DATE: |
|---|---|---|
| **STAY IN THE CLASS** | The only way to get any payment or benefits from these settlements. | A claim form must be received by ___, 2015 in order to be eligible for any payment from the Settlement Fund. |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlements. Instructions for objecting appear on pages 15-16 of this notice. | Received by _____, 2015 |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Proposed Settlements. | Received by ____, 2015 |
| **DO NOTHING** | Take no position on the Proposed Settlements and wait for more information. You will keep the possibility of receiving money distributed from these settlements, but you will give up any right to sue the Defendants separately in the future about the same legal claims. | No action required now. However, if you wish to receive settlement funds, you must submit a claim form which must be received by 2015. |
| **EXCLUDE YOURSELF ("OPT-OUT")** | Receive no payment. This option would allow you to bring another lawsuit against any or all of the Defendants about the legal claims in this Lawsuit. If you ask to be excluded, you will not share in any money distributed from the Proposed Settlements from which you did not opt-out. Instructions for excluding yourself appear on pages 13-14. | Postmarked by _____, 2015 |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice. To ask to be excluded, you must act before _____, 2015.
- Your legal rights are affected whether you act or don't act. Read this notice carefully.
- These dates are subject to change. Notice of any changes will be posted to the settlement website at www.njtaxliensettlements.com.
- **Any questions? Read on and visit www.njtaxliensettlements.com.**

471241.1

## WHAT THIS NOTICE CONTAINS

**Page**

### BASIC INFORMATION
1. Why did I get this notice? ............................................................... 4
2. What is this lawsuit about? ............................................................ 4
3. Why is this a class action? ............................................................ 4
4. Who are the Defendants? .............................................................. 4
5. Why are there Proposed Settlements? ........................................... 5

### WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?
6. How do I know if I am part of the Proposed Settlements? .................. 6
7. I'm still not sure if I am included. ................................................ 6

### THE PROPOSED SETTLEMENT BENEFITS
8. What do the Proposed Settlements provide? ................................... 6
9. Will I receive a payment? ............................................................ 12
   Plan of Distribution ................................................................. 12
10. What am I gving up to get a payment or to stay in the Settlement Class? ........ 13
11. How do I get out of the Proposed Settlements? ............................ 13
12. If I don't exclude myself, can I sue the Defendants later? .............. 14
13. If I exclude myself, can I get money from the Proposed Settlements? ...... 14

### THE LAWYERS REPRESENTING YOU
14. Do I have a lawyer in this case? ................................................ 14
15. Should I get my own lawyer? .................................................... 15
16. How will the lawyers be paid? ................................................... 15

### OBJECTING TO THE PROPOSED SETTLEMENTS AND/OR REQUEST FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES OR NAMED PLAINTIFF SERVICE AWARDS
17. How do I tell the Court that I don't like the Proposed Settlements or Request for Attorneys' Fees, Reimbursement of Litigation Expesnes, or Named Plaintiff Service Awards? ................................................................. 15
18. What is the difference between objecting and excluding? ............... 16
19. When and where will the Court decide whether to grant final approval of the .................. Proposed Settlements? ............................................................. 16
20. Do I have to come to the Fairness Hearing? ................................ 17
21. May I speak at the Fairness Hearing? ......................................... 17

### IF YOU DO NOTHING
22. What happens if I do nothing at all? ........................................... 18
23. Are there more details about the Proposed Settlements? ............... 18
24. How do I get more information? ................................................ 18
25. Can I update my address? ......................................................... 18

3

# BASIC INFORMATION

## 1. Why did I get this notice?

You or your company may own real property in New Jersey that is or was subject to a TSC purchased by an investor who allegedly participated in an unlawful conspiracy to rig bids at municipal TSC auctions throughout New Jersey between January 1, 1998 and February 28, 2009. This notice explains that the litigation before the Court may affect you. You have legal rights and options you may exercise. Judge Michael A. Shipp of the United States District Court for the District of New Jersey is overseeing the Lawsuit. The Lawsuit has been brought as a class action. The Lawsuit is known as *In re New Jersey Tax Sales Certificates Antitrust Litigation*, No. 3:12-cv-01893. The people and companies who sued are called the Plaintiffs, and the individual investors and companies they sued are called the Defendants.

The Court sent you this notice because you have a right to know about the Proposed Settlements, and about all of your options, before the Court decides whether to approve the Proposed Settlements.

This notice explains the Lawsuit, the Proposed Settlements, and your legal rights.

## 2. What is this lawsuit about?

Each year, every municipality in New Jersey holds a public auction at which the municipality sells TSCs, which operate as liens on real property. Under state law, the bidding on these TSCs begins at 18% for the interest rate associated with the TSC. The bidder who offers to purchase the TSC at the lowest interest rate is the winning bidder.

In this case, Defendants are accused of entering into an illegal agreement or understanding to divide the available TSCs among themselves and also of entering into an illegal agreement not to bid against each other when TSCs came up for bid. As a result of these alleged agreements, the Lawsuit claims that the interest rates associated with TSCs were higher than they otherwise should have been – making it more expensive for affected property owners to pay to redeem the TSC.

## 3. Why is this a class action?

In a class action, one or more individuals or companies ("Class Representatives" or "Named Plaintiffs") sue on behalf of others who have similar claims. All of the other individuals or companies who have similar claims are a "class" or "class members." One court will resolve the issues for all class members, except for those who decide to exclude themselves from the class. In this case, Gila Bauer, Melissa Jacobs, Frances A. and Donald Schmidt, and Son, Inc., are the Class Representatives.

## 4. Who are the Defendants?

The Defendants are composed of individuals and entities:

**Individual Defendants**
- William A. Collins
- Isadore H. May
- Richard J. Pisciotta, Jr.
- Norman T. Remick
- Robert E. Rothman
- Robert W. Stein
- Lambros Xethalis
- Michael Mastellone

**Crusader Defendants**
- Royal Bancshares of Pennsylvania, Inc.
- Royal Bank America
- Crusader Servicing Corporation
- Royal Tax Lien Services, LLC

4

**Sass Defendants**
- M.D. Sass Investors Services, Inc.
- M.D. Sass Tax Lien Management, LLC
- M.D. Sass Municipal Finance Partners – I, L.P.
- M.D. Sass Municipal Finance Partners – II, L.P.
- M.D. Sass Municipal Finance Partners – III, LLC
- M.D. Sass Municipal Finance Partners – IV, LLC
- M.D. Sass Municipal Finance Partners – V, LLC
- M.D. Sass Municipal Finance Partners –VI, LLC
- Vinaya K. Jessani
- Stephen E. Hruby

**Mercer Defendants**
- Burlington Assembly of God, Inc.
  d/b/a Fountain of Life Center
- Mercer S.M.E. Inc.
- Susan M. Esposito
- David B. Boudwin

**Crestar Defendants**
- CCTS Capital LLC n/k/a Crestar Capital, LLC
- William S. Green

**Butler/Farber Defendants**
- David Butler
- David M. Farber
- CCTS, LLC
- CCTS Tax Liens I, LLC
- CCTS Tax Liens II, LLC
- DSBD, LLC
- Pro Capital LLC
- Pro Capital Fund I, LLC

**Phoenix Defendants**
- Phoenix Funding, Inc.
- Benedict Caiola

**BankAtlantic Defendants**
- BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc.
- Fidelity Tax, LLC
- Heartwood 55, LLC
- Michael Deluca
- Gary I. Branse
- David Jelley

**Wolfson Defendants**
- Richard Simon Trustee
- Betty Simon Trustee, LLC
- Joseph Wolfson

**Del Vecchio Defendants**
- Robert U. Del Vecchio Sr.
- Robert U. Del Vecchio PensionTrust

**PAM Defendants**
- Pat Caraballese
- PAM Investors

**Other Entity Defendants**
- Plymouth Park Tax Services, LLC
- American Tax Funding, LLC
- Mooring Tax Asset Group, LLC

In order for you to be a member of the proposed Settlement Class, one or more of the Defendants listed above must have purchased a TSC associated with your real property at a municipal auction in New Jersey between January 1, 1998 and February 28, 2009 at an interest rate above 0%.

## 5. Why are there Proposed Settlements?

The Court has not yet decided in favor of the Plaintiffs or in favor of the Defendants. Nor has the Court decided that the Lawsuit can proceed as a class action. Instead, both sides have agreed to the Proposed Settlements. That way, both sides avoid the cost and risk of a trial, and the class members affected will get compensation. Settlement Class Counsel think that the proposed settlements are best for all class members.

5

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To determine if you are affected by these Proposed Settlements, you first have to determine if you are a class member.

### 6. How do I know if I am part of the Proposed Settlements?

Judge Shipp has preliminarily decided that everyone who fits the following description is a member of the proposed Settlement Class: *All persons who owned real property in New Jersey and who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period (between January 1, 1998 and February 28, 2009) at a public auction in New Jersey at an interest rate above 0%.*

Tax Sale Certificates, or TSCs, are defined as certificates acquired by the purchaser at a public auction in New Jersey, which represents that purchaser's right to collect a delinquent property tax or other municipal charge (including water or sewer charges) from a New Jersey property owner, along with associated interest and fees. You have been identified from records of Defendants and/or public information from the New Jersey municipalities as a potential class member.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are a Settlement Class member, you can ask for free help. See Question 24 below.

## THE PROPOSED SETTLEMENT BENEFITS

### 8. What do the Proposed Settlements provide?

Each of the Proposed Settlements is described in detail below. With the exception of the settlements with defendants Stein and Xethalis, each Proposed Settlement contains (1) an agreement to cooperate in the Lawsuit, if necessary (2) a monetary component, and (3) an agreement to offer discounts to class members from the total amount owed (in most cases up to 15% off of the total amount owed) on the outstanding TSC that was purchased during the Class Period. The settlement with defendant Stein provides for cooperation (should it be necessary) and a monetary component, but since defendant Stein was not in possession of TSC's purchased during the Class Period, he does not have an obligation to offer any discounts to property owners. The settlement with defendant Xethalis provides only for cooperation (if necessary), and like Stein, because Xethalis was not in possession of any TSCs purchased during the Class Period, he does not have an obligation to offer any discounts to property owners.

In three instances (the Proposed Settlements with the Butler/Farber Defendant, Pisciotta, and May), the affected class members previously received separate notification detailing their opportunity to redeem their TSCs at a discounted rate. **For all other Proposed Settlements, a separate letter will be mailed directly to <u>eligible</u> class members, at the time designated in the Proposed Settlements, with detailed instructions on how to redeem the TSC at a discounted rate for those who qualify**.

The following is a brief summary of each of the Proposed Settlements. To see the complete terms of the Proposed Settlements, you may view copies of the settlement agreements at www.njtaxliensettlements.com.

The **Butler/Farber Defendants** have paid $115,000. They also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by the Butler/Farber Defendants not already in foreclosure proceedings. A letter has already been sent to property owners

6

explaining the discounted redemption opportunity offered by the Butler/Farber Defendants. The discount was also offered for properties already in foreclosure.

The **Mercer Defendants** have paid $250,000. With regard to any class member not already in foreclosure proceedings, the Mercer Defendants agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by the Mercer Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Mercer Defendants at the time of Final Approval. Within 30 days of Final Approval, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC, excluding statutory attorneys' fees. Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the Mercer Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Mercer Defendants agreed to take no action to collect on any final judgments for 60 days following Final Approval, and the 15% discount offer described above will also be offered to those property owners already in foreclosure.

**Defendant Robert E. Rothman** has paid $200,000. With regard to any class member not already in foreclosure proceedings, Rothman agreed not to initiate foreclosure proceedings for 60 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Rothman at a public auction in New Jersey during the period 1998 through February 2009 at an interest above 0% and still held by Rothman at the time of Final Approval. Within 30 days of Final Approval, Rothman has agreed to send a letter to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 10% on the accrued interest associated with the TSC. Class members who plan to accept the discounted redemption offer must make the discounted payment within 30 days of the date of the letter they will receive.

**Defendant Richard J. Pisciotta** has paid $100,000. Pisciotta also agreed not to initiate foreclosure proceedings for 90 days following Preliminary Approval for any TSC issued with respect to real property owned by a class member not already in foreclosure proceedings. A letter has already been sent to property owners explaining the discounted redemption opportunity offered by Pisciotta. The discount was also offered for properties already in foreclosure.

**Defendant William A. Collins** has paid $170,000. With regard to any class member not already in foreclosure proceedings, Collins agreed not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Collins at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Collins at the time of Final Approval. Within 30 days of Final Approval, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 10% off of the redemption amount on the TSC. Class members who plan to accept the discounted redemption offer must make the discounted payment within 30 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by Collins at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, Collins agreed to take no action to collect on any final judgments for 60 days following Final Approval, and the 10% discount offer described above will also be offered to those property owners already in foreclosure.

471241.1

**Defendant Isadore H. May** has paid $120,000. May also agreed not to initiate foreclosure proceedings for any TSC issued with respect to real property owned by a class member still held by May not already in foreclosure proceedings for 120 days after the execution date of the Proposed Settlement. A letter has already been sent to property owners explaining the discounted redemption opportunity offered by May. The discount was also offered for properties already in foreclosure.

The **Sass Defendants** have paid $3.4 million. With regard to any class member not already in foreclosure proceedings, the Sass Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by a Sass Defendant at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Sass Defendants at the time of Final Approval. Within 30 days of Final Approval, the Sass Defendants will send a letter to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. The Sass Defendants also agreed to offer the 15% discount to those property owners already in foreclosure.

The **Crusader Defendants** have paid $1.65 million. With regard to any class member not already in foreclosure proceedings, the Crusader Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by a Crusader Defendant at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Crusader Defendants at the time of Final Approval. Within 30 days after Final Approval, at the Crusader Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 35 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by a Crusader Defendant at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Crusader Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

**Defendant Plymouth Park Tax Services LLC** has paid $1.5 million. With regard to any class member not already in foreclosure proceedings, Plymouth Park agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Plymouth Park at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by Plymouth Park at the time of Final Approval. Within 30 days after Final Approval, at Plymouth Park's expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by Plymouth Park at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, Plymouth Park also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

The **Phoenix Defendants** have paid $225,000. With regard to any class member not already in foreclosure proceedings, the Phoenix Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by the Phoenix Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Phoenix Defendants at the time of Final Approval. Within 30 days after Final Approval, at the Phoenix Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of pending but not completed foreclosure proceedings due to a TSC that was purchased by the Phoenix Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Phoenix Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

**Defendant Norman T. Remick** has paid $135,000. With regard to any class member not already in foreclosure proceedings, Remick agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 120 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Remick at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by Remick at the time of Final Approval. Within 45 days after Final Approval, Remick will send a letter, to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by Remick at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, Remick also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

**Defendant American Tax Funding** has paid $350,000. With regard to any class member not already in foreclosure proceedings, ATF agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by ATF at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by ATF at the time of Final Approval. Within 30 days after Final Approval, at ATF's expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of up to 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must give notice and provide a statement of their financial ability within 30 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by ATF at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, ATF also agreed to extend the discount offer described above to those property owners already in foreclosure. The discount amount may be reduced, *pro rata*, below 15% if the total amount of the discounts exceeds $50,000.

Defendant **Robert W. Stein** has paid $115,000 and will provide cooperation, if necessary.

Defendant **Lambros Xethalis** will provide cooperation, if necessary.

The **Crestar Defendants** have paid $80,000. With regard to any class member not already in foreclosure proceedings, the Crestar Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by

a class member that was purchased by the Crestar Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Crestar Defendants at the time of Final Approval. Within 30 days after Final Approval, at the Crestar Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the Crestar Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Crestar Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

Defendant **Mooring Tax Asset Group LLC** has paid $300,000. With regard to any class member not already in foreclosure proceedings, Mooring agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Mooring at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by Mooring at the time of Final Approval. Within 30 days after Final Approval, at Mooring's expense, Mooring will send to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by Mooring at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, Mooring also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

The **BankAtlantic Defendants** have paid $400,000. With regard to any class member not already in foreclosure proceedings, the BankAtlantic Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by the BankAtlantic Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the BankAtlantic Defendants at the time of Final Approval. Within 30 days after Final Approval, at the BankAtlantic Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the BankAtlantic Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the BankAtlantic Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

The **Del Vecchio Defendants** have paid $135,000. With regard to any class member not already in foreclosure proceedings, the Del Vecchio Defendants agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by the Del Vecchio Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Del Vecchio Defendants at the time of Final Approval. Within 30 days after Final Approval, at the Del Vecchio Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive.

471241.1

For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the Del Vecchio Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Del Vecchio Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

Defendant **Michael Mastellone** has paid $115,000. With regard to any class member not already in foreclosure proceedings, Mastellone agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by Mastellone at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by Mastellone at the time of Final Approval. Within 30 days after Final Approval, at Mastellone's expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by Mastellone at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, Mastellone also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

The **PAM Defendants** have paid $100,000. With regard to any class member not already in foreclosure proceedings, the PAM Defendants have agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that was purchased by the PAM Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the PAM Defendants at the time of Final Approval. Within 30 days after Final Approval, at the PAM Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the PAM Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the PAM Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

The **Wolfson Defendants** have agreed to pay $125,000, over an eight month period ending November 1, 2015. With regard to any class member not already in foreclosure proceedings, the Wolfson Defendants have agreed (with certain narrow exceptions) not to initiate foreclosure proceedings for 90 days following Final Approval for any TSC issued with respect to real property owned by a class member that were purchased by the Wolfson Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0% and still held by the Wolfson Defendants at the time of Final Approval. Within 30 days after Final Approval, at the Wolfson Defendants' expense, a letter will be sent to those class members entitled to receive such letter, explaining the discounted redemption offer, which would provide a discount of 15% off of the redemption amount on the TSC (excluding statutory attorneys' fees). Class members who plan to accept the discounted redemption offer must make the discounted payment within 45 days of the date of the letter they will receive. For those class members that are the subject of foreclosure proceedings due to a TSC that was purchased by the Wolfson Defendants at a public auction in New Jersey during the period 1998 through February 2009 at an interest rate above 0%, the Wolfson Defendants also agreed to extend the 15% discount offer described above to those property owners already in foreclosure.

*Details about the cooperation agreed to by each of the Settling Defendants are set forth in the Proposed Settlements, which have been filed with the Court and may be viewed at www.njtaxliensettlements.com.*

471241.1

## 9. Will I receive a payment?

If you are a Settlement Class member and do not exclude yourself from the Settlement Class, you may be eligible to receive a payment from the settlement proceeds. The amount of any payment will be determined by the Plan of Distribution discussed below, which has been approved by the Court.

In order to receive payment, you will need to complete a claim form which can be obtained at www.njtaxliensettlements.com. The claim form must be submitted by ____, 2015. You must keep any records associated with the TSC, or any records that prove you are the record owner of the property associated with the TSC, so that you will be able to complete the claim form with all necessary information, or be able to provide additional information to the Claims Administrator should the Claims Administrator require further information.

### Plan of Distribution

The Settlement Fund, increased by any interest earned on the Settlement Fund while held in escrow, but – as discussed below - reduced by any amounts approved by the Court for settlement notice and claims administration, payment of attorneys' fees, reimbursement of Settlement Class Counsel's litigation expenses, and incentive awards to Named Plaintiffs, will be apportioned among the Settlement Class according to the "Plan of Distribution" explained below. A Settlement Class member will be eligible to receive a portion of a Proposed Settlement, unless the Settlement Class member elected to opt-out of one or more Proposed Settlements. In that case, the Settlement Class member will not be eligible to receive any monies from any Proposed Settlement that the Settlement Class member opted out of.

The available settlement funds with respect to each Proposed Settlement will be distributed to those eligible individuals and entities who did not ask to be excluded from a particular Proposed Settlement, and who file a proper, validly sworn and timely claim form. Each such person or entity is called an "Authorized Claimant." With respect to each Proposed Settlement, the Claims Administrator will determine the Authorized Claimant's *pro rata* share of the available funds from each Proposed Settlement.

In order to determine what an Authorized Claimant's *pro rata* share of each individual Proposed Settlement is, the Claims Administrator will obtain from each Authorized Claimant, the face amount of the lien purchased by a Defendant. The Claims Administrator will only consider the face value of the lien that was purchased at a public tax lien auction in New Jersey by a Defendant, and will not consider the face value of any subsequent liens that the Defendant acquired with respect to the original lien such Defendant purchased at auction. The Claims Administrator will then multiply the face value of the tax lien by the interest rate fixed on the lien that resulted from the auction to arrive at a dollar figure called the "Lien Distribution Value." For each Proposed Settlement, the Claims Administrator will then add each individual Lien Distribution Value for every Authorized Claimant to arrive at an Aggregate Lien Distribution Value for each Proposed Settlement. For each Authorized Claimant, the Claims Administrator will then divide an Authorized Claimant's Lien Distribution Value by the Aggregate Lien Distribution Value of all Authorized Claimants, and that calculation will yield a percentage. That percentage will then be multiplied by the amount of available settlement funds with regard to a particular Proposed Settlement, and that number will be the amount of a particular Proposed Settlement to which an Authorized Claimant is entitled. The Claims Administrator will do this for each Proposed Settlement for each Authorized Claimant, and then, each Authorized Claimant's *pro rata* share of each Proposed Settlement will then be added to determine the Authorized Claimant's *pro rata* share from all Proposed Settlements. The aggregate Authorized Claimant's *pro rata* share from all Proposed Settlements the Authorized Claimant is entitled to participate in, will be the amount of all Proposed Settlement funds the Authorized Claimant is entitled to receive.

471241.1

Once the Court grants Final Approval of the Proposed Settlements, the distribution of the Settlement Fund will take place as soon as possible after: (i) the time has expired for any appeals from a final approval order of Judge Shipp or any appeals have been resolved in favor of the Proposed Settlements; (ii) after review, determination, and audit of the claim forms by the Claims Administrator and approval by the Court of the Claims' Administrator's recommendations as to the specific amounts to be paid to the claimants.

Once the time for Settlement Class Members to submit verified claim forms has ended, the Claims Administrator will determine if the claims of Authorized Claimants would use all of the funds allocated to the Settlement Class through the Plan of Distribution discussed in this notice. If, after payment of the Settlement Fund to members of the class, and payment of attorneys' fees, there are still monies left over in the Settlement Fund, Settlement Class Counsel will consider whether the amount of remaining settlement monies warrants a second distribution to members of the Settlement Class, or, whether the remaining settlement monies should be distributed to charities designated by the parties, and approved by the Court, that focus on assisting distressed homeowners. Such payments are known as *cy pres* payments.

## 10. What am I giving up to get a payment or to stay in the Settlement Class?

Any Settlement Class member who does not properly and timely request exclusion from a Proposed Settlement shall, upon completion of the Lawsuit, be bound by all the terms and provisions of all of the Settlements or Judgments, including, but not limited to, the releases, waivers, and covenants described in any Proposed Settlement; and any Settlement Class member's claims against the Defendants shall forever be released and dismissed, whether or not such person or entity objected to such Proposed Settlements and whether or not such person or entity made a claim upon any funds from such Proposed Settlements.

That means you can't sue, continue to sue, or be part of any other lawsuit against the Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

The full text of the releases for each of the Proposed Settlement agreements can be found in the settlement agreements which are posted on www.njtaxliensettlements.com. You should carefully read the Releases. They describe the exact legal claims that you will give up if you stay in the Settlement Class.

## 11. How do I get out of the Proposed Settlements?

If you want to keep the right to sue, or continue to sue, one or more of the Defendants, on your own or with others, about the legal issues in this Lawsuit, then you must take steps to remove yourself from the Proposed Settlement(s) with those Defendant(s). This is called excluding yourself, or sometimes referred to as "opting out" of the Settlement Class. If you opt-out of a Proposed Settlement, you will not get any payment or other benefits from that Proposed Settlement.

To exclude yourself from one or more of the Proposed Settlements, you must send a letter by _____, 2015 ("Class Exclusion Deadline") saying that you want to be excluded from the Settlement Class. You can remain as part of the Settlement Class for some of the Proposed Settlements and exclude yourself from others. Because there are 20 separate Proposed Settlements, as set forth in detail on pages 7-12, you will need to decide whether to exclude yourself from the class for each of the Proposed Settlements, or whether to remain in the class for any or all of them.

A member of the Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail and postmarked by the Class Exclusion Deadline. The written request must be signed by a person authorized to do so, and must contain the following information:

- The case name: *In re New Jersey Tax Sales Certificates Antitrust Litigation.*

- The name, address, telephone number, and signature of the person or entity opting out of the Proposed Settlement(s).
- A statement indicating that you wish to be excluded from the Settlement Class.
- The full address of the property on which the relevant TSC was issued, the approximate date the TSC associated with such property was sold at a public TSC auction in New Jersey, and the name of the buyer of the TSC associated with the property.
- The name of the Proposed Settlement that you want to be excluded from (for example: The Sass Settlement or the Pisciotta Settlement). A request for exclusion that does not specify which Proposed Settlement a Settlement Class member wishes to be excluded from, shall be treated as an exclusion from all Settlements.

Your letter must be postmarked by _____, 2015 and sent to: *In re New Jersey Tax Sales Certificates Antitrust Litigation* Notice Administrator, P.O. Box 8090, San Rafael, CA 94912-8090.

If you ask to be excluded from any of the Proposed Settlements, the Court will exclude you, you will not get any payment from any settlements from which you exclude yourself, and you cannot object to those particular settlements. If you exclude yourself, you **may** be able to sue (or continue to sue) the Settling Defendants in the future, depending on your individual circumstances.

## 12. If I don't exclude myself, can I sue the Defendants later?

No. Unless you exclude yourself, you give up any right to sue the Defendants on your own for the claims that the Proposed Settlements resolve. The settlement agreements each provide that all participating members in the Settlement Class will release the Defendants from all federal and state law claims concerning any agreement or understanding among Defendants to rig bids or allocate tax liens in connection with the public auction of TSCs in New Jersey during the Class Period. The releases, however, do not include claims against Defendants unrelated to the released claims or claims of Settlement Class members outside of the Class Period. You must exclude yourself from any Proposed Settlement involving any Defendant in order to bring – or continue – any lawsuit that you have already filed, or plan to file in the future, against any Defendant involving the legal issues in this Lawsuit.

## 13. If I exclude myself, can I get money from the Proposed Settlements?

No. If you exclude yourself (opt-out) from the Settlement Class, you will not get any money or other benefits from the proposed settlements. If you exclude yourself from some, but not from all, of the Proposed Settlements, you will be eligible to receive payment from the Proposed Settlements for which you remain in the Settlement Class.

If you start your own lawsuit against any Defendant after you exclude yourself, you will have to hire a lawyer at your own expense and prove your claims.

## THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The Court appointed the law firms of Hagens Berman Sobol Shapiro LLP and Hausfeld LLP to represent you and all Settlement Class members. Together, the law firms are called "Settlement Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and

their lawyers' experience is available at www.hbsslaw.com and www.hausfeld.com. The contact information for the lawyers is below:

| | |
|---|---|
| Jason A. Zweig<br>Hagens Berman Sobol Shapiro LLP<br>555 Fifth Avenue, Suite 1700<br>New York, NY 10017 | James A. Pizzirusso<br>Seth R. Gassman<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006 |

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Settlement Class Counsel are working on your behalf. You will not be charged for these lawyers. If you want your own lawyer, you may hire one at your own expense. If you do hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Settlement Class Counsel to speak for you.

## 16. How will the lawyers be paid?

Any fees and expenses approved by the Court will be paid out of the Settlement Fund. To date, Settlement Class Counsel have not received any payment for any work done on this case since it began. You will not be personally responsible for payment of attorneys' fees or expenses for Settlement Class Counsel. Instead, Settlement Class Counsel will ask the Court to approve payment of attorneys' fees in an amount not to exceed one-third of the monetary total of all of the Settlements. Settlement Class Counsel will also seek reimbursement of reasonably incurred expenses. As to the fees and expenses sought by Settlement Class Counsel and approved by the Court, Settlement Class Counsel intend to deduct the fees and expenses from each settlement on a proportional basis. The expenses will be deducted from the Proposed Settlements, following the deduction for attorneys' fees. So, for example, if Settlement Class Counsel were awarded 33% of the Proposed Settlements as fees, and the Court approved such request, Settlement Class Counsel would take 33% from each of the Settlements as fees. Then, the attorney litigation expenses would be deducted. These fees would pay Settlement Class Counsel for investigating the facts, litigating the case, and negotiating the Proposed Settlements.

Settlement Class Counsel will also seek Named Plaintiff service awards not to exceed $5,000 per Named Plaintiff for their efforts in service to the Settlement Class. Settlement Class Counsel's request for attorney fees, reimbursement of litigation expenses, and Named Plaintiff service awards, must be approved by the Court overseeing this action, Settlement Class Counsel's fee and expense request and request for service awards will be filed on or before _____ 2015, and you may object to it if you wish.

## OBJECTING TO THE PROPOSED SETTLEMENTS AND/OR REQUEST FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND NAMED PLAINTIFF SERVICE AWARDS

## 17. How do I tell the Court that I don't like the Proposed Settlements or Request for Attorneys' Fees, Reimbursement of Litigation Expenses, or Named Plaintiff Service Awards?

If you are a Settlement Class member, you can object to any or all of the Proposed Settlements, or the request for attorneys' fees, reimbursement of expenses, or request for Named Plaintiff service awards, if you don't

471241.1

like any part of them. You can give reasons why you think the Court should not approve one or all of them. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement indicating that you object to one or more of the Proposed Settlements in the case of *In re New Jersey Tax Sales Certificates Antitrust Litigation*.
- Your name, address, telephone number, and signature, or the name and address of your lawyer if you have one.
- The name of the Proposed Settlement you object to, and the reasons that you object to the Proposed Settlement(s).
- If you wish to object to the request for attorneys' fees, the request for reimbursement of litigation expenses, or the request for Named Plaintiff service awards, you must state the reasons for your objection.
- Proof of your membership in the Settlement Class, such as records indicating that you owned real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in New Jersey at an interest rate above 0%.

You must file the objection with the Court at the following address, received by _____ 2015:

> Clerk of Court
> United States District Court for the District of New Jersey
> Clarkson S. Fisher Building and U.S. Courthouse
> 402 East State Street
> Trenton, NJ 08608

You must also mail copies of the objection to the following attorneys, postmarked by _____ 2015:

| | |
|---|---|
| Jason A. Zweig | James A. Pizzirusso |
| Hagens Berman Sobol Shapiro LLP | Seth R. Gassman |
| 555 Fifth Avenue, Suite 1700 | Hausfeld LLP |
| New York, NY 10017 | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |

## 18. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like some part of one or more of the Proposed Settlements. You can object to one or more of the Proposed Settlements only if you stay in the class for those particular Proposed Settlements.

If you exclude yourself from one or more of the Proposed Settlements, you have no basis to object because the Proposed Settlements you excluded yourself from no longer apply to you.

## 19. When and where will the Court decide whether to grant final approval of the Proposed Settlements?

The Court will hold a final approval hearing on _____ 2015 at the Clarkson S. Fisher Federal Building & Courthouse, 402 East State Street, Trenton, New Jersey. This hearing is sometimes referred to as the Fairness Hearing or Final Approval Hearing. At this hearing, the Court will consider whether the Proposed Settlements are fair, reasonable and adequate. The Court will also determine whether final judgment should be entered dismissing the claims of the Settlement Class against the Settling

Defendants with prejudice, as required by the Proposed Settlement Agreements. You may attend the Fairness Hearing and you may ask to speak, but you don't have to do either.

If there are objections to the Proposed Settlements, the Court will consider them at the Fairness Hearing. Judge Shipp, or Magistrate Judge Tonianne J. Bongiovanni under Judge Shipp's authority, will listen to people who have previously asked to speak at this hearing (*see* Question 21 below). After the hearing, the Court will decide whether to grant final approval of the Proposed Settlements.

The Court may change the date and time of the final approval hearing. Notice of any change will be posted at the courthouse, on the Court's website, or on www.njtaxliensettlements.com.

## 20. Do I have to come to the Fairness Hearing?

No. Settlement Class Counsel will answer any questions that Judge Shipp may have. But, you are welcome to attend the hearing at your own expense. If you send an objection to any of the Proposed Settlements, you are not required to come to the hearing to talk about your objection. As long as you mailed in your written objection on time, the Court will consider it. You may also direct your own lawyer to attend, but it's not necessary for you to do so.

## 21. May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re New Jersey Tax Sale Certificate Antitrust Litigation*".
- The position you will take on the Proposed Settlements and your reasons and any documents in support of the positions.
- Your name, address, telephone number, and signature, or that of your lawyer if you have one.
- Proof of your membership in the class, such as records indicating that you own real property in the State of New Jersey and that a TSC was issued with respect to the property that was purchased by a Defendant during the Class Period at a public auction in the State of New Jersey at an interest rate above 0 %.

Your Notice of Intention to Appear must be filed with the Court at the following address, received by _____2015:

> Clerk of Court
> United States District Court for the District of New Jersey
> Clarkson S. Fisher Building and U.S. Courthouse
> 403 East State Street
> Trenton, NJ 08608

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 14 above, postmarked by _____2015.

17

471241.1

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

You are not required to do anything at this time, except **if you intend to participate in the Proposed Settlements you will be required to properly and timely complete a claim form.** Claim forms must be submitted by _____, 2015, and can be obtained at www.njtaxliensettlements.com. If you received notice of the Proposed Settlements on a postcard by mail, future communications will be sent to you at the same address. If you did not receive a postcard by mail, you must register to receive future communications. You can register at www.njtaxliensettlements.com or by writing to the settlement administrator at *In re New Jersey Tax Sales Certificates Antitrust Litigation* Notice Administrator, P.O. Box 8090, San Rafael, CA 94912-8090.

# GETTING MORE INFORMATION

## 23. Are there more details about the Proposed Settlements?

This notice summarizes the Proposed Settlements. More details are in the complete settlement agreements. You can access a copy of these settlement agreements by visiting www.njtaxliensettlements.com.

## 24. How do I get more information?

In addition to visiting the official website at www.njtaxliensettlements.com, you may contact the settlement administrator by email at _____ You may also call the settlement administrator toll-free at _____ in the United States, U.S. territories and Canada. You may also write to:

Jason A. Zweig
Hagens Berman Sobol Shapiro LLP
555 Fifth Avenue, Suite 1700
New York, NY 10017

James A. Pizzirusso
Seth R. Gassman
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006

## 25. Can I update my address?

Yes. If your address changes, please enter your current information online at www.njtaxliensettlements.com, or send your new information to the claims administrator at *In re New Jersey Tax Sales Certificates Antitrust Litigation* Notice Administrator, P.O. Box 8090, San Rafael, CA 94912-8090.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT

471241.1

DISTRICT OF NEW JERSEY

# EXHIBIT 2

LEGAL NOTICE

# If You Are Or Were An Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Sold At A Public Auction Between January 1, 1998 And February 28, 2009 You May Have a Claim in Proposed Class Action Settlements

## You Are Not Being Sued.

The Court has preliminarily approved 20 proposed settlements totaling $9,585,000 (the "Proposed Settlements"), with all Defendants, in a putative class action lawsuit (the "Lawsuit") brought on behalf of New Jersey real property owners who had a tax sale certificate issued with respect to their real property that was also purchased by a Defendant at a public auction in New Jersey at an interest rate above 0% (the "Class") during January 1, 1998 through February 28, 2009 (the "Class Period"). Defendants are individuals and entities who purchased tax sale certificates ("TSCs") at public municipal auctions during the Class Period.

The Lawsuit is called *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, 3:12-CV-01893-MAS-TJB, and is pending in the U.S. District Court for the District of New Jersey (the "Court"). For a complete listing of all Defendants please visit the court-approved website www.njtaxliensettlements.com. The following is a list of the Defendants: 1) American Tax Funding, LLC; 2) Norman T. Remick; 3) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC, David Butler, and David M. Farber; 4) Plymouth Park Tax Services, LLC; 5) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I. L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P., Vinaya J. Jessani and Stephen E. Hruby; 6) Robert E. Rothman; 7) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC; 8) William A. Collins; 9) Isadore H. May; 10) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin; 11) Richard J. Pisciotta, Jr.; 12) Phoenix Funding, Inc. and Benedict Caiola; 13) Robert W. Stein; 14) Lambros Xethalis; 15) Michael Mastellone; 16) BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC, Michael Deluca, Gary I. Branse and David Jelley; 17) CCTS Capital LLC n/k/a Crestar Capital, LLC and William S. Green; 18) Pat Caraballese and PAM Investors; 19) Robert U. Del Vecchio Sr. and Robert U. Del Vecchio Pension Trust; 20) Mooring Tax Asset Group, LLC; and 21) Richard Simon Trustee, Betty Simon Trustee LLC and Joseph Wolfson.

**What is the Lawsuit About?**

TSCs are certificates acquired by a purchaser at a public auction and represent that purchaser's right to collect a delinquent property tax or other municipal charge, including water or sewer charges, from an owner of property in New Jersey, along with associated interest and fees.

Plaintiffs allege violations of federal antitrust laws in connection with the purchase and sale of TSCs. Plaintiffs claim that Defendants conspired to fix, raise, maintain or stabilize the interest rates of the TSCs. Plaintiffs allege that this conspiracy resulted in overcharges to real property owners who had a TSC issued for their property and sold at auction.

Defendants have denied any liability and all allegations of misconduct. All Defendants have agreed to settle. The Court has preliminarily approved the Proposed Settlements and certified the Class for settlement purposes only.

**Who Is Included in the Proposed Class Action Settlements?**

If the Court grants Final Approval of Proposed Settlements, with some exceptions, you will be included as a member of the Class if one of the Defendants purchased a TSC associated with your real property at a municipal auction in New Jersey at an interest rate above 0% between January 1, 1998 and February 28, 2009.

**What Do the Proposed Settlements Provide?**

The Defendants have agreed to pay a total of $9,585,000 (the "Settlement Fund"). Additionally, and subject to certain exceptions, Class members who had a TSC purchased during the Class Period by a Defendant, which is still held by a Defendant, and which has an interest rate greater than 0%, will be offered up to a 15% discount off of the amount owed. If you are eligible for a discount, you either have already been contacted, or will be contacted separately. Copies of the Settlement Agreements, as well as a more detailed notice, are available at the website www.njtaxliensettlements.com.

**How Can I Get Benefits?**

The Court will hold a hearing on _____ 2015 to consider whether to grant final approval of the Proposed Settlements. If you are a member of the Class and do not opt-out of the Proposed

## This notice is only a summary.  For detailed information:

## 1-800-000-0000   www.njtaxliensettlements.com

471245.1

Settlements, you may be eligible to receive benefits if the Court grants Final Approval of the Proposed Settlements. If you wish to participate in the Proposed Settlements, and recover benefits from the Proposed Settlements, other than timely and properly completing a claim form, you need not take any action at this time and the amount of your benefits will be determined by the plan of distribution which has been approved by the Court and is described in the more detailed notice available at www.njtaxliensettlements.com

**Your Other Rights**

    If you do not want to be legally bound by one or more of the Proposed Settlements, you must opt-out and exclude yourself, in writing, by identifying each Proposed Settlement for which you seek exclusion. The exclusion deadline is _____ 2015. You will be bound by the judgment of the Court regarding your claims and cannot present them in another lawsuit unless you exclude yourself as described in the detailed notice, available at www.njtaxliensettlements.com.

    If you stay in a Proposed Settlement, you may object to it by submitting an objection by _____ 2015. The detailed notice explains how to object.

    The Court has appointed Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as Settlement Class Counsel to represent you at no charge to you. Settlement Class Counsel, who have yet to be compensated for any work related to the investigation and litigation of the Lawsuit, intend to seek fees of up to 33% of the Settlement Fund, as well as reimbursement of expenses. You may hire your own lawyer at your own cost.

**This notice is only a summary.  For detailed information:**

**1-800-000-0000**  **www.njtaxliensettlements.com**

471245.1

# EXHIBIT 3

LEGAL NOTICE

# If You Are Or Were The Owner Of Real Property In New Jersey On Which A Tax Sale Certificate Was Purchased At A Public Auction Between January 1, 1998 And February 28, 2009, You May Have a Claim in Proposed Class Action Settlements

## You Are Not Being Sued

The Court has preliminarily approved 20 proposed settlements (the "Proposed Settlements") with all Defendants in a putative class action lawsuit (the "Lawsuit") brought on behalf of real property owners in New Jersey who had a tax sale certificate issued with respect to their real property and purchased by a Defendant at a public auction at an interest rate above 0% (the "Class") from January 1, 1998 through February 28, 2009 (the "Class Period"). Defendants are certain individuals and entities who purchased tax sale certificates ("TSCs") at public municipal auctions during the Class Period. The case is titled *In Re New Jersey Tax Sales Certificates Antitrust Litigation*, 3:12-CV-01893-MAS-TJB, and is pending in the U.S. District Court for the District of New Jersey (the "Court").

TSCs are certificates acquired by a purchaser at a public auction that represent that purchaser's right to collect a delinquent property tax or other municipal charge, including water or sewer charges, from a property owner, along with associated interest and fees. Plaintiffs claim that Defendants conspired to fix, raise, maintain or stabilize the interest rates of the TSCs through rigging TSC auctions. Plaintiffs allege that this conspiracy resulted in overcharges to real property owners who had a TSC issued and sold at a public auction.

You are a member of the Class if one or more of the Defendants purchased a TSC associated with your real property at a municipal auction in New Jersey at an interest rate above 0% between January 1, 1998 and February 28, 2009. The Defendants in this case are listed below and also at www.njtaxliensettlements.com.

The Defendants have agreed to pay a total of $9,585,000 (the "Settlement Fund"). The following is a list of the Defendants: 1) American Tax Funding, LLC; 2) Norman T. Remick; 3) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC, David Butler, and David M. Farber; 4) Plymouth Park Tax Services, LLC; 5) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I. L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P., Vinaya J. Jessani and Stephen E. Hruby; 6) Robert E. Rothman; 7) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC; 8) William A. Collins; 9) Isadore H. May; 10) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin; 11) Richard J. Pisciotta, Jr.; 12) Phoenix Funding, Inc. and Benedict Caiola; 13) Robert W. Stein; 14) Lambros Xethalis; 15) Michael Mastellone; 16) BBX

471242.1

Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC, Michael Deluca, Gary I. Branse and David Jelley; 17) CCTS Capital LLC n/k/a Crestar Capital, LLC and William S. Green; 18) Pat Caraballese and PAM Investors; 19) Robert U. Del Vecchio Sr. and Robert U. Del Vecchio Pension Trust; 20) Mooring Tax Asset Group, LLC; and 21) Richard Simon Trustee, Betty Simon Trustee LLC and Joseph Wolfson. Copies of the Defendants' settlement agreements are available at www.njtaxliensettlements.com. In addition to the cash payment, most of the Defendants have agreed to provide discounts off of the amount owed with respect to any TSCs they purchased during the Class period at a rate above 0% interest, and which they still hold, subject to certain exceptions. If you are eligible for this discount, you have either already been contacted or will be contacted separately at a later date.

The Court will hold a hearing on _____, 2015 to consider whether to grant final approval of the Proposed Settlements. If you are a member of the Class and do not opt-out of the Proposed Settlements, you may be eligible to receive settlement benefits if the Court grants final approval of the Proposed Settlements. In order to receive settlement benefits you will need to complete a claim form, which can be obtained at www.njtaxliensettlements.com. The claim form must be completed by _____ 2015. The amount of your benefits will be determined by a Plan of Distribution, which is posted on the website www.njtaxliensettlements.com, and has been approved by the Court.

If you do not want to be legally bound by one or more of the Proposed Settlements, you must "opt-out" and exclude yourself, in writing, by identifying each Proposed Settlement for which you seek exclusion. The exclusion deadline is _____, 2015. You will be bound by the judgment of the Court regarding your claims and cannot present them in another lawsuit unless you exclude yourself as described in the detailed notice, available at www.njtaxliensettlements.com. If you stay in a Proposed Settlement, you may object to it by submitting an objection by _____, 2015. The detailed Notice, available at the website above, explains how to either exclude yourself or object, if you so choose.

The Court has appointed Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as Settlement Class Counsel to represent you at no charge to you. The website, www.njtaxliensettlements.com, includes information about the fees the attorneys are seeking, which must be approved by the Court. You may hire your own lawyer at your own cost.