# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIG. | Master Docket No. 3:12-CV-01893-MAS-TJB |
|---|---|

## AMENDED ORDER GRANTING
## FINAL APPROVAL OF CLASS SETTLEMENTS
## WITH ALL DEFENDANTS AND PLAN OF ALLOCATION,
## AND ENTRY OF FINAL JUDGMENT

**THIS MATTER** having been opened to the Court by Interim Class and Liaison Counsel (on behalf of the Named Plaintiffs as set forth below) by way of their motion for final approval of the proposed settlements and the Plan of Allocation in the above action; and

**WHEREAS**, the Court has reviewed and considered the motion for final approval and supporting materials filed by plaintiffs, and has reviewed the pleadings and other papers on file in this action, and a hearing on the fairness of the settlements was held on April 25, 2016;

**WHEREAS**, the Court has previously entered the following orders preliminarily approving settlements with all defendants: August 13, 2013 Order preliminarily approving Butler/Farber, Pisciotta, May, Burlington, and Collins settlements [ECF No. 276]; August 13, 2013 Order preliminarily approving Rothman settlement [ECF No. 277]; March 11, 2014 Report and Recommendation Recommending Approval and Appointment of Settlement Class Counsel for the

Sass, Crusader, Plymouth Park and Phoenix settlements [ECF No. 339] and

October 31, 2014 Order adopting Report and Recommendation [ECF No. 376];

January 29, 2015 Order preliminarily approving settlements with Remick, ATF,

Stein and Xethalis [ECF No. 394]; and the October 30, 2015 Order preliminarily

approving settlements with Crestar, Mooring, Mastellone, Del Vecchio,

BankAtlantic, PAM and Wolfson [ECF No. 426];[1]

**WHEREAS**, in the Court's October 30, 2015 Preliminary Approval Order,

as amended by the Court's December 18, 2015 Letter Order approving a revised

notice [ECF No. 432], the Court also approved plaintiffs' proposed notice plan and

authorized the dissemination of notice of the Settlements to the Settlement Class;

and

**WHEREAS**, this Court has fully considered the record and the requirements

of law, and good cause appearing;

**IT IS THIS** 29th day of _Sept._, 2016

**ORDERED** that the Settlements with all defendants, and the proposed Plan

of Allocation, are hereby **FINALLY APPROVED**, provided, however, that the

final approval of the Wolfson settlement is conditioned on the terms contained in

the parties' March 28, 2016 letter agreement [ECF No. 456], and that failure of the

---

[1] The settlements with all Defendants shall be referred to collectively as the "Settlements," and the agreements with regard to the Settlements shall be collectively referred to as the "Settlement Agreements."

2

Wolfson Defendants to comply with the terms of that letter agreement shall result in the revocation of final approval, the termination of the Wolfson settlement, the resumption of the litigation against the Wolfson Defendants, and the other consequences stated in the March 28, 2016 letter agreement.  The Court further finds and orders as follows:

**I.**     **Final Approval of the Settlements**

1.     Terms capitalized in this Order shall have the same meaning as those capitalized in the Settlement Agreements.

2.     The Settlements were the result of the parties' good-faith negotiations. The Settlements were entered into by experienced counsel and only after extensive arm's-length negotiations. With regard to one Settlement (the Mastellone settlement), it was only achieved after the involvement of an experienced mediator, Bruce I. Goldstein, Esq.  The Settlements were not the result of collusion.

3.     The Settlements each fall well within the range of reasonableness. The Settlements do not unreasonably favor the Named Plaintiffs or any segment of the proposed Settlement Class.

4.     Because the Settlements meet the standards for final approval, and are fair, reasonable, and adequate, individually and in the aggregate, the Court grants final approval to the terms of the Settlements.

5.     The following class of plaintiffs ("Settlement Class") is certified for

settlement purposes only:

> All persons who owned real property in the State of New Jersey who
> had a Tax Sale Certificate issued with respect to their property that
> was purchased by a Defendant during the Class Period from and
> including January 1, 1998 through February 2009 at a public auction
> in the State of New Jersey at an interest rate above 0%.

6.     The Court now finally certifies the proposed Settlement Class, and

finds that the requirements of Rule 23(a) are satisfied, for settlement purposes

only, as follows:

a.     Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the

Settlement Class are so numerous that joinder of all members is

impracticable.

b.     Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court

determines that there are common issues of law and fact for the Settlement

Class including:

(i)    Whether defendants conspired with others to fix bids and
allocate TSCs at auctions in New Jersey, in violation of
the Sherman Act and New Jersey's Antitrust Act;

(ii)   Whether defendants' conduct had the anticompetitive
effect of reducing and unreasonably restraining the
market for the purchase of TSCs;

(iii)  The names of the individuals and entities who
participated in the anticompetitive scheme;

(iv)   The duration of the anticompetitive scheme;

4

        (v)     The effect of defendants' conduct and the extent of injuries sustained by plaintiffs and Class Members; and

        (vi)    The amount of damages the anticompetitive scheme caused members of the Class.

    c.     Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that the Named Plaintiffs allege that they sustained damages as a result of defendants' common course of conduct in violation of the antitrust laws.

    d.     Pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

7.     The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

    a.     Questions of fact and law common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

    b.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

5

8.     The Court hereby appoints the following Named Plaintiffs as class representatives for the Settlement Class: Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc.

9.     The Court appoints Hagens Berman Sobol Shapiro, LLP and Hausfeld LLP as Class Counsel and Settlement Class Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel.

10.     The persons and entities listed in the attached Exhibit A to this order have timely and validly requested exclusion from the Settlement Class, and are hereby excluded from the Settlement Class.  Such excluded persons and entities are not bound by this Order and Final Judgment, and may not make any claim under the Settlement Agreements, or receive any benefits from the Settlement Agreements. Such excluded persons and entities may also not make any claim for any person or entity bound by the Settlements. Each Settlement Class member not listed in Exhibit A to this Order, however, shall be forever bound by the Settlement Agreements.

11.     Any and all lawsuits pending against any of the Releasees asserting the Released Claims shall be dismissed with prejudice and without costs, except as provided for in the Settlement Agreements.

592581.1

12.    The Releasors are permanently enjoined and barred from instituting or pursuing any Released Claims in any of the Settlement Agreements, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state or federal court, or in any tribunal, agency or other authority or forum wherever located.

13.    The Releasors release, discharge and covenant not to sue each Releasee with respect to any Released Claims.

14.    This Order and Final Judgment does not release or compromise any claims against any person or entity that fall outside of the Released Claims.

15.    Neither the Settlement Agreements, nor any of the negotiations, discussions or proceeding relating to the Settlement Agreements shall be:

a.    Offered or received against any Releasor or Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any Releasor or Releasee of the truth of any fact alleged by plaintiffs or the validity of any claim that has been or could have been asserted in the action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding or of any alleged liability, negligence, fault, or wrongdoing of any Releasor or Releasee; or

7

b.      Offered or received against any Releasor or Releasee, as
evidence of a presumption, concession, or admission of any fault,
misrepresentation or omission, with respect to any statement or written
document approved or made by any Releasor or Releasee.

## II.     Notice of the Settlements to the Settlement Class

16.     The October 30, 2015 Preliminary Approval Order [ECF No. 426], as
supplemented by the December 18, 2015 Letter Order [ECF No. 432] outlined the
form and manner by which plaintiffs would provide notice of the Settlements, the
deadline by which members of the Settlement Class were to object or exclude
themselves from the Settlements, and the date of the Fairness Hearing, as well as
other related matters. The notice to the class included sending mailed notice of the
Settlements directly to individual members of the Settlement Class who could be
identified through reasonable effort, publication of a summary notice in multiple
New Jersey newspapers, targeted internet advertising, and the establishment of a
dedicated case website, www.njtaxliensettlements.com. Proof of this notice
program was made by the filing of an affidavit from the notice and claims
administrator, attesting under oath that notice to the class was carried out in
accordance with the October 30, 2015 Preliminary Approval Order and the
December 18, 2015 Letter Order. The Court finds that this method of notice was

the most practicable under the circumstances, constituted sufficient notice, and meets the requirements of due process.

17.    The Court also finds that the proposed Plan of Allocation, which was also disclosed in the notice sent to members of the Settlement Class, is fair, reasonable and adequate, and otherwise meets the standards for preliminary approval. Therefore, the Court grants final approval to the Plan of Allocation.

**III.    Redemption Discounts to New Jersey Property Owners**

18.    With regard to the discounts being offered to certain New Jersey property owners by the defendants, the Court hereby authorizes the following:

a.    **Robert Rothman.** Pursuant to paragraph 22 of the Rothman Settlement Agreement, the Court hereby authorizes a notice[2] to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by Rothman during the Class Period, and is still held by Rothman. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by Rothman to redeem such lien through the relevant municipality as required by law. The redemption shall be performed

---

[2] The notice to be sent to those entitled to receive notice shall be in a form substantially the same as the form of the notice attached as exhibits F-H to the July 12, 2013 Declaration of Seth Gassman in Support of Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, Appointment of Class Counsel as Settlement Class Counsel and Deferral of Class Notice [ECF No. 266-8-266-10].

in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 22 of the settlement agreement with Rothman. The tax collector shall be authorized to accept 10% off of the accrued interest on the normal redemption amount and to tender those monies to Rothman in accordance with the settlement agreement. Rothman shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

      b.    **William A. Collins.** Pursuant to paragraph 20 of the Collins Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by Collins during the Class Period, and is still held by Collins. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by Collins to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 20 of the settlement agreement with Collins. The tax collector shall be authorized to accept 90% of the redemption amount and to tender those monies to

Collins in accordance with the settlement agreement. Collins shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

  c. **The Mercer Defendants.** Pursuant to paragraph 22 of the Mercer Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the Mercer Defendants during the Class Period, and is still held by any of the Mercer Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Mercer Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 22 of the settlement agreement with the Mercer Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Mercer Defendants in accordance with the settlement agreement. The Mercer Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

d.     **The Sass Defendants.** Pursuant to paragraph 25 of the Sass Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the Sass Defendants during the Class Period, and is still held by any of the Sass Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Sass Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 25 of the settlement agreement with the Sass Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Sass Defendants in accordance with the settlement agreement. The Sass Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

e.     **The Crusader Defendants.** Pursuant to paragraph 22 of the Crusader Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice,

12

who had a tax sale certificate issued with respect to their property that was purchased by any of the Crusader Defendants during the Class Period, and is still held by any of the Crusader Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Crusader Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 22 of the settlement agreement with the Crusader Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Crusader Defendants in accordance with the settlement agreement. The Crusader Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

     f.     **Plymouth Park.** Pursuant to paragraph 23 of the Plymouth Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by Plymouth during the Class Period, and is still held by Plymouth. Pursuant to

13

N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by Plymouth to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with Plymouth. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to Plymouth in accordance with the settlement agreement. Plymouth shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

   g. **Remick.** Pursuant to paragraph 23 of the Remick Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by Remick during the Class Period, and is still held by Remick. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by Remick to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept

14

a redemption sum in accordance with paragraph 23 of the settlement agreement with Remick. The tax collector shall be authorized to accept 85% of the redemption amount and to tender those monies to Remick in accordance with the settlement agreement. Remick shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

   h. **ATF.** Pursuant to paragraph 23 of the ATF Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by ATF during the Class Period, and is still held by ATF. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by ATF to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with ATF. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to ATF in accordance with the settlement agreement. ATF

shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

      i.    **The Crestar Defendants.** Pursuant to paragraph 23 of the Crestar Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the Crestar Defendants during the Class Period, and is still held by any of the Crestar Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Crestar Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with the Crestar Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Crestar Defendants in accordance with the settlement agreement. The Crestar Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

592581.1

j.     **The Del Vecchio Defendants.** Pursuant to paragraph 23 of the Del Vecchio Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the Del Vecchio Defendants during the Class Period, and is still held by any of the Del Vecchio Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Del Vecchio Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with the Del Vecchio Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Del Vecchio Defendants in accordance with the settlement agreement. The Del Vecchio Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

k.     **The BankAtlantic and PAM Defendants.** Pursuant to paragraph 24 of the BankAtlantic and PAM Defendants Settlement

17

Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the BankAtlantic Defendants or any of the PAM Defendants during the Class Period, and is still held by any of the BankAtlantic or PAM Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the BankAtlantic or PAM Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 23 of the settlement agreement with the BankAtlantic and PAM Defendants. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the BankAtlantic or PAM Defendants, as the case may be, in accordance with the settlement agreement. The BankAtlantic and PAM Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

l.      **Mooring.** Pursuant to paragraph 24 of the Mooring Settlement Agreement, the Court hereby authorizes a notice to be sent to those property

18

owners entitled to receive such notice, who had a tax sale certificate issued

with respect to their property that was purchased by Mooring during the

Class Period, and is still held by Mooring. Pursuant to N.J.S.A. 54:5-54.1,

the Court hereby authorizes every property owner who is the subject of such

a lien held by Mooring to redeem such lien through the relevant municipality

as required by law. The redemption shall be performed in accordance with

the terms of the offer. This Order authorizes a municipal tax collector to

accept a redemption sum in accordance with paragraph 24 of the settlement

agreement with Mooring. The tax collector shall be authorized to accept

85% of the redemption amount (excluding statutory attorneys' fees) and to

tender those monies to Mooring in accordance with the settlement

agreement. Mooring shall be required to tender the subject tax sale

certificate for redemption and accept the reduced redemption amount in

accordance with the settlement.

     m.    **The Wolfson Defendants.** Pursuant to paragraph 24 of the

Wolfson Defendants Settlement Agreement, the Court hereby authorizes a

notice to be sent to those property owners entitled to receive such notice,

who had a tax sale certificate issued with respect to their property that was

purchased by any of the Wolfson Defendants during the Class Period, and is

still held by any of the Wolfson Defendants. Pursuant to N.J.S.A. 54:5-54.1,

592581.1

the Court hereby authorizes every property owner who is the subject of such

a lien held by any of the Wolfson Defendants to redeem such lien through

the relevant municipality as required by law. The redemption shall be

performed in accordance with the terms of the offer. This Order authorizes a

municipal tax collector to accept a redemption sum in accordance with

paragraph 24 of the settlement agreement with the Wolfson Defendants. The

tax collector shall be authorized to accept 85% of the redemption amount

(excluding statutory attorneys' fees) and to tender those monies to the

Wolfson Defendants in accordance with the settlement agreement. The

Wolfson Defendants shall be required to tender the subject tax sale

certificate for redemption and accept the reduced redemption amount in

accordance with the settlement.

      n.    **Mastellone.** Pursuant to paragraph 24 of the Mastellone

Settlement Agreement, the Court hereby authorizes a notice to be sent to

those property owners entitled to receive such notice, who had a tax sale

certificate issued with respect to their property that was purchased by

Mastellone during the Class Period, and is still held by Mastellone. Pursuant

to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner

who is the subject of such a lien held by Mastellone to redeem such lien

through the relevant municipality as required by law. The redemption shall

be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 24 of the settlement agreement with Mastellone. The tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to Mastellone in accordance with the settlement agreement. Mastellone shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

o.   **The Phoenix Defendants**.  Pursuant to paragraph 24 of the Phoenix Defendants Settlement Agreement, the Court hereby authorizes a notice to be sent to those property owners entitled to receive such notice, who had a tax sale certificate issued with respect to their property that was purchased by any of the Phoenix Defendants during the Class Period, and is still held by any of the Phoenix Defendants. Pursuant to N.J.S.A. 54:5-54.1, the Court hereby authorizes every property owner who is the subject of such a lien held by any of the Phoenix Defendants to redeem such lien through the relevant municipality as required by law. The redemption shall be performed in accordance with the terms of the offer. This Order authorizes a municipal tax collector to accept a redemption sum in accordance with paragraph 24 of the settlement agreement with the Phoenix Defendants. The

tax collector shall be authorized to accept 85% of the redemption amount (excluding statutory attorneys' fees) and to tender those monies to the Phoenix Defendants in accordance with the settlement agreement. The Phoenix Defendants shall be required to tender the subject tax sale certificate for redemption and accept the reduced redemption amount in accordance with the settlement.

**IV.**   **Miscellaneous**

19.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

20.    The settlement escrow accounts established with respect to each settlement, are approved as a Qualified Settlement Fund pursuant to Internal Revenue Code 468B and the regulations promulgated thereunder.

21.    Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay, and hereby directs the dismissal forthwith of all defendants.

**IT IS SO ORDERED.**

Dated: _____9/30_____, 2016

_____
Honorable Michael A. Shipp, U.S.D.J.

22