# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

**CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608**
(609) 989-2009

**NOT FOR PUBLICATION**

June 30, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re:    *In re New Jersey Tax Sales Certificates Antitrust Litigation*
       Civil Action No. 12-1893 (MAS) (TJB)

Dear Counsel:

The instant matter arises out of a settlement of a class action concerning "an alleged bid-rigging conspiracy involving municipal auctions of real property liens in the [S]tate of New Jersey." (Sept. 30, 2016 Mem. Op. 1, ECF No. 477.) Prior to the entry of the final approval order by the Court on September 30, 2016, the Court held a hearing on the fairness of the settlement. (ECF No. 475.) One objector to the approved settlement, Arlene M. Davies ("Davies"), filed an appeal to the Third Circuit. (ECF Nos. 479, 480.) On November 10, 2016, Class Plaintiffs ("Plaintiffs"), through Class Counsel, filed a motion pursuant to Federal Rule of Appellate Procedure 7 ("Rule 7") to impose an appeal bond on Davies for costs in the amount of $61,845 "or, in the Court's discretion, up to $76,845." (Pls.' Mot. for Bond 13, ECF No. 481-1.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Plaintiffs' motion is GRANTED as modified.

In support of their motion, Plaintiffs argue that a bond is appropriate in this case to provide sufficient security to protect Plaintiffs' interests, because Davies's appeal has delayed the release of the settlement funds and possible discounts on Plaintiffs' outstanding liens. (Pls.' Mot. for Bond 4.) Plaintiffs represent that the expected costs incurred include $10,000 to $25,000 for costs pursuant to Federal Rule of Appellate Procedure 39 ("Rule 39") and $51,845 for costs associated with the administration of the settlement fund. (*Id.* at 13.) Thus, at minimum, Plaintiffs seek a bond in the amount of $61,845 to secure these costs. (*Id.*)

Davies opposes the imposition of a bond in this matter and argues that a bond is not required, because the amount requested by Plaintiffs is excessive. (Davies's Opp'n Br. 4, ECF No. 483.) Davies asserts that she is already responsible for paying certain "up front" costs. (*Id.* at 9.) Davies, therefore, contends that there is no risk associated with paying the filing fee, and transcript and printing costs. (*Id.*) Davies further asserts that she does not have the funds to post an appeal bond, because she has no savings and her home is subject to foreclosure. (*Id.* at 3.)

Rule 7 provides that a "district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The Court "has wide discretion to determine whether an appeal bond under Rule 7 will be issued." *Rossi v. Proctor & Gamble Co.*, No. 11-7238, 2014 WL 1050658, at *3 (D.N.J. Mar. 17, 2014). The Court is "guided by the following factors" when exercising its discretion: "(1) [w]hether the amount of the bond is 'necessary to assure adequate security'; (2) the risks that the appellant will not pay the costs if it loses the appeal; (3) the appellant's financial ability to post [the] bond; and (4) whether the amount of the bond will effectively preclude pursuit of the appeal." *Schwartz v. Avis Rent a Car Sys., LLC*, Nos. 11-4052, 12-7300, 2016 WL 4149975, at *1 (D.N.J. Aug. 3, 2016) (quoting *Dewey v. Volkswagen of Am.*, Nos. 07-2249, 07-2361, 2013 WL 3285105, at *2 (D.N.J. Mar. 18, 2013)). While the district court exercises its discretion in granting an appeal bond, "the court of appeals is the best forum to litigate the merits of the appeal and to account for any frivolity."[1] *Dewey*, 2013 WL 3285105, at *2 (quoting *In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 166 (E.D. Pa. 2010)).

In the present case, Davies argues that she should not be required to post an appeal bond because (1) her appeal is not frivolous,[2] (2) the bond amount requested by Plaintiffs is excessive, and (3) she does not have the funds to pay for bond premiums. (Davies's Opp'n Br. 4, 7.) Davies argues that the Court should not impose an appeal bond because Plaintiffs' request is unreasonably large and will discourage Davies's appeal. (*Id.* at 4.) The Court finds this argument unpersuasive because the amount of the bond is not a consideration in this part of the analysis. Courts within the Third Circuit must first determine whether an appeal bond is necessary and then evaluate the amount requested. *See, e.g., Schwartz*, 2016 WL 4149975, at *2 ("Having determined [the objector] is required to post a bond . . . this [c]ourt must now determine the appropriate amount."). The amount of the bond, therefore, is not relevant to the Court's analysis of the appropriateness of the bond.

Davies next argues that she is unable to pay for bond premiums. (Davies's Opp'n Br. 3.) Davies asserts that "[s]he lives on a fixed income of $3,340 per month . . . [and] has significant monthly obligations, including on average $300 per month in healthcare expenses." (*Id.*) Davies, however, fails to proffer documentation related to her ability to pay for the bond. *See Schwartz*, 2016 WL 4149975, at *2 ("Courts will assume that objectors do have the financial ability to pay costs on appeal unless the objectors proffer any evidence suggesting otherwise."). Based on Davies's failure to submit sufficient documentation, the Court finds that Davies is able to afford a bond of *some* amount.[3] Furthermore, an appeal bond is meant to protect the class members "against

---

[1] The Court notes that Plaintiffs have access to other means of protection from a frivolous appeal, such as a motion under Federal Rule of Appellate Procedure 38. *In re Diet Drugs Prods. Liab. Litig. v. Am. Home Prods. Corp.*, Nos. MDL 1203, 99-20593, 2000 WL 1665134, at *5 (E.D. Pa. Nov. 6, 2000).

[2] The Court declines to discuss the merits of Davies's appeal and defers to the appellate court to decide the merits of Davies's appeal. *See Dewey*, 2013 WL 3285105, at *2.

[3] Davies's failure to substantiate her financial inability to pay the bond and meet her burden does not overcome the Court's presumption that an objector has the financial ability to pay a bond. *See*

the risk of non-payment by an unsuccessful appellant." *Dewey*, 2013 WL 3285105, at *2 (citation omitted). Davies's assertions that she has no savings and her home is subject to foreclosure raises concerns that Davies will not be willing to pay the costs of the appeal should she lose. (Davies's Opp'n Br. 3); *see Watson v. E.S. Sutton, Inc.*, No. 02-2739, 2006 WL 4484160, at *2 (S.D.N.Y. Dec. 6, 2006) (finding statements that the defendant had no assets and planned to file for bankruptcy "led the [c]ourt to order [the] [d]efendant to post a bond"). The Court, therefore, finds that there is a risk that Davies will not pay the costs associated with an unsuccessful appeal. Because Plaintiffs should be provided some security against the risk of the costs of Davies's appeal, and Davies is able to afford a bond in *some* amount, the Court finds that imposing a Rule 7 bond in this matter is appropriate.

Having concluded that an appeal bond is appropriate, the Court must determine the amount of the bond. *Schwartz*, 2016 WL 4149975, at *1. As stated above, Plaintiffs submit that they will incur costs in the amount of $10,000 to $25,000 for Rule 39 costs, $35,220 in settlement administration costs,[4] and $16,625 in costs associated with a public accountant preparing the tax returns for the settlement funds. (*See* Pls.' Mot. for Bond 2, 11-12.) Davies's primary objection to Plaintiffs' requested amount is that it is excessive, as the amount requested includes $51,845 in administrative expenses and the amount for Rule 39 costs far exceeds the likely costs of the appeal. (Davies's Opp'n Br. 4.) Additionally, Davies argues that the administrative costs are not included under a Rule 7 bond. (*Id.* at 4.) Several courts in the Third Circuit have held that administrative costs may be included in an appeal bond in a class action.[5] *See In re Merck & Co. Sec., Derivative & "Erisa" Litig.*, Nos. MDL 1658, 05-1151, 05-2367, 2016 WL 4820620, at *2 (D.N.J. Sept. 14, 2016) (granting an appeal bond that included an amount for the administrative expenses); *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 WL 7887788, at *3 (E.D. Pa. Dec. 3, 2015)

---

*Demmick v. Cellco P'ship*, No. 06-2163, 2015 U.S. Dist. LEXIS 180323, at *8 (D.N.J. Sept. 9, 2015) ("[I]t is not [the] [p]laintiffs' burden to show that the [o]bjectors are financially incapable of paying costs upon a lost appeal. . . . Instead, [c]ourts will assume that [o]bjectors do have the financial ability to pay costs on appeal unless the [o]bjectors proffer any evidence suggesting otherwise.").

[4] Specifically, Plaintiffs submit that the charges for the settlement administrator services include the following costs: (1) storing documents; (2) updating appeal information on the settlement website; (3) "maintaining the [s]ettlement website"; (4) maintaining a database with class member information; (5) "maintaining the toll-free number system that [class members] can call to receive information about the [s]ettlements"; and (6) ongoing communication with class members. (Pls.' Mot. for Bond 11-12.)

[5] The Court notes that some district courts within the Third Circuit have found that Rule 7 costs include only those listed in Rule 39 and do not include the administrative costs of maintaining a settlement during an appeal. *See Schwartz*, 2016 WL 4149975, at *4 (limiting appeal bond costs to those in Rule 39 and rejecting the inclusion of administrative costs); *Rossi*, 2014 WL 1050658, at *2 (denying the inclusion of administrative costs not listed in Rule 39); *Dewey*, 2013 WL 3285105, at *4 (finding recoverable costs under Rule 7 to be those listed in Rule 39). Based on the facts before the Court, however, the Court finds that costs outside of Rule 39 are included in the present appeal bond.

(finding the inclusion of settlement administration costs in the appeal bond appropriate); *In re Nutella Mktg. & Sales Practices*, No. 11-1086, 2012 WL 6013276, at *2 (D.N.J. Nov. 20, 2012), *aff'd*, 589 F. App'x 53 (3d Cir. 2014) (finding administrative costs may be included in an appeal bond). The Court, therefore, concludes that administrative costs may be secured by a Rule 7 bond.

The Court, however, is not persuaded that the total amount of administrative costs, $51,845, submitted by Plaintiffs should be included in this appeal bond. Plaintiffs submitted declarations from Kenneth Jue ("Jue") and Jason A. Zweig ("Zweig") setting forth the basis for these expenses.[6] The declarations detail Plaintiffs' anticipated expenses related to the preparation of tax returns for the settlement funds by Heffler, Radetich & Saita, LLP, public accountants, and fees and expenses incurred by Gilardi & Co., the settlement administrator. (Jue Decl. ¶ 1, ECF No. 481-2; Zweig Decl. ¶¶ 3-4, ECF No. 481-3.) Jue's calculations are based on an expected ten-month delay in the administration of the settlement due to Davies's appeal. (Pls.' Mot. for Bond 2; Jue Decl. ¶ 2.) Because it is apparent that Plaintiffs will encounter at least some increase in administrative costs as a result of the appeal, the Court finds it appropriate to include some amount of administrative costs in the present appeal bond.

Accordingly, for the foregoing reasons, the Court will require Davies to post a Rule 7 bond in the amount of $10,000, which includes Rule 39 costs and administrative expenses. This amount is not so high as to preclude Davies's appeal, adequately secures at least a portion of Plaintiffs' costs, and is consistent with other Rule 7 bond amounts in this Circuit. *See Schwartz*, 2016 WL 4149975, at *4 (ordering $15,000 Rule 7 bond for class action litigation); *Glaberson*, 2015 WL 7887788, at *4 (ordering $28,150 Rule 7 bond for multidistrict litigation appeal); *In re Nutella*, 2012 WL 6013276, at *3 (ordering $22,500 Rule 7 bond for multidistrict litigation appeal). Davies shall post a bond of $10,000 by **July 18, 2017**. An order consistent with this Letter Opinion will be issued.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[6] Kenneth Jue is "a senior project manager [at] Gilardi & Co." (Jue Decl. ¶ 1, ECF No. 481-2.) Jason A. Zweig is "the registered administrator for [the settlement] funds with respect to the various tax filings that need to be made." (Zweig Decl. ¶ 3, ECF No. 481-3.)