## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE: NEW JERSEY TAX SALES
CERTIFICATES ANTITRUST
LITIGATION

Master Docket
No. 3:12-CV-01893-MAS-TJB

### MEMORANDUM OF LAW IN SUPPORT OF OBJECTOR'S
### EMERGENCY MOTION FOR STAY OF ORDER IMPOSING COST BOND
### PENDING APPEAL

Steven F. Molo
Thomas J. Wiegand
MOLOLAMKEN LLP
430 Park Ave.
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)
smolo@mololamken.com
twiegand@mololamken.com

Hays Gorey, Jr.
GEYERGOREY, LLP
1220 L St., NW, Ste. 100
Washington, DC 20005
(202) 644-8732 (telephone)
hays.gorey@geyergorey.com

Dennis J. Drasco
LUM, DRASCO & POSITAN, LLC
103 Eisenhower Pkwy.
Roseland, NJ 07068
(973) 228-6770 (telephone)
(973) 403-9021 (facsimile)
ddrasco@lumlaw.com

*Attorneys for Objector Arlene M. Davies*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................1

BACKGROUND .......................................................................................................1

ARGUMENT ............................................................................................................4

A.    Ms. Davies' Appeal of the Bond Order Raises Serious Merits Questions ........................ 5

B.    The Risk of Irreparable Harm Favors Granting a Stay ................................................. 8

C.    The Absence of Harm to Appellees and the Balance of Hardships
Favor Granting a Stay ................................................................................................. 9

D.    The Public Interest Favors Granting a Stay ............................................................... 11

CONCLUSION........................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998)............................................................8

*Allen v. J.P. Morgan Chase Bank, NA*,
 No. 15-3425, 2015 WL 12714382 (7th Cir. Dec. 4, 2015).....................................6

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985)...............................6, 11

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) ..........................7

*Benta v. Springel*, No. 2012-cv-36,
 2013 WL 1148747 (D.V.I. Mar. 20, 2013)............................................................12

*Bowling v. Hasbro, Inc.*, 403 F.3d 1373 (Fed. Cir. 2005) ........................................11

*Brecht v. Abrahamson*, 507 U.S. 619 (1993)...............................................................6

*Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974) .................................11

*Dewey v. Volkswagen of Am.*,
 Nos. 07-2249, 07-2361, 2013 WL 3285105 (D.N.J. Mar. 18, 2013)......................3

*In re Diet Drugs Prods. Liab. Litig.*,
 MDL No. 1203, 2000 WL 1665134 (E.D. Pa. Nov. 6, 2000)..............................8, 11

*Effie Film, LLC v. Murphy*, 629 F. App'x 16 (2d Cir. 2015).......................................11

*Hirschensohn v. Lawyers Title Ins. Corp*,
 No. 96-7312, 1997 WL 307777, at *1 (3d Cir. June 10, 1997). ...............................6

*Jackson v. Duckworth*, 955 F.2d 21 (7th Cir. 1992).....................................................8

*John Doe Agency v. John Doe Corp.*, 488 U.S. 1306 (1989) .......................................9

*In re Merck & Co.*, MDL No. 1658-SRC,
 2016 WL 4820620 (D.N.J. Sept. 14, 2016) ..........................................................11

*Nken v. Holder*, 556 U.S. 418 (2009) ..........................................................................4

*In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53 (3d Cir. 2014) .........6, 7

*In re Polyurethane Foam Antitrust Litig.*,
 No. 16-3168, 2016 WL 6599570 (6th Cir. June 20, 2016)......................................4

*Providence Journal Co. v. FBI*, 595 F.2d 889 (1st Cir. 1979) ....................................9

*In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015)................................................................4, 5, 6, 8

*Schwartz v. Avis Rent a Car Sys., LLC*, Nos. 11-4052, 12-7300,
    2016 WL 4149975 (D.N.J. Aug. 3, 2016) ....................................................................7, 8, 11

*Singh v. Carnival Corp.*, 550 F. App'x 683 (11th Cir. 2013)......................................................12

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    847 F.3d 608 (8th Cir. 2017) .........................................................................................5

*Tennille v. W. Union Co.*, 774 F.3d 1249 (10th Cir. 2014)..................................................5, 7, 10

*Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016).........................................................................11

*United States v. Am. Soc'y of Composers, Authors & Publishers*,
    No. 13-cv-95-WCC, 1991 WL 501864 (S.D.N.Y. Oct. 3, 1991) .........................................4, 5

*Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
    559 F.2d 841 (D.C. Cir. 1977)......................................................................................4, 5

## Statutes and Rules

Fed. R. App. P. 7 .................................................................................................... *passim*

Fed. R. App. P. 39....................................................................................................... *passim*

Fed. R. App. P. 39(c) ...............................................................................................10

Fed. R. App. P. 39(e) ...............................................................................................10

3d Cir. L.R. 39.3(c)...................................................................................................10

## Other Authorities

16A Federal Practice & Procedure § 3953 (4th ed.) .................................................................5, 7

## INTRODUCTION

Arlene Davies respectfully requests that this Court stay its order setting a July 18, 2017 deadline for posting bond pending appeal of that order.  Today, Ms. Davies appealed this Court's June 30, 2017 order (the "Bond Order") requiring her to post the $10,000 bond.  Ms. Davies believes that this Court's inclusion of settlement administration costs, and its finding that she has the ability to post such a large bond, raise sufficiently significant questions on appeal to warrant a stay so that the Third Circuit has the opportunity to review the order before it imposes irreparable harm on Ms. Davies.  For example, the Seventh, Eighth, Tenth, and D.C. Circuits have squarely held that only appeal costs that may be recovered by the prevailing party may be included in a bond; that excludes the administrative costs this Court imposed.

Ms. Davies faces irreparable harm if a stay is not granted.  To avoid dismissal of her merits appeal, Ms. Davies would have to post a $10,000 bond in under two weeks.  She does not have $10,000 in cash and would need to obtain a letter of credit or an equivalent instrument. Given her financial situation, there is a significant risk she would not be able to find an insurer willing to bond her by the July 18 deadline.  And there is no benefit to requiring Ms. Davies to post the bond immediately (or for that matter at all).  The appeal that the bond would cover—the appeal of this Court's final approval of various class-action settlements—is fully briefed and will be submitted for decision on July 13, 2017.  The Third Circuit will soon address the adequacy and fairness of settlements that will forever bind thousands of class members.  In the meantime, the parties will not incur any costs, nor could any costs be avoided by dismissal of the appeal before a decision issues.

## BACKGROUND

This class action relates to a bid-rigging scheme to fix interest rates in New Jersey public tax-lien auctions.  The Movant, Ms. Davies, is a victim of that scheme.  One of the Defendants,

M.D. Sass ("Sass"), purchased a tax lien on her New Jersey home at a public auction at an inflated interest rate. Dkt. 450-1. In earlier proceedings, Class Counsel reached settlements with all of the Defendants, including Sass. Believing those settlements to be flawed, Ms. Davies objected to them in this Court. *Id*. After this Court approved those settlements, Ms. Davies appealed the final approval order to the U.S. Court of Appeals for the Third Circuit.

Class Counsel, invoking Federal Rule of Appellate Procedure 7, moved this Court to impose a bond of at least $61,845. Dkt. 481-1 at 1-2, 13. They argued that Ms. Davies' appeal is groundless, *id*. at 6-7, that their taxable appeal costs could be $10,000 to $25,000, *id*. at 10, and that they will incur $51,845 in settlement administration costs during the appeal, *id*. at 12.

Ms. Davies opposed Class Counsel's motion. Dkt. 483. She explained that she could not afford a substantial bond and that imposing one likely would preclude her appeal. *Id.* at 2-3. She substantiated her inability to pay by submitting a sworn declaration detailing her limited income ($3,340 per month from Social Security and pensions), significant monthly expenses, and the fact that she was trying to save her home from foreclosure. Dkt. 483-1. She also pointed out that Class Counsel's bond request was far in excess of what was needed to ensure security. Dkt. 483 at 4-6. The vast bulk of the request constituted so-called administrative costs that Class Counsel claim they would incur during the pendency of the appeal. *Id.* But the vast majority of courts have held that such administrative costs may not be secured by a Rule 7 bond; the bond must be limited to costs that can be recovered on appeal pursuant to a specific rule or statute. *Id*.[1] Class Counsel also had estimated taxable costs many times higher than are typically awarded in the Third Circuit. *Id*. at 8-10. As Ms. Davies explained, Class Counsel's bond

---

[1] Ms. Davies also argued that Class Counsel's estimate of administrative costs was excessive, noting that the settlements were, by their terms, not effective pending appeal. Dkt. 483 at 6.

request appeared to be calculated to dissuade her appeal, rather than to secure legitimate appeal costs. *Id.* at 2, 7-8.

Class Counsel's bond motion was calendared for December 5, 2016. When the Court did not immediately act upon the motion, Class Counsel pursued another tack. They filed a summary affirmance motion in the Third Circuit asserting that Ms. Davies' appeal is meritless and that she lacks standing. Motion of Plaintiffs-Appellees for Summary Affirmance of Final Approval of Class Action Settlement, *In re N.J. Tax Sales Certificates Antitrust Litig.*, No. 16-3965 (3d Cir. Nov. 18, 2016). The Third Circuit, however, denied that motion and ordered the parties to brief the case on the merits. Order, *In re N.J. Tax Sales Certificates Antitrust Litig.*, No. 16-3965 (3d Cir. Feb. 4, 2017). The appeal is now fully briefed, has been assigned to a merits panel, and will be submitted for decision on July 13, 2017. Submit Notification, *In re N.J. Tax Sales Certificates Antitrust Litig.*, No. 16-3965 (3d Cir. June 21, 2017).

On June 30, 2017, this Court granted Class Counsel's bond motion. Dkt. 491. The Court rejected Class Counsel's contention that it should impose a bond because Ms. Davies' appeal lacks merit, holding that "'the court of appeals is the best forum to litigate the merits of the appeal.'" Dkt. 490 at 2 (quoting *Dewey v. Volkswagen of Am.*, Nos. 07-2249, 07-2361, 2013 WL 3285105, at *2 (D.N.J. Mar. 18, 2013)). The Court nonetheless imposed a bond because "there is a risk that Davies will not pay the costs associated with an unsuccessful appeal." Dkt. 490 at 3. It rejected Ms. Davies' professed inability to post bond. Faulting her purported "failure to submit sufficient documentation" of her finances, the Court assumed she "is able to afford a bond of *some* amount." *Id.* at 2 (emphasis in original). As to the amount of the bond, the Court found it "appropriate to include some amount of administrative costs." *Id.* at 4. The Court thus ordered Ms. Davies to post bond in the amount of $10,000 by July 18, 2017. *Id.*

3

## ARGUMENT

A stay of this Court's bonding order, pending Ms. Davies' appeal of that order to the Third Circuit, is amply warranted. At the very least, this Court should enter a stay of sufficient duration to allow Ms. Davies to seek a stay in the court of appeals. Courts addressing whether to grant a stay pending appeal consider (1) the applicant's likelihood of success on appeal, (2) whether the applicant will suffer irreparable harm absent a stay, (3) potential harm to other parties that might result from the stay, and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see In re Polyurethane Foam Antitrust Litig.*, No. 16-3168, 2016 WL 6599570, at *1 (6th Cir. June 20, 2016) (applying *Nken* factors to a motion to stay an appeal bond).

Although the court must "consider the relative strength of [all] of the four factors," the most important factor is the likelihood of success. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). But that does not mean that this Court should grant a stay only if it thinks the court of appeals is likely to reverse. Rather, the court "may grant a stay even though its own approach may be contrary to movant's view of the merits." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). All that is required is that the movant raise "serious questions going to the merits." *In re Revel AC*, 802 F.3d at 570; *see Holiday Tours*, 559 F.2d at 844; *United States v. Am. Soc'y of Composers, Authors & Publishers*, No. 13-cv-95-WCC, 1991 WL 501864, at *1 (S.D.N.Y. Oct. 3, 1991) (granting stay because "the appeal does raise substantial issues," even though the district court disagreed with movant's position on the merits).

All the factors—especially the likelihood of success on the merits—weigh in favor of granting the motion to stay.

### A.    Ms. Davies' Appeal of the Bond Order Raises Serious Merits Questions

With respect to likelihood of success, Ms. Davies raises far more than the required "serious questions going to the merits." *In re Revel AC*, 802 F.3d at 570; *see Holiday Tours*, 559 F.2d at 844; *Am. Soc'y of Composers, Authors & Publishers*, 1991 WL 501864, at *1. She raises *two* such questions.

1.    *First*, the Court's bonding order is inconsistent with Rule 7 of the Federal Rules of Appellate Procedure because it goes well beyond costs that would be recoverable if Appellees were to prevail on appeal and includes "administrative costs." Dkt. 490 at 3-4.

Courts of appeals, district courts, and commentators routinely hold that appeal bonds are limited "to costs that a successful appellate litigant can recover pursuant to a specific rule or statute." *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254 (10th Cir. 2014); *see* 16A Federal Practice & Procedure § 3953 (4th ed.). That includes printing of appellate briefs and the like, but it excludes administrative costs. *See* Fed. R. App. P. 7 ("In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."); Fed. R. App. P. 39 (allowing costs to be taxed for "necessary copies of a brief or appendix," and for the record, reporter's transcript, premiums paid for a supersedeas or similar bond, and fee for filing the notice of appeal). As the Tenth Circuit explained in *Tennille*, the circuits have been "unanimous" in restricting appeal bonds "to costs expressly permitted by rule or statute." 774 F.3d at 1256. Because the plaintiffs in *Tennille* did "not identif[y] . . . any rule or statute that [would] permit[ ] them . . . to recover the cost of maintaining the class settlement fund pending the merits appeals," the court held that it was erroneous to require "Objectors to post an appeal bond covering these costs." *Id*. at 1255.

The Eighth Circuit has reached the same result. *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614-15 (8th Cir. 2017) (holding that the district court "improperly

included delay-based administrative costs").  The Seventh Circuit, too, has excluded such costs

from Rule 7 bonds.  *Allen v. J.P. Morgan Chase Bank, NA*, No. 15-3425, 2015 WL 12714382, at

*1 (7th Cir. Dec. 4, 2015) (reducing bond that included administrative costs because "Federal

Rule of Appellate Procedure 7 refers specifically and only to 'a bond . . . necessary to ensure

payment of costs on appeal'" (alteration in original) (quoting Fed. R. App. P. 7)).  And the D.C.

Circuit has long held that a Rule 7 bond "may cover only taxable costs."  *In re Am. President

Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985) (per curiam).  This precedent at the very least

raises "serious questions going to the merits" as to whether the Bond Order correctly included

administrative costs.  *In re Revel AC*, 802 F.3d at 570.

       To be sure, in their briefing before this Court, the parties disputed whether the Third

Circuit would join those courts in holding that a Rule 7 bond cannot include administrative costs.

In *Hirschensohn v. Lawyers Title Insurance Corp.*, however, the Third Circuit held that the

"'[c]osts' referred to in Rule 7 are those that may be taxed" under Federal Rule of Appellate

Procedure 39.  No. 96-7312, 1997 WL 307777, at *1 (3d Cir. June 10, 1997).  Although

*Hirschensohn* addressed attorneys' fees rather than administrative costs, the holding that Rule 7

bonds can only include costs taxable under Rule 39 means that administrative costs—which are

not listed in Rule 39—cannot be included in a Rule 7 bond.  And while Class Counsel invoked *In

re Nutella Marketing & Sales Practices Litigation*, 589 F. App'x 53 (3d Cir. 2014), that

unpublished decision contains no analysis of Rule 7 or Rule 39.  The decision summarily states

that it found no error, but never addresses the scope of costs that could be included according to

the terms of the rules themselves.  *See id.* at 61.  As a result, even if it were a published decision,

that case would very likely not be taken as having a holding on point.  *See Brecht v.

Abrahamson*, 507 U.S. 619, 631 (1993) (holding that an appellate court that has "never squarely

6

addressed [an] issue" is "free to address the issue on the merits").  But as an unpublished decision, it is not binding at all, and it is contrary to both the plain text of the rules and the decisions of virtually every court to have considered the issue.

Indeed, in a recent opinion addressing this exact issue, Chief Judge Linares followed *Hirschensohn* and rejected *In re Nutella*.  After surveying the case law in this Circuit, Chief Judge Linares concluded that the "determination that administrative costs are not properly included in a Rule 7 bond is consistent with the ***vast majority*** of district court decisions within the Third Circuit that have considered the costs that may be included in a Rule 7 bond." *Schwartz v. Avis Rent a Car Sys., LLC*, Nos. 11-4052, 12-7300, 2016 WL 4149975, at *4 (D.N.J. Aug. 3, 2016) (emphasis added) (collecting cases).  Other authorities likewise recognize *Hirschensohn* as the prevailing view in this Circuit. *See Tennille*, 774 F.3d at 1255 ("[T]he D.C. and Third Circuits restrict an appeal bond to only costs listed in Fed. R. App. P. 39[.]"); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (same); 16A Federal Practice & Procedure § 3953 (4th ed.) (same).  The appeal at the very least raises a significant issue for the court of appeals.

2.    Ms. Davies also respectfully submits that the Court erred in finding that she can afford to pay a $10,000 appeal bond.  Dkt. 490 at 2.  In deciding whether to impose a bond, courts must address: (1) whether a bond is necessary to ensure adequate security; (2) the risk that the appellant will not pay costs if she loses the appeal; (3) the appellant's financial ability to post the bond; and (4) whether the amount of the bond will effectively preclude pursuit of the appeal. *Schwartz*, 2016 WL 4149975, at *1.  The third and fourth factors are key because Rule 7 bonds should not be used to "work a financial hardship on the exercise of the Objector['s] rights to

appeal." *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 1665134, at *6 (E.D. Pa. Nov. 6, 2000) (citing *Adsani v. Miller*, 139 F.3d 67, 76-78 (2d Cir. 1998)).

The Court assumed that Ms. Davies could afford the $10,000 bond because it believed Ms. Davies "fail[ed] to submit sufficient documentation" of her finances and applied the presumption "that objectors do have the financial ability to pay costs on appeal unless the objectors proffer any evidence suggesting otherwise." Dkt. 490 at 2 (quoting *Schwartz*, 2016 WL 4149975, at *2).

But Ms. Davies did submit "evidence" confirming that she could not afford a bond. *Schwartz*, 2016 WL 4149975, at *2. In support of her opposition to Class Counsel's bond motion, she submitted a ***sworn declaration*** listing her income sources, expenses, assets, and liabilities. Dkt. 483-1. She attested that her only income sources were her and her late husband's pensions and Social Security, which together amount to $3,340 monthly. *Id.* ¶1. She also explained that she had significant monthly expenses, including healthcare expenses averaging $300 per month. *Id.* ¶2. She had no savings or significant assets, *id.* ¶3, owed $192,725 on her home, *id.*, and was fighting to keep her home from being foreclosed upon, *id.* ¶4. In their reply, Class Counsel did not dispute these facts. Dkt. 484 at 4. An "affidavit ***is*** evidence" for pretrial purposes. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (emphasis added). Indeed, the Court accepted the administrative expenses Class Counsel professed they would incur based on an affidavit by the Settlement Administrator. Dkt. 481-2. It thus was erroneous for the Court to hold that Ms. Davies did not present sufficient evidence of inability to afford a bond.

### B.    The Risk of Irreparable Harm Favors Granting a Stay

A stay should be granted where the "likely harm to the movant" outweighs "the likely irreparable harm to the stay opponent(s) if the stay is granted." *In re Revel AC*, 802 F.3d at 569. Ms. Davies faces irreparable injury—dismissal of her appeal—if she must post a $10,000 bond

by the July 18 deadline.  To post such a bond, she would have to deposit $10,000 in cash, or turn to a surety insurer.  The former is not an option—she simply does not have $10,000 in cash. Dkt. 483-1, ¶3.  Nor could she, given her $3,340 monthly income, save it in time to meet the deadline.  *Id*. ¶1.  Obtaining a bond from a surety insurer also is unlikely.  Given Ms. Davies' financial situation, any insurer likely would require her to pledge collateral.  But the only asset of substantial value Ms. Davies owns is her home, which is currently subject to claims by her mortgage lender.  *Id*. ¶4.  Finding an insurer willing to bond Ms. Davies under these circumstances would be a challenge, especially within the short timeline imposed by the Court.

In the event Ms. Davies could not come up with $10,000 or obtain a surety bond by July 18, she might have to dismiss her appeal.  If that happened, she would have no opportunity to reinstate her appeal in the event she prevails in her challenge to the Bond Order.  That is irreparable injury.  *See John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (explaining that the mooting of part of a lower court's decision in the absence of a stay would "create an irreparable injury"); *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (granting a stay because the failure to do so would "entirely destroy appellants' rights to secure meaningful review").

### C.  The Absence of Harm to Appellees and the Balance of Hardships Favor Granting a Stay

In contrast to Ms. Davies, Appellees would suffer little to no harm if the Court stays the Bond Order pending review.  The appeal that the bond would cover—Ms. Davies' appeal of the final approval order—***is fully briefed and will be submitted for decision in less than two weeks***. *See* pp. 2-3, *supra*.  A decision likely will issue in a few months.  The only scenario in which Appellees could suffer ***any*** harm from a stay would be if Ms. Davies could somehow post a bond now, but could not pay costs a few months from now in the event costs are taxed against her.

And even in that scenario the harm to Appellees would be minimal. The only costs Appellees could recover if they prevail are those set forth in Federal Rule of Appellate Procedure 39 and the Third Circuit's local rules. *See* pp. 5-6, *supra*.[2] The rules permit taxing costs for (1) printing and binding of necessary copies of briefs; (2) printing and binding of necessary copies of appendices; (3) preparation and transmission of the record; (4) the reporter's transcript; (5) premiums paid for a supersedeas or other bond to preserve rights pending appeal; and (6) notice of appeal fees. Fed. R. App. P. 39(c), (e). Here, the appeal has been fully briefed, and Ms. Davies has already shouldered the vast majority of Rule 39 costs. She has paid for all necessary appendix copies, the preparation and transmission of the record, and all transcripts. Appellees were not required to pay any bond or appeal filing fee. No new taxable expenditures will be incurred prior to the Third Circuit's decision on the merits. Thus the only costs to which Appellees will be entitled should they prevail on appeal are costs for printing their own briefs.

Those costs would be a small fraction of $10,000. The Third Circuit will tax costs at a set schedule "or at the actual cost, ***whichever is less***." 3d Cir. L.R. 39.3(c) (emphasis added). Ms. Davies paid $73.50 for printing all required copies of her opening brief, and also a $275 base fee to the printer which covered both the brief and the joint appendix. Hashem Decl., ¶2. Appellees' costs for printing and binding their responsive briefs—Class Counsel's brief and a short brief filed by one of the Defendants—could not reasonably be much higher.

Class Counsel likely will point to the supposed administrative costs of the settlements as a harm arising from the grant of the stay. But even if those were taxable, a stay will not likely impose any additional administrative costs; the appeal should be decided in short order. In the event the Third Circuit decides Ms. Davies' appeal of the final approval order before deciding

---

[2] As in *Tennille*, Appellees cannot recover the supposed costs of settlement administration pending appeal. *See* 774 F.3d at 1256.

her appeal of the Bond Order, both the latter appeal and the bond itself will become moot.  *See Effie Film, LLC v. Murphy*, 629 F. App'x 16, 18-19 (2d Cir. 2015) (dismissing appeal of bond order upon resolution of merits appeal); *In re Merck & Co.*, MDL No. 1658-SRC, 2016 WL 4820620, at *1 (D.N.J. Sept. 14, 2016) (denying motion for bond as moot where merits appeal was dismissed).  Thus, Ms. Davies' appeal of the Bond Order cannot extend the time during which Class Counsel must administer the settlements pending appeal.  The potential hardships to Appellees thus pale in comparison to those Ms. Davies faces from the denial of a stay.

### D.     The Public Interest Favors Granting a Stay

The public interest in seeing a merits decision issue in Ms. Davies' appeal of the final approval order favors granting a stay as well.  The "public policy favoring disposition of cases on their merits" is well established.  *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016); *Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1375 (Fed. Cir. 2005).  That policy extends to appeals. *See, e.g.*, *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.").  Courts thus have recognized that appeal bonds that discourage the pursuit of an appeal—rather than simply ensuring appellate costs are paid—are contrary to the public interest.  *See In re Am. President Lines*, 779 F.2d at 718 (explaining that an excessive appellate bond "is not an acceptable control" and that "[c]ourts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber th[e] right [of appeal]"); *Schwartz*, 2016 WL 4149975, at *1 (courts must consider whether an appeal bond would "effectively preclude pursuit of the appeal"); *In re Diet Drugs*, 2000 WL 1665134, at *5-6 ("Rule 7 was not intended to be used as a means of discouraging appeals" or to "work a financial hardship on the exercise of [an] Objector's rights to appeal.").  The public interest in a decision on the merits is particularly acute here.  The merits appeal concerns not only Ms. Davies' rights, but the adequacy and fairness of settlements that

will forever bind thousands of New Jersey homeowners injured by price fixing.  Requiring Ms. Davies to immediately pay a $10,000 bond—before appellate review of whether that bond is permissible—would undoubtedly discourage Ms. Davies from pursuing her merits appeal, and injure the public in the process.

Staying the Bond Order also would facilitate Ms. Davies' appeal of that order, which would serve the public's interest in clarifying the unsettled law in the Third Circuit regarding which appeal costs may be secured by a Rule 7 bond.  *See Benta v. Springel*, No. 2012-cv-36, 2013 WL 1148747, at *7 (D.V.I. Mar. 20, 2013); *Singh v. Carnival Corp.*, 550 F. App'x 683, 686-87 (11th Cir. 2013) (per curiam) ("clarifying the law" is "valuable to the legal community as a whole").  Rules 7 and 39 are Rules of ***Appellate*** Procedure.  The court of appeals should not be denied the necessary time and opportunity to decide their appropriate scope.  That too weighs in favor of granting a stay.

<u>**CONCLUSION**</u>

The Court should stay the Bond Order pending Ms. Davies' appeal so that the Third Circuit has the opportunity to review the substantial questions the appeal raises.  At the very least, the Court should stay the bonding requirement long enough for Ms. Davies to seek a stay of that requirement in the court of appeals.  In the alternative, the Court may wish to modify the Bond Order to exclude administrative costs, and limit the required bond to only Rule 39 costs that might be taxed against Ms. Davies in the merits appeal, accounting for the fact that she has already paid the bulk of the taxable costs in that proceeding.

Dated: July 5, 2017                                Respectfully submitted,

                                                   */s/ Dennis J. Drasco*

Steven F. Molo                                     Dennis J. Drasco
Thomas J. Wiegand                                  LUM, DRASCO & POSITAN, LLC
MOLOLAMKEN LLP                                     103 Eisenhower Pkwy.
430 Park Ave.                                      Roseland, NJ 07068
New York, NY 10022                                 (973) 228-6770 (telephone)
(212) 607-8160 (telephone)                         (973) 403-9021 (facsimile)
(212) 607-8161 (facsimile)                         ddrasco@lumlaw.com
smolo@mololamken.com
twiegand@mololamken.com                            Hays Gorey, Jr.
                                                   GEYERGOREY, LLP
                                                   1220 L St., NW, Ste. 100
                                                   Washington, DC 20005
                                                   (202) 644-8732 (telephone)
                                                   hays.gorey@geyergorey.com

          *Attorneys for Objector Arlene M. Davies*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 5, 2017, I caused the foregoing document to be filed with the United States District Court for the District of New Jersey via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

/s/ Dennis J. Drasco