UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No.: 3:12-CV-01893-MAS-TJB |
|---|---|

## SUPPLEMENTAL DECLARATION OF KENNETH JUE ON BEHALF OF SETTLEMENT ADMINISTRATOR

I, KENNETH JUE, declare:

1. I am employed as a senior project manager on this case by Gilardi & Co. LLC, a KCC company ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was appointed by the Court to serve as the Settlement Administrator in this case, and as the senior project manager, I oversaw the administrative services provided. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. This supplemental declaration is intended to supplement the information provided in my earlier declarations regarding the claim and review process.

### Claim Review

3. The claim filing deadline was June 17, 2016. Besides contact information, the Claim Form requested the claimant enter the property address, the

lien purchaser (defendant), date of lien purchase, interest rate of tax lien, and supporting documentation. Attached is a copy of the Claim Form as Exhibit A. Class Members could download a PDF copy of the Claim Form from the settlement website at www.NJTaxLiensSettlement.com or request that a printed Claim Form be mailed to them. Class members could also submit claims online through the settlement website.

4. Gilardi received 504 claim submissions (representing 643 claimed transactions). Gilardi utilized supporting documentation to determine the eligibility of tax liens claimed in its initial review. In its review, Gilardi looked at whether the claim provided documentation showing a defendant purchased the tax lien during the class period at an eligible interest rate corresponding to the information submitted on the Claim Form. In its initial review, Gilardi determined 265 claims were deficient because they provided incomplete information on the claim form or did not provide sufficient supporting documentation. On or about July 22, 2016, and July 26, 2016, Gilardi sent out 218 and 47 deficiency letters respectively. Attached as Exhibit B is an example of the deficiency notice sent out.

5. This Court granted final approval to the settlements on or about September 30, 2016. Following final approval, the lone objector to these settlements, Arlene Davies, appealed the approvals of the settlements to the United States Court of Appeals for the Third Circuit. During this time, in consultation with

Class Counsel, it was decided that Gilardi would put the claims process on hold since the possibility existed that approvals of the settlements could be reversed by the Third Circuit and work performed by Gilardi could have been wasted because of any reversal. However, on September 6, 2018, the Third Circuit affirmed this Court's approval of the settlements. Shortly thereafter, the objector, Ms. Davies, informed class counsel that she would no longer be pursuing her objections to the settlements.

6. After the disposition of the appeal to the Final Approval Order, class counsel and Gilardi provided claimants additional opportunities to cure their deficiencies with the goal to ensure that as many eligible claims as reasonably possible that qualified for payment under the settlement received such payment. Counsel determined that supporting documentation was no longer a strict requirement if a claim was otherwise valid. A claim could be facially valid if the claim named an eligible defendant, involved a lien sold at an auction during the Class Period, listed an eligible property address, contained a reasonable lien dollar amount, and an interest rate above zero percent without need for supporting documentation.

7. In an effort to eliminate potentially fraudulent claims, Class Counsel and Gilardi flagged claims that claimed an exceedingly high dollar amount or were otherwise suspicious, such as claiming a rounded lien dollar amount. For example,

some claimants claimed that the tax sales certificate on their property was sold at an auction for hundreds of thousands of dollars. Many of these claims also were associated with claimants who now reside outside of New Jersey. Because the size of these claims would have meant these claimants would receive an outsized portion of the settlement, Class Counsel and Gilardi performed additional due diligence on such claims. For example, Class Counsel and Gilardi researched the property address on Zillow.com and discovered that in many cases, the claimed lien amount on the claim form, was actually the sale price of the property in question. Following that process, on April 16, 2019, Gilardi sent 34 letters requesting more information from these claimants in this effort to approve only eligible Class Members. Attached as Exhibit C is an example of the second round deficiency notice.

8. KCC received two responses to the second-round deficiency notice. The first response provided a copy of a tax sales certificate, but was for a property never timely claimed and therefore did not resolve any deficiencies. The second response confirmed the correct claimed tax lien amount but the tax lien certificate indicated that the claim was outside of the class period and had a zero percent interest rate, and therefore ineligible. In all, 58 claimed properties were determined as ineligible as a result of the second-round deficiency notice either because of no response or the response was insufficient to resolve the deficiency.

9. Following the second round of deficiency letters, Class Counsel and Gilardi performed a complete audit of all of the claims that had been received to date. Following that process, it was determined that potentially fraudulent claims remained.

10. Accordingly, and to ensure that fraudulent claims or ineligible claims are not paid, Gilardi at counsel's direction sent deficiency notices to claimants who claimed a low dollar (under $50), a high dollar amount (over $10,000), claimed multiple liens in the same year for the same property, or multiple liens for same property in different years with the same dollar amount, claims with round dollar amounts, or claims with exceedingly high lien amounts. Claims that look otherwise valid, but have incomplete or unreliable information will have a class-wide average dollar amount applied to the claim. I have attached as Exhibit D the guidance Gilardi followed for issuing additional deficiency letters. Based on that guidance, on June 14, 2019, Gilardi sent 76 third round deficiency letters representing 101 claimed properties. Attached as Exhibit E is an example of the third round deficiency letter.

11. KCC received responses from 14 claimants encompassing 63 claimed transactions. Attached as Exhibit F is an anonymized summary of the results of third round deficiency letter responses. As a result of the third-round deficiency

letters, 19 claims are rejected (277 claim transactions rejected or invalid in total) and 76 claims will be using an average lien amount.

12. After review of the documentation and responses to the deficiency letters, Gilardi has determined 378 claims are eligible for $1,047,364.32 claimed lien dollar amount.

## Payments

13. On December 14, 2018, Gilardi received multiple wires totaling $9,594,920.90 and will be receiving an additional $20,032.24. Between December of 2018 and January 2019, Gilardi issued a total of $2,958,547.95 in attorneys' fees to the various firms as allocated by counsel for Hagens Berman Sobol Shapiro, Hausfeld, and Lite Depalma Greenberg. Reserving for $14,000 for incentive awards ($3,500 to each of the four named plaintiffs), $17,032.24 for 2019 tax reporting expenses, and $177,402.35 in administration costs, there will be a net fund available of $6,447,970.63.

14. To calculate payment amounts to eligible claims, Gilardi used the Plan of Allocation approved by this Court. Namely, the approved lien amount, multiplied by the interest rate, and aggregated all eligible claims and prorated against the net funds available for each settlement to arrive at their eligible check

amount. Attached as Exhibit G is a chart by Claim ID showing the calculated payment amount.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of July, 2019.

_____
Kenneth Jue