UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION | Master Docket No. 3:12-CV-01893-MAS-TJB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO AUTHORIZE *CY PRES* DISTRIBUTION OF
REMAINING SETTLEMENT FUND, OR, IN THE ALTERNATIVE,
FOR A SECOND DISTRIBUTION OF SETTLEMENT FUND**

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com
*Liaison Counsel for Plaintiffs and the Class*

[Additional Counsel on Signature Page]

829258.2

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.     FACTUAL BACKGROUND........................................................................1

II.    PROPOSED SECOND DISTRIBUTION/*CY PRES* DISTRIBUTION .........3

III.   PAYMENT TO GILARDI ............................................................................8

IV.   CONCLUSION.............................................................................................9

# TABLE OF AUTHORITIES

*Coleman v. Sentry Insurance*,
    (S.D. Ill. No. 15-CV-01411-SMY-SCW) ........................................................ 7

*Fishbein v. All Market, Inc. DBA Vita Coco*,
    (S.D.N.Y. No. 11-Civ-5580) ........................................................................... 7

*In re Baby Prod. Antitrust Litig.*,
    708 F.3d 163 (3d Cir. 2013) ................................................................. *passim*

*In re Insurance Brokerage Antitrust Litig.*,
    Civ. No. 04-5184 (D.N.J.)(CCC)(ECF No. 2843) .......................................... 6

*In re Lupron Mktg. and Sales Practices Litig.*,
    677 F.3d 21 (1st Cir. 2012) ............................................................................ 4

Plaintiffs respectfully submit this memorandum in support of their motion to authorize *cy pres* distribution of the remaining Net Settlement Fund, or, in the alternative, for a second distribution of funds from the Net Settlement Fund to claimants.

I.   FACTUAL BACKGROUND

On September 30, 2016, the Court granted final approval of the class-action settlements between Plaintiffs Gila Bauer as Trustee for the Gila Bauer Revocable Trust, Melissa Jacobs, Frances A. Schmidt and Donald W. Schmidt, and Son, Inc. ("Plaintiffs") and 20 Defendant groups[1], reached on behalf of the below Settlement

---

[1] The complete list of Defendants is: 1) CCTS Capital, LLC n/k/a Crestar Capital, LLC and William S. Green (collectively, Crestar Defendants); 2) American Tax Funding, LLC; 3) BBX Capital Corporation f/k/a BankAtlantic Bancorp, Inc., Fidelity Tax, LLC, Heartwood 55, LLC, Michael Deluca, Gary I. Branse, and David Jelley; 4) Richard Simon Trustee, Betty Simon Trustee and Joseph Wolfson; 5) Mooring Tax Asset Group, LLC and Lambros Xethalis; 6) Norman T. Remick; 7) Michael Mastellone; 8) Pat Caraballese and PAM Investors; 9) Robert U. Del Vecchio Sr. and Robert U. Del Vecchio Pension Trust; 10) CCTS, LLC, CCTS Tax Liens I, LLC, CCTS Tax Liens II, LLC, DSBD, LLC, Pro Capital LLC, David Butler and David M. Farber; 11) Plymouth Park Tax Services, LLC; 12) M.D. Sass Investors Services, Inc., M.D. Sass Tax Lien Management, LLC, M.D. Sass Municipal Finance Partners – I, L.P., M.D. Sass Municipal Finance Partners – II, L.P., Sass Municipal Finance Partners – III, L.P., Sass Municipal Finance Partners – IV, L.P., Sass Municipal Finance Partners – V, L.P., Sass Municipal Finance Partners – VI, L.P. (collectively, "Sass Entities"), Vinaya K. Jessani and Stephen E. Hruby (collectively with the Sass Entities, "Sass Defendants"); 13) Robert E. Rothman; 14) Royal Bancshares of Pennsylvania, Inc., Royal Bank America, Crusader Servicing Corporation, and Royal Tax Lien Services, LLC; 15) William A. Collins; 16) Isadore H. May; 17) Burlington Assembly of God/Fountain of Life Center, Mercer S.M.E., Inc., Susan M. Esposito, and David B. Boudwin; 18)

1

Class:

> All persons who owned real property in the State of New Jersey who had a Tax Sale Certificate issued with respect to their property that was purchased by a Defendant during the Class Period from and including January 1, 1998 through February 2009 at a public auction in the State of New Jersey at an interest rate above 0%.

*See* ECF No. 475. Following an unsuccessful appeal from the lone objector (*see* ECF No. 510), that final approval order is now final.

On November 4, 2019, the Court ordered that the Net Settlement Fund of $6,447,970.52 be distributed to Settlement Class members. *See* Dkt. No. 522. On or about November 29, 2019, Gilardi & Co, LLC, ("Gilardi"), serving as the Court-approved Claims Administrator, distributed 287 class payments totaling $6,447,970.52 by sending these claimants checks to their last known addresses. *See* Third Supplemental Declaration of Kenneth Jue on Behalf of Settlement Administrator re: Distribution, June 4, 2020, ("Jue Decl.") at ¶ 6. The checks had an initial stale date of February 27, 2020. *Id*.

To date, 255 checks totaling $5,974,766.62 have been cashed, representing 88.9% of the checks mailed by Gilardi and 92.7% of the dollars issued. *Id*. at ¶ 8. One of the outstanding checks, for $29,364.97, was reissued for a second time and sent to the Settlement Class member on April 14, 2020. *Id*. Two other checks, for

---

Richard J. Pisciotta, Jr.; 19) Phoenix Funding, Inc. and Benedict Caiola; and 20) Robert W. Stein.

one for $20,636.61 and one for $58,101.66, will be reissued and mailed on June 12, 2020. *Id*. Thus, $374,848.30 remains in the Net Settlement Fund, which Plaintiffs now seek authorization to distribute. *Id*. at ¶ 9.

In addition to the amount set aside from the settlement proceeds to pay Claimants and other fees and expenses, funds from the Settlements have also been set aside to pay Gilardi. These funds are separate and apart from the Net Settlement Fund designated to pay claimants and are not part of the $374,848.30. On November 4, 2015, the Court authorized the payment of "[a]ll reasonable costs" associated with notifying the Settlement Class and Administering the Settlements," but also required Class Counsel to submit "details of the costs associated" with notice. *See* Dkt No. 428 ¶ 4. Gilardi has incurred $197,513.20 in fees and expenses associated with administering the notice program and the settlements in this case, but has agreed with Class Counsel that $177,402.35 is adequate compensation for their work in this matter. *See* Jue Decl. ¶ 11 (detailing Gilardi's fees and costs in the case). Class Counsel thus seek authorization to distribute these funds from the Net Settlement Fund to pay Gilardi for their services.

## II.  PROPOSED SECOND DISTRIBUTION/*CY PRES* DISTRIBUTION

The Settlement Agreements do not address the best way to resolve distribution of any remaining funds. It is common practice in such situations for Courts to allow for *cy pres* distribution to charities who can represent the interests

3

of the class or to order a second distribution to Settlement Class members who have valid claims. *See In re Baby Prod. Antitrust Litig.*, 708 F.3d 163, 172 (3d Cir. 2013) (endorsing use of *cy pres* for distribution of excess funds when, among other things, the payment is "related to the class injury").

In many instances where a second distribution occurs, class members who made claims were not fully compensated in the first distribution round. Thus, a second distribution is preferred to a *cy pres* distribution. *In re Baby Prod. Antitrust Litig.*, 708 F.3d at 173 ("[D]irect distributions to the class are preferred over *cy pres* distributions.").[2]

In this case, however, Class Counsel believe that the amounts received by Settlement Class members who filed timely claim forms and cashed their checks already compensate those Settlement Class members for any losses they suffered associated with the price fixing scheme alleged in the Complaint. A second distribution, therefore, could be considered a windfall, which many courts reject. *See, e.g., In re Lupron Mktg. and Sales Practices Litig.*, 677 F.3d 21, 35 (1st Cir. 2012) ("It is well accepted that protesting class members are not entitled to windfalls in preference to *cy pres* distributions.") (quoting *Klier*, 658 F.3d at 475

[2] The American Law Institute suggested that a settlement "should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair." ALI, Principles of Aggregate Litigation, Section 3.07 (2010).

(footnote omitted) "[w]here it is still logistically feasible and economically viable to make additional *pro rata* distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members with liquidated-damages claims that were 100 percent satisfied by the initial distribution").[3] Indeed, the Third Circuit has recognized that a *cy pres* distribution is appropriate in such instances. *In re Baby Prod. Antitrust Litig.*, 708 F.3d at 176 (*cy pres* appropriate "where all class members submitting claims have already been fully compensated for their damages by prior distributions").

Given the likely windfall that would result from a second distribution of class proceeds, Class Counsel recommend a *cy pres* distribution of all remaining funds, to be split evenly among the following four charities:

1. Risklink.org. Risklink is a registered 501(c)(3) organization, which, among other things, provides free insurance consulting services for consumers with a specific emphasis on woman and minority-owned businesses. Further, it partners with other organizations to provide

---

[3] Commentators have agreed that distributing residual funds to claimants who have already recovered their losses "necessarily results in an undeserved windfall for those plaintiffs, who have already been compensated for the harm they have suffered." Martin H. Redish, Peter Julian, & Samantha Zyontz, Cy Pres Relief and the Pathologies of the Modern Class Action: A Normative and Empirical Analysis, 62 Fla. L. Rev. 617, 639 (2010); see also 2 McLaughlin on Class Actions § 8:15 (8th ed. 2011); Susan Beth Farmer, More Lessons From The Laboratories: Cy Pres Distributions in Parens Patriae Antitrust Actions Brought By State Attorneys General, 68 Fordham L. Rev. 361, 393 (1999).

educational and leadership opportunities for young leaders at universities throughout the U.S. including Rutgers, Monmouth, Rider, and St. Peters in New Jersey. Courts within this district have previously recognized the benefits of Risklink's activities and awarded Risklink *cy pres* funds.[4]

2. The New Jersey Citizen Action Fund ("NJCAF"). "NJCAEF is a nonprofit 501(c)(3) organization that works to empower low- and moderate-income people through research, education and training on public policy issues important to working families and seniors." https://njcaef.org/?page_id=192. NJCAF also counsels homeowners who have fallen behind on their mortgage payments, as well as first-time homebuyers, free of charge.

3. The Public Justice Foundation ("Public Justice").[5] Public Justice is national public-interest law firm dedicated to using litigation and public education to advance the public good. It litigates a diverse docket of public interest cases in the federal and state courts, specializing in socially significant and precedent-setting litigation. Public Justice also provides a substantial amount of assistance and information on a pro

---

[4] *See In re Insurance Brokerage Antitrust Litig.*, Civ. No. 04-5184 (D.N.J.)(CCC)(ECF No. 2843).

[5] Hausfeld LLP has donated money to Public Justice's Class Action Preservation Project, which is dedicated to preserving the ability of plaintiffs to be able to use the Rule 23 procedural device, as have several of its attorneys.

6

829258.2

bono basis to consumers and attorneys who represent consumers victimized by deceptive and unfair practices. Because of Public Justice's record of success and commitment to ensuring that *cy pres* awards are properly used, numerous courts have previously directed that Public Justice be awarded *cy pres* funds in consumer and other class actions. *See, e.g.*, *Coleman v. Sentry Insurance*, (S.D. Ill. No. 15-CV-01411-SMY-SCW); *Fishbein v. All Market, Inc. DBA Vita Coco*, (S.D.N.Y. No. 11-Civ-5580).

4. Legal Services of New Jersey—Campaign for Justice ("LSNJ"). With a presence in each of New Jersey's 21 counties, LSNJ is a leading provider of legal services in civil matters, where there is no right to a lawyer, to those New Jersey citizens who live in poverty.[6] A substantial part of LSNJ's work is in housing (including foreclosures, an area directly related to this case) and consumer protection.[7] Like the other proposed *cy pres* recipients, LSNJ's mission aligns well with the issues of this case. *In re Baby Prod. Antitrust Litig.*, 708 F.3d at 172.

In the alternative, Class Counsel recommend a second distribution with any remaining funds from the second distribution going to *cy pres*. The second

---

[6] https://www.lsnj.org/CFJ/CFJ2019brochure.pdf.

[7] *Id*.

distribution would be made in accordance with the Plan of Allocation approved by the Court, as was the first distribution. *See* ECF No. 475, ¶ 17. If the Court adopts the alternative recommendation of Class Counsel and Gilardi, the distribution would be made pursuant to the chart attached as Exhibit 1 to the Jue Decl.[8] *See* Jue Decl. ¶ 11. For any funds that remain 180 days after the second distribution, such funds be distributed *cy pres* to the recipients described above in equal amounts.

## III. PAYMENT TO GILARDI

Since inception of the case through January 30, 2020, Gilardi has incurred $197,513.20 in fees and expenses associated with administering the notice program and settlements in this case, including over $85,000 for the notice media plan and $29,000 for postage costs. *See* Jue Decl. ¶ 11. Among other things, Gilardi incurred hours or expenses for website development, database work, printing, claims processing, phone charges, project management, distribution set up, and check issuance. *Id.* Gilardi has agreed to provide a discount on their total fees and expenses down to $177,402.35. *Id*. These funds have been kept separate and apart from the Net Settlement Fund used to distribute moneys to claimants.

Class Counsel thus requests that the Court authorize that $177,402.35 be distributed to Gilardi for the work performed in this matter. This distribution is not

---

[8] As with the first distribution, the chart identifies each claimant by number as opposed to names for purposes of confidentiality.

part of the funds Class Counsel and Gilardi are requesting be used for either *cy pres* distributions or for second distributions to claimants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court authorize the distribution of funds *cy pres* to the recipients outlined herein or, in the alternative, a second distribution of the Net Settlement Fund to Settlement Class members who have submitted valid claims as set forth above and in the Jue Decl., as well as authorization to pay Gilardi $177,402.35.

|  |  |
|---|---|
|  | **LITE DEPALMA GREENBERG, LLC** |
| Dated: June 4, 2020 | */s/ Bruce D. Greenberg*_____ |
|  | Bruce D. Greenberg |
|  | Steven J. Greenfogel |
|  | 570 Broad Street, Suite 1201 |
|  | Newark, New Jersey 07102-5003 |
|  | Telephone: (973) 623-3000 |
|  | Facsimile: (973) 623-0858 |
|  | *Interim Liaison Counsel* |

| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **HAUSFELD LLP** |
|---|---|
| Steve W. Berman (*admitted pro hac vice*) | Michael D. Hausfeld (*admitted pro hac vice*) |
| 1918 Eighth Avenue, Suite 3300 | James Pizzirusso (*admitted pro hac vice*) |
| Seattle, WA 98101 | Seth R. Gassman (*admitted pro hac vice*) |
| Telephone: (206) 623-7292 | 1700 K Street, NW, Suite 650 |
| Facsimile: (206) 623-0594 | Washington, DC 20006 |
| Email: steve@hbsslaw.com | Telephone: (202) 540-7200 |
|  | Facsimile: (202) 540-7201 |

9

829258.2

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Jason A. Zweig *(admitted pro hac vice)*
555 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
Email: jasonz@hbsslaw.com

*Class Counsel*